IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>QUALTIM, INC., et al.,  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION NO.:<br>1:24-CV-00246-CEA-CHS |

**DEFENDANTS' MOTION TO FILE EXHIBITS IN SUPPORT OF
THEIR MOTION TO DISMISS UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants, Qualtim, Inc., et al., through their undersigned counsel, petition this court for leave to file the following Exhibits in support of their Motion to Dismiss [Doc. 21], under Seal:

1. Exhibits 2-8
2. Exhibits 10-14
3. Exhibit 16
4. Exhibit 21

Redacted copies of the exhibits will be publicly filed concurrently with the sealed copies. As grounds for this motion, Defendants submit the following.

The cause of action commenced by Paragon is centered on intellectual property and trade secrets. This court has previously recognized that trade secrets and certain privacy rights of participants and third parties as exceptions that outweigh public access in *Brown & Williamson*

*Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). Attached is a declaration by Kirk Grundahl, one of the defendants who has owner and leadership interest in the business entities attached. The declaration details the reason why the redacted portions of the exhibits should be filed under seal. *See Exhibit A*. In particular, the Exhibits contain confidential business strategy information, confidential information concerning potential customers, confidential financial information, and private employee information.

This Court has broad discretion to place documents containing private or sensitive information under seal. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville New-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983); *see Brown & Williamson Tobacco*, 710 F.2d at 1179 ("The right of access is not absolute."). "[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

In particular, federal courts have granted similar requests to maintain the confidentiality of certain business information and trade secrets, such as, for example, "information that would provide competitors with an inside look at Defendant's business strategies and potential customers." *Lucid Health, Inc. v. Premier Imaging Ventures, LLC, No*. 2:20-cv-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021); *see Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 783–84 (S.D. Ohio 2018) (sealing among other things "confidential information regarding subadvisory business relationships" and "confidential business strategy information"), aff'd, 954 F.3d 852 (6th Cir. 2020); *W. Excelsior Corp. v. Propex Operating Co*., No. 1:16-CV-506, 2017 WL 11195421, at *2 (E.D. Tenn. Sept. 6, 2017) (finding that "customer lists" and "future business development plans" qualify as "trade secrets"). Information pertaining to

potential acquisition activity of third parties additionally has served as the basis for granting requests to seal. *See Schnatter v. 247 Grp., LLC*, No. 320-cv-00003-BJB-chl, 2022 WL 188193, at *5 (W.D. Ky. Jan. 20, 2022) (citing the privacy interests of third parties as justification for sealing "competitively sensitive and confidential information about pricing, strategies, and non-party clients").

For the foregoing reasons, these redactions serve the federal courts' interest in preserving the openness of court records while protecting the privacy of third parties and Defendants from competitive harm. Therefore, Defendants request that this Court grant the instant motion.

Respectfully submitted,

By: s/Michael J. Bradford
Michael J. Bradford, BPR No. 22689
LUEDEKA NEELY, P.C.
900 South Gay Street, Suite 1504
P. O. Box 1871
Knoxville, TN  37901-1871
Phone: 865-546-4305
mbradford@luedeka.com


Mayville La Rosa (*pro hac vice*)
Law Office of Mayville La Rosa Esq.
718 Sugar Maple Lane
Verona, WI 53593
info@attorneylarosa.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of October, 2024, a copy of the foregoing Defendants' Motion to File Exhibits in Support of Their Motion to Dismiss Under Seal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                         s/Michael J. Bradford
                                          Michael J. Bradford