IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS,
LLC,

    Plaintiff,

V.

QUALTIM, INC., CENTER FOR
BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, INSPIRED
PURSUITS, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

    Defendants.

Case No. 3:25-cv-00170-wmc

---

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A FIRST SUPPLEMENTAL OR AMENDED COMPLAINT**

---

Pursuant to the Court's Text Order of March 12, 2025 (Doc. 77), Plaintiff Paragon Component Systems, LLC, ("Paragon") submits this supplemental brief applying Seventh Circuit case law in support of its Motion for Leave to File a First Supplemental or Amended Complaint. (Doc. 52).

Paragon seeks leave to assert one additional cause of action for tortious interference against existing Defendants Kirk Grundahl, Qualtim, Inc. ("Qualtim"), DrJ Engineering, LLC ("DrJ"), and Center for Building Innovations, LLC ("CBI"). Paragon's proposed supplemental or amended complaint does not alter the factual allegations and causes of action in its original Complaint, (Doc. 1) which was filed on July 23, 2024. Rather, Paragon seeks to assert a new cause of action based on new

1

events that recently occurred, from October 23, 2024, to the present, months after Paragon filed its initial Complaint.

Paragon has submitted a proposed First Supplemental Complaint, which is attached as **Exhibit 1** to its motion. (Doc. 53-1). **Exhibit 1** sets forth additional factual allegations related to Defendants' recent conduct, an additional cause of action for tortious interference, and additional prayers for relief. It also adds references to attorney-fee statutes. The Defendants' conduct that forms the basis of the Supplemental or Amended Complaint relates directly to the Paragon Truss Software at issue in the original Complaint. *Id.* at ¶¶ 30-32 (describing Defendants' October 2024 communications related to Paragon, the Paragon Truss Software, and this litigation). This is Paragon's first request to supplement or amend its Complaint.

I.   **The Court Should Permit Paragon to Supplement its Complaint.**

A.   *Legal Standard for Supplementation.*

Federal Rule of Civil Procedure Rule 15(d) provides "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d). "[Rule 15(d)] is thus a mechanism for 'bringing the case up to date.'" *Saint Anthony Hospital v. Whitehorn*, --- F.4th ----, 2025 WL 816642 at *13 (7th Cir. Mar. 14, 2025) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1504 (3d ed.)).

"To determine whether 'just terms' exist for motions to supplement under Rule 15(d), the court uses the same factors as those used for motions to amend under Rule 15(a)." *Masonite Corp. v. Craftmaster Mfg., Inc.,* 2011 WL 1642518, at *1 (N.D. Ill. Apr. 29, 2011) (citing *Glatt v. Chicago Park Dist.,* 87 F.3d 190, 194 (7th Cir. 1996)). "Accordingly, leave to supplement the pleadings should be granted when there is no apparent reason for denying leave such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.,* 347 F.3d 652, 655 (7th Cir. 2003).

"A court should permit a supplemental pleading when a party wishes to bring up events occurring subsequent to the original pleading that relate to a claim or defense presented in the original pleading." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 401 (E.D. Wis. June 5, 2008). "Events that may be asserted in a supplemental pleading need not arise out of the same transaction or occurrence as the original claim, so long as they bear 'some relationship' to the original pleading." *Means v. Dunedin Apartments,* 2010 WL 1490494, at *3 (N.D. Ind. Apr. 13, 2010) (quoting 3 James Wm. Moore, *Moore's Federal Practice* § 15.30 (3rd ed. 2008)); *accord United States v. State of Indiana,* 2009 WL 3067087, at *3 (N.D. Ind. Sept. 18, 2009); *Habitat Educ. Ctr., Inc.* 250 F.R.D. at 401.

"A supplemental pleading promotes as complete an adjudication of the dispute between the parties as possible. It is a tool of judicial economy and convenience,

which serves to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Habitat Educ. Ctr., Inc.*, 250 F.R.D. at 401-02 (internal quotation marks and citations omitted). "Thus, when a supplemental pleading facilitates the efficient administration of justice, a court should allow it." *Id.* (citing *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218 (1964). Ultimately, the decision to grant or deny leave to file a supplemental pleading is within the court's direction. *R3 Composites Corp. v. G&S Sales Corp.*, 2021 WL 613836, at *3 (N.D. Ind. Feb. 17, 2021) (citations omitted).

  B. *Permitting Supplementation is Appropriate.*

Paragon seeks to assert one additional cause of action, for tortious interference, based on events that occurred beginning in late October 2024, to the present, months after the original Complaint was filed. (Doc. 1.) More specifically, the proposed First Supplemental Complaint, **Ex. 1**, alleges that from October 23, 2024, through at least November 7, 2024, Defendant Kirk Grundahl posted disparaging articles on the website for Defendant Qualtim and its affiliates and also distributed emails containing the articles to Paragon's employees and to numerous customers and prospective customers of Paragon and others in the truss industry.

As alleged in the proposed First Supplemental Complaint, these articles and emails: (1) improperly comment on this pending litigation; (2) falsely accuse Paragon of practicing engineering without a license; (3) falsely accuse Paragon of misappropriating trade secrets; (4) falsely accuse Paragon of felony theft of trade secrets; (5) falsely accuse Paragon of unlawfully publicizing trade secrets; and (6) otherwise falsely depict Paragon as engaging in improper and unlawful conduct. *See*

**Ex. 1**. The emails discourage persons in the truss industry from doing business with Paragon or using the Paragon Truss Software, and were intended to cultivate doubt about the legitimacy of Paragon's business. Mr. Grundahl posted these articles and sent these emails on behalf of himself and Defendants Qualtim, DrJ, and CBI. Paragon has already lost sales of the due to these disparaging communications. Paragon thus seeks to add a claim against existing Defendants Mr. Grundahl, Qualtim, DrJ, and CBI for tortious interference with existing and prospective business relations. Paragon's request for supplementation should be granted for numerous reasons.

First, Paragon's request to supplement is not hampered by any undue delay. The new conduct complained of in the proposed First Supplemental Complaint occurred months after Paragon had filed its initial Complaint. (Doc. 1.) Paragon did not know of this conduct when it filed suit, and could not have anticipated this conduct would occur. Paragon promptly filed its motion to amend after learning of the disparaging communications and determining that it has in fact been damaged as a result. The motion to supplement or amend was filed well within the then-operative scheduling order's deadline for amendments. (Doc. 35 at 2.) Paragon diligently pursued supplementation.

Second, Defendants would suffer no prejudice should Paragon's motion to supplement be granted. Discovery in this action is just beginning, and could easily be expanded to include information relevant to the one additional claim. Paragon's new cause of action arises from intentional misconduct by Mr. Grundahl, Qualtim, DrJ, and CBI that occurred *after* this litigation was already underway, which they

reasonably should have known would subject them to liability. And each is already a Defendant in this case. Prejudice would not be caused to Defendants by allowing the new claim at this stage in the proceeding.

Finally, there is good cause for permitting the supplementation. The proposed new cause of action arises largely from the same operative facts as the original Complaint—alleged co-ownership of the Paragon Truss Software—and involves no new parties. In fact, the tortious conduct at issue, which occurred after the filing of the original Complaint, seeks to retaliate against Plaintiff Paragon for filing its Complaint. It would serve judicial efficiency to adjudicate the new cause of action along with Paragon's claims for declaratory judgment. Requiring Paragon to file a new complaint to pursue Defendants for their tortious conduct in a separate lawsuit would unnecessarily increase costs and risk inconsistent adjudications relating to facts underlying the falsity of the disparaging emails. *See Habitat Educ. Ctr., Inc.*, 250 F.R.D. at 402 ("To force plaintiffs to file new lawsuits to litigation what are essentially continuations of their original suits would waste judicial resources."); *see also* 6A Fed. Prac. & Proc. Civ. § 1506 (3d ed. 2024).

For the foregoing reasons, the Court should exercise its broad discretion to permit Paragon to file its proposed First Supplemental Complaint pursuant to Rule 15(d).

Were the Court to grant this motion under Rule 15(d), Paragon would file the First Supplemental Complaint submitted as **Exhibit 1** to its motion (Doc. 53-1). The intent is for the First Supplemental Complaint to supplement, not supersede, the original Complaint, (Doc. 1), and to function together with the original Complaint as

the operative complaint in this action—i.e., to function as a "continuations of the[] original suit[]. *See Habitat Educ. Ctr., Inc.*, 250 F.R.D. at 402. However, were the Court to grant the motion under Rule 15(d) and prefer that Paragon refile its original Complaint, (Doc. 1), with the supplemental allegations added to it, Paragon would promptly do so.

## II. Alternatively, the Court Should Permit Paragon to Amend its Complaint.

Were the Court to conclude that the proposed First Supplemental Complaint should be construed as an amendment to the original Complaint, rather than as a supplemental pleading, the Court should alternatively grant the Motion (Doc. 52) by permitting Paragon to amend its Complaint under Rule 15(a).

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a "party may amend its pleading once as a matter of course no later than: (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Consistent with this rule, Paragon submits that its proposed First Supplemental Complaint was filed within 21 days after service of Defendants' motion to dismiss or transfer. (Doc. 50.) Accordingly, amendment is proper as a matter of course.

Alternatively, Federal Rule of Civil Procedure 15(a)(2) provides that, if a party can no longer amend its pleading as a matter of course, it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"Rule 15(a) evinces a bias in favor of granting leave to amend and, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Akright v. Graves*, 2006 WL 897758, at *1 (E.D. Wis. Apr. 3, 2006) (internal quotation marks and citations omitted). Rule 15(a)'s "liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (citation omitted). Leave to amend should be freely given " '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.' " *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

For all the reasons explained above with respect to Paragon's request to supplement its Complaint, which are incorporated by reference here, the Court should permit Paragon to amend its Complaint. There has been no undue delay by Paragon, Defendants would not be prejudiced by amendment, and there is good cause,

Were the Court to grant this motion under Rule 15(a), Paragon would file the First Supplemental Complaint submitted as **Exhibit 1** to its motion (Doc. 53-1). The intent is for the First Supplemental Complaint to supplement, not supersede, the original Complaint, (Doc. 1), and to function together with the original Complaint as

the operative complaint in this action. However, were the Court to grant the motion under Rule 15(a), but instead were to prefer that Paragon refile its original Complaint, (Doc. 1), with the amendments incorporated, Paragon would promptly do so.

### III. Conclusion

There are no circumstances weighing against Paragon's request to add new allegations and one new cause of action to its Complaint. Accordingly, the Court should grant the motion and permit Paragon to file its proposed First Supplemental Complaint. (Doc. 53-1.) Paragon believes that supplementation under Rule 15(d) is the more appropriate procedural vehicle because the supplemental facts occurred after Paragon had filed its original Complaint. However, should the Court disagree, then it should permit Paragon to file its proposed First Supplemental Complaint under Rule 15(a) as amended pleading.

Respectfully submitted this 26th day of March 2025.

[*signatures on next page*]

*/s/ James T. Williams*


**GASS TUREK LLC**

Tamar B. Kelber, SBN 1101802
kelber@gassturek.com
Joshua S. Greenberg, SBN 1107959
greenberg@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202
T: 414-223-3300


**MILLER & MARTIN PLLC**

James T. Williams, *Admitted Pro Hac Vice*
james.williams@millermartin.com
Erin E. Steelman, *Admitted Pro Hac Vice*
*erin.steelman@millermartin.com*
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
T: (423) 756-6600

Stephen E. Kabakoff, *Admitted Pro Hac Vice*
Stephen.kabakoff@millermartin.com
1180 W. Peachtree Street, NW, Suite 2100
Atlanta, GA 30309
T: (404) 962-6100

*Attorneys for Plaintiff Paragon Component Systems, LLC*

**CERTIFICATE OF SERVICE**

      I certify that on March 26, 2025, a copy of the foregoing Supplemental Brief in Support of Motion for Leave to File a First Supplemental or Amended Complaint is being served on all counsel of record by electronically filing it via the Court's filing system.

/s/ *James T. Williams*

James T. Williams
Counsel for Plaintiff