UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS, LLC,

                Plaintiffs,

v.                                              Case No.: 3:25-cv-00170-wmc

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
AND SUZANNE GRUNDAHL

                Defendants.

---

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST SUPPLEMENTAL OR AMENDED COMPLAINT**

---

Defendants, by their undersigned counsel, submit this Brief in Opposition to Plaintiff's Motion for Leave to File a First Supplemental or Amended Complaint.

**I.  Procedural History**

With respect to this Court's decision on Paragon's Motion to Supplement its Initial Complaint, consideration of all pending motions should carry substantial weight. This Court should prioritize entering decisions on all pending motions to facilitate the best and most efficient administration of justice. The following are the motions currently pending before this court:

    a.  Defendants' Motion to Dismiss for Failure to Join Necessary and Indispensable Parties and Motion to Dismiss for Pending Parallel Substantive Lawsuit. Doc. 94 and Doc. 95

b.  Plaintiffs' (Defendants in this case) Motion to Remand in substantive lawsuit IP-LLC *et al* v. Paragon *et al.* Case No. 25-CV-00075.

The discussion points below will detail how supplemental pleadings and pending motions are essentially intertwined and will inevitably be affected by any ruling on the other.

**II.    Supplemental or Amended Complaints Should be Dismissed or Transferred Under the Doctrine of Forum Non Conveniens.**

Although leave to file a supplemental or amended complaint should be freely given, the request may be denied for several reasons, including futility. *Isaacson v. Gothner*, No. 07-121-C, 2007 WL 5404717 (W.D. Wis. Aug. 13, 2007). Because there is a more appropriate forum for Paragon's added claim, it would not survive a motion to dismiss for forum non conveniens and thus, should be denied or alternatively, be filed as a counterclaim to the parallel state court action.

A forum non conveniens motion questions whether a case *should* proceed in a venue compared to whether a case *can* proceed in a venue under Rule 12(b)(3). *Tyler Rsch. Corp. v. Envacon, Inc.*, No. 4:19-CV-10-TLS-JEM, 2020 WL 3577762 (N.D. Ind. July 1, 2020), aff'd, 843 F. App'x 322 (Fed. Cir. 2021). As there is no time limit set for when a motion to dismiss for forum non conveniens may be filed, and no substantial progress has been made in this case, this motion is timely. *Id* at 4.

Under the "exceptional-circumstances test" established by the Supreme Court, a district court may dismiss or stay an action when there is an ongoing parallel action in state court. *LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989) *citing Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–21, 96 S.Ct. 1236, 1246–48, 47 L.Ed.2d 483 (1976). Before the *Colorado River* doctrine can be applied, the district court must first determine whether the federal and state actions are parallel, which is the case here. *Id.*

The epicenter of this Declaratory Judgment is the ownership issue of trade secrets surrounding Paragon software. *See* Doc. 7, p. 4 stating Paragon is a "trade secret" software. Similarly, the core issue of the state court action is trade secret ownership, except the controversy has fully ripened to where damages have occurred and continually accrue. Therefore, the federal and state cases here are parallel.

Next, factors to justify a decision to refrain from exercising jurisdiction are to be applied. *LaDuke v. Burlington* at 1559. These factors are set as to: 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim. *Id citing Lumen Const., Inc. v. Brant Const. Co.,* 780 F.2d 691, 694-695 (7th Cir. 1985).

The weight carried by of each of the above mentioned factors varies from case to case, with the court in *LaDuke* providing guidance that "special factors" should be considered. *Id.* The ten factors should not be applied mechanically but applied in a "pragmatic, flexible manner with a view to the realities of the case at hand." *Id citing Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 940.

Here, the reality is that substantial procedural events have arisen since the initial filing of the Complaint. The initial Complaint was filed on July 23, 2024. Since then, a substantive action was filed and there are multiple motions pending. Such events weigh heavily towards avoiding piecemeal litigation, the source of governing state law, and the adequacy of state-court action to protect the federal plaintiff's rights.

To further this point, the purpose of the Declaratory Judgment action is to avoid accrual of avoidable damages, but the supplemental pleading introduces new claims for damages that have

allegedly *already* occurred. *See In re HA 2003, Inc.,* 310, 340 B.R. 710 (Bankr. N.D. Ill. 2004) with *Doc. 94-1, p. 7*, (Paragon requesting damages). Paragon's position is that supplemental pleading should be allowed due to the relation between the tort claim and the filing of the Declaratory Judgment noting that the tort claim was retaliatory. *See* Doc. 94, p. 6. The contrast between an action for declaratory relief and a tort claim is that one seeks to prevent actual damage while the latter is when damage has already occurred. Therefore, although there is a relation between the initial action and the supplemental claim, they serve a different purpose.

The tort claim also further supports that the Declaratory Judgment serves no useful purpose because the controversy has ripened to where damages are sought. If Paragon's new claim in this case is not transferred to the state court case as a counterclaim, parties including the courts would need to attend to two different cases, but both contend ownership issues. This is the type of piecemeal litigation courts should avoid.

Regarding the source of law factor in the *Colorado River* doctrine, whether federal or state, trade secrets are not automatically preempted by federal copyright laws. *See Inspired Pursuits, LLC et al v. Paragon Component Systems, LLC et al,* Case No. 3:25-00075, *Doc.* 21, *Motion to Remand,* in general. Succinctly, because there are trade secrets, contracts, and state tort claims asserted in the parallel lawsuit, this case is best adjudicated in state court. Paragon could argue that this case should remain in federal court for diversity jurisdiction but again, there is a pending motion that there is not complete diversity between parties. *See* Doc. 96, p. 9.

Whether the substantive suit is remanded back to state court or stays in federal court, the supplemental claim will still be best brought as a counterclaim to the parallel action pursuant to Fed. R. Civ. Pro. 13(e).

### III. Allowing the Amended or Supplemental Claim Would Place Burden on the Judicial System that Could be Alleviated by the More Appropriate Forum.

Court actions over declaratory judgments should effectuate the purpose of the act. *J.B. Hunt Transp., Inc. v. Bolton*, No. 06-C-178-S, 2006 WL 1722430 (W.D. Wis. June 20, 2006). The actions must resolve the entire controversy and not only particular issues. *Id* at 5. Therefore, if the entire controversy is better settled in a state court, that is where it should be litigated. *Id.* Similar to the *J.B. Hunt* case, the additional claim only resolves one portion of the controversy, whereas, the substantive state action would resolve all disputes including the ownership dispute. Granting the supplemental claim here would counter the purpose of a declaratory judgment.

Paragon's assertion that allowing the supplemental complaint will render complete adjudication of the dispute between the parties contradicts facts and logic. Doc. 94, p. 3. Their position neglects the fact that this case is a Declaratory Judgment filed under the false assumption that damage has not occurred. Damages have occurred and continue to accrue on both sides as alleged by Paragon. Therefore, as mentioned above, the more appropriate procedural action for Paragon's tortious interference claim is to be filed as a counterclaim to the substantive suit filed in state court.

The court here should consider the burden that the supplemental complaint places on the judicial system. *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 356 (N.D. Ind. 2010). As mentioned above, the courts would need to tend to two different cases that both surround the same trade secret ownership issues. The ownership issues present will be tended to in the state court action, which would provide an alternative and proper remedy. Courts are not required to maintain a declaratory judgment action when other forms of relief are available. *Aslanukov v. Am. Express Travel Related Servs. Co.*, 426 F. Supp. 2d 888, 890 (W.D. Wis. 2006).

### IV.  Conclusion.

In the best interest of an efficient administration of justice, Defendants move this court to deny the supplemental or amended complaint, and alternatively, order Paragon to file their supplemental or amended complaint as counterclaim to the parallel substantive lawsuit.

Respectfully submitted,

*/s/Mayville La Rosa*
Mayville La Rosa, WI Bar #1119613
6300 Enterprise Ln.
Madison, WI 53719
Phone: (608) 800-7353
mlarosa@kfinnovations.com
*Attorney for Defendants*