IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS, LLC,

    Plaintiff,

v.

QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,

    Defendants.

Case No. 3:25-cv-00170-wmc

**PLAINTIFF PARAGON COMPONENT SYSTEMS, LLC'S
RESPONSE IN OPPOSITION TO MOTION TO DISMISS OR STAY**

**I.  INTRODUCTION**

The Court should deny Defendants' Motion to Dismiss for Failure to Join Necessary and Indispensable Parties and Motion to Dismiss or Stay Pending a Parallel Substantive Action (Doc. 95). The first motion must be denied because the two absent parties–Clearspan and the Estate of Daniel Holland ("the Estate")–are neither necessary nor indispensable. Even if this Court concludes that one or both of these parties is necessary or indispensable, the motion should nonetheless be denied, as the addition of these parties would not deprive the Court of jurisdiction. The Court should also reject Defendants' second motion, which alternatively asks the Court to dismiss or stay this action in favor of the parallel lawsuit filed by Defendants. As detailed below, this action is not, contrary to Defendants' assertion, an improper

1

anticipatory lawsuit. Having presented no valid grounds for dismissal or stay, this Court should summarily reject Defendants' Motions.

## II.  PROCEDURAL HISTORY

Plaintiffs originally filed this action in the Eastern District of Tennessee. Among other relief requested, Defendants asked the district court in Tennessee for dismissal for failure to join necessary parties under Federal Rule of Civil Procedure 12(b)(7). (Docs. 21, 49). However, on March 6, 2025, the Tennessee District Court transferred the action to this Court under 28 U.S.C. §§ 1404, 1406, and 1631. (Order, Doc. 73, at 12).

On March 19, 2025, Defendants filed a motion seeking "clarification," asking this Court's leave to brief their previously filed Rule 12(b)(7) motion under Seventh Circuit law. (Doc. 86). The Court advised that the "[t]he proper way to raise that argument is by filing a *renewed motion* in this court." (Doc. 91) (emphasis added).

Defendants subsequently filed their current Motion(s) and supporting memorandum applying Seventh Circuit law. However, Defendants' filing did not simply renew the arguments raised in Tennessee. Instead, Defendants asserted a *new* basis for dismissal and a *new* alternative request for relief in the form of a stay. Their newly-raised motion argues that Paragon's declaratory action is an improper anticipatory filing that the Court should decline to hear in favor of Defendants' later-filed action, *Inspired Pursuits, LLC, et al v. Paragon Component Systems, LLC, et al*, Case No. 3:25-cv-0075-wmc, ("Inspired Pursuits Action"). (Mem., Doc. 96 at 1, 3).

2

## III. ARGUMENT

### A. Standards for necessary and indispensable parties

"When evaluating a Rule 12(b)(7) motion, the Court accepts all well-pleaded allegations in the complaint as true and may consider extrinsic evidence." *BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 848 (N.D. Ill. 2021) (citing *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001)). "Dismissal for failure to join a party 'is not the preferred outcome under the Rules.'" *Id.* (quoting *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 634 (7th Cir. 2009)). "In a 12(b)(7) motion, the movant bears the burden of demonstrating that the absent party is necessary and indispensable." *Id.* The movant must "produc[e] evidence which shows the nature of the absent party's interest, and that the protection of that interest will be impaired or impeded by the absence." *Crace v. Robert Weed Plywood Corp.*, 3:23-CV-665-CCB-APR, 2024 WL 4274858, at *2 (N.D. Ind. Sept. 24, 2024) (quoting *Taylor v. Chater*, 907 F. Supp. 306, 390 (N.D. Ind. 1995)); *BCBSM*, 512 F. Supp. 3d at 848–49 (denying 12(b)(7) motion premised on "baseless[]" assertions, "cherry-pick[ed] quotes," and allegations that are "more conclusory than sound").

"To evaluate a Rule 12(b)(7) motion, the Court must engage in a two-step inquiry." *Ochs v. Hindman*, 984 F. Supp. 2d 903, 907 (N.D. Ill. 2013) (citing *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999)). "First, the Court must determine whether a party is necessary under Rule 19(a)." *Id.* "Second, if a person is necessary under Rule 19(a) but cannot be joined, the Court must determine 'whether, in equity and good conscience, the action must proceed among the existing parties or should be dismissed.'" *Id.* (quoting Fed. R. Civ. P. 19(b)). Rule 19(b) provides a list of factors to

3

guide a court's determination, "with an emphasis on practical measures that will allow either the entire suit or part of it to go forward." *Id.* at 908 (quoting *Thomas*, 568 F.3d at 635). Only "[i]f the Court finds that 'there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants,'" will the unavailable party be deemed "indispensable[.]" *Id.* (quoting *Thomas*, 189 F.3d at 634). Otherwise, dismissal under Rule 12(b)(7) is improper. *Id.*

### B.     Clearspan and the Estate are not necessary parties.

Here, Defendants have failed to meet their initial burden, as they have not demonstrated that Clearspan and the Estate are "necessary" parties. A party is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If the absent parties meet these criteria, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2); *Thomas,* 189 F.3d at 667.

First, Defendants fail to show that the Court could not accord complete relief among the existing parties to this litigation without the addition of these parties. *See* Fed. R. Civ. P. 19(a)(1)(A). "The term complete relief refers only 'to relief between the persons *already parties*, and not as between a party and the absent person whose joinder is sought.'" *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) (citation

4

omitted; emphasis added); *see also Varlen Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 09-cv-7915, 2011 WL 3664796, at *4 (N.D. Ill. Aug. 17, 2011) (noting that Rule 19(a)(1)(A) is designed to protect the only the interests of the parties to the litigation); *Su v. Su*, 672 F. Supp. 3d. 573, 589 (N.D. Ill. 2023) (same; further noting that complete relief can be obtained between the current parties, even if "such relief would affect non-parties" or when litigation between the absent party and the defendant is "inevitable"); *cf. Rotec Indus., Inc. v. Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 938 (N.D. Ill. 2006) (finding, under Rule 19(a)(2), that defendant cannot satisfy its burden of showing a party is necessary solely by conjuring up hypothetical, future scenarios and proceedings involving a non-party that could lead to multiple or inconsistent judgments).

Defendants have failed to make a valid argument about the Court's ability to afford complete relief *to the parties.* Instead, Defendants' arguments hinge upon hypothetical relief that may be due to Clearspan and the Estate. (*See* Doc. 96 at 7) (arguing that "if any of the Defendants prevail, shareholders or other officers [of Clearspan] would have standing for a derivative suit against [Clearspan President] Mr. Eason for non-action, or against the prevailing Defendant for Clearspan's share of the partnership"); (*see id.* at 10) (arguing that "should Defendants prevail in this case, the judgment would be inadequate for the Estate as it was not able to protect its legal interest"). Paragon filed suit only because Defendants repeatedly claimed an ownership interest in its intellectual property. The central issue in this action is thus whether one or more of *the Defendants* co-owns Paragon's intellectual property and trade secrets. Any ownership interest that Defendants might have in the Paragon

5

software at issue in this case is completely independent of any hypothetical interest of Clearspan or the Estate. The absence of these third parties does not preclude or hinder Defendants' ability to litigate their own alleged ownership interests in the Paragon software, or to obtain "complete relief" if this Court rules in their favor.

Further, neither Clearspan nor Daniel Holland's Estate have, or claim to have, any interest in Paragon's intellectual property or trade secrets. *See* Fed. R. Civ. P. 19(a)(1)(B). Declarations directly from Clearspan and Daniel Holland's Estate establish this. (Doc. 51-19 ¶4; Doc. 51-20 ¶¶ 4–5). Where "there is no indication that either of the absent [parties] claims any interest in th[e] litigation . . . Rule 19(a)(1)(B) is inapplicable at the threshold." *Varlen*, 2011 WL 3664796 at *5. "Though the non-party need not actively intervene in the present litigation, it must at least manifest some legal claim in the subject matter of the action." *Id.* (quoting *Aguinaga v. UBS AG*, 09 Civ. 03261(RJH), 2010 WL 5093433, at *10 (S.D.N.Y. Dec. 14, 2010)); *see also, e.g., Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 49 (2d Cir. 1996) ("It is the absent party that must claim an interest.") (citation, internal quotation marks omitted); *Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.,* 723 F. Supp. 2d 676, 692 (D. Del. 2010) ("[W]here there is no showing that the absent party actually has claimed an interest relating to the subject of the action, the court may deny a motion to dismiss.").

Here, both Clearspan's President and the Executor of Daniel Holland's Estate disclaim any ownership interest in the Paragon software, thus disavowing, rather than manifesting, a legal claim in this action. (Doc. 51-19 ¶4; Doc. 51-20 ¶¶ 4–5). Defendants' contrary assertions are baseless and speculative. (Doc. 96 at 7). They

6

reference invoices and meetings between Clearspan and Qualtim as evidence that "Clearspan has more than a financial interest, but a legally protected ownership interest" in the Paragon software. *Id.* But Defendants fail to explain *how* such "evidence" demonstrates Clearspan having a claim of ownership in the Paragon software at issue. Defendants make a similarly hollow assertion with respect to the Estate. *See id.* at 9 ("[Marvin Speed's] affidavit does not absolve the Estate from being a necessary party this cause because it holds a legally protected interest relating to the subject matter of this action.") But Defendants' unsupported rhetoric is insufficient to satisfy their burden; Defendant must instead produce *evidence* justifying dismissal under Rule 12(b)(7) *See BCBSM*, 512 F. Supp. 3d at 848–89; *Crace*, 2024 WL 4274858, at *2; *cf. Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010) ("[M]ere conclusory allegations do not constitute evidence."). The only direct evidence in the record establishes that Clearspan and the Estate have no interest in this litigation, which concerns only *Defendants*' claimed ownership interest in Paragon's software. (*See* Doc. 51-19 ¶4; Doc. 51-20 ¶¶ 4–5.)

Because neither Clearspan nor Daniel Holland's Estate have or claim to have any interest in Paragon's intellectual property or trade secrets, they have no interests to be protected in this lawsuit. *See BCBSM*, 512 F. Supp. 3d at 849 (failure to intervene despite knowledge of action weighs against finding absent party has interest in the litigation). Their absence thus could not subject Defendants to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" concerning the same subject-matter as this action. Fed R. Civ. P. 19(a)(1)(B). And because Defendants cannot show that Clearspan and Daniel Holland's Estate are

7

necessary, the Court need not address the rest of the joinder analysis. *Su*, 672 F. Supp. 3d at 590 ("Because the Court finds that no absent party is required under Rule 19(a), an analysis under Rule 19(b) is unnecessary[.]")

### C. Even if Clearspan and the Estate were necessary parties, they could be joined without defeating federal subject-matter jurisdiction.

Even if Clearspan and Daniel Holland's Estate were deemed necessary parties, nothing prevents them from being joined in this lawsuit.[1] Defendants claim the Estate cannot be joined because it would destroy diversity jurisdiction. (Doc. 96 at 8–9). But this position entirely overlooks the substantial federal questions raised in the Complaint that create federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 ¶¶ 16–17).[2]

For example, because its software code is copyrightable under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, Paragon seeks a declaration that it is the code's sole author and owner. "Authorship, whether it be sole authorship, joint authorship or work-made-for-hire authorship, is determined under the Copyright Act and determines initial ownership in the copyright." *Round to Fit, LLC v. Reimer*, 380 F. Supp. 3d 830, 837 (S.D. Ind. 2019).[3] The authorship of Paragon's software raises an

---

[1] Defendants admit that, if Clearspan is deemed necessary, it can be joined without destroying jurisdiction. (Doc. 96 at 6–8).

[2] The Court further has federal question subject-matter jurisdiction under 17 U.S.C. §§ 101 *et seq.*, 15 U.S.C. §§ 1051, *et seq.*, 18 U.S.C. § 1836, 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 101 *et seq*.

[3] Federal question jurisdiction under the Copyright Act is addressed in greater detail in Paragon, *et al.*'s Opposition to the Qualtim, *et al.*'s Motion to Remand filed in the Inspired Pursuit Action, 3:25-cv-75 (W.D. Wis. 2025) (Doc. 30).

issue under copyright law, which is within the exclusive jurisdiction of federal courts. *See Brooks-Ngwenya v. Indianapolis Public Schools*, 564 F.3d 804, 807 (7th Cir. 2009) (federal courts have exclusive jurisdiction over copyright cases); *WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 605 (7th Cir. 2008) (quoting 28 U.S.C. § 1338(a) for proposition that federal courts have exclusive jurisdiction over civil claims "arising under" federal copyright laws); *see also Severe Records, LLC v. Rich*, 658 F.3d 571, 581–82 (6th Cir. 2011) ("[E]xclusive federal district court jurisdiction exists in an action for a declaratory judgment to establish joint authorship of a copyrighted work.") Defendants' lengthy discussion concerning lack of diversity jurisdiction over the Estate is irrelevant to the jurisdictional analysis.[4]

### D.  Paragon's action for declaratory relief is not an "impermissible anticipatory filing."

Alternatively, Defendants seek dismissal or a stay because, this action is, in their view, an impermissible anticipatory filing in which Paragon sought to avail itself of the "first in time" rule. (Doc. 96 at 11). In other words, Defendants ask the Court to decline jurisdiction of this matter in favor of their own later-filed case, the Inspired Pursuits Action (3:25-cv-75, W.D. Wis. 2025).[5] Defendants' argument should

---

[4] Oddly, in direct contradiction to their Motion for Remand in the Inspired Pursuit Action, Defendants readily admit in the present briefing that the copyright ownership issue of the Paragon software at the heart of this case is also at issue in the Inspired Pursuits Action. (*See* Doc. 96 at 10) ("The ownership issue here will be addressed in that substantive [Inspired Pursuits] action."); (*id.* at 12) ("The parallel [Inspired Pursuit Action] was initially filed in state court and pending a remand addresses the ownership and possessory interest at issue…"); (*id.* at 13) (arguing same).

[5] That action was removed to this Court. Presently, Plaintiff's have pending both a Motion to Remand and Motions to Dismiss.

be summarily rejected, as it is based on a mischaracterization of this action and relies on inapposite case law.

For a declaratory judgment action to be deemed an improper anticipatory filing, it must be filed in response to a direct threat of litigation that gives *specific* warnings as to deadlines and subsequent legal action. *See, e.g., Serta, Inc. v. Oleg Cassini, Inc.*, No. 11-cv-8004, 2012 WL 2503959, at *2 (N.D. Ill. June 28, 2012) (rejecting motion to dismiss based on anticipatory filing argument where defendant made repeated demands and threats of litigation, but failed to specify deadline for filing suit, specify a forum, or give plaintiff any other indication that its suit was imminent); *Steiner Indus., Inc. v. Auburn Mfg., Inc.*, No. 07-cv-668, 2007 WL 1834176, at *5 (N.D. Ill. June 22, 2007) (denying motion to dismiss based on anticipatory filing argument where defendant "threatened litigation and then failed to keep multiple deadlines to file suit"). When such a specific, direct threat is made, courts want to avoid merely rewarding the winner of a "race to the courthouse." *See, e.g., Associated Mills, Inc. v. Regina Co., Inc.*, 675 F. Supp. 446, 447 (N.D. Ill. 1987) (dismissing declaratory judgment action filed a mere two days after receipt of a cease and desist letter).

Here, Defendants made generalized threats of and vague references to litigation over several months without providing Plaintiff with any specific deadlines for filing suit. For several months prior to Paragon initiating this action, the parties engaged in back-and-forth correspondence regarding Defendants' claimed ownership interest in the Paragon Software. Defendant Kirk Grundahl sent multiple letters and emails, not only claiming an interest in the Paragon Truss Software but also making

generalized threats of litigation and other actions that would harm Paragon's business. (*See* Docs. 1-11 through 1-16.) In one instance, Mr. Grundahl wrote: "[I]f I have to hire legal counsel on behalf of [Inspired Pursuits, LLC], please know that this will be a very bad day for [Clearspan], Paragon, Dan [Holland's] family and [John Holland]…." (Doc. 1, ⁋ 7.) In another, he demanded that Paragon put in place a litigation hold with respect to certain of its documents. (Doc. 1-17.)  Defendant Grundahl never responded to Paragon's last communication, creating risk and uncertainty regarding Paragon's ownership of the software.

Because of the vague and indeterminate nature of the litigation threats, Defendants' actions fall far short of the circumstances required to classify this case as an improper anticipatory action. These communications further show that the parties were at an impasse, making this matter ripe for declaratory adjudication. *See Oneida Tribe of Indians of Wis. v. Wisconsin*, 951 F.2d 757, 760 (7th Cir. 1991) (finding an actual controversy where negotiations between the parties reached an impasse, the parties' legal interest were adverse, and there was sufficient immediacy). Paragon initiated this lawsuit not as a "preemptive strike," but rather, as a means to protect its valid legal interests in its copyrightable work.

The cases cited by Defendants are distinguishable because each involved circumstances where the plaintiffs' "race to the courthouse" was plainly evident from the facts. *See Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F. Supp. 2d 906, 907 (N.D. Ill 1998) (finding an improper anticipatory filing where the plaintiff received defendant's cease and desist letter, filed suit without responding, then forwarded complaint to defendant, to "open [] a dialogue"); *Tempco Elec. Heater Corp.*

11

*v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987) (finding improper anticipatory filing where plaintiff stated unwillingness to comply with defendant's second cease and desist letter, and defendant notified plaintiff of imminent intention to sue, but plaintiff filed suit the same day before defendant had the opportunity to commence its action). Here, in contrast, the parties engaged in back-and-forth discussions over a period of several months. Defendant Kirk Grundahl sent multiple letters, making only generalized threats of litigation. Paragon filed suit not after receiving specific, imminent notice of litigation, but rather, after Defendant Grundahl stopped responding. Paragon's initiation of its declaratory judgment action under these circumstances is a far cry from the egregious "race to the courthouse" tactics employed in the cases cited in Defendants' Motion.

But even if Paragon's lawsuit could properly be characterized as an anticipatory filing, dismissal or stay is unwarranted. The application of rules against improper anticipatory filing is typically limited to instances where the two actions are pending in different venues. *See, e.g., Barrington Grp., Ltd. v. Genesys Software Sys., Inc.*, 239 F. Supp. 2d 870, 873 (E.D. Wis. 2003) ("[P]riority in time will not be enforced where the first-filed action is seen as *an 'improper anticipatory filing'—that is, a filing made* under threat of an imminent suit and asserting the mirror image of that suit *in another district.*") (emphasis added). Because the two actions are now pending in the same district, the interests of judicial efficiency that underpin the Declaratory Judgment Act are well served by allowing Paragon's action to proceed in tandem with the Inspired Pursuits Action. *See Med Assurance Co., Inc. v. Helman*,

12

610 F.3d 371 (7th Cir. 2010) ("The purpose of the Declaratory Judgment Act is to facilitate efficient outcomes.").

Simply put, there is no arguable legal basis for dismissal or stay of Paragon's action based upon the theory of improper anticipatory filing. This Court should thus summarily deny Defendants' Motion requesting the same.

Dismissal or stay of Paragon's declaratory judgment action is inappropriate for an additional reason. There is a pending motion by Paragon to supplement the Complaint to add coercive claims against many of the Defendants, which accrued after this lawsuit was filed. (Doc. 94.) As detailed in the motion, leave to supplement should be freely granted, and were such motion granted, Paragon would have both declaratory and coercive claims.

## IV. CONCLUSION

The evidence demonstrates that Clearspan and the Estate of Daniel Holland are neither necessary nor indispensable parties to this action, which seeks declaratory relief as to *Defendants*' ownership interest in the Paragon software. And, even if they were, their joinder would not deprive the Court of federal question jurisdiction. Moreover, Paragon properly brought this declaratory judgment action after months of unfruitful discussions to resolve a dispute that is ripe for resolution, without any specific indicia that Defendants imminently intended to file suit. This Court should therefore deny Defendants' Motions to Dismiss for Failure to Join a Necessary and Indispensable Parties and Motion to Dismiss or Stay Pending a Parallel Substantive Action (Doc. 95).

Respectfully submitted this 16th day of April 2025.

          **GASS TUREK LLC**

          *s/ Tamar B. Kelber*
          Tamar B. Kelber, SBN 1101802
          kelber@gassturek.com
          Joshua S. Greenberg, SBN 1107959
          greenberg@gassturek.com
          241 North Broadway, Suite 300
          Milwaukee, WI 53202
          T: 414-223-3300

          **MILLER & MARTIN PLLC**

          *s/James T. Williams*
          James T. Williams, *Admitted Pro Hac Vice*
          james.williams@millermartin.com
          Erin E. Steelman, *Admitted Pro Hac Vice*
          erin.steelman@millermartin.com
          832 Georgia Avenue, Suite 1200
          Chattanooga, TN 37402-2289
          T: (423) 756-6600

          Stephen E. Kabakoff, *Admitted Pro Hac Vice*
          Stephen.kabakoff@millermartin.com
          1180 W. Peachtree Street, NW, Suite 2100
          Atlanta, GA 30309
          T: (404) 962-6100

          *Attorneys for Plaintiff Paragon Component Systems, LLC*