IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC<br>Plaintiff<br><br>v.<br><br>QUALTIM INC., CENTER FOR BUILDING INNOVATION LLC<br>DRJ ENGINEERING LLC, INSPIRED PURSUITS LLC, KIRK GRUNDAHL, SUZANNE GRUNDAHL<br><br>Defendants | Case No.:  3:25-cv-00170-wmc |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES AND MOTION TO DISMISS OR STAY PENDING A PARALLEL SUBSTANTIVE ACTION**

Defendants, by and through counsel, submit this reply to Plaintiff's response to Defendants' motion to dismiss for failure to join necessary and indispensable parties and motion to dismiss or stay pending a parallel substantive action.

<u>Failure to Join Necessary and Indispensable Parties</u>

Defendants maintain the position that Clearspan and the Estate of Dan Holland are necessary and indispensable parties. Dan Holland founded Paragon in 2016 and then formed a partnership with Defendants Kirk and Suzanne Grundahl. Doc. 1 ¶ 2, 22. As of November 2023, less than two months before his death, Dan Holland was managing Paragon acknowledging that the Paragon staff was naïve in how it was conducting business and there are intellectual property issues. Doc. 1-10 at 19. *See also* Doc. 1 ¶ 6 for Dan's date of death. The Estate and Clearspan foregoing their interest in this case is based on their current financial benefit of Paragon having access to the software. Based on the business model and general industry practice, payments from

customers would be received and managed by Clearspan. Doc. 2-1 at 15, licensing agreement intent and Doc. 54 at 4, partnership between Clearspan and Qualtim. If Defendants prevail in this lawsuit, the licensing, royalties, and financial benefit to Clearspan and the Estate would change subjecting them to further litigation. Therefore, Clearspan and the Estate must be joined in this lawsuit to settle the dispute and avoid further unnecessary use of court resources.

Dismissal or Stay Pending the Parallel Substantive Action

As noted in Defendants' opening brief, the parties are presently involved in another lawsuit in this District. *See Inspired Pursuits, LLC et al. v. Paragon Component Systems, LLC et al.*, Western District of Wisconsin Case No. 3:25-cv-00075-wmc ("Related Case"). The Related Case involves highly similar factual issues to this case, as well as related legal issues. Also, Clearspan and the Estate of Daniel Holland are defendants in the Related Case.

A motion to remand the Related Case to Wisconsin state court is presently pending. Also, the pleadings have not closed in the Related Case. In the event the Court determines it is not appropriate to remand the Related Case, Defendants submit this case should be dismissed in favor of the Related Case. Plaintiff would be free to file its declaratory judgment claims, as well as the tortious interference claims it seeks to add, as counterclaims in the Related Case. As an alternative, this case could be consolidated into the Related Case under Fed. R. Civ. P. 42(a). Rule 42(a) explicitly allows consolidation of actions pending before the court that involve common questions of law and fact. That is certainly the case here. Also, the indispensable and necessary parties herein are parties in the Related Case, which would moot the issues raised in the present motion to dismiss. Furthermore, including all claims and counterclaims in a single case would prevent duplication of effort and lessen the burden that two separate cases places on the Court and the parties.

On the other hand, if the Related Case is remanded, Defendants maintain that this action should be dismissed or stayed pending final resolution of the Related Case for the reasons stated in Defendant's opening brief.  This lawsuit was clearly an improper anticipatory filing.  In its Response, Plaintiff asserts the rules concerning anticipatory filing do not apply to cases pending in the same venue.  However, if the Related Case is remanded to state court, the two cases would be pending in different venues and, in that situation, Plaintiff's argument is not on point.

By: s/May La Rosa/
Mayville La Rosa, WI Bar# 1119613
Law Office of Mayville La Rosa, Esq.
718 Sugar Maple Lane
Verona, WI 53593
Telephone: (608) 800-7353
mlarosa@kfinnovations.com

Michael J. Bradford (*pro hac vice*)
LUEDEKA NEELY, P.C.
900 South Gay Street, Suite 1504
P. O. Box 1871
Knoxville, TN  37901-1871
Phone: 865-546-4305
mbradford@luedeka.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 28th day of April, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                  s/Michael J. Bradford
                                                  Michael J. Bradford