IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 3:25-cv-00170 <br>) |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**Report of the Parties' Rule 26(f) Planning Meeting**

On April 14 and April 22, 2025, the parties participated in Rule 26(f) conferences via video conference. Tamar Kelber, James Williams, Stephen Kabakoff, and Erin Steelman represented Plaintiff Paragon Component Systems, LLC ("Paragon"). Mayville La Rosa and Michael Bradford represented Defendants Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, Kirk Grundahl, and Suzanne Grundahl ("Defendants"). The parties respectfully submit this report and joint discovery plan pursuant to Fed. R. Civ. P. 26(f) and the Court's text-only order on March 14, 2025.

a) **Nature of the Case:**

**Plaintiff** – Paragon filed this declaratory judgment action seeking to confirm Paragon's sole and exclusive ownership of its intellectual property rights in and to the truss-design software (the "Paragon Truss Software") that Paragon alone developed. As Paragon developed its Paragon Truss Software over several years, one or more of the Defendants provided engineering consulting services to validate the software's calculations and test its

1

accuracy. Despite this limited consultation role for which they were fully compensated, Defendants nonetheless have repeatedly threatened Paragon with baseless assertions of ownership rights in the Paragon Truss Software.

**Defendants** – Defendants claim ownership rights to the Paragon Truss Software. Defendants authored and provided engineering decisions contained in the software. Defendant Inspired Pursuits, LLC was a partnership between Defendants and the founder of Paragon Component Systems, LLC. Defendants used the Paragon Software in its business operations until the founder of Paragon and founder of Inspired Pursuits, LLC died in January 2024.

b) **Related Case:** There is some overlap of the issues to be litigated in this case and the following action pending in the Western District of Wisconsin: No. 3:25-cv-75, *Inspired Pursuits, et al., v. Paragon Component Systems, LLC, et al.*

c) **Factual and Legal Issues for Resolution at Trial:** The primary legal issue for resolution is ownership of the Paragon Truss Software. There are various related factual and legal issues underpinning this determination, such as the respective roles of Paragon and Defendants in developing the Paragon Truss Software, whether there is an absence of any contracts transferring or assigning ownership interests in the software to any of the Defendants, and whether the Paragon Truss Software contains any intellectual property, including trade secrets, of any of the Defendants. There is also a pending motion to supplement the complaint to add a legal issue of whether certain blast emails sent industrywide by Defendant Kirk Grundahl were defamatory and tortiously interfered with Paragon's business opportunities causing damages to Paragon.

d) **Amendments to Pleadings:** Pursuant to Federal Rule of Civil Procedure 15(a) and (d), Paragon has moved to supplement or amend its complaint to assert a claim for tortious interference based on certain Defendants' conduct that occurred after the complaint was filed. (Docs. 52, 53). Specifically, Paragon seeks to allege that, from October 23, 2024, through at least November 7, 2024, Defendant Kirk Grundahl posted disparaging articles on the website for Qualtim and its affiliates and distributed emails industrywide containing his defamatory articles to Paragon's employees, numerous existing customers and prospective customers of Paragon, and others within the truss industry. Paragon has been harmed by these disparaging communications and has and continues to suffer damages.

e) **Identity of Parties to be Added:** Defendants filed a motion to dismiss for failure to join necessary and indispensable parties: Clearspan Components Inc., and Estate of Daniel Holland. Plaintiff opposed the motion.

f) **Proposed Case Schedule:** The parties propose the following deadlines for the case schedule:

1. Motions to amend the pleadings and to add parties – August 8, 2025
2. Close of fact discovery – January 23, 2026
3. Expert disclosures for the party with the burden of proof – February 27, 2026
4. Rebuttal expert disclosures – March 27, 2026
5. Close of expert discovery – April 30, 2026
6. Dispositive motions – June 5, 2026
7. Trial – The parties propose a trial date in October 2026 and anticipate trial to last five days.

g) **Discovery Plan:**

3

1. **Initial Disclosures**: The parties exchanged initial disclosures on November 15, 2024, before the case was transferred to this Court.

2. **Subjects of Discovery:** The parties anticipate that discovery will be needed on the following subjects, among others[1]:

    i. The parties' course of dealing and course of performance relating to the Paragon Truss Software;

    ii. The parties' understanding of the nature of their relationship as related to the Paragon Truss Software;

    iii. Development of the Paragon Truss Software, including from the time Defendants' were engaged by Paragon to the present;

    iv. The business relationship and course of dealing between Daniel Holland and Defendants as related to the Paragon Truss Software;

    v. Patent, trade secret, trademark, copyright, and other intellectual property rights as related to the Paragon Truss Software;

    vi. Course of dealing and course of performance between Paragon and Clearspan Inc. relating to the Paragon Truss Software at issue;

    vii. Paragon's succession plan implementation;

    viii. Business operations of each party including but not limited to a list of all of the party's employees with their job descriptions and subcontractors with their independent contractor agreements; and

    ix. Communications between Defendant Kirk Grundahl and individuals in the truss industry concerning the subject matter of this litigation.

3. **Electronically Stored Information:** The parties agree to electronically scan hard copy documents for production. The parties further agree that the disclosure or discovery of electronically stored information should be handled as follows: To

---

[1] By identifying potential subjects of discovery, the parties do not stipulate the relevance or admissibility of discovery relating to any such topic(s) and expressly reserve the right to object to the scope of discovery under the Federal Rules of Civil Procedure and the admissibility of any information adduced during discovery pursuant to the Federal Rules of Evidence.

minimize expenses, the parties will request the production of ESI with as much specificity as possible. The production of ESI will be limited to reasonably accessible data from live, readily accessible servers and hard drives in the parties' possession, custody, or control. With respect to emails, the parties agree to cooperate in good faith to attempt to reach agreement about whether electronic searches are necessary and, if such searches are to be performed, the search methodology to be used (including, without limitation, appropriate timeframes, custodians, and search terms). Any negotiations regarding search methodology will not delay the production of other ESI or non-ESI documents, materials, or information that is responsive to a discovery request and otherwise required to be produced pursuant to the Federal Rules of Civil Procedure. The parties have agreed to produce ESI in a regularly available format (PDF or TIFF). The parties agree to discuss in good faith other issues, including but not limited to the production of native files and metadata, as those issues arise. The default standards described in Federal Rule of Civil Procedure 26(e) will otherwise apply.

4. **Protective Order.** The parties have discussed the extent to which they anticipate confidential, proprietary, and privileged information will be at issue in this action. The parties proposed and the Tennessee court entered an agreed protective order (Doc. 62) covering confidential, proprietary, and privileged information. The parties will resubmit a proposed protective order should this Court deem it necessary to do so.

5. **Interrogatories.** The number of interrogatories will be limited to forty (40) per party, unless otherwise ordered by the Court for good cause shown. Each party shall

have thirty (30) days from receipt of interrogatory requests to provide written responses to the requesting party.

6. **Requests for Admission.** The parties have agreed to limit the number of requests for admission to forty (40) requests unless the requesting party can show that additional requests are necessary and reasonable, although the parties agree no limit shall apply to requests for admission limited to authentication of documents. Each party shall have thirty (30) days from its receipt of requests for admission to provide written responses to the requesting party.

7. **Depositions.** The number of depositions will be limited to 10 for Plaintiff and 10 for Defendants, collectively, as set forth in Fed. R. Civ. P. 30. Further, the length of depositions will be limited to 7 hours on the record in accordance with Fed. R. Civ. P. 30.

h) **Other matters.** N/A.

Respectfully submitted by:

<u>s/Tamar B. Kelber</u>

GASS TUREK LLC
Tamar B. Kelber, SBN 1101802
GASS TUREK LLC
kelber@gassturek.com
Joshua S. Greenberg, SBN 1107959
greenberg@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202
T: 414-223-3300

James T. Williams, TN BPR 16341,
*appearing pro hac vice*
Erin E. Steelman, TN BPR 38463
*appearing pro hac vice*

MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Erin.Steelman@millermartin.com

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

***Attorneys for Plaintiff***

<u>s/Mayville La Rosa</u>

Mayville La Rosa, WI Bar No. 1119613
Law Office of Mayville La Rosa, Esq.
200 E. Verona Ave., Suite 5003
Verona, WI 53593
Telephone: (858)-776-4906
mlarosaesq@gmail.com

Michael J. Bradford, TN Bar No. 022689
*appearing pro hac vice*
Luedeka Neely, P.C.
900 S. Gay Street, Suite 1504
Knoxville, TN 37902
Telephone: (865)-546-4305
MBradford@Luedeka.com

***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

  I certify that on May 1, 2025, a copy of the foregoing 26(f) Report on Discovery Plan is being served on all counsel of record by electronically filing it via the Court's filing system.

                   *s/Tamar B. Kelber*