# EXHIBIT F [Doc. 1-13]

**(Redacted Exhibit to Complaint)**



June 7, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706

Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com

Dear Stephen:

Thank you for your June 4, 2024 email communication that contains a question regarding engineering law, which follows:

> **From:** Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
> **Sent:** Tuesday, June 4, 2024 1:53 PM
> **To:** Kirk Grundahl <kgrundahl@qualtim.com>
> **Cc:** Deloris Lanus <Deloris.Lanus@millermartin.com>; Suzi Grundahl <sgrundahl@qualtim.com>; Jill Zimmerman <jzimmerman@qualtim.com>; Keith Hershey <khershey@qualtim.com>
> **Subject:** RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits
>
> Hi Kirk,
>
> Thank you for clarifying several of Qualtim's positions in your letter this morning. I have shared your letter with our client and we have the following additional questions (based on your letter) to ensure that everyone is on the same page.
>
> **First, can you please refer us to the specific "engineering laws" that you reference in your letter today and in your previous letters? To understand if Qualtim has a valid argument in this regard, we need to know which "engineering laws" you are relying on.**
>
> Second, and similarly, can you please refer us to any specific written contract(s) between Qualtim/DrJ, Paragon, CCI, and/or Inspired Pursuits that you are relying upon in asserting that all intellectual property of Paragon and CCI should be owned by Inspired Pursuits (e.g., see item #6 in today's letter)?
>
> Third, can you please clarify what is the specific intellectual property of CCI that you believe should be owned by Inspired Pursuits (e.g., see item #6)?
>
> Many thanks in advance for your additional clarifications. To be clear, our client has not "stipulated" to any of the items #1-8 in your letter, as these are merely Qualtim's current assertions, but we are trying our best to understand the assertions that you are making.
>
> Best regards,
>
> Stephen



**EXHIBIT F**

Confidential Intellectual Property is protected by Defend Trade Secrets Act 2016, © 2024 Qualtim, Inc



      c.  Has Paragon/Truss Pal clearly disclosed in all of its advertising and website, which exists in a universally public forum, that it is not an engineering company and cannot legally perform any engineering-related services?

3. Similar to an attorney being investigated by the "State Bar," if Paragon/Truss Pal were investigated by any of the professional engineering boards of each jurisdiction that has access to their website, ignorance of engineering law will not be a viable defense.

      a.  To review and understand engineering regulations, here are two website locations to visit:

            i.  https://www.nspe.org/resources/licensure/licensing-boards

           ii.  https://ncees.org/about/member-licensing-board-directory/

      b.  Engineering law for each state can be found easily.

            i.  If your client has not undertaken the needed engineering law evaluation so that all actions your client has taken are assured to be in compliance with all engineering regulations, then there is a good amount of detailed investigation and analysis work yet to be performed by your client.

4. If this is not addressed, based on the concerns expressed previously and above, I have a professional engineering obligation to ask each professional engineering board to investigate Paragon/Truss Pal to determine if there are violations.

      a.  "Engineers having knowledge of any alleged violation of engineering regulations shall report to the appropriate professional bodies and/or public authorities and cooperate with the proper authorities in furnishing such information or assistance as may be required."

5. Finally, Seth Duncan purports to have structural engineering expertise, as he provides "wood truss design and analysis information," and structural engineering counsel for a publication specifically read by structural engineers called STRUCTURE magazine. Please review Exhibit 1. If he does not have structural engineering expertise, this likely should be fully disclosed to the magazine editors so that they and Paragon/Truss Pal can undertake the necessary "duty to inform" the structural engineering community of any needed updates to the article and all truth in advertising disclosures.

      a.  Please also let me know when that has been done as, again, professional engineering obligations have to always be taken very seriously.

Thank you very much.

Respectfully,

*[signature: Kirk Grundahl]*

Kirk Grundahl, P.E. (47 states)
President
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by Qualtim and/or DrJ is intended or should be deemed a waiver or modification of any rights or remedies that Qualtim and/or DrJ may have at law or in equity, and all such rights are expressly reserved.