UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

      Plaintiffs,

                              Case No.: 3:25-CV-00170-wmc

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
AND SUZANNE GRUNDAHL

      Defendants.

---

## MOTION TO SEAL ADDITIONAL EXHIBITS
---

    Defendants submit this motion to seal other exhibits pursuant to 18 U.S.C. § 1835(a) and (b) that protects the rights of trade secret owners by allowing them first an opportunity to file under seal before the court can direct disclosure. The exhibits listed below were filed unsealed without the opportunity for the trade secret owner to file them under seal:

Document 29-9: Page from Doc. 1-10 that has been sealed by this Court's Order -Document #98.

Document 29-10: Page from Doc. 1-10 that has been sealed by this Court's Order - Document #98.

Documents 54-3 and 54-4: Pages from Doc. 1-10 that has been sealed by this Court's Order - Document #98.

Document 54-23: Page from Doc. 1-10 that has been sealed by this Court's Order -Document #98

Documents 54-20, 54-21, 54-22: Trade secret owner asserted trade secrets

Some of the listed documents above are excerpts from the exhibits filed with the Complaint that have already been ordered to be sealed. Defendants respectfully request the sealing order previously entered by this Court, Document 98, be applied to other exhibits that contain trade secrets. Redacted copies of the documents are filed herewith.

**Rights of a Trade Secret Owner**

Under 18 U.S.C. § 1835(a), courts must take actions as may be necessary to preserve the confidentiality of trade secrets. When an owner of a trade secret *asserts* a trade secret, he must be provided an opportunity to file a submission under seal. 18 U.S.C. § 1835(b). Courts do not have to determine whether the allegations are actually trade secrets, but must be narrow enough to put the other party on notice as to the subject matter. *Brady Corp. v. Wood*, No. 24-CV-265-JPS, 2024 WL 5398591 at 10 (E.D. Wis. Dec. 2, 2024). In this case, Defendants were not provided an opportunity to file exhibits under seal from the beginning, because Plaintiff filed the documents publicly with its initial Complaint. Following the concept that there is a strong presumption toward public disclosure of court files and documents, Defendants then filed some exhibits based on what was already publicly disclosed by the Plaintiff. However, this Court subsequently sealed the Complaint exhibits containing Defendant's trade secrets. *See* Doc. 98. After further legal analysis, Defendants respectfully request the court allow rehabilitation of the publicly disclosed trade secrets by retroactively sealing court documents. *Allstate Ins. Co. v. Ameriprise Fin. Services, Inc.*, No. 17-CV-5826, 2023 WL 5334638 (N.D. Ill. Aug. 18, 2023).

Although the exhibits have been public domain for some time, this does not leave a trade secret owner without any remedy, at least during the pleading stages. Inadvertent unsealed filings do not destroy the information's trade secret status. *Id* at 22. Defendants as trade secret owners may still restore the secrecy of the purported trade secrets as much as possible.

Accordingly, Defendants respectfully request the Court seal Docs: 29-9, 29-10, 54-3, 54-4, 54-23, 54-20, 54-21- 54-22.

Respectfully submitted,

By: s/Michael J. Bradford
Michael J. Bradford, BPR No. 22689
LUEDEKA NEELY, P.C.
900 South Gay Street, Suite 1504
P. O. Box 1871
Knoxville, TN  37901-1871
Phone: 865-546-4305
mbradford@luedeka.com

/s/Mayville La Rosa
Mayville La Rosa, WI Bar #1119613
6300 Enterprise Ln.
Madison, WI 53719
Phone: (608) 800-7353
mlarosa@kfinnovations.com
*Attorney for Defendants*