IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 3:25-cv-00170 ) |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**AGREED PROTECTIVE ORDER**

Under Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d) and (e), and other applicable laws and rules, and by the agreement of Plaintiff Paragon Component Systems, LLC ("Paragon") and all Defendants Qualtim, Inc., DrJ Engineering, LLC, Center for Building Innovation, LLC, Inspired Pursuits, LLC, Kirk Grundahl, and Suzanne Grundahl (together, the "Qualtim Parties"), the Court enters the following protective order.

**Good Cause for Entry of This Protective Order**

1. This dispute concerns valuable proprietary and confidential intellectual property, including software source code. The Parties stipulate, and the Court finds, that discovery in this action will require the exchange of documents, materials, and information that constitute trade secrets, confidential and proprietary business information, and corporate and personal financial information. The Parties possess potentially discoverable information concerning, for example, strategic business plans, proprietary software designs and code, patentable inventions, and financial information that has been maintained as confidential. The public disclosure of such

1

Protected Information could substantially harm the Parties and other persons. The Parties agree and the Court concludes that there is good cause for the entry of this Protective Order. The terms of this Order apply to and bind the Parties as well as to non-parties and Recipients to the extent that they produce or receive Protected Information in relation to this lawsuit.

## Defined Terms

2.  "Paragon Truss Software" means all software, including all computer programs, computer applications, source code, object code, application programming interfaces, software architecture, functionality, design, and user interfaces, and all software versions of each of the foregoing, and all user and developer documentation describing any of the foregoing, that are (1) used in or made available to customers through www.paragontruss.com or www.trusspal.com or (2) authored in part or in whole by Paragon or its employees, agents, consultants, contractors, members, or officers or (3) owned by Paragon (not including any software owned by third persons that is licensed by Paragon, such as Microsoft Office software).

3.  A "Party" is the Plaintiff and each of the Defendants in this lawsuit, as well as the Plaintiff and Defendants in *Inspired Pursuits, et al., v. Paragon Component Systems, LLC, et al.*, Western District of Wisconsin Case No. 3:25-cv-75, which are together referred to as "Parties."

4.  "Protected Information" means documents, materials, and information of any kind, including without limitation electronically stored information, that have been developed by the Parties and routinely kept and safeguarded as confidential, that are or contain the kind of information that is typically known only to employees having a need to know the information or third parties under a duty to keep the information confidential (whether by agreement, court order, or otherwise) and that is not easily acquired by others, and that would be valuable in the hands of competitors.

5. "Recipients" means all persons, including Parties and their employees, directors, officers, members, agents, representatives, consultants, contractors, and counsel, that receive any Protected Information.

6. "Source Code" means and includes source code, object code, pseudo-code, application programming interfaces, databases, database schema, and any associated software design, structure, organization, or architecture, and all related documentation defining or describing any of the foregoing.

### Designation, Production, and Use of Documents, Materials, and Information Containing Protected Information

7. Any Party or other person who produces Protected Information in relation to this lawsuit may designate documents, materials, and information containing Protected Information as "Confidential" so long as the designating Party or person believes, in good faith, that the documents, materials, or information contain Protected Information that warrants such protection.

8. Any Party or other person who produces Protected Information in relation to this lawsuit may designate documents, materials, and information containing Protected Information as "Confidential – Attorneys' Eyes Only" so long as the designating Party or person believes, in good faith, that the documents, materials, or information not only warrants protection as Protected Information but also contains highly sensitive technical information, such as designs, specifications, or schematics, that define or otherwise describe in detail the algorithms, structure, organization, or layout of software or hardware designs; or other highly sensitive business information, such as customers, suppliers, sales data, and other financial or business information, the disclosure of which could create a substantial risk of serious harm that could not be avoided by less restrictive means.

9. Any Party or other person who produces Protected Information in relation to this lawsuit may designate documents, materials, and information containing Protected Information as "Highly Confidential – Source Code" so long as the designating Party or person believes, in good faith, that the documents, materials, or information not only warrants protection as Protected Information but also contains highly confidential, proprietary or trade-secret computer Source Code in any format.

10. To designate documents, materials, or information as Protected Information per this Order, the Party or other person producing the document, material, or information may designate it as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" via the following means:

    a. designating the documents, material, or information with the legend "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" before producing them or including them in any expert reports or Court filings;

    b. sending, at the time of production or as soon thereafter as practicable, separate written notice to the counsel of record for the Recipients that the documents, material, or information are "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" per this Order;

    c. labeling the file names, directories, and/or the storage medium for electronically stored information as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code";

    d. stating on the record immediately before, during, or immediately after a deposition that the deposition transcript and exhibits, or portions of them, are

"Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" per this Order;

    e.    sending, within 30 days after a deposition was taken, separate written notice to the undersigned counsel for the Parties that the deposition transcript and exhibits, or portions of them, are "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" per this Order; or

    f.    informing Recipients in any reasonable manner that documents, material, or information are "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code."

11.    Documents, materials, or information designated as "Confidential" may be disclosed only to the following persons:

    a.    counsel of record for any Party, and their firms' respective attorneys, law clerks, paralegals, legal assistants, and other support staff and document-management contractors whose receipt of Protected Information is reasonably necessary;

    b.    the officers, directors, members, employees, and agents of the parties to the extent reasonably necessary to assist in the prosecution, defense, or settlement of this lawsuit;

    c.    experts and consultants retained by a Party or its attorneys, who must not be a current officer, director, owner, or employee of a Party, for the purpose of assisting in the prosecution, defense, or settlement of this lawsuit, so long as such expert or consultant agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order;

  d. court reporters providing reporting services at any deposition, trial, or other proceeding in connection with this lawsuit, so long as such reporter agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order;

  e. the district court in this lawsuit, any appellate court reviewing this lawsuit, and their staff;

  f. mediators and other neutral persons providing dispute-resolution services in relation to this lawsuit and their respective staff, so long as such mediator or other neutral person agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order;

  g. witnesses providing testimony at any deposition, trial, or other proceeding in connection with this lawsuit for the sole purpose of giving testimony, so long as disclosing Protected Information to the witness is reasonably necessary to the witness's testimony and the witness agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order;

  h. any other person whom the parties agree in writing may receive Protected Information, so long as such person agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order;

  i. any other person as ordered by the Court.

12. Documents, materials, or information designated as "Confidential – Attorneys' Eyes Only" shall have all the same protections as materials, or information designated as Confidential but may be disclosed only to the following persons:

  a. counsel of record for any Party, and their firms' respective attorneys, law clerks, paralegals, legal assistants, and other support staff and document-management contractors whose receipt of Protected Information is reasonably necessary;

  b. experts and consultants retained by a Party or its attorneys, who must not be a current officer, director, owner, or employee of a Party, for the purpose of assisting in the prosecution, defense, or settlement of this lawsuit, so long as such expert or consultant agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order;

  c. the district court in this lawsuit, any appellate court reviewing this lawsuit, and their staff;

  d. witnesses providing testimony at any deposition, trial, or other proceeding in connection with this lawsuit for the sole purpose of giving testimony, so long as disclosing Protected Information to the witness is reasonably necessary to the witness's testimony and the witness agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order

  e. any other person whom the Parties agree in writing may receive Protected Information, so long as such person agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order;

  f. any other person as ordered by the Court.

13. Documents, materials, or information designated as "Highly Confidential – Source Code" shall have all the same protections as documents, materials, or information designated as "Confidential – Attorneys' Eyes Only" but may be disclosed only to the following persons:

  a. outside counsel of record for any Party, and their firms' respective attorneys, law clerks, paralegals, and legal assistants whose receipt of Protected Information is reasonably necessary;

  b. disclosed testifying experts retained by a Party or its attorneys, who must not be a current officer, director, owner, or employee of a Party, for the purpose of assisting in the prosecution, defense, or settlement of this lawsuit, so long as disclosure to such expert is reasonably necessary and the expert agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order.

  c. the district court in this lawsuit, any appellate court reviewing this lawsuit, and their staff;

  d. any other person whom the Parties agree in writing may receive Protected Information, so long as such person agrees to be bound by the terms of this Order by executing the "Confidentiality Agreement" attached as Exhibit A to this Order;

  e. any other person as ordered by the Court

14. Computer Source Code that is designated as "Highly Confidential – Source Code" and that is produced in discovery, if such production is required, will be disclosed only in the following manner:

  a. Computer Source Code designated as "Highly Confidential – Source Code" that is produced in discovery shall be made available for inspection in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing Party's counsel or another mutually agreed-upon location. The Source Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers,

and the Recipient shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. Recipients may take notes about the source code without copying substantial portions of Source Code. The producing Party or persons or its agents may visually monitor the activities of the receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

  b.  A receiving Party may request paper copies of very limited portions of Source Code designated as "Highly Confidential – Source Code" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or for deposition or trial. A receiving Party may not request paper copies for the purposes of reviewing the Source Code generally or in the first instance, which must be done electronically as set forth in the previous subsection. The producing Party will provide any such Source Code in paper form that is designated as "Highly Confidential – Source Code." The producing Party may challenge the amount of Source Code requested in paper form.

  c.  Every receiving Party must maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The receiving Party must maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The receiving Party must not create any electronic or other images of the paper copies and must not convert any of the information contained in the paper copies into any electronic format. The receiving Party may make additional paper copies only if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used as exhibits during a

9

deposition may be disclosed to the court reporter during the deposition but may thereafter be maintained as an exhibit only by the producing Party and counsel for a receiving Party.

   d. The nature of the Source Code at issue in a particular case may warrant additional protections or restrictions, which any Party may request or specify in a supplemental Source Code Protective Order.

15. The designation of documents, materials, or information as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" applies equally to any copies, abstracts, excerpts, compilations, or summaries of the documents, materials, or information. Any Recipient making or using copies, abstracts, excerpts, compilations, or summaries must clearly label them or the document or material containing them as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" based on their contents per this Order.

16. Documents, materials, and information designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" per this Order must be maintained, used, and disclosed strictly in compliance with this Order. Documents, materials, and information designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" per this Order may be used only in connection with the prosecution, defense, appeal, or settlement of this lawsuit and for no other purpose. Nothing in this Order restricts in any manner a Party's or a producing person's use of its own documents, material, or information for any purpose.

### Inadvertent Production or Disclosure and Objections to Designations

17. The inadvertent production or disclosure of any documents, materials, or information will not constitute a waiver of the protections provided by this Order or any applicable privilege or protection, including without limitation the attorney–client privilege and the work–

product doctrine. If a producing Party or person inadvertently produces documents, materials, or information that are privileged or otherwise protected from production, the rights and obligations are those provided by Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502, and other applicable law. Upon being notified of such inadvertent production of privileged Protected Information, the receiving Party or other Recipient shall immediately return all paper copies of the inadvertently disclosed Protected Information and delete any electronic copies of the inadvertently disclosed Protected Information from all of receiving Party's or other Recipient's offices, files, and systems. The receiving Party or other Recipient and shall notify the producing Party or person and all Parties in writing to confirm such deletion and return of all copies of the inadvertently disclosed Protected Information that was in its possession, custody, or control.

18.  The inadvertent failure to designate documents, materials, or information as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" at the time of production or as otherwise permitted by this Order may be remedied by the producing Party or person providing supplemental written notice to the receiving Party promptly after discovering that it inadvertently failed to designate the information as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code." If such notice is given, all documents, materials, and information so designated shall thereafter be subject to this Order as designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code," and the receiving Party must promptly notify any Recipient to whom disclosure was made about the confidentiality designation. In the event that documents, materials, and information subject to this paragraph have been filed in this action, the producing Party or person may seek relief from the Court.

19. If a receiving Party or other Recipient learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving Party or other Recipient must immediately: (a) notify in writing the producing Party and any affected producing person of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute Confidentiality Agreement that is attached hereto as Exhibit A. Nothing shall preclude any affected producing Party or person from seeking additional relief from the Court.

20. By entering into this agreed Order, however, the Parties do not stipulate or admit that all documents, materials, and information designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" under this Order constitute trade secrets or confidential and proprietary business information or otherwise fall under the definition of Protected Information or deserve an assigned confidentiality designation. This Order does not preclude any Party from objecting to the designation of documents, material, or information as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code." The Parties are not obligated to challenge the propriety of a designation as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" when documents, materials, or information are initially received, and the failure to do object immediately will not preclude a receiving Party from subsequently challenging the designation at a later time.

21. If a Party receiving documents, material, or information designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" per this Order objects to such designation, the objecting Party must notify the producing Party or

person of the objection. Disputes over designations of documents, material, or information as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" will be resolved in compliance with this Court's standard procedures for discovery disputes.

**Filing of Protected Information**

22.     The Parties and non-parties may not file in court any documents, materials, or information labeled as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" unless the Party or non-party seeks and obtains leave to file the documents, materials, or information under seal or the Court orders that the documents, materials, or information may or must be filed without seal or the producing Party has provided its express written consent prior to any filing of such documents, material, or information without seal. This Order does not, by itself, authorize the filing of any document, material, or information under seal. Parties and non-parties who wish to file under seal documents, materials, or information that have been designated as ""Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" must comply with the Federal Rules of Civil Procedure, Administrative Order 337, Section VI of the Western District of Wisconsin Electronic Filing Procedures, and all other applicable law.

**Response to Subpoenas, Amendment, and
Return or Destruction of Documents**

23.     If a Recipient is served with a subpoena or a court order issued in another litigation, proceeding, or investigation that compels disclosure of any Protected Information, the Recipient must: (a) promptly notify in writing the Parties to this lawsuit and the producing Party and provide them with a copy of the subpoena, order, or demand; and (b) promptly notify in writing the person who caused the subpoena, order, or demand to issue of this Order and provide that person with a copy of this Order.

24. After this lawsuit finally ends, whether by settlement, the entry of a final judgment or mandate after trial or appeal, or otherwise, any Party or producing person may provide written notice to counsel of record in this lawsuit and any Recipient (other than district court in this lawsuit and any appellate court reviewing this lawsuit and their staff) that documents, materials, and information produced by the Party or person must be returned, deleted, or destroyed within 30 days of receipt of the notice. Following receipt of the notice, and counsel of record for the Party receiving the notice, and any other Recipient, must cause the documents, materials, and information in its possession or under its control to be returned, deleted, or destroyed within 30 days, except that counsel of record for the Party may maintain in its confidential files (with the exception of any documents, materials, or information designated as "Highly Confidential – Source Code") copies of each paper filed in or submitted to the Court, each deposition together with the exhibits marked at the deposition, and each expert report. The Party or Recipient who has received such notice must provide to the producing Party or person a declaration under oath confirming compliance with the notice.

25. Entry of this Order will not preclude any Party from seeking this Order's amendment for good cause.

26. The obligations of this Order will survive the termination of this action. The Court will retain jurisdiction over any disputes regarding compliance with this Order for one year following the final conclusion of this action.

It is SO ORDERED.

_____

United State Magistrate Judge

## EXHIBIT A: CONFIDENTIALITY AGREEMENT

I, _____, declare that I have read in its entirety and understand the Agreed Protective Order entered in *Paragon Component Systems, LLC v. Qualtim, Inc., et al.*, Case No. 3:25-cv-0170 in the United States District Court for the Western District of Wisconsin (the "Lawsuit"). I agree to comply with and to be bound by all the terms of the Agreed Protective Order. I understand and acknowledge that my failure to comply could cause harm and could expose me to sanctions, punishment in the nature of contempt, and liability. I solemnly promise that I will not disclose or use in any manner any documents, materials, or information subject to the Agreed Protective Order except in strict compliance with the provisions of the Agreed Protective Order. I submit to personal jurisdiction and venue in the United States District Court for the Western District of Wisconsin for purposes of enforcement of the Agreed Protective Order, even if enforcement proceedings were to occur after the termination of the Lawsuit, and of any action arising out of or relating to the Agreed Protective Order. I further agree that I may be personally served with process in connection with any such action or proceeding by sending it to me via certified U.S. Mail at the mailing address and the email address provided below. Under 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the \_\_\_\_\_ day of _____, 20\_\_\_.


s/_____     Mail: _____

Name: _____        _____

Email: _____        _____