SUITE 1200 VOLUNTEER BUILDING
832 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402-2289
423-756-6600
FAX 423-785-8480

MILLER & MARTIN PLLC

ERIN E. STEELMAN
Direct Dial 423-785-8324
Direct Fax 423-321-1589
erin.steelman@millermartin.com

April 22, 2025

**VIA ELECTRONIC MAIL**

Mayville La Rosa, Esq.
Law Office of Mayville La Rosa
200 E. Verona Ave., Suite 5003
Verona, Wisconsin 53593
mlarosa@kfinnovations.com

   RE: 3:25-cv-00170 Paragon Component Systems, LLC v. Qualtim, Inc. et al:
      *Defendants' Deficient Discovery Responses and Document Production*

Dear May:

  We have carefully reviewed each of Defendants' responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production, and have identified several deficiencies under the Federal Rules of Civil Procedure that need to be immediately remedied. Accordingly, we provide this letter pursuant to Fed. R. Civ. P. 37 in order to confer in good faith to resolve these deficiencies without the Court's assistance.

*A. Defendants' Responses to Plaintiff's First Requests for Admission*

  There are only three proper responses to Requests for Admission under the federal rules: (i) admit the matter; (ii) specifically deny the matter; or (iii) "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). If the responding party objects, "[t]he grounds for objecting to a request must be stated" and, if challenged, the objecting party has the burden of justifying its objections. Fed. R. Civ. P. 36(a)(5); *LKQ Corp. v. Kia Motors Am., Inc.*, 2023 WL 2429010, at *1 (N.D. Ill. Mar. 9, 2023).

  As detailed below, Defendants' substantive responses to Plaintiff's Requests for Admission do not comply with Rule 36 and, to the extent Defendants objected, such objections are improper and unjustified.

Exhibit A

Ms. Mayville La Rosa
Page 2
April 22, 2025

**First**, in response to Requests for Admission Nos. 1-2 and 4, Defendants object in lieu of responding because they claim not to know the meaning of certain terms used in these requests:

> 1. Admit that none of the Defendants wrote any of the source code included in the Paragon Truss Software.
>
> **Answer: Defendants object to this request because it is overly broad, vague and ambiguous with regard to what is meant by "wrote," "any" and "source code."**
>
> 2. Admit that none of the Defendants designed any of portion of the source code included in the Paragon Truss Software.
>
> **Answer: Defendants object to this request because it is overly broad, vague and ambiguous with regard to what is meant by "designed," "any" and "source code."**
>
> ———
>
> 4. Admit that none of the Defendants has an ownership interest in any copyright rights in the Paragon Truss Software.
>
> **Answer: Defendants object to this request because it is overly broad, vague and ambiguous with regard to what is meant by "any," "copyright" and "copyright rights."**

Defendants' objections to these common words are not well taken. The terms objected to are frequently used in the truss industry, were used by Defendants in communicating with Paragon before this lawsuit was filed, and are used by Defendants in responding to various other Requests for Admission served by Paragon.[1] It is simply not plausible, particularly given your clients' sophistication and own use of the contested terms, that Defendants cannot understand Requests for Admission Nos. 1-2 and 4.

**Second**, in response to Requests for Admission Nos. 5-10, Defendants continue to improperly object to ordinary terms, but simultaneously answer the request:

> 5. Admit that none of the Defendants has an ownership interest in any copyright rights in the Paragon Truss Software.
>
> **Answer: Defendants object to this request because it is overly broad, vague and ambiguous with regard to what is meant by "any," "copyright" and "copyright rights."**

---

[1] For example, Defendants use the terms "any" and source code" in response to Request for Admission No. 3, as well as the terms "copyrighted" and "design" in response to Request for Admission Nos. 5, 6, and 7.

> **Defendants admit that Paragon has improperly and unlawfully denied access to DrJ's ownership rights to a DrJ copyrighted truss design drawing.**

6. Admit that none of the Defendants conceived of any inventions in the Paragon Truss Software.

> **Answer: Defendants object to this request because it is overly broad, vague and ambiguous with regard to what is meant by "any" and "inventions."**
>
> **Defendants admit that Paragon has unilaterally denied access to DrJ's ownership of creative and inventive work, which includes but is not limited to interpretations, calculations, testing, etc. the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such innovative and inventive work, which is a DrJ copyrighted truss design drawing where the graphical depiction of DrJ's truss said that it was generated by Design Program: Paragon.**

7. Admit that none of the Defendants has an ownership interest in any patent rights in the Paragon Truss Software.

> **Answer: Defendants object to this request because it is overly broad, vague and ambiguous with regard to what is meant by "any" and "patent right."**
>
> **Defendants admit that Paragon has unilaterally denied access to DrJ's ownership of creative and inventive work, which includes but is not limited to interpretations, calculations, testing, etc. the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such innovative and inventive work, which is a DrJ copyrighted truss design drawing where the graphical depiction of DrJ's truss said that it was generated by the Design Program: Paragon.**

8. Admit that none of the Defendants used any of the Paragon Truss Marks in commerce to sell, offer for sale, advertise, market, sponsor, endorse, or distribute the Paragon Truss Software.

> **Answer: Defendants object to this request because it is overly broad, vague and ambiguous with regard to what is meant by "commerce," "sell," offer for sale," "advertise," "market," "sponsor," "endorse," and "distribute."**

Ms. Mayville La Rosa
Page 4
April 22, 2025

> **Defendants admit that Paragon has unilaterally denied access to DrJ's ownership of DrJ's copyrighted truss design drawings where the graphical depiction of DrJ's truss said that it was generated by Design Program: Paragon and that DrJ's truss design drawing has the Paragon Truss Mark in the upper right hand corner designating that DrJ's truss was generated by the Design Program: Paragon.**

9. Admit that none of the Defendants created any of the Paragon Truss Marks.

   **Answer: Defendants object to this request because it is overly broad, vague and ambiguous with regard to what is meant by "created" and "any."**

   **Defendants admit that the majority owner of Paragon, Dan Holland, shared the initial Paragon goldbevel.jpg Paragon Truss Mark with Kirk and asked what he thought of it. Kirk then asked Suzi to get on a call to help Dan further.**

10. Admit that none of the Defendants has an ownership interest in any state or federal trademark rights in the Paragon Truss Software.

    **Answer: Defendants object to this request because it is overly broad, vague and ambiguous with regard to what is meant by "ownership interest" and "any."**

    **Defendants admit that the majority owner of Paragon, Dan Holland, shared the initial Paragon goldbevel.jpg trademark with Kirk and asked what he thought of it. Kirk then asked Suzi to get on a call to help Dan further.**

As an initial matter, it is improper for Defendants to broadly object *and* answer Requests for Admission. "[Rule] 36 requires an answering party to *either answer the RFA or object, but not both*." *LKQ Corp.*, 2023 WL 2429010, at *2-3 (emphasis added). "[A]n objection to an RFA followed by an answer 'based on', 'subject to', or 'without waiving' the objection is not authorized and undermines the proper use of RFAs." *Id*. "If a responding party objects to a particular portion of the request, the response should *specifically state the portion of the request to which the responding party objects*, and the *responding party should properly and unambiguously answer the portion of the request to which the objection to does not apply*." *Id*. (emphasis added). Thus, rather than asserting broad objections followed by a response, Defendants need to specify what portions of Requests for Admission Nos. 5-10 are purportedly objectionable, and then unambiguously respond to the remainder of these Requests.

Aside from being facially improper, Defendants' responses are evasive, at best, as they do not respond to the actual substance of Paragon's Requests for Admission. For example, Request No. 5 seeks an admission concerning Defendants' "ownership interest in any copyright rights in the Paragon Truss Software" – Defendants response is substantively unresponsive by stating

Ms. Mayville La Rosa
Page 5
April 22, 2025

"Paragon has improperly and unlawfully denied access to DrJ's ownership rights to a DrJ copyrighted truss design drawing." Request Nos. 6 and 7 respectively seek admissions that "none of the Defendants conceived of any inventions in the Paragon Truss Software" and "none of the Defendants has an ownership interest in any patent rights in the Paragon Truss Software" – yet Defendants respond with the same lengthy, jumbled, and substantively unresponsive statement concerning "access to DrJ's ownership of creative and inventive work…" Request No. 8 seeks an admission that "none of the Defendants used any of the Paragon Truss Marks in commerce…," and Defendants again respond by referencing "access to DrJ's ownership of DrJ's copyrighted truss design drawings…" Request Nos. 9 and 10 respectively seek admissions that "none of the Defendants created any of the Paragon Truss Marks" and "none of the Defendants has an ownership interest in any state or federal trademark rights in the Paragon Truss Software," yet Defendants again fail to answer with an admission nor denial of the request, instead stating that "Dan Holland shared the initial Paragon goldbevel.jpg Paragon Truss Marks with Kirk…"

Rule 36 does not allow Defendants' to rewrite the Requests for Admission served on them or answer with non-responsive statements. Rather, Defendants must *respond to the matter presented* by either (i) admitting it; (ii) denying it (in a manner that fairly responds to the substance of the request); or (iii) asserting a lack of knowledge or information as a reason for failing to admit or deny the matter presented, which Defendants have not done. *See* Fed. R. Civ. P. 36(a)(4). Defendants must respond in good faith to Request for Admission Nos. 5-10 as written.

**Third**, though Defendants made some effort to respond to several of Paragon's Requests for Admission without objection, several of those responses are still deficient, particularly Defendants' responses to Requests Nos. 19 and 21-28:

> 19. Admit that the document filed as Document 1-8 in this action is authentic.
>
> **Answer: Defendants admit document 1-8 is authentic for the purpose of settlement negotiations to confidentially provide Plaintiff with perspective on the following:**
> **a) The business and professional engineering concepts and related considerations to protect DrJ and Truss Pal (Paragon) from any professional engineering law violations.**
> **b) To ensure that any collaborative business would follow all pertinent regulations.**
> **c) To ensure life safety was paramount and protected.**
>
> 21. Admit that the document filed as Document 1-10 in this action is authentic.
>
> **Answer: Defendants admit document 1-10 is authentic for the purpose of settlement negotiations to confidentially provide Plaintiff with perspective on the following:**
> **a) The business and professional engineering concepts and related considerations to protect DrJ and Truss Pal (Paragon) from any professional engineering law violations.**

Ms. Mayville La Rosa
Page 6
April 22, 2025

> b) To ensure that any collaborative business would follow all pertinent regulations.
> c) To ensure life safety was paramount and protected.

22. Admit that the document filed as Document 1-11 in this action is authentic.

    **Answer: Defendants admit document 1-11 is authentic for the purpose of settlement negotiations to confidentially provide Plaintiff with perspective on the following:**
    **a) The business and professional engineering concepts and related considerations to protect DrJ and Truss Pal (Paragon) from any professional engineering law violations.**
    **b) To ensure that any collaborative business would follow all pertinent regulations.**
    **c) To ensure life safety was paramount and protected.**

23. Admit that the document filed as Document 1-12 in this action is authentic.

    **Answer: Defendants admit document 1-12 is authentic for the purpose of settlement negotiations to confidentially provide Plaintiff with perspective on the following:**
    **a) The business and professional engineering concepts and related considerations to protect DrJ and Truss Pal (Paragon) from any professional engineering law violations.**
    **b) To ensure that any collaborative business would follow all pertinent regulations.**
    **c) To ensure life safety was paramount and protected.**

24. Admit that the document filed as Document 1-13 in this action is authentic.

    **Answer: Defendants admit document 1-13 is authentic for the purpose of settlement negotiations to confidentially provide Plaintiff with perspective on the following:**
    **a) The business and professional engineering concepts and related considerations to protect DrJ and Truss Pal (Paragon) from any professional engineering law violations.**
    **b) To ensure that any collaborative business would follow all pertinent regulations.**
    **c) To ensure life safety was paramount and protected.**

25. Admit that the document filed as Document 1-14 in this action is authentic.

    **Answer: Defendants admit document 1-14 is authentic for the purpose of settlement negotiations to confidentially provide Plaintiff with perspective on the following:**

Ms. Mayville La Rosa
Page 7
April 22, 2025

    a) The business and professional engineering concepts and related considerations to protect DrJ and Truss Pal (Paragon) from any professional engineering law violations.
    b) To ensure that any collaborative business would follow all pertinent regulations.
    c) To ensure life safety was paramount and protected.

26. Admit that the document filed as Document 1-15 in this action is authentic.

    **Answer: Defendants admit document 1-15 is authentic for the purpose of settlement negotiations to confidentially provide Plaintiff with perspective on the following:
    a) The business and professional engineering concepts and related considerations to protect DrJ and Truss Pal (Paragon) from any professional engineering law violations.
    b) To ensure that any collaborative business would follow all pertinent regulations.
    c) To ensure life safety was paramount and protected.**

27. Admit that the document filed as Document 1-16 in this action is authentic.

    **Answer: Defendants admit document 1-15 is authentic for the purpose of settlement negotiations to confidentially provide Plaintiff with perspective on the following:
    a) The business and professional engineering concepts and related considerations to protect DrJ and Truss Pal (Paragon) from any professional engineering law violations.
    b) To ensure that any collaborative business would follow all pertinent regulations.
    c) To ensure life safety was paramount and protected.**

28. Admit that the document filed as Document 1-17 in this action is authentic.

    **Answer: Defendants admit document 1-15 is authentic for the purpose of settlement negotiations to confidentially provide Plaintiff with perspective on the following:
    d) The business and professional engineering concepts and related considerations to protect DrJ and Truss Pal (Paragon) from any professional engineering law violations.
    e) To ensure that any collaborative business would follow all pertinent regulations.
    f) To ensure life safety was paramount and protected.**

    The foregoing Requests for Admission 19 and 21-28 seek admissions on one narrow issue: document authentication. Defendants are simply asked to admit whether specific documents in the

Ms. Mayville La Rosa
Page 8
April 22, 2025

record are, in fact, genuine. Rather than fairly responding to the Requests as written, Defendants purport to authenticate the documents "for the purpose of settlement negotiations" and give unclear "perspective" on the documents. This, of course, is non-responsive to the Requests. Defendants need to either admit or deny whether the specific documents referenced in these Requests are authentic (which presumably would be admitted given Defendants' standing admission that the documents are indeed authentic for settlement purposes).

B.   *Defendants' Responses to Plaintiff's First Set of Interrogatories*

As an initial matter, the federal rules require "[e]ach interrogatory must…be answered separately and fully in writing **under oath**" and "[t]he person **who makes the answers must sign them**…" Fed. R. Civ. P. 33(a)(3), (5). However, Defendants failed to verify their interrogatory responses to Paragon as required; thus, there is nothing warranting the truth of the answers given.

Substantively, Defendants' answers to most of Paragon's Interrogatories are incomplete, non-responsive, and contain position statements and conclusions for which no factual support has been offered.

**Interrogatory No. 1** –

> 1. Identify every individual and business entity that each Defendant claims has any ownership interest in, or any right or title to, the Paragon Truss Software, and specify the relative ownership percentage of the Paragon Truss Software alleged for each individual or business entity.
>
> **Answer: Defendants objects to this interrogatory in part on the grounds that it contains compound questions as to the ownership interest and percentages. Defendants state that Defendant Inspired Pursuits, LLC claims ownership interest in, or any right or title, to the Paragon Truss Software, however, remaining Defendants reserve the right to claim ownership interest as further discovery progresses. The percentage of ownership will not be completely determined until after additional discovery is completed.**

Interrogatory No. 1 seeks information *central* to the issue in this case–which Defendants are alleging an ownership interest in the Paragon Truss Software. Defendants must know who among them contends that it has an ownership interest in the Paragon Truss Software, particularly given that Defendants began making such claims before this litigation was filed.

It is improper for Defendants to respond that only "Inspired Pursuits, LLC claims ownership interest" but then attempt to "reserve the right" for others "to claim ownership" as the case progresses. This response also contradicts Defendants' prior representation to the Court that "Qualtim already agrees with Paragon's contention that Qualtim and its family of businesses do

Ms. Mayville La Rosa
Page 9
April 22, 2025

not co-own the Paragon software. Inspired Pursuits, LLC is claiming ownership rights in the Paragon software, not Qualtim and its family of businesses."[2]

Paragon needs to know precisely *who* claims to have an ownership interest in the Paragon Truss Software in order to adequately prosecute this case. This is not a moving target. Defendants necessarily must know this information today, given their claims to ownership that predated this litigation. Defendants have the requested information in their possession needed to fully respond to this Interrogatory and must promptly supplement this response.

**Interrogatory No. 2** –

> 2. Identify with specificity any property, including without limitation intellectual property and physical property, owned or possessed by Paragon that any Defendant claims to have an ownership interest in, or any right or title to, and describe in detail the factual basis for any claim by the Defendant of a right, title, or interest in or to each such identified property.
>
> **Answer: Defendants object to this interrogatory on the grounds that it requests information that will not be known until after additional discovery is completed. Defendants state that they contributed the following: DrJ creative, inventive and copyrighted truss design drawings, (i.e., DrJ intellectual property and trade secrets), Qualtim/CBI proprietary and confidential test data processed through DrJ professional engineering judgments. Answering subject to this objection, and without waiving it, Defendants state that they contributed creative and inventive work which includes but is not limited to interpretations, calculations, testing, etc., the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such innovative and inventive work, which is a DrJ copyrighted truss design drawing where the graphical depiction of DrJ's truss said that it was generated by Design Program: Paragon.**

Similar to Interrogatory No. 1, Interrogatory No. 2 asks Defendants to identify "*with specificity*" which property, intellectual or physical, owned or possessed by Paragon that any Defendant claims to have an ownership interest in. Defendants' answer is lengthy, but entirely evasive and non-responsive. Defendants vaguely reference broad categories of information that were allegedly generated by them, such as "creative and inventive work," but they fail to specifically identify any property of Paragon's that they claim to have an ownership interest in.

Paragon needs to know precisely *what* property (intellectual or otherwise) Defendants claim to have an ownership interest in. Defendants necessarily must know this information, given their claims to ownership that predated this litigation. Defendants have the information in their

---

[2] *See* Doc. 54 at 1.

Ms. Mayville La Rosa
Page 10
April 22, 2025

possession needed to fully respond to this Interrogatory and must promptly supplement this response.

### Interrogatory No 3 –

3. Identify with specificity all legally binding contracts each Defendant relies upon as evidence showing that an ownership interest in, or a right or title to, the Paragon Truss Software or the Paragon Truss Marks was assigned, sold, transferred, licensed, or sublicensed to any of the Defendants. Each identified written contract shall include the title of the contract, the date of the contract (and effective date if different), and a list of all parties that executed the contract.

**Answer: Defendants object to this interrogatory on the grounds that it calls for a legal conclusion as to the definition of a legally binding contract. Answering subject to this objection, and without waiving it, Defendants state that since 2009, the founding member of Paragon and Defendants have operated as business partners in creating the Paragon Truss Software and Paragon Truss Marks.**

Interrogatory No. 3 specifically seeks identification of any contract Defendants rely upon as evidence of their alleged ownership or other interest in the Paragon Truss Software or Paragon Truss Marks. Defendants do not identify a single contract in response, but rather than simply responding "None," Defendants generally describe in broad terms an alleged business partnership between Paragon and Defendants. That is non-responsive to the specific request being asked. If no responsive contract(s) exists, Defendants must say so. If, however, some contract *does* exist, Defendants must identify the specific contract(s) in accordance with the terms of Paragon's request (and must produce such contract(s) to Paragon).

### Interrogatory No. 5 –

5. Identify with specificity the intellectual property, including trade secrets, that any Defendant claims to have contributed to the Paragon Truss Software or Paragon Truss Marks, including the identity of each individual who made any such contribution by or on behalf of a Defendant, a detailed description of the specific contribution, when the contribution was made, who at Paragon received the contribution, and why the contribution was made.

**Answer: Defendants object to this interrogatory on the grounds that it seeks information that is within Paragon's control. Answering subject to this objection, and without waiving it, Defendants state that on or around June 2024, Paragon restricted Defendants' access to the Slack communication platform information, all the weekly and/or bi-weekly DrJ/Paragon digital video recorded meetings, all Trello project management information, all DrJ copyrighted truss designs that were**

Ms. Mayville La Rosa
Page 11
April 22, 2025

> used by all Parties' in the creation of the Paragon Truss Software and where DrJ copyrighted truss design drawings reference Paragon and/or Paragon Truss Marks. Defendants will need access to the information within Paragon's control to answer this interrogatory. Defendants add that individuals who made contributions on behalf of Defendants are: Keith Hershey, Stefan Donica, Daniel Lawless, Ryan Dexter, Joe Schauer, Kirk Grundahl, Joe Michels, Jim Vogt, John Fredrick, Larry Wainright, Kevin Muich, Angie Protexter, Eric Helmueller, Dave Borud, Dan Hawk, and Adam Heise.

Interrogatory No. 5 again seeks *key* information from Defendants. Defendants contend that Paragon misappropriated their trade secrets and other intellectual property, which appears to be the basis for a separate action that Defendants filed against Paragon. However, to even begin assessing the validity of Defendants' ownership and misappropriation claims, Paragon must know what specific trade secrets or other intellectual property that Defendants contend they have contributed to the Paragon Truss Software or Paragon Truss Marks.

Defendants' objection that such information "is within Paragon's control" and "Defendants will need access to the information within Paragon's control to answer this interrogatory" is nonsensical. Paragon cannot locate unidentified trade secrets and intellectual property allegedly belonging to *Defendants*. It is simply improper for the Defendants to allege to have contributed trade secrets and other intellectual property giving rise to a co-ownership claim to the Paragon Truss Software and/or Paragon Truss Marks while, at the same time, refusing to identify the specific trade secrets or other intellectual property they claim is the basis for their ownership claim. Further, if Defendants claim trade secrets and intellectual property have been misappropriated by Paragon, they must know what specific information they believe has been taken by Paragon.

**In view of the foregoing, Defendants must immediately supplement their response to Interrogatory No. 5 to identify all of the specific intellectual property, including trade secrets, that *they claim* was contributed and incorporated into the Paragon Truss Software or Paragon Truss Marks as requested.**

**Interrogatory No. 6** –

> 6. For each of Plaintiff's Requests for Admission that any of the Defendants have denied, in whole or in part, please: (a) state the complete factual basis for your denial; (b) identify all persons with knowledge supporting the basis for your denial and describe with particularity the specific knowledge held by each person identified; and (c) identify all documents supporting your basis for the denial.
>
> **Answer: Defendants object to this interrogatory on the grounds that it requests information that will not be known until after additional discovery is completed. Defendants state that additional discovery will complete the factual basis for denial and identify all persons with knowledge supporting the basis of Defendant's denial. Additional**

Ms. Mayville La Rosa
Page 12
April 22, 2025

> discovery will determine the particularity and specificity of each Defendant's claim to the authorship and ownership of the Paragon Truss Software and Paragon Truss Marks.

Defendants outright denied Request for Admission Nos. 11-16 and 18 in their entireties. Interrogatory No. 6 is aimed at discovering the factual basis for such denials. However, rather than providing the requested factual basis for Defendants' denials, Defendants instead claim "additional discovery will complete the factual basis for denial." If this were true, how could Defendants have currently denied each of these Requests for Admission in their entireties?

Defendants' response to Interrogatory No. 6 raises the following issues: (i) if additional discovery will merely "complete" the factual basis, Defendants should provide whatever facts *are* currently known that support their denials; and (ii) if Defendants claim they presently lack sufficient information to support the denials, then the appropriate response to Request for Admission Nos. 11-16 and 18 would be to "state in detail why the answering party cannot truthfully admit or deny" the request as required by Rule 36. In either case, Defendants either need to amend their response to Interrogatory No. 6 to provide *facts* presently known that support their denials, as requested, or amend their responses to Requests for Admission Nos. 11-16 and 18 to accurately demonstrate the lack of knowledge they have claimed.

C.  *Defendants' Responses to Plaintiff's First Set of Requests for Production*

Defendants responded to Plaintiff's First Set of Requests for Production on January 10, 2025, and made their first document production that same day. Below we discuss, in turn, an issue with Defendants' substantive responses Request for Production Nos. 5 and 6 and deficiencies with the Defendants' document production.

**Request for Production Nos. 5 & 6**

> 5. All documents identifying any trade secrets in the Paragon Truss Software that any Defendant assigned, sold, transferred, licensed, or sublicensed to Paragon or any other third party.
>
> **Answer: Defendant will not produce these documents for the reason that Defendants did not assign, sell, transfer, license, or sublicensed to Paragon or any other third party.**
>
> 6. All documents, including without limitation contracts, by which any of the Defendants assigned, sold, transferred, licensed, or sublicensed any inventions (whether reduced to practice or not), patents, trademarks, copyrights, or trade secrets in the Paragon Truss Software to Paragon or any other third party.
>
> **7. [*sic*] Answer: Defendant will not produce these documents for the reason that Defendants did not assign, sell, transfer, license, or sublicense any inventions (whether reduced to practice or not), patents,**

Ms. Mayville La Rosa
Page 13
April 22, 2025

> **trademarks, copyrights, or trade secrets in the Paragon Truss Software to Paragon or any other third party.**

Defendants' responses to Request for Production Nos. 5 and 6 need clarification. Defendants state that they "will not produce" the documents requested, and it appears this is because no responsive documents exist for these requests. Defendants should revise these responses to clarify whether responsive documents exist and are being withheld, or whether Defendants simply do not have any responsive documents to produce for these requests.

### Defendants' Document Production

As you know, we have conferred multiple times regarding the format of Defendants' document production. It seems the issues have been resolved for now. To be clear, moving forward, document productions should be comprised of image files (PDF or TIFF) with native files where necessary. The only native documents in our productions should be files that cannot be imaged (i.e., Excel, video files, audio files, etc.). Anything that can be imaged (such as Word, .txt, .jpg files) should be imaged for production so that each page can be individually paginated with a Bates label. As both sides have acknowledged and agreed, document productions will continue on a rolling basis. We will send an updated ShareFile or OneDrive link to one another every time a new supplemental document production is made. Understanding this, Paragon is missing documents from your clients and anticipates these will be forthcoming in Defendants' next production.

By way of example of current deficiencies in Defendants' document production, Defendants have not produced any written contractual agreements concerning the Paragon Truss Software, despite maintaining that such agreements exist.[3] Defendants only produced two meeting recordings, despite the abundance of meetings between the parties and Mr. Grundahl's practice of recording them. Defendants produced no call recordings or voice memorandums concerning the Paragon Truss Software. Based on the emails Paragon has produced to Defendants, Paragon believes Defendants should have responsive recordings to produce. If, for some reason, Defendants do not have these categories of responsive documents, please clarify that in the Defendants' written responses. Paragon reserves the right to identify other categories of documents believed to be missing from Defendants' production as discovery progresses.

D.  *Defendants' Responses to Plaintiff's Second Sets of Interrogatories, Requests for Admission, and Requests for Production*

On December 13, 2024, Paragon served a Second Set of Interrogatories, Requests for Admission, and Requests for Production on Defendants. These second sets of discovery requests sought information related to Paragon's proposed tortious interference claim. Defendants never responded to Plaintiff's Second Set of Interrogatories. Defendants did, however, respond to the

---

[3] *See* Defendants' Response to Request for Admission Nos. 15 and 16.

Ms. Mayville La Rosa
Page 14
April 22, 2025

Paragon's Second Sets of Requests for Admission and Requests for Production by asserting the *same blanket objection* in response to each Request:

> **Answer: Defendants object to this request because the request is not relevant to any claim presently in the litigation and it is not likely to lead to the discovery of admissible evidence concerning any pending claim. The request is untimely as being served prior to the court having ruled on the Plaintiff's motion to amend or supplement the Initial Complaint to add allegations as to tortious interference. Defendants will respond to this request upon the Court's ruling on Paragon's motion to amend or supplement the Initial Complaint.**

Before this case was transferred, Magistrate Judge Steger (in the Eastern District of Tennessee) warned Defendants that Paragon's Motion to Amend or Supplement would likely be granted and this discovery would thus be fair game. Although the Tennessee case has now been transferred to Wisconsin and Paragon's Motion to Amend or Supplement remains pending, Paragon reminds Defendants of this warning and fully expects Defendants to provide substantive responses to the pending second sets of written discovery should the Motion to Amend or Supplement be granted. Paragon expressly reserves the right to challenge Defendants' current and amended responses to Paragon's pending second sets of discovery requests.

The deficiencies identified in this letter need to be resolved **as soon as possible** given their importance to the issues in this case. Please let me know your availability for a meet and confer call the week of April 28, 2025. We can discuss any questions or concerns during that call, and agree upon a deadline for Defendants' discovery deficiencies to be addressed and identify any discovery disputes where the parties are at an impasse that will require the Court to resolve.

Sincerely,

Erin E. Steelman

cc: Robert F. Parsley, Esq. (via email)
Stephen E. Kabakoff, Esq. (via email)
James T. Williams, Esq. (via email)