SUITE 1200 VOLUNTEER BUILDING
832 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402-2289
423-756-6600
FAX 423-785-8480

# MILLER &MARTIN
PLLC

**ERIN E. STEELMAN**

Direct Dial 423-785-8324
Direct Fax 423-321-1589
erin.steelman@millermartin.com

June 23, 2025

## VIA ELECTRONIC MAIL

Mayville La Rosa, Esq.
Law Office of Mayville La Rosa
200 E. Verona Ave., Suite 5003
Verona, Wisconsin 53593
mlarosa@kfinnovations.com

> RE:   *Paragon v. Qualtim*, Case No. 3:25-cv-00170 (W.D. Wis.)
>       Deficiencies in Defendants' Supplemental Discovery Responses

Dear May:

Thank you for serving the Defendants' supplemental responses to Paragon's first sets of discovery requests on May 14, 2025. We have not received, however, your client's verification of the supplemental interrogatory responses as required by Rule 33. Similarly, we never received the required verification for Defendants' initial interrogatory responses. Please provide both missing verifications as soon as possible. Moreover, Defendants' supplemental responses to Paragon's first sets of interrogatories and requests for admission are not dated or signed by counsel as required by Rule 11(a). Please serve corrected copies of these supplemental responses.

We have carefully reviewed the Defendants' supplemental responses served on May 14 and identified several continuing substantive deficiencies that need to be resolved. Accordingly, we provide this letter pursuant to Rule 37 to confer in good faith to resolve these deficiencies. **Please provide Defendants' additional supplemental responses no later than June 30, 2025, or confirm we've reached an impasse for any of these responses where Defendants will not further supplement**. We can be available to discuss anything below before June 30.

A.    Identify Defendants' Intellectual Property/Trade Secrets in the Paragon Truss Software

Interrogatory No. 5 asks Defendants to "Identify with specificity the intellectual property, including trade secrets, that any Defendant claims to have contributed to the Paragon Truss Software or Paragon Truss Marks, including the identity of each individual who made any such contribution by or on behalf of a Defendant, a detailed description of the specific contribution, when the contribution was made, who at Paragon received the contribution, and why the contribution was made."

Defendants' supplemental response, however, did not identify any specific intellectual property (IP) or trade secrets (TS) that they contend any Defendant(s) contributed to the Paragon

Exhibit B

Ms. Mayville La Rosa
Page 2
June 23, 2025

Truss Software, despite having asserted that the Paragon Truss Software is "jointly owned" by Paragon and Defendants as a result of their contributions. *See, e.g.,* Doc. 1-8 at 5 ("CCI/DrJ/Paragon Jointly Owned IP and TS"). How is it possible that Defendants have been able to make joint-ownership claims to the Paragon Truss Software, but Defendants are unable (or unwilling) to identify what specific IP or TS information they contributed to allegedly make the software jointly owned?

The purpose of Interrogatory No. 5 is to put Paragon on notice of why Defendants have been asserting, and continue to assert, co-ownership of the Paragon Truss Software, and whether Defendants' ownership allegations are dependent on any specific information that Defendants believe they contributed to the software. This is a reasonable request given that this case seeks a declaratory judgment to clarify the ownership of all of the IP, including TS, of the Paragon Truss Software. To even begin assessing the validity of Defendants' ownership claims, Paragon must know the specific trade secrets or other intellectual property that Defendants contend they have contributed. If, however, Defendants' current and previous ownership claims are solely based on an alleged contractual basis, Paragon is entitled to know that as well.[1] We need to know the basis for your clients' current and previous software-ownership claims.

It appears from your interrogatory response, however, that Defendants intend to use discovery in this case to justify their assertion that one or more of the Defendants' intellectual property or trade secrets were included in the Paragon Truss Software. For instance, Defendants' supplemental response states that "*[t]he conversations in platforms identified above between Paragon and Defendants will detail the discussions as to the engineering and testing data provided . . . Defendants submitted a request for production of all meetings between Paragon and Defendants so as to specify the trade secrets that were used to determine the language and instructions of the source code . . . Once Defendants provide the native files of the meetings that involved these individuals, Defendants will identify with specificity the intellectual property it provided.*" This is an inappropriate use of discovery. Defendants cannot use discovery as a fishing expedition to manufacture a reason in hindsight about why they have already been making claims of joint software ownership. Defendants have claimed their contributed IP and TS have been incorporated in Paragon's Truss Software, and Defendants must identify precisely *what* IP and TS they are referring to. To be clear, we do not dispute that Defendants have a right to further supplement their response to this interrogatory as appropriate, but we are entitled to know the specific IP and TS that Defendants rely upon for their current and previous ownership claims to the Paragon Truss Software.

Federal courts require trade secrets and other intellectual property to be identified with particularity in discovery. *See BioD, LLC v. Amnio Tech., LLC,* 2014 WL 3864658, at *4-6 (D.

---

[1] For example, it is unclear to us whether Defendants' position is that Defendants did not contribute specific IP and TS to the Paragon Truss Software, but Inspired Pursuits nonetheless owns the Paragon Truss Software based on terms of an implied contract between Kirk Grundahl, Suzi Grundahl, and Dan Holland that allegedly transferred ownership of the software from Paragon to Inspired Pursuits. If that is Defendants' position, please state so expressly. Your failure to identify any specific IP/TS in response to Interrogatory No. 5 leaves us guessing as to Defendants' position.

Ms. Mayville La Rosa
Page 3
June 23, 2025

Ariz. Aug. 6, 2014) (collecting cases); *Deere & Co. v. XAPT Corp.*, 2024 WL 443486, at \*4-5 (C.D. Ill. Jan. 19, 2024) (citations omitted) ("A plaintiff cannot state a claim for trade secret protection simply by producing long lists of general areas of information which contain unidentified trade secrets."); *Surge Staffing LLC v. Tolbert*, 2025 WL 43232, at \*3-4 (N.D. Ill. Jan. 7, 2025); *Moog Inc. v. Skyryse, Inc.*, 2023 WL 4681601 (C.D. Cal. June 14, 2023), reconsideration denied, 2023 WL 12032094 (C.D. Cal. Aug. 24, 2023). A list of general categories and types of information alleged to comprise trade secrets, which is at best what Defendants have supplied, is not enough. *Id*. For instance, "creativity" and "innovation" do not identify any specific IP or TS.

Finally, we note that Defendants' objection that the requested IP and TS information "is within Paragon's control" and "Defendants will need access to the information within Paragon's control to answer this interrogatory" is nonsensical. Paragon cannot locate unidentified trade secrets and intellectual property allegedly belonging to *Defendants*. It is simply improper for the Defendants to allege to have contributed trade secrets and other intellectual property giving rise to a co-ownership claim to the Paragon Truss Software and/or Paragon Truss Marks while simultaneously refusing to identify the trade secrets or other intellectual property that is the basis for their ownership claim. Furthermore, to the extent the Defendants claim trade secrets and intellectual property have been misappropriated by Paragon, they necessarily must know what specific information they believe has been taken. Paragon cannot guess at what information Defendants consider to be trade secrets or intellectual property.

**In view of the foregoing, Defendants must immediately supplement their response to Interrogatory No. 5 to identify with specificity all intellectual property, including trade secrets, that *they claim* was contributed and incorporated into the Paragon Truss Software or Paragon Truss Marks as requested. If Defendants do not believe any further supplementation is necessary, please let us know that we have reached an impasse on this request.**

B.      Ownership of the Paragon Truss Software

Interrogatory No. 1 asks Defendants to "Identify every individual and business entity that each Defendant claims has any ownership interest in, or any right or title to, the Paragon Truss Software, and specify the relative ownership percentage of the Paragon Truss Software alleged for each individual or business entity." Defendants responded that "*Defendant Inspired Pursuits, LLC claims full and complete ownership interest in, or any right or title, to the Paragon Truss Software*. Remaining Defendants reserve the right to claim ownership interest under their partnership with Daniel Holland and Clearspan. Further, discovery is needed to accurately specify the relative ownership interest of the Paragon Truss Software."

Ms. Mayville La Rosa
Page 4
June 23, 2025

It is our understanding from the response above[2] that the Defendants allege only Inspired Pursuits, LLC claims an ownership interest in the Paragon Truss Software and, thus, Inspired Pursuits, LLC claims a 100% ownership interest in and to the Paragon Truss Software and no other named Defendant claims an ownership interest in the software. **If our understanding is incorrect, please let us know immediately**.

We further submit it is improper for Defendants to "reserve the right" for different Defendants "to claim ownership" to the Paragon Truss Software as this case progresses. Defendants' position regarding ownership of the software is the central issue in this case and is needed for Paragon's ongoing discovery. Defendant Kirk Grundahl, purportedly on behalf of various entities, has been claiming ownership in the Paragon Truss Software since before this litigation was filed. Defendants must know who among them contends it has an ownership interest in the Paragon Truss Software, particularly given that Defendants have previously alleged that they jointly own Paragon's software (yet now appear to contend that only Inspired Pursuits, LLC owns Paragon's software).

C.    Deficient Responses to Requests for Admission

First, several of Defendants' responses to the Requests for Admission (RFA) remain non-responsive to the request as written:

>    1.  Admit that none of the Defendants wrote any of the source code included in the Paragon Truss Software.
>
>    *Answer: Defendants deny this statement in its entirety. Defendants provided engineering and testing intellectual property data that is used in the source code.*
>
>    8.    Admit that none of the Defendants used any of the Paragon Truss Marks in commerce to sell, offer for sale, advertise, market, sponsor, endorse, or distribute the Paragon Truss Software.
>
>    *Answer: Defendant deny this request. Paragon and DrJ's truss design drawing has the Paragon Truss Mark in the upper right hand corner designating that DrJ's copyrighted engineered truss design drawings were generated by the Design Program: Paragon,*

---

[2] Our understanding is further based on your prior representation to the Court that "Qualtim already agrees with Paragon's contention that Qualtim and its family of businesses do not co-own the Paragon software. Inspired Pursuits, LLC is claiming ownership rights in the Paragon software, not Qualtim and its family of businesses." Doc. 54 at 1; *see also* Doc. 1-12 at 1 (stating "It can be stipulated that all intellectual property (IP), trade secrets (TS), and copyrights related to the creation of Paragon's math, data processing, and software are owned and managed by Dan Holland's company named Inspired Pursuits, LLC (IP-LLC)").

Ms. Mayville La Rosa
Page 5
June 23, 2025

> *which is the math that drove the computer to produce an engineered truss design that could be signed and sealed by DrJ professional engineers.*

Defendants' response to RFA No. 1 does not address whether they *wrote* any of the source code included in the Paragon Truss Software as requested. Instead, Defendants' answer is ambiguous as to whether Defendants are equating the acts of providing engineering and testing data with writing software code. Moreover, Defendants' narrative response to RFA No. 8 merely relates to design drawings *generated by* the Paragon Truss Software. It does not address whether Defendants used any of the Paragon Truss Marks to sell, offer for sale, advertise, market, sponsor, endorse, or distribute the Paragon Truss Software as requested.

Rule 36 does not allow Defendants' to rewrite the Requests for Admission served on them or answer with non-responsive statements. Rather, Defendants must respond to the matter presented in the request by either (i) admitting it; (ii) denying it (*in a manner that fairly responds to the substance of the request*); or (iii) asserting a lack of knowledge or information as a reason for failing to admit or deny the matter presented, which Defendants have not done. See Fed. R. Civ. P. 36(a)(4). **Defendants must respond in good faith to RFA Nos. 1 and 8 as written.**

Second, Defendants responses to RFA Nos. 15 and 16 contradict their responses to Request for Production (RFP) Nos. 4-6, as shown below:

> RFA 15. Admit that none of the Defendants entered into any written contractual agreement with Paragon in which Paragon assigned, sold, transferred, licensed, or sublicensed to the Defendant any copyright rights, trademark rights, patent rights, or trade secret rights in the Paragon Truss Software.
>
> *Answer: Defendants denies this in part as to "none of the Defendants." Dan Holland was a majority owner of Plaintiff and Defendant Inspired Pursuits, LLC. Further, discovery is needed to accurately answer whether Dan Holland entered into contractual agreement on behalf of Defendant Inspired Pursuits, LLC as to the copyright rights, trademark rights, patent rights, or trade secret rights in the Paragon Truss Software.[3]*
>
> RFA 16. Admit that none of the Defendants entered into any written contractual agreement with Paragon in which any Defendant assigned, sold, transferred, licensed, or sublicensed to Paragon any copyright rights, trademark rights, patent rights, or trade secret rights in the Paragon Truss Software.

---

[3] Further, this objection is not well taken. Defendants Kirk and Suzanne Grundahl are members of Defendant Inspired Pursuits, LLC and claim to have control of the entity following Dan Holland's death. By virtue of being the only remaining members of Inspired Pursuits and purporting to act on behalf of the entity, Defendants must have this information in their possession, custody, or control.

Ms. Mayville La Rosa
Page 6
June 23, 2025

> *Answer: Defendants denies this in part as to "none of the Defendants." Dan*
> *Holland was a majority owner of Plaintiff Paragon and Defendant Inspired*
> *Pursuits, LLC. Further, discovery is needed to accurately answer whether*
> *Dan Holland entered into contractual agreement on behalf of Defendant*
> *Inspired Pursuits, LLC as to the copyright rights, trademark rights, patent*
> *rights, or trade secret rights in the Paragon Truss Software.*

> RFP 4. All documents, including without limitation contracts, by which
> any of the Defendants assigned, sold, transferred, licensed, or sublicensed
> any right, title, or interest in the Paragon Truss Software to Paragon or any
> other third party.

> *Answer: Such documents do not exist.*

> RFP 5. All documents identifying any trade secrets in the Paragon Truss
> Software that any Defendant assigned, sold, transferred, licensed, or
> sublicensed to Paragon or any other third party.

> *Answer: Such documents do not exist.*

> RFP 6. All documents, including without limitation contracts, by which
> any of the Defendants assigned, sold, transferred, licensed, or sublicensed
> any invention (whether reduced to practice or not), patents, trademarks,
> copyrights, or trade secrets in the Paragon Truss Software to Paragon or any
> other third party.

> *Answer: Such documents do not exist.*

RFA Nos. 15 and 16 seek limited admissions about the existence of written contracts between Defendants and Paragon. Defendants claim more discovery is needed before they can admit or deny these requests. But Defendants' responses to RFP Nos. 4, 5, and 6 clarify that no such contracts exist. These inconsistent responses cannot be reconciled. **Defendants must promptly revise their responses to either RFA Nos. 15/16 or RFP Nos. 4-6 to reflect truthful and compatible information.**

Third, Defendants' response to RFA No. 17 is improper under Rule 36.

> 17. Admit that no Defendant owns any right, title, or interest in or to the
> Paragon Truss Software, including without limitation any copyright rights,
> trademark rights, patent rights, federal trade secret rights, or Tennessee state
> trade secret rights in the Paragon Truss Software.

> *Answer: Defendants deny that this statement is true pursuant to Defendants*
> *best information and belief.*

Ms. Mayville La Rosa
Page 7
June 23, 2025

As noted in our initial discovery deficiency letter, there are only three proper responses to Requests for Admission under the federal rules: (i) admit the matter; (ii) specifically deny the matter; or (iii) "state in detail why the answering party cannot truthfully admit or deny it." Rule 36(a)(4). This does not permit Defendants to deny a statement "pursuant to Defendants best information and belief." Instead, Defendants must outright admit the matter, deny it, or detail why the request cannot be admitted or denied. **If Defendants cannot specifically admit or deny RFA No. 17, then their response must be revised to detail why that cannot be done.**

Finally, Interrogatory No. 6 asks "For each of Plaintiff's Requests for Admission that any of the Defendants have denied, in whole or in part, please: (a) state the complete factual basis for your denial; (b) identify all persons with knowledge supporting the basis for your denial and describe with particularity the specific knowledge held by each person identified; and (c) identify all documents supporting your basis for the denial."

Defendants unequivocally denied RFA Nos. 13-14 and 18. Interrogatory No. 6 is aimed at discovering the factual basis for such denials. Rather than providing the requested factual basis supporting each of Defendants' denials, however, Defendants provided a narrative response explaining the documents they produced to Paragon. This is non-responsive to the Interrogatory No. 6. **Defendants need to amend their response to Interrogatory No. 6 to provide *facts* presently known that support their unequivocal denials of RFA Nos. 13-14 and 18, as requested.**

D.     Defendants' Responses to Plaintiff's Second Sets of Discovery

On December 13, 2024, Paragon served a Second Set of Interrogatories, Requests for Admission, and Requests for Production on Defendants. These second sets of discovery requests sought information related to Paragon's proposed tortious interference claim. Defendants never responded to Plaintiff's Second Set of Interrogatories. Defendants did, however, respond to the Paragon's Second Sets of Requests for Admission and Requests for Production by asserting the *same blanket objection* in response to each Request:

> *Answer: Defendants object to this request because the request is not relevant to any claim presently in the litigation and it is not likely to lead to the discovery of admissible evidence concerning any pending claim. The request is untimely as being served prior to the court having ruled on the Plaintiff's motion to amend or supplement the Initial Complaint to add allegations as to tortious interference. Defendants will respond to this request upon the Court's ruling on Paragon's motion to amend or supplement the Initial Complaint.*

While we understand Paragon's motion to supplement or amend its Complaint remains pending, we do not believe this is an appropriate reason for Defendants to ignore these discovery requests entirely and provide no substantive responses. These requests relate to emails sent by Defendant Kirk Grundahl about this litigation and are thus directly relevant to the subject matter of this case and proportional to the needs of the case as permitted under Rule 26(b)(1). Further,

Ms. Mayville La Rosa
Page 8
June 23, 2025

the federal rules provide that information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.*

**Please provide Defendants' substantive responses to these pending second sets of discovery requests or state affirmatively that Defendants will not respond to these requests until the Court's ruling on Paragon's motion to amend or supplement the Complaint.**

E.     Conclusion

The deficiencies identified in this letter need to be resolved as soon as possible given their importance to the issues in this case. As noted above, please provide Defendants' additional supplemental responses **no later than June 30, 2025**, or confirm if the parties have reached an impasse on any of these issues. Please also let us know if you would like to conduct a meet-and-confer meeting the week of June 23 to discuss any of the issues above.

We look forward to your response.

Sincerely,

Erin E. Steelman

cc:     Robert F. Parsley, Esq. (via email)
       Stephen E. Kabakoff, Esq. (via email)
       James T. Williams, Esq. (via email)
       Michael Bradford, Esq. (via email)