**Erin Steelman**

| | |
|---|---|
| **From:** | Erin Steelman |
| **Sent:** | Friday, July 11, 2025 2:32 PM |
| **To:** | May La Rosa; Michael Bradford |
| **Cc:** | James Williams; Stephen Kabakoff; 'bparsley@bradley.com' |
| **Subject:** | Paragon/Qualtim: Meet & Confer Follow Up |

May and Michael,

Thank you for the meet/confer call yesterday to discuss the discovery issues below. This email recaps our discussion and confirms the next steps that we discussed.

First, we understand that Defendants will provide formal supplemental discovery responses consistent with the responses in May's email below. Defendants will also provide interrogatory verifications for all of their interrogatory responses in this case (the initial responses, the first supplemental responses, and any forthcoming supplemental responses). There will be three verifications for each set of interrogatory responses: Kirk Grundahl (individually), Suzanne Grundahl (individually), and one on behalf of the Defendant entities assuming Kirk Grundahl will verify responses on behalf of all of them.

As to the specific discovery requests, we understand as follows:

- **Interrogatory No. 5**: It is your position that the Defendants cannot specifically identify the trade secrets/intellectual property at issue at this time without first reviewing Paragon's internal files. In contrast, we believe the Defendants' asserted trade secrets/intellectual property should be identified by the Defendants upfront to define the scope of relevant discovery and avoid highly burdensome and unnecessary collection, review, and production of irrelevant documents. While May's email below identifies the alleged trade secrets as "all engineering decisions" contributed by Defendants, we believe more specificity is required. The parties agreed to have reached an impasse on this issue.

- **Interrogatory No. 1**: You confirmed that Inspired-Pursuits, LLC is the only Defendant entity claiming an ownership interest in the Paragon Software, and it claims to have sole and complete (100%) ownership of the Paragon Software. Your supplemental interrogatory response will reflect this.

- **RFAs 1/8/15/16**: Based on May's email below, your clients now intend to outright deny these requests for admission. If that is so, your clients need to supplement their response to Interrogatory No. 6 and provide the facts supporting their denials. You represented that Defendants would supplement their response to Interrogatory No. 6 accordingly.

- **RFAs 15/16**: These RFAs request admissions about the existence of <u>specific</u> written agreements between your clients and Paragon. Your proposed supplemental responses suggest that such written agreements exist, but when we asked for clarification, you referenced "emails" and "invoices" believed to evidence implied/oral contracts and stated that no written contracts transferring an interest in the Paragon Software to your client exist. Please review these RFAs 15 and 16, as written, and answer whether the specific written contracts asked about actually exist. If so, these agreements should be produced immediately, as they are critical to the issues in this case.

- **RFPs 4/5/6**: These requests seek production of certain written contracts. Though Defendants previously denied these written contracts exist, May's email below now says Defendants "need additional time to

Exhibit C

provide these items." As we noted on our call, this is confusing given your clients' prior position that expressly stated that no such written contracts exist and, additionally, your clients' exclusive reliance on implied/oral contracts in the co-pending Inspired Pursuits case. Nevertheless, if you believe "emails" between Dan/Kirk and "invoices" constitute responsive written contracts, those need to be produced immediately. To the extent there are other documents believed to constitute written contracts responsive to these RFPs 4-6, those should also be produced. On our call today, May represented that any documents deemed to be written contracts responsive to these RFPs 4-6 would be produced **no later than July 31st**.

- **Paragon's Second Set of Discovery**: This discovery seeks information pertaining to the tortious interference claim Paragon seeks to assert via its pending motion to supplement the complaint. The Court has not ruled on this motion, and we understand your clients decline to respond to these requests until the motion is resolved. We disagree with your position and believe this discovery should not be further delayed. The parties agreed to be at an impasse on this issue.

As to the Slack issues, we decline to give you full, unfettered access to all of our client's Slack channels that contain confidential business information, most of which is not relevant to the issues in this case. However, as discussed, we are willing to work with you to resolve any technical issues you're experiencing with the native Slack export files (.json files) that we've already produced and, once you've had a chance to review them, we're willing to consider any follow up requests. We want you to be able to access/use the files we've given you, and it is our understanding that you have everything needed to process them. As discussed, you agreed to provide us with a list of the specific technical issues that you're having so we can decide how best to proceed. We may need our IT teams to directly connect to work through the kinks.

Thank you again for your time.

---

**From:** May La Rosa <mlarosa@kfinnovations.com>
**Sent:** Monday, June 30, 2025 7:39 PM
**To:** Erin Steelman <Erin.Steelman@millermartin.com>
**Cc:** James Williams <James.Williams@millermartin.com>; Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>; Michael Bradford <mbradford@luedeka.com>
**Subject:** 25-CV-00170 Defendants' Reply to Discovery Deficiencies

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Erin:

We received your correspondence dated June 23, 2025. Our positions follow:

1) Interrogatory No. 5 Supplemental Response:
   As stated in our Rule 26(f) report, Paragon bears the burden of proof to confirm their sole and exclusive ownership of its intellectual property rights in and to the truss-design software. Doc. 103. Defendants' position remains that ALL engineering decisions in the software were made by one or more of Defendants. If your client cannot identify what is or is not engineering decisions in the software, then it supports our position that your client should not be marketing a software that contains engineering, because they are not professionally licensed engineers. Your client should be able to delineate the engineering concepts and decisions made in the software.

   This case is a Declaratory Judgment to determine ownership of the software; therefore, your client also bears the burden of proof as to why they own the software. We are requesting the communication that is currently

in your client's custody solely because they wrongfully withheld access to the Slack channels and other communications.

Our response to Interrogatory No. 5 remains that ALL engineering decisions in the software were contributed by one or more of the Defendants. Further details will be provided once you respond to our First Request for Production of Documents.

2) Interrogatory No. 1:
   As to the ownership of the Paragon Truss Software, our position is that the Software is owned by Inspired Pursuits, LLC ("IP-LLC"), an entity initially owned by Daniel Holland, Kirk Grundahl, and Suzanne Grundahl, and after Daniel Holland's death, the remaining members of IP-LLC. This position remains unchanged.

3) Request for Admission No. 1 Supplemental Response:
   Defendants deny this request in its entirety.

4) Request for Admission No. 8 Supplemental Response:
   Defendants deny this request in its entirety.

5) Request for Admission No. 15 Supplemental Response:
   Defendants deny this request in its entirety

6) Request for Admission No. 16 Supplemental Response:
   Defendants deny this request in its entirety

7) Request for Production No. 4, 5, 6 Supplemental Response:
   We will need additional time to provide these items.

8) Request for Admission No. 17 Supplemental Response:
   Defendants admit in part and deny in part. Defendants admit that no Defendants own any right, title, or interest in or to the patent rights. Defendants deny this request in part as to the Paragon Truss Software, copyright rights, trademark rights, federal or Tennessee trade secret rights in the Paragon Truss Software.

   The factual basis for this is that one or more Defendants contributed, used, and owned the Paragon Truss Software prior to Plaintiffs unlawfully restricting Defendants' access to the software and all the communication records regarding the software.

9) Request for Plaintiff's Second Sets of Discovery as to the Tortious Interference Claims:
   The court has not ruled on outstanding motions to warrant this discovery request at this time.

Lastly, Paragon continues to refuse production of all the communication within Paragon's control as to the Defendants' contribution to the Paragon Truss Software. The files you provided on June 23, 2025 still do not provide a complete Slack export that adheres to the Slack backup format standards in order to be imported into a Slack import/export tool for processing. Based on your client's expertise, they are certainly capable of this request.

To reiterate: our request is not overly broad as we are requesting ALL conversations and meeting recordings that involve any of the Defendants and their employees or former employees. To be more specific, this includes but is not limited to conversations and meetings where any of these individuals are present:
- Kirk Grundahl
- Suzanne Grundahl
- Daniel Holland
- Ryan Dexter

- Dan Hawk
- Adam Heise
- Eric Helmueller
- Keith Hershey
- Daniel Lawless
- Joe Michels
- Kevin Muich
- Angie Protexter
- Joe Schauer
- Jim Vogt

This is not a fishing expedition because the conversations and meetings we are requesting are limited in scope. Should this issue be raised in a discovery hearing, the court will likely find that your client is unreasonably withholding these items that they unilaterally withheld from the Defendants without any notice.

I will again extend a request to discuss the E-discovery issues regarding Slack and other communication platforms over a conference call.

Thank you,


May La Rosa, LLM
*Counsel*
mlarosa@kfinnovations.com
Mobile: (608) 800-7353


**CONFIDENTIAL NOTICE:** *The content of this email is confidential and intended for the recipient specified in message only. It is strictly prohibited to share any part of this message with any third party, without a written consent of the sender.*

4