UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC<br>Plaintiff<br><br>v.<br><br>QUALTIM INC., CENTER FOR BUILDING INNOVATION LLC<br>DRJ ENGINEERING LLC, INSPIRED PURSUITS LLC, KIRK GRUNDAHL, SUZANNE GRUNDAHL<br><br>Defendants | Case No.:   25-CV-00170 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1. Identify every individual and business entity that each Defendant claims has any ownership interest in, or any right or title to, the Paragon Truss Software, and specify the relative ownership percentage of the Paragon Truss Software alleged for each individual or business entity.

   **Answer:** Defendant Inspired Pursuits, LLC claims full and complete ownership interest in, or any right or title, to the Paragon Truss Software. Remaining Defendants reserve the right to claim ownership interest under their partnership with Daniel Holland and Clearspan. Further discovery is needed to accurately specify the relative ownership interest of the Paragon Truss Software.

2. Identify with specificity any property, including without limitation intellectual property and physical property, owned or possessed by Paragon that any Defendant claims to have an ownership interest in, or any right or title to, and describe in detail the factual basis for any claim by the Defendant of a right, title, or interest in or to each such identified property.

Exhibit F

**Answer:** Defendants state that they contributed the following: DrJ copyrighted truss design drawings, (i.e. DrJ intellectual property and trade secrets), Qualtim/CBI proprietary and confidential test data processed through DrJ professional engineering judgements. Answering subject to this objection, and without waiving it, Defendants state that they contributed creative and inventive work which includes but is not limited to interpretations, calculations, testing, etc. the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such innovative and inventive work, which is a DrJ copyrighted truss design drawing where the graphical depiction of DrJ's truss said that it was generated by Design Program: Paragon. Forthcoming documents as to the engineering analysis will be provided.

3. Identify with specificity all legally binding contracts each Defendant relies upon as evidence showing that an ownership interest in, or a right or title to, the Paragon Truss Software or the Paragon Truss Marks was assigned, sold, transferred, licensed, or sublicensed to any of the Defendants. Each identified written contract shall include the title of the contract, the date of the contract (and effective date if different), and a list of all parties that executed the contract.

    **Answer:** Since 2009, the founding member of Paragon and Inspired Pursuits, LLC have operated as business partners in creating the Paragon Truss Software and Paragon Truss Marks. Contracts do not have to written in order to be enforceable. Evidence of the 2009 partnership has already been provided and an operating agreement between Daniel Holland, founder of Paragon, and Defendants Kirk Grundahl and Suzanne Grundahl have already been provided.

4. Identify each individual who knows how any of the Defendants obtained any ownership interest in, or right or title to, the Paragon Truss Software (including any intellectual property and trade

secrets therein), the Paragon Truss Marks, or any other intellectual property that is currently in Paragon's custody, possession, or control.

**Answer:** In responding to this interrogatory, Defendants have interpreted the term "knows" to mean actual and constructive knowledge and responds that the following individuals know how any of the Defendants obtained any ownership in, or right or title to, the Paragon Truss Software, the Paragon Truss Marks, or any other intellectual property that is currently in Paragon's custody, possession or control:

Jeffrey Cox, Charles Taylor, Catherine Terrell, Nathan Bierema, Jeremy Bierema, Joe Schauer, Matt Van Stelle, Andrew Ewin, David Reed, Scott Hoelsema, Seth Duncan, Michael Pitts, Avery Radmacher, John Holland, and Dan Holland's communications with Paragon staff.

**Answer:** Defendants also object to this interrogatory on the ground that it seeks information that can be obtained from a more convenient source in that on or around June 2024, Paragon restricted Defendants' access to the Slack communication platform information, all the weekly and/or bi-weekly DrJ/Paragon digital video recorded meetings, all Trello project management information, all DrJ copyrighted truss designs and the software. The inability to access that information at this time would render Defendants' answer to this interrogatory materially inaccurate.

5. Identify with specificity the intellectual property, including trade secrets, that any Defendant claims to have contributed to the Paragon Truss Software or Paragon Truss Marks, including the identity of each individual who made any such contribution by or on behalf of a Defendant,

a detailed description of the specific contribution, when the contribution was made, who at Paragon received the contribution, and why the contribution was made.

**Answer:** Defendants object to this interrogatory on the ground that it seeks information that is within Paragon's control. Furthermore, Paragon is in possession of the source code as well as recordings of the weekly/bi-weekly discussions with DrJ concerning the software development. Defendants are unable to provide a full response to the interrogatory until Paragon provides the source code and noted recordings in discovery. Defendants will supplement these responses following receipt of such information.

Answering subject to this objection, and without waiving it, Defendants states that on or around June 2024, Paragon restricted Defendants' access to the Slack communication platform information, all the weekly and/or bi-weekly DrJ/Paragon digital video recorded meetings, all Trello project management information, all DrJ copyrighted truss designs that was used by all Parties' in the creation of the Paragon Truss Software and where DrJ copyrighted truss design drawings reference Paragon and/or Paragon Truss Marks. The conversations in platforms identified above between Paragon and Defendants will detail the discussions as to the engineering and testing data provided. Defendants have decades of experience in the truss and engineering industry that was provided to Paragon during those meetings. Defendants submitted a request for production of all meetings between Paragon and Defendants so as to specify the trade secrets that were used to determine the language and instructions of the source code. Defendants add that individuals who made contributions on behalf of Defendants are:

Keith Hershey, Stefan Domenica, Daniel Lawless, Ryan Dexter, Joe Schauer. Once Defendants provide the native files of the meetings that involved these individuals, Defendants will identify with specificity the intellectual property it provided.

6. For each of Plaintiffs Requests for Admission that any of the Defendants have denied, in whole or in part, please: (a) state the complete factual basis for your denial; (b) identify all persons with knowledge supporting the basis for your denial and describe with particularity the specific knowledge held by each person identified; and (c) identify all documents supporting your basis for the denial.

    **Answer:** Defendants have provided documents to support the decades long partnership between Daniel Holland, founder of Paragon and Defendants. Documents have been provided and will continually be provided to support that Daniel Holland formed Inspired Pursuits, LLC with the intent and the purpose of licensing its intellectual property to Paragon. Documents have been provided and will continually be provided to support that Defendants developed, used, and tested the Paragon Software for their businesses.

These responses are based on discovery available as of the date hereof. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information or documents, which may lead to additions or changes to the responses set forth herein. These responses are given without prejudice to Defendants' right to produce or rely on subsequently discovered information or documents.