IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS, LLC,

    Plaintiff,

V.

QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,

    Defendants.

Case No. 3:25-cv-00170-wmc

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL**

Paragon respectfully submits this short reply in response to Defendants' opposition to Paragon's motion to compel (Doc. 119) for two reasons: (i) Defendants' opposition contains an improper discovery motion that should be stricken; (ii) Defendants' opposition provides further support for granting Paragon's motion to compel.

In their opposition, Defendants purport to "respectfully move the court to compel Paragon to produce complete Slack Channels before responding any further to [Paragon's] Interrogatory No. 5." Doc. 119 at 5-7. However, such "motion" does not comport with Fed. R. Civ. P. 37 and is procedurally improper. Defendants do not identify any particular discovery request propounded on Paragon that they seek to compel a response to, nor do they cite any deficient discovery response from Paragon. *Id.* Furthermore, this informal request in an opposition brief appears to be an attempt to skip the normal briefing procedure and schedule and to deny Paragon an opportunity to respond. And further still, Defendants' request is supported by incorrect statements, including that the parties are at an impasse on this issue when their cited Exhibit D indicates the exact opposite. Doc.

1

**EXHIBIT A**

120-2 at 1 ("To be clear, the parties have not reached an impasse on the Slack issues"). This substantively and procedurally improper request to compel should be stricken.

Defendants' opposition also reinforces the importance of granting Paragon's motion to compel a complete response to Paragon's Interrogatory No. 5, asking Defendants to identify, with specificity, all of the intellectual property – including trade secrets – that any Defendant alleges to have contributed to Paragon's Software. Defendants' opposition admits that their position of contributing "All engineering decisions" as trade secrets is vague, but contends it is Paragon's burden to prove which engineering decisions are *not* the Defendants' trade secrets. Doc. 119 at 2-3 ("On its face, it can seem vague . . . [but] Defendants' response to Interrogatory No. 5 that 'All engineering decisions in the software' is accurate until Paragon proves otherwise").

It is not Paragon's burden to "prove" what is or is not Defendants' trade secret or other intellectual property. *See, e.g.*, *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583 (7th Cir. 2002) (finding plaintiff's assertion of a trade secret "has been both too vague and too inclusive, effectively asserting that all information in or about its software is a trade secret. That's not plausible—and, more to the point, such a broad assertion does not match up to the statutory definition"). And not "All engineering decisions" provided by the Defendants constitute trade secrets. *Id.* ("Trade secrets are a subset of all commercially valuable information"). Only Defendants can identify with specificity their own trade secrets and intellectual property, as Interrogatory No. 5 requires.

Defendants' opposition also readily admits that, absent a court order, they will not answer Paragon's Interrogatory No. 5 until they can manufacture trade-secret theories after reviewing Paragon's internal files. Doc. 119 at 7 ("Once Defendants have the complete set of [Paragon's internal] Slack and video meeting communications, the dispute over Interrogatory No. 5 may

effectively resolve itself, as Defendants will be in a position to supplement with specifics gleaned from those communications"); *see also id.* at 3. *Compare AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 926 (N.D. Ill. 2001) ("We will not permit plaintiff to go on a fishing expedition through [defendant's] files. Plaintiff must articulate what specific [trade secret] information they believe defendants have misappropriated, so we can assess whether its requests are reasonably tailored to discover relevant evidence"). Thus, there appears to be no dispute that an improper fishing expedition is precisely what Defendants are demanding. Paragon's motion to compel a complete response to Interrogatory No. 5 should prevent such misuse of the discovery process.

Dated:  August 19, 2025

**GASS TUREK LLC**

*Counsel for Plaintiff Paragon Component Systems, LLC*

<u>s/ Tamar B. Kelber</u>

Tamar B. Kelber, SBN 1101802
kelber@gassturek.com
Joshua S. Greenberg, SBN 1107959
greenberg@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202

3