UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

Paragon Component Systems, LLC

            Plaintiffs

v.                       Case No.: 3:25-cv-00170-wmc

Qualtim, Inc., *et al.*,

            Defendants

---

### BRIEF IN SUPPORT OF DEFENDANT KIRK GRUNDAHL'S MOTION TO STAY

Defendant Kirk Grundahl moves to stay all proceedings and deadlines in this case (the '170 Action) pending final judgment and issuance of any appellate mandate in *Inspired Pursuits, LLC, et al. v. Paragon Component Systems, LLC, et al.*, No. 3:25-cv-00075-wmc (the '75 Action).

### INTRODUCTION

Two related actions are before this Court: the '170 Action, a declaratory judgment case[1] brought by Paragon Component Systems, LLC ("Paragon") which is limited to specifically

---

[1] "Courts are operated largely on the fundamental idea of giving to an injured party reparation and redress. Certainly, it is still a primary rule of jurisdiction that until a party has been hurt and has suffered loss, he has no standing in court. The Declaratory Judgment aims at abolishing the rule which limits the work of the courts to a decision that enforces a claim, assesses damages, or determines punishment. The Declaratory Judgment allows parties who are uncertain as to their rights and duties to ask a final ruling from the court as to the legal effect of an act before they have progressed with it to the point where anyone has been injured."

This quotation reflects the original purpose of the Declaratory Judgment Act, to permit adjudication of legal rights before injury occurs. That purpose is not implicated here, because the '170 Action's declaratory-judgment claim duplicates issues before the Court in the '75 Action, where alleged injury has occurred. *See* Uniform Declaratory Judgments Act, Prefatory Note, National Conference of Commissioners on Uniform State Laws (Aug. 2–8, 1922).

defining software ownership, and the '75 Action, which is broader and seeks damages and equitable relief arising from the same business relationship, witnesses, and records. With strange irony, this case has a very unusual setting; the late Dan Holland, owner of Paragon, the Plaintiff, is asking for a DJ regarding software ownership. The late Dan Holland was also an owner of Inspired Pursuits, LLC ("IP-LLC"), which has brought a damages and equitable relief claim in the '75 Action. Both cases involve the same software and similar adjudication issues. This underscores the need for this motion to stay. The two trials are scheduled roughly six weeks apart. Proceeding in parallel duplicates discovery, trial preparation and risks inconsistent rulings. Under *Landis*, and consistent with the discretion recognized in *Wilton* and *Brillhart* for declaratory judgment actions, the Court should stay this narrower declaratory case to promote judicial economy and allow the broader '75 Action to resolve or narrow the dispute without prejudice to any party.

      The '75 Action is broader in scope and is the more natural vehicle for resolving the entire controversy. It addresses the underlying joint venture, the collaborative efforts of Dan Holland, Suzi Grundahl, and Kirk Grundahl, and the foundation of Inspired Pursuits, LLC ("IP-LLC") to benefit Clearspan Components, Inc. ("CCI"), DrJ Engineering, LLC ("DrJ") and Paragon. The intellectual property at issue was not intended to exist in isolation but to serve as a shared platform for a unified team that combined independent management, testing, professional engineering, manufacturing capability, and market expertise. Proceeding with this narrower declaratory judgment action in parallel would divide that context, multiply discovery disputes, and risk inconsistent findings based on the same facts. Staying this case allows the Court to evaluate the dispute once, on a complete record, through the more comprehensive '75 Action.

**PROCEDURAL BACKGROUND**

Both matters are pending before this Court and assigned to Judge Conley. In the '170 Action, the pleadings remain unsettled, and several motions are pending, including a Motion to Amend (ECF No. 52), a Motion to Dismiss (ECF No. 95), and a Motion to Compel Discovery (ECF No. 117). In the '75 Action, a Motion to Remand (ECF No. 21), a Motion for Leave to File a Sur-Reply (ECF No. 40), and multiple Motions to Dismiss (ECFs No. 49, 51) remain under advisement. The two cases are proceeding on coordinated schedules, with trials set for October 26, 2026 (the '170 Action) and December 7, 2026 (the '75 Action). Because both actions arise from the same underlying facts, witnesses, and documents, allowing them to proceed in tandem would waste resources and risk inconsistent results.

The '75 Action asserts that Paragon's unilateral termination of the joint venture caused damages beyond the question of software ownership. Even if Paragon were to prevail in the declaratory action, the plaintiffs in the '75 Action maintain claims for breach of partnership, misuse of joint assets, and trade secret violations. Those claims arise from the same set of business relationships and communications at issue here. The overlap of factual evidence, witnesses, and discovery obligations makes simultaneous prosecution of both cases inefficient and unnecessary. A stay of this declaratory case will conserve judicial and party resources while allowing the broader action to determine the rights and liabilities of all participants in a single proceeding.

**LEGAL STANDARD**

A district court has inherent authority to stay proceedings to manage its docket with economy of time and effort for the Court, counsel, and litigants. *See Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) (recognizing the court's inherent power to stay proceedings in the interest of judicial economy and fairness). In exercising that discretion, courts balance the

parties' competing interests, potential prejudice, the hardship of duplicative proceedings, and the interests of judicial economy. This discretion is also recognized in declaratory judgment actions, where courts may stay or dismiss in favor of more complete parallel litigation. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–90 (1995) (holding that courts have broad discretion under the Declaratory Judgment Act to stay or dismiss parallel declaratory actions); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) (holding that courts should avoid duplicative declaratory proceedings when a parallel suit can fully adjudicate the dispute). The Seventh Circuit similarly favors avoiding duplicative suits in a forum that can resolve the full controversy. *See, e.g., Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223–24 (7th Cir. 1993) (affirming dismissal of duplicative federal litigation to prevent waste and promote efficient case management); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978–82 (7th Cir. 2010) (endorsing a flexible, equitable approach to overlapping federal cases, emphasizing judicial economy over rigid adherence to the first-filed rule); *R.R. Street & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715–17 (7th Cir. 2009) (affirming stay of declaratory judgment action pending resolution of related coercive litigation to promote judicial economy); *Medical Assurance Co. v. Hellman*, 610 F.3d 371, 379–80 (7th Cir. 2010) (reaffirming that under Wilton and Brillhart, discretion to stay a declaratory judgment action turns on considerations of efficiency and fairness, not strict parallelism).

When a declaratory judgment action overlaps with a coercive action that can resolve the controversy, courts exercise discretion to defer to the more complete suit. The analysis focuses on efficiency, the risk of inconsistent rulings, and the availability of full relief in the parallel case. In the Seventh Circuit, stays are appropriate where the same nucleus of facts, witnesses, and documents would be litigated twice and where one action will likely narrow or dispose of the other.

Applying these factors favors staying the declaratory case in favor of the more comprehensive action.

## ARGUMENT

### FACTOR ONE: SIMPLIFICATION AND JUDICIAL ECONOMY

Both actions arise from the same business relationship and depend on the same witnesses, documents, and communications. The '170 Action seeks only a declaration regarding software ownership, while the broader '75 Action asserts claims for breach of partnership, misuse of assets, and trade secret violations. Proceeding in parallel would duplicate discovery, motion practice, and trial preparation and would risk inconsistent rulings. A stay of the declaratory action conserves judicial and party resources and promotes a single, consistent resolution. *See Landis*, 299 U.S. at 254–55 (recognizing courts' inherent authority to stay proceedings to avoid duplicative litigation and inconsistent judgments).

The '170 Action also shows characteristics of an anticipatory declaratory filing that seeks procedural advantage. The Seventh Circuit has cautioned against using the Declaratory Judgment Act in this manner and has recognized the Court's discretion to defer to the more comprehensive proceeding that can resolve the entire controversy. *See Cunningham Bros. v. Bail*, 407 F.2d 1165 (7th Cir. 1969) (disapproving use of declaratory judgment actions for tactical advantage rather than to resolve genuine legal uncertainty); *Sears, Roebuck & Co. v. Am. Mut. Liab. Ins. Co.*, 372 F.2d 435 (7th Cir. 1967) (holding that declaratory relief may be declined when a more comprehensive proceeding is available to resolve the dispute efficiently)*; Serlin*, 3 F.3d at 223–24 (affirming dismissal of duplicative federal litigation to promote judicial economy and prevent conflicting rulings)*; Research Automation*, 626 F.3d at 978–82 (emphasizing that judicial

discretion in case management should be guided by efficiency and fairness, not merely the order of filing).

The same individuals are central witnesses in both cases, including Suzi Grundahl and Kirk Grundahl, and their testimony bears on the actions and decisions of the late Dan Holland across related entities. Managing their overlapping testimony and admissions in one proceeding avoids conflicting findings and ensures a unified record.

The claims in the '75 Action arise from the same tangible and intangible industry knowledge, engineering, manufacturing, and business model framework that produced the intellectual property at issue. That action seeks to determine the rights and obligations flowing from joint development among CCI, DrJ, Center for Building Innovation ("CBI"), Paragon, and IP-LLC, whereas the declaratory action isolates ownership without addressing associated partnership and trade secret duties. Piecemeal adjudication risks inconsistent determinations regarding ownership, use, and benefit of the same intellectual property. *See Wilton*, 515 U.S. at 286–90 (reaffirming that courts may defer to comprehensive parallel proceedings to promote efficiency and fairness); *Brillhart*, 316 U.S. at 495 (discouraging piecemeal declaratory adjudication where another action can resolve all issues).

Allowing both cases to proceed creates a substantial risk that two triers of fact will reach different conclusions based on the same witnesses and evidence, undermining efficiency and fairness. The '75 Action includes all necessary parties and claims and is the proper vehicle to resolve the dispute comprehensively. Staying this declaratory case ensures that any determination of rights or obligations occurs once, on a complete record, consistent with the discretionary case-management principles recognized in *Landis*, 299 U.S. at 254–55 and applied by the Seventh Circuit to duplicative litigation. *See R.R. Street*, 569 F.3d at 715–17 (affirming stay of declaratory

judgment action in favor of parallel litigation capable of resolving overlapping issues); *Med. Assurance*, 610 F.3d at 379–80 (reaffirming that courts may stay declaratory actions to promote judicial economy and fairness, even absent strict parallelism).

### FACTOR TWO: NO UNDUE PREJUDICE TO ANY PARTY

There is no request for injunctive relief in this declaratory action that requires urgent resolution. Protective orders and preservation obligations are in place in both cases and will remain in effect during a stay. The parties can cross-use discovery subject to those orders, which avoids duplication and protects confidential material. A stay maintains the status quo while the broader '75 Action proceeds to decision.

### FACTOR THREE: HARDSHIP TO MOVANT AND DOCKET CONTROL

Proceeding with two overlapping federal cases through judgment would impose substantial hardship and inefficiency. Without a stay, Defendants *and* Plaintiffs must engage in duplicative discovery, dispositive motion practice, and trial preparation concerning the same witnesses, documents, and factual record. Because both matters are before the same Court, a stay through completion of the '75 Action is the most efficient course. The '75 Action is the comprehensive proceeding that will determine ownership, partnership obligations, and related damages. Its judgment will either fully resolve or substantially narrow every remaining issue here.

Supreme Court and Seventh Circuit precedent recognize that a stay through resolution of a related action is appropriate when the outcome will materially affect or moot issues in the stayed case. *See Landis*, 299 U.S. at 254–55 (holding that courts possess inherent authority to stay proceedings to avoid duplicative litigation and promote efficient resolution when another case may be dispositive); *Wilton*, 515 U.S. at 288–89 (reaffirming broad discretion under the Declaratory Judgment Act); *Research Automation*, 626 F.3d at 980 (affirming discretionary stay of overlapping

federal action to promote judicial economy and avoid duplicative litigation); *R.R. Street*, 569 F.3d at 716–17 (same). Courts within this Circuit have likewise approved stays "pending resolution of a related action expected to be dispositive," where doing so conserves resources and avoids conflicting rulings. *See Research Automation,* 626 F.3d at 980 (affirming discretionary stay of parallel federal proceeding to prevent duplication); *R.R. Street*, 569 F.3d at 716–17 (7th Cir. 2009) (affirming stay of declaratory judgment action pending resolution of related litigation likely to resolve central issues).

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court stay all proceedings and deadlines in this case until final judgment is entered and any appellate mandate issues in the related '75 Action. The stay should lift automatically at that time. All pending motions in the '170 Action should be held in abeyance, with leave to renew within 14 days after the stay is lifted. Existing protective-order terms and preservation obligations remain in effect during the stay. Either party may seek modification of the stay for good cause.

Dated: October 29, 2025

Respectfully submitted,

*/s/ Kirk Grundahl*
Kirk Grundahl
1130 Fairway Court
Lake Mills, WI  53551
Ph.: 608-217-3713
kgrundahl@qualtim.com
*Defendant, pro se*