IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS, LLC,

    Plaintiff,

V.

QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,

    Defendants.

Case No. 3:25-cv-00170-wmc

---

**PLAINTIFF'S SECOND MOTION TO COMPEL**

---

Plaintiff Paragon Component Systems, LLC ("Paragon"), by and through counsel and pursuant to Fed. R. Civ. P. 37, respectfully moves this Court to compel Defendants to produce all email messages within the same email thread as an attorney-client communication that Defendants publicly filed in this case. Defendants agreed to produce a complete copy of the one email they publicly filed, but refuse to produce the remainder of the emails in the same email thread, including all responses and forwards, claiming attorney-client privilege.

The Seventh Circuit law on subject-matter waiver confirms that Paragon is entitled to receive documents concerning the same subject matter as the produced email—for which Defendants do not dispute waiver—and at the very least all replies and forwards of the email concerning the same subject matter. Paragon issued a document request for these documents, and Defendants refuse to produce them. The parties have met and conferred in good faith, including via video conference and email exchanges, and have reached an impasse on this issue.

1

I.    BACKGROUND

Paragon is a software company that has developed and commercializes truss design software ("Paragon Software"). This declaratory judgment action stems from Defendants' ownership claim to the Paragon Software, essentially laying claim to the entirety of Paragon's business. The case was initially filed by Paragon in the Eastern District of Tennessee, Case No. 1:24-cv-00246, but was later transferred to this Court for adjudication.

Following the transfer to this Court, Defendants filed two motions to seal in the transferor court in the Eastern District of Tennessee. (Docs. 74 and 75, E.D. Tenn. Case No. 1:24-cv-00246). One of the motions (Doc. 74, attached hereto as Exhibit 1) sought sealing of the Complaint's exhibits. In briefing the motion, Defendants publicly filed a "Declaration of Kirk Grundahl In Support of Defendants' Reply to Paragon's Opposition to Seal Exhibits" (Doc. 82-1, the "Grundahl Declaration," attached hereto as Exhibit 2). Under a heading "No Trade Secret Owner Express Waiver Has Ever Been Provided," at Paragraph 27, Mr. Grundahl states: "*In addition, I had a concern over Paragon's unilateral disclosure of my personal work pursuant to the following correspondence with Attorney Tom Pasternak of Taft on August 23, 2024,*" after which he pasted screenshots from his August 23, 2024 email to his first attorney in this case. (Exhibit 2 at 13-14). Defendants' reply brief (Doc. 82, attached hereto as Exhibit 3) liberally cites to Paragraph 27 in the Grundahl Declaration. (*See* Exhibit 3 at 3, 5, 8, and 9).

Paragraph 27 of the Grundahl Declaration relates to what information Defendants contend are alleged trade secrets, which is a disputed issue in this case as reflected in Paragon's first motion to compel (Docs. 117, 119, 121). Mr. Grundahl's reference to "my personal work" in Paragraph 27 also creates questions about what information he contends is his personal trade secret versus trade secrets allegedly owned by any of the other Defendants in this case. Further, on information and belief, Mr. Pasternak may have disagreed with Mr. Grundahl's characterizations of alleged

2

trade secrets in Paragraph 27 in the Grundahl Declaration as he was replaced soon after with a new lead counsel, Mayville La Rosa.

According to Defendants' privilege log (attached hereto as Exhibit 4), Mr. Pasternak responded to Mr. Grundahl's August 23, 2024 email (which was publicly filed in the Grundahl Declaration) on August 26, 2024. Mr. Grundahl emailed Mr. Pasternak again later that day (*see id.*), then this email chain was forward to Ms. La Rosa on September 9, 2024 (*see id.*). Soon after, on October 10, 2024, Defendants moved to withdraw Mr. Pasternak as lead counsel and substitute Ms. La Rosa and her local counsel. (*See* Exhibit 5 attached hereto).

In view of the above, Paragon served one tailored Request for Production on Defendants (attached hereto as Exhibit 6):

> 17. With reference to pages 13-14 of Doc. 82-1, titled "Declaration of Kirk Grundahl in Support of Defendants' Reply to Paragon's Opposition to Seal Exhibits," dated June 27, 2025, as publicly filed in this case on June 29, 2025 before the United States District Court of the Eastern District of Tennessee, Mr. Grundahl copied the contents of an email message dated August 23, 2024 at 8:26 AM that he sent to Thomas Pasternak of the law firm Taft Stettinius & Hollister LLP ("Taft") with a carbon copy of the email sent to Bridget Nowicki, Suzanne Grundahl, and Jill Zimmerman (hereafter, the "August 23, 2024 Email"). The August 23, 2024 Email also identifies that it was forwarded by Mr. Grundahl on April 5, 2025 at 5:42 PM (hereafter, the "April 5, 2025 Email").
>
> **This Request for Production is for complete copies of _all_ email messages (including all attachments thereto) within the same email thread as the above-described August 23, 2024 Email that was publicly filed on pages 13-14 of Doc. 82-1 in the Eastern District of Tennessee**, including but not limited to: (i) a complete copy of the original August 23, 2024 Email; (ii) all email messages that directly or indirectly responded or referred to the August 23, 2024 Email, including to or from Mr. Pasternak, Ms. Grundahl, Ms. Nowicki, or Ms. Zimmerman, (iii) all email messages preceding the August 23, 2024 Email in the same email thread, including all messages to which the August 23, 2024 Email was directly or indirectly responding, (iv) a complete copy of the original April 5, 2025 Email; (v) all email messages that directly or indirectly responded or referred to the April 5, 2025 Email; (vi) all messages forwarding the August 23, 2024 Email or the April 5, 2025 Email and all messages in the forwarded email's thread; and (vii) all attachments to all of the foregoing email messages.

Defendants served the following response to Paragon's Request No. 17 on October 2, 2025 (attached hereto as Exhibit 7):

> **Defendants produce herewith a complete copy of the August 23, 2024, 8:26 AM email from Kirk Grundahl to Attorney Thomas Pasternak** of the law firm Taft Stettinus & Hollister LLP, ("Taft"), copied to Attorney Bridget Nowicki of Taft, and Suzanne Grundahl Vice President and Jill Zimmerman Director of Operations of Qualtim, Inc. This email was embedded in the June 27, 2025, filing of Doc. 82-1. The attachments are also produced although believed to already be in the Plaintiff's possession. **As for the balance of this Request, Defendants object to production based on attorney-client privilege.** All of the communications identified herein were between employees and/or officers of Defendant Qualtim, Inc., and corporation counsel and made within the scope of employment for securing legal advice. The following is provided pursuant to FRCP 26(b)(5).

In short, Defendants agreed that they have waived any privilege claim to Mr. Grundahl's August 23, 2024 attorney-client email to Mr. Pasternak, and produced a complete copy of that email, but they refused to produce the other emails concerning the same subject matter, including any of the responses or forwards identified in their privilege log, taking the position that the remainder of these emails in the same email string are shielded by the attorney-client privilege. Paragon disagrees and believes that Seventh Circuit precedent on the scope of subject-matter waiver encompasses more than only the single email that Defendants produced.

The parties met and conferred by video meeting on October 16, 2025, and exchanged multiple emails on this issue. Paragon provided representative cases in support of its position to Defendants. (*See* Exhibits 8-9 attached hereto). Defendants acknowledged they have no contrary authority on the issue of subject matter waiver (*See* Exhibit 10 attached hereto), but still maintain their position. The parties have reached an impasse requiring the Court to resolve this issue.[1]

---

[1] Defendants requested more time to meet and confer, presumably to buy time for Mr. Grundahl to prepare and file his pending motion for stay (Doc. 127). Based on the multiple discussions that have already occurred on this subject-matter waiver issue, the parties are at an impasse.

## II.     LEGAL STANDARDS

Fed. R. Civ. P. 37 allows a party to move for an order compelling disclosure or discovery if a party fails to produce documents requested under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iv). Motions to compel are subject to the broad discretion of the district court. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001).

Fed. R. Civ. P. 26(b)(1) affords litigants liberal discovery of "any nonprivileged matter that is relevant to any party's claim or defense…" "A party seeking to invoke a privilege bears the burden of establishing the existence of the privilege, and any doubts about the applicability of the privilege must be resolved in favor of disclosure." *Rockies Express Pipeline, LLC v. 58.6 Acres*, 2009 WL 5219025, at *2 (S.D. Ind. Dec. 31, 2009). "The attorney-client privilege protects confidential communications between attorney and client made for the purpose of obtaining legal advice." *Milwaukee Elec. Tool Corp. v. Chervon North Am., Inc.*, 2017 WL 2929522, at *1 (E.D. Wis. July 10, 2017) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). However, **"[t]he privilege can be waived when, for instance, the client relies on such communications during legal proceedings.** When this occurs, the client can be charged with waiving the privilege **not only as to the particular communication that was disclosed, but as to all attorney-client communications concerning the same subject matter**." *Id*. (emphasis added); *see also Vardon Golf Co. v. Karsten Manuf. Corp.*, 213 F.R.D. 528, 532 (N.D. Ill. 2003) **("[T]he general rule is that voluntary disclosure of privileged communications waives the privilege as to all other communications dealing with the same subject matter"**) (emphasis added). "The waiver extends beyond the document initially produced out of concerns for fairness, so that a party is prevented from disclosing communications that support its position while simultaneously concealing communications that do not." *Rockies Express*, 2009 WL 5219025, at *6 (quoting *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005)).

5

"Put simply, 'a privilege holder cannot be allowed, after disclosing as much as he pleases, to withhold the remainder.'" *Milwaukee*, 2017 WL 2929522, at *1 (quoting *Fort James Corp.*, 412 F.3d at 1349). Litigants cannot use the attorney-client privilege as both a sword and a shield. *Rockies Express*, 2009 WL 5219025, at *6.

### III. ARGUMENT

Through Defendants' voluntary disclosure of Kirk Grundahl's August 23, 2024 email to his attorney Tom Pasternak, in the publicly-filed Grundahl Declaration (Exhibit 2 at 13-14), Defendants have waived the attorney-client privilege with respect to all emails on the same subject matter. *Vardon*, 213 F.R.D. at 532 (N.D. Ill. 2003) ("[T]he general rule is that voluntary disclosure of privileged communications waives the privilege as to all other communications dealing with the same subject matter").

Defendants do not dispute that they have waived any claim of privilege for the August 23, 2024 email—indeed, Defendants have produced a complete copy of that email in response to Paragon's Document Request No. 17. (Exhibit 6). Their refusal to produce other emails on the same subject matter, however, has no legal basis. Defendants should be compelled to produce all of the related attorney-client email communications listed in their privilege log (Exhibit 4) that directly responded to or forwarded the waived August 23, 2024 email in response to Paragon's Request No. 17.

First, the subject matter of the August 23, 2024 email is directly relevant to the trade-secret issues in this case and, at a minimum, will lead to additional admissible evidence concerning the scope and ownership of alleged trade secrets being asserted by the Defendants. Before copying the August 23, 2024 email in Paragraph 27 of the Grundahl Declaration, Mr. Grundahl declares: "*I had a concern over Paragon's unilateral disclosure of my personal work pursuant to the following correspondence with Attorney Tom Pasternak of Taft on August 23, 2024.*" (Exhibit 2 at 13-14).

6

Mr. Grundahl's reference to "my personal work" in connection with this email creates questions about what information he contends is his personal trade secret versus trade secrets allegedly owned by any of the other Defendants.

Second, Mr. Pasternak may have disagreed with Mr. Grundahl's characterizations of any alleged trade secrets referenced in the August 23, 2024 email as he was replaced soon after he responded to the email. Accordingly, Mr. Pasternak's email response dated August 26, 2024, and Mr. Grundahl's additional response on the same day, would be directly relevant to the subject matter of the August 23, 2024 email that Defendants have voluntarily produced and waived any attorney-client privilege. Further, Paragon believes that Mr. Pasternak's and Mr. Grundahl's responses to the August 23, 2024 email, as well as the additional forwarded attorney-client email communications identified on Defendants' privilege log, would result in information that is directly relevant to the claims and defenses in this case and are proportional to the needs of the case as they relate to Defendants' assertions of alleged trade secrets. *See* Fed. R. Civ. P. 26(b)(1).

Third, the significance of the subject matter of the August 23, 2024 email to this case is further evidenced by Defendants' repeated citations to Paragraph 27 containing the August 23, 2024 email in their legal briefing. (*See* Exhibit 3 at 3, 5, 8, and 9 (citing to paragraphs in the Grundahl Declaration including Paragraph 27)); *see also Milwaukee*, 2017 WL 2929522, at *1 ("The privilege can be waived when, for instance, the client relies on such communications during legal proceedings. When this occurs, the client can be charged with waiving the privilege not only as to the particular communication that was disclosed, but as to all attorney-client communications concerning the same subject matter.").

In the meet and confer process, Paragon provided representative Seventh Circuit decisions upholding subject-matter waiver of voluntarily disclosed attorney-client privileged

7

communications. (Exhibits 8-9). When asked for any contrary authority, Defendants had none, conceding that "there is no contrary general authority." (Exhibit 10 at 1). Instead, Defendants argued that Paragon did not provide authority "similar to our factual circumstances; presumably as nobody has attempted to argue that waiver occurred in such circumstances." (*Id.*) Paragon disagrees—this is not a case of first impression on the law of subject-matter waiver, nor is this a particularly novel application of the existing law.

In one response, Defendants challenged the applicability of the holding in *Vardon,* one of the cases Paragon identified. The circumstances in *Vardon* are remarkably similar to this case. Vardon directly quoted certain attorney-client communications in its petitions for writs of mandamus to the Seventh Circuit. *Vardon*, 213 F.R.D. at 530. The *Vardon* court "agree[d] that Vardon's voluntary disclosure of portions of the privileged communications in the petition to the Seventh Circuit constituted a waiver of the attorney-client privilege." *Id.* at 532. As to the scope of the waiver, the *Vardon* court noted "[c]ourts in this circuit have held that production of some privileged documents waives the privilege as to all documents of the same subject matter" and, further found that "Vardon's disclosures and direct quotations from Niro, Seavone's November 18, 2002 letter in its petition amount to a subject matter waiver of the attorney-client privilege." *Id.* at 533. This case is directly on point to the present case.[2]

---

[2] Defendants incorrectly suggest *Vardon* is limited to patent-infringement cases. (Exhibit 10 at 1). Defendants also mischaracterize the "rationale for the waiver rule" in *Vardon* (*id.*), which found a party (such as Defendants) should not be permitted to exploit selective disclosures (such as in the Grundahl Declaration) for tactical advantage. *Vardon*, 532 F.R.D. at 532. That is precisely what Defendants are trying to do here--exploit a voluntary privilege waiver of the August 24, 2024 email in pleadings where they think it helps their cause, while simultaneously trying to shield themselves from disclosing the full scope of the quoted communication in responding to Paragon's Request No. 17.

Here, Defendants voluntarily produced the entire August 23, 2024 email between Mr. Grundahl and his attorney Mr. Pasternak and thus voluntarily waived privilege over the subject matter of that email. The subject matter of that email relates to the Defendants' and Mr. Grundahl's alleged trade secrets is highly relevant to the claims and defenses in this case. Under the controlling law, Paragon respectfully submits that Defendants waived their privilege to protect the other related attorney-client communications in their privilege log that directly and indirectly forward or respond to the August 23, 2024 email pertaining to the Defendants' trade secret allegations.[3]

## IV.   CONCLUSION

Accordingly, for the reasons above, Paragon respectfully requests that the Court compel Defendants to fully respond to Paragon's Third Set of Requests for Production within seven (7) days of its Order, including complete production of all of the reply and forwarded emails related to the August 23, 2024 email that are listed on Defendants' privilege log.

Dated:  November 17, 2025

**GASS TUREK LLC**

*Counsel for Plaintiff Paragon Component Systems, LLC*

*s/ Tamar B. Kelber*

Tamar B. Kelber, SBN 1101802
kelber@gassturek.com
Joshua S. Greenberg, SBN 1107959
greenberg@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202

---

[3] Defendants misstate Paragon's position as seeking a "blanket subject matter waiver rule." (Exhibit 10 at 1, 3). Rather, for the reasons above, Paragon believes a proper application of the subject matter waiver rule in this case should require Defendants to produce all of the communications requested in Paragon's Request 17, including all of the emails listed on Defendants' privilege log that are directly related to the waived August 23, 2024 email.