**IN THE UNITED STATED DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

PARAGON COMPONENT SYSTEMS,
LLC,

      Plaintiff,

 v.

QUALTIM, INC., CENTER FOR BUILDING
INNOVATION, LLC, DRJ ENGINEERING,
LLC, INSPIRED PURSUITS, LLC, KIRK
GRUNDAHL, and SUZANNE GRUNDAHL,

      Defendants.

Case No. 3:25-cv-00170-wmc

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT**
**KIRK GRUNDAHL'S MOTION TO STAY**

---

## I.     INTRODUCTION

The Court should deny *pro se* Defendant Kirk Grundahl's Motion to Stay (Doc. 127, "Motion"), which requests a stay of this action until the later-filed action *Inspired Pursuits, LLC v. Paragon Component Systems, LLC*, No. 3:25-cv-75-wmc ("the '75 Action") has been resolved.[1] There are multiple reasons for denying the Motion.

First, the Motion is duplicative of Defendants' pending "Motion to Dismiss or Stay Pending a Parallel Substantive Action," which has been fully briefed. (*See* Docs. 95, 95-1, 99, and 102). For that reason alone, the Motion should be stricken as an unauthorized and unnecessary supplemental filing.

---

[1] *Pro se* Defendant Kirk Grundahl is one of six different defendants in this case. None of the other Defendants joined the pending Motion to Stay the present litigation.

Second, more importantly, Grundahl (again) offers no legitimate justification for staying this case in favor of the later-filed '75 Action. His assertions that the two cases may result in "duplicative discovery" and "inconsistent rulings" are nothing more than unsupported rhetoric. Indeed, the risk of inconsistent rulings is virtually non-existent here given that decisions will be rendered by the same District Court Judge or Magistrate Judge.

Further, Grundahl's motion is based on the false premise that the '75 Action is broader in scope and will decide the software ownership issues in this case. *See, e.g.*, Motion at 7 (incorrectly stating that the '75 Action "will determine ownership, partnership obligations, and related damages"). This action only seeks a declaratory judgment of whether Paragon, as the sole author of the software at issue, is also the sole and exclusive owner of its software and all intellectual property therein. While the '75 Action has some relation to Defendants' attempts to claim authorship and ownership of Paragon's software, the '75 Action does not seek a determination of which party is the owner of the software. In fact, Grundahl's arguments are completely backwards—a finding in *this* case that none of the Defendants have any right, title, or interest in or to Paragon's software would resolve most, if not all, of their claims in the '75 Action, which are based on alleged breaches of agreements and disclosures of trade secrets concerning a "Business Model" that purportedly transferred ownership of Paragon's software to Grundahl and his companies. Further, as detailed below, Grundahl's assertion that the two actions involve "similar adjudication issues" directly contradicts his previous filings that assert the opposite.

Third, Paragon will be severely prejudiced if this action were stayed. This case has progressed substantially further than the '75 Action: The parties here have exchanged written discovery, exchanged substantial document productions (including a subpoenaed third-party production) on a rolling basis over a period of several months, met and conferred on various

outstanding discovery issues, filed two motions to compel, and are on the verge of taking depositions. In contrast, no discovery has occurred in the '75 Action, with the exception of Grundahl's first set of document requests, served just a few days before this Motion. Paragon has diligently prosecuted its declaratory judgment action from the inception. Halting those efforts now in favor of an action that has barely begun discovery does not promote judicial efficiency; it undermines it.

Fourth, Grundahl's motion is a transparent attempt to avoid (or delay) his and his companies' discovery obligations, which currently are the subject of two pending motions to compel. (Docs. 117, 128). Notably, Grundahl filed this motion to stay (his second) while the parties were meeting and conferring about Grundahl's and/or his companies' failure to produce certain documents for which he waived the attorney-client privilege, which is the subject of Paragon's second motion to compel (see Doc. 128). It is no coincidence that Grundahl filed this motion only shortly after Paragon indicated it would file another motion to compel based on his refusal to produce responsive documents. By seeking a stay, Grundahl attempts to stymie Paragon's legitimate efforts to obtain critical documents and information bearing on his and his companies' alleged trade-secret assertions.

Finally, at the scheduling conferences with Magistrate Judge Boor, the parties agreed to have the trials in this action and the '75 Action set separately with this case being set first. Grundahl's counsel at that time participated in the case scheduling conferences and agreed to the Magistrate Judge's case schedules in both this action and the '75 Action. Neither Grundahl nor any of his associated companies voiced or filed any objection to these cases being set in this manner. The schedules have been in place and have governed the litigation since early May 2025. Grundahl should not now be heard to complain otherwise.

For all these reasons, further detailed below, Grundahl's motion should be denied.

## II.     ARGUMENT

### A.     The Relevant Factors Weigh Heavily Against a Stay

Courts in this district "often consider the following factors when deciding whether to stay an action: (1) whether the litigation is at an early stage, ... (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.,* 691 F. Supp. 2d 915, 920, 921-22 (W.D. Wis. 2010) (citations omitted) (denying motion to stay because it was "uncertain whether the state court action will simplify or resolve the issues of this case so as to substantially advance judicial economy and because granting a stay would prejudice plaintiff ...."); *see also Seaquist Closures LLC v. Rexam Plastics,* 2008 WL 4691792, at *1 (E.D. Wis. Oct. 22, 2008); *Tap Pharmaceutical Prods., Inc. v. Atrix Laboratories, Inc.,* 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004); *Baxter Int'l, Inc. v. Fresenius Medical Care Holdings, Inc.,* 2008 WL 4395854, at *3 (N.D. Ill. Sept. 25, 2008)).

Grundahl comes nowhere close to meeting the criteria for a stay.

### 1.     *This litigation is not at the early stages*

Paragon filed this case in the Eastern District of Tennessee in July 2024. (Doc. 1). Since the case was transferred to this district, the parties have continued exchanging written discovery, produced thousands of pages of documents on a rolling basis over a period of months, met and conferred on various outstanding discovery issues, filed motions to compel (Docs. 117, 128), and

are on the verge of taking depositions.[2] Additionally, Paragon has moved to file a supplemental Complaint to add a tortious interference claim based on Grundahl's interference with Paragon's efforts to market the Paragon software and his public disparagement of Paragon and its software product. (Doc. 52). In contrast, the '75 Action has barely begun. Apart from a single set of written discovery requests that Grundahl served shortly before filing this Motion, no discovery has taken place. Grundahl has taken no other steps to prosecute the '75 Action. This factor strongly weighs in favor of denying a stay of this progressed and developed case.

### 2.    *A stay will unduly prejudice and disadvantage Paragon*

The Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202) allows for the "efficient resolution of disputes by an early adjudication of the rights of the parties." *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010). In view of Grundahl's baseless authorship/ownership claims and threats to sue Paragon to assert ownership of Paragon's software, Paragon sought a judicial declaration to clarify the public record that it is the sole and exclusive owner of its software and all intellectual property rights (including trade secrets) therein as it marketed and sold its software. Paragon has diligently prosecuted this action and, as indicated above, undertaken substantial discovery to both prove its claim of ownership and disprove Defendants' contrary claims.

Staying Paragon's efforts in favor of the '75 Action would not only severely prejudice Paragon but would also undermine judicial efficiency and the purposes of the Declaratory Judgment Act. Specifically, staying this case would result in Grundahl and his companies avoiding or delaying their discovery obligations while allowing him to continue interfering with and

---

[2] On November 17, 2025, Paragon issued a 30(b)(6) Notice to Defendant Inspired Pursuits, LLC in this action. A copy of the Notice is attached as Exhibit A.

obstructing Paragon's business with false ownership claims in the marketplace. Tellingly, the instant motion was filed while the parties were meeting and conferring about Grundahl's and/or his companies' failure to produce certain key documents for which he waived the attorney-client privilege. These documents are now the subject of Paragon's second motion to compel (*see* Doc. 128). Grundahl's obvious attempt to stymie Paragon's discovery efforts and substantially delay any finding in this action will place Paragon at a severe and unwarranted disadvantage. The prejudice to Paragon strongly outweighs the need for a stay.

       3.     *A stay would neither simplify the issues nor reduce the litigation burden on the parties and the Court.*

Grundahl offers no explanation for how a stay would simplify the issues or ease the litigation burden. In fact, a stay would do the opposite. A stay would complicate and duplicate matters, forcing discovery between the parties back to square one. Presumably, the same or similar discovery disputes will arise, requiring another set of motions to compel in the '75 Action. Paragon would need to seek leave from the Court to add its claims for declaratory relief and tortious interference to the '75 Action. Further, given that the '75 Action is subject to motions to dismiss and remand,[3] its future is uncertain. Therefore, in addition to resulting in duplicative refilings and confusion, it makes no sense to stay this action in favor of one that may soon be dismissed or remanded. These factors also weigh decidedly against a stay.

**B.    Grundahl's Arguments Lack Merit**

       1.     *The present action is not an impermissible anticipatory filing*

Just as in his original Motion to Dismiss or Stay (Docs. 95, 95-1), Grundahl again mischaracterizes this action as an impermissible anticipatory filing in which Paragon sought to

---

[3] The motion to remand appears to be moot, as Grundahl is moving to stay this action so that this Court may proceed with the '75 Action.

avail itself of the "first in time" rule. Not so. Paragon has already thoroughly briefed that issue and negated Grundahl's position, *see* Doc. 99 at 9-13. Paragon will not repeat those arguments here except to say that rules against improper anticipatory filings are typically limited to instances where the two actions are pending in different venues. *See, e.g., Barrington Grp., Ltd. v. Genesys Software Sys., Inc*., 239 F. Supp. 2d 870, 873 (E.D. Wis. 2003) ("[P]riority in time will not be enforced where the first-filed action is seen as *an 'improper anticipatory filing'—that is, a filing made* under threat of an imminent suit and asserting the mirror image of that suit *in another district.''*) (emphasis added).

Here, because the two actions are now pending before the same judge in the same district, the concerns of judicial efficiency that underpin the Declaratory Judgment Act are well served by allowing Paragon's declaratory judgment action to proceed in tandem with the '75 Action. *See Med. Assurance Co.,* 610 F.3d at 381 ("The purpose of the Declaratory Judgment Act is to facilitate efficient outcomes.").

2.     *The authorities cited by Grundahl do not support a stay*

Many of the cases that Grundahl cites[4] involve application or discussion of the *Wilton-Brillhart* abstention doctrine, which may be invoked when a federal court "[is called upon] to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)). *See also Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986

---

[4] *See* Brief in Support of Kirk Grundahl's Motion to Stay, Doc. 127 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–90 (1995); *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 62 S. Ct. 1173, 86 L.Ed. 1620 (1942); *R.R. St. & Co. v. Vulcan Materials Co.,* 569 F.3d 711, 714 (7th Cir. 2009); *Med Assurance Co., Inc. v. Helman*, 610 F.3d 371 (7th Cir. 2010).

(7th Cir. 2010) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) ("[T]he *Wilton/Brillhart* abstention doctrine appropriately applies in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists.").

For abstention under *Wilton/Brillhart* to even be considered, there must both be a "parallel" state court proceeding that presents the "same issues" between the "same parties." There being no state court action or identical parties, Grundahl cannot satisfy these basic requirements. The cited cases are inapposite.

Even if the *Wilton/Brillhart* doctrine were otherwise applicable (it is not), it would not operate to stay this action because Paragon's lawsuit is not limited to seeking declaratory relief. The Seventh Circuit has made clear that district courts must retain jurisdiction of the declaratory action when the action includes coercive claims that are independent of the declaratory relief sought. *See R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 714 (7th Cir. 2009) (finding the "district court lacked discretion under the *Wilton/Brillhart* doctrine to dismiss the non-declaratory claims and should have exercised its discretion under that doctrine to retain the declaratory claim"). Paragon has filed a motion to supplement the Complaint to add coercive claims for tortious interference against many of the Defendants, including Grundahl. (Docs. 52, 94). These claims accrued after this lawsuit was filed and, though related to the Paragon software, are independent of the declaratory relief sought. They arise from Grundahl's disparaging email communications to Paragon's existing and prospective customers in the truss industry, in which Grundahl (1) improperly comments on this pending litigation; (2) falsely accuses Paragon of practicing engineering without a license; (3) falsely accuses Paragon of misappropriating trade secrets; (4) falsely accuses Paragon of felony theft of trade secrets; (5) falsely accuses Paragon of unlawfully

publicizing trade secrets; and (6) otherwise falsely depicts Paragon as engaging in improper and unlawful conduct. *Id.*

Grundahl cites several similarly inapposite cases and misrepresents other cases' holdings. For example, Grundahl repeatedly cites *R.R. St. & Co.* for the proposition that the Seventh Circuit affirmed the discretionary stay of a declaratory judgment action in favor of "related coercive litigation to promote judicial economy." (Doc. 127 at 4, 6, 8). The Court did no such thing. Rather, it ***reversed*** the district court's decision to dismiss the declaratory action under the *Wilton/Brillhart* abstention doctrine. 569 F.3d at 717.

Grundahl's reference to *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221 (7th Cir 1993) is particularly unhelpful. That case involved a plaintiff who filed two identical lawsuits in the same district before different judges, and the Seventh Circuit held the trial court did not abuse its discretion in dismissing the later-filed duplicative action. 3 F.3d at 224.

Nor does *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973 (7th Cir. 2010) support Grundahl's position. That case merely held that the first-to-file rule does not limit a district court's analysis of whether a case should be transferred under 28. U.S.C. § 1404(a). It has no application here.

### 3.    *Grundahl contradicts himself to support his motion for stay*

Grundahl asserts that a stay is warranted because the '75 Action and this one involve "similar adjudication issues." (Doc. 127 at 2). However, his previous filings asserted the complete opposite. Consider, for example, the position taken in support of remand in the '75 Action in which he (and the other plaintiffs) argue the action is about a purported "Business Model" and not ownership of Paragon's software, which is the subject of the present case:

- Arguing the '75 Action "is about an agreed business model ('Model') … [and it] is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38 in the '75 Action at 1-2).

- "This case [the '75 Action] is strictly about the confidentiality of the Model." (*Id.* at 3).

- "Regardless of who owns the Software, the damage here stems from the breached confidentiality of the Model." (*Id.* at 4).

- "Once again, ownership nor authorship are not being addressed here but in the parallel case. *Paragon v. Inspired Pursuits et al*, Case No. 25-CV-00170." (*Id.* at 4).

- "[T]he ['75 Action] Complaint at its face is about the Model …. [C]opyright issues simply do not arise in this case." (*Id.* at 4-5).

- "Even if Plaintiffs replace the [Paragon] Software with another software, the Model has now been made public, and Defendants continue to discuss and misappropriate Plaintiff's trade secrets." (*Id*. at 5).

Grundahl cannot have it both ways. He should not be permitted to assert in the '75 Action that the two actions involve mutually exclusive issues—*i.e.*, software copyright issues versus confidentiality of his purported business "Model"— while simultaneously seeking to stay this case because of their purported similarities.

Next, Grundahl argues, without any record support, that "[p]roceeding in parallel would duplicate discovery, motion practice, and trial preparation and would risk inconsistent rulings." (Doc. 127 at 2). It would not. No duplicative discovery or motions have occurred, and the alleged risk of inconsistent rulings on issues is highly unlikely given that both cases are pending before the same judges. Further, Grundahl's prior counsel participated in the scheduling conferences for both actions and agreed to the current schedules on behalf of all of the Defendants. Grundahl's

10

prior counsel did not seek to impose any conditions or objections on the case schedules. The schedules were entered and have governed this litigation since May of 2025. There is no legitimate basis for Grundahl to now complain about the case schedules to which he, and in fact all of the parties, previously agreed.

Paragon has substantially completed its document production, filed two motions to compel against the Defendants, has requested a 30(b)(6) deposition of Defendant Inspired Pursuits, LLC, and stands ready to proceed on its tortious-interference claims[5] against Grundahl and his companies should the Court grant its pending motion to file a supplemental Complaint. Paragon is working diligently to prepare its case for trial. The fact that there are overlapping parties in the two cases has not impeded discovery to date and is not a basis to stay the entire case.

## III.    CONCLUSION

For the reasons above, Paragon respectfully submits that Grundahl's Motion should be denied. Further, given that the Motion is duplicative of another pending motion and contains inconsistencies and inaccuracies as detailed above, Paragon also respectfully requests any other relief as the Court deems just and proper.

Dated: November 20, 2025

                              GASS TUREK LLC

                              *Counsel for Plaintiff Paragon Component Systems, LLC*

                              *s/ Tamar B. Kelber*
                              Tamar B. Kelber, SBN 1101802
                              kelber@gassturek.com

---

[5] Paragon has also submitted discovery relating to these claims, but Defendants refuse to provide substantive responses on the grounds that the Court has not granted Paragon's pending motion to file its supplemental Complaint. (*See* Doc. 117 at 9.)

Joshua S. Greenberg, SBN 1107959
greenberg@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202