**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:25-cv-00170-wmc |
| ) | |
| QUALTIM, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RULE 30(B)(6) NOTICE TO DEFENDANT INSPIRED PURSUITS, LLC**

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff will take the deposition of the designated corporate representative of Defendant Inspired Pursuits, LLC upon oral examination commencing on December 5, 2025, beginning at 9:00 AM CST, at the law offices of Gass Turek LLC, 241 North Broadway, Suite 300, Milwaukee, Wisconsin, or at any other location and time that is mutually agreed upon by the parties, continuing from business day to business day thereafter until completed.

This deposition will be recorded stenographically by a certified court reporter or other officer authorized by the law to administer oaths and may be videotaped. The deposition is being taken for the purpose of discovery and for use at the trial as well as other purposes permitted by law. The list of topics for examination are attached as **Exhibit A**.

As required by Fed. R. Civ. P. 30(b)(6), Defendant shall designate one or more officers, directors, or managing agents (or other persons who consent to testify on its behalf) to testify about the matters listed on **Exhibit A**, which is attached hereto.

Respectfully submitted this 17th day of November 2025.

1

*s/* Stephen E. Kabakoff

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Erin.Steelman@millermartin.com

Tamar B. Kelber, SBN 1101802
Joshua S. Greenberg, SBN 1107959
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
Telephone: (414) 223-3300
kelber@gassturek.com
greenberg@gassturek.com

*Attorneys for Plaintiff Paragon Component Systems, LLC*

## EXHIBIT A

## DEFINITIONS

A. "Defendant" or "You" means Inspired Pursuits, LLC and all parents, subsidiaries, affiliates, and related companies to any of the foregoing and all owners, employees, members, directors, officers, agents, contractors, consultants, and representatives of any of the foregoing.

B. "Defendants" collectively means You and all of the other named defendants in the present litigation including Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Kirk Grundahl, and Suzanne Grundahl.

C. "Paragon" or "Plaintiff" means Paragon Component Systems, LLC.

D. "Paragon Truss Software" or "Paragon Software" means all software, including all computer programs, computer applications, source code, object code, application programming interfaces, software architecture, functionality, design, and user interfaces, and all software versions of each of the foregoing, and all user and developer documentation describing any of the foregoing, that are (1) used in or made available to customers through www.paragontruss.com or www.trusspal.com or (2) authored in part or in whole by Paragon or its employees, agents, consultants, contractors, members, or officers or (3) owned by Paragon (not including any software owned by third persons that is licensed by Paragon, such as Microsoft Office software).

E. "Paragon Truss Marks" means all trademarks, service marks, and trade dress that are used in commerce as a source identifier of Paragon to sell, offer for sale, promote, advertise, market, or distribute the Paragon Truss Software or any portion thereof, including without limitation software names, logos, non-functional looks and feels of user interfaces, screen

3

displays, and distinctive colors and designs as well as the wordmarks "Paragon Truss" and "Truss Pal" and any associated design marks.

F. "Person" means any natural person as well as any corporation, company, firm, sole proprietorship, association, partnership, joint venture, government agency or department, and any other entity, organization, or group of persons.

G. Whenever the terms "and" or "or" are used, they should be construed conjunctively or disjunctively as necessary to make the Interrogatory inclusive rather than exclusive.

## TOPICS FOR EXAMINATION

1. All contracts or agreements, written or oral, that You contend exist between any of the Defendants and Dan Holland or between any of the Defendants and the Estate of Dan Holland, and all evidence demonstrating the existence of such agreement(s).

2. All contracts or agreements, written or oral, that You contend exist between any of the Defendants and John Holland, and all evidence demonstrating the existence of such agreement(s).

3. All contracts or agreements, written or oral, that You contend exist between any of the Defendants and Paragon, and all evidence demonstrating the existence of such agreement(s).

4. All contracts or agreements, written or oral, that You contend exist between any of the Defendants related to the Paragon Truss Software, and all evidence demonstrating the existence of such agreement(s).

5. All contracts or agreements, written or oral, that You contend exist between any of the Defendants and Clearspan Components, Inc. related to Paragon or the Paragon Truss Software, and all evidence demonstrating the existence of such agreement(s).

6. The complete basis for Your contentions that (a) any Defendant has any ownership interest in or to Paragon Component Systems (as a company) or the Paragon Truss Software, including any communications, agreements, or understandings between the parties regarding ownership rights and the Defendants' respective ownership interests, or (b) that any Defendant or agent or employee of any Defendant authored any portion of the Paragon Truss Software and which portions of the Paragon Truss Software were so authored.

7. Your contention regarding relevance of Clearspan and the Estate of Dan Holland to any Defendants' ownership claims of the Paragon Truss Software.

4

8. All software code that You contend was written by any Defendant and incorporated into the Paragon Truss Software, including identification of all specific source code files and methods, classes, or functions (and portions thereof) that You contend were authored by any Defendant in whole or in part.

9. Any alleged contributions that You contend were made by Defendants to the development, design, or implementation of the Paragon Truss Software, including all patentable inventions, copyrightable works, and trademarks that You contend are owned by any Defendant and incorporated into the Paragon Truss Software.

10. All software code that You contend was written by any Defendant and incorporated into the Computruss software, including identification of all specific source code files, scripts, macros, modules, libraries, or other source code (and portions thereof) that You contend were authored by any Defendant in whole or in part.

11. Any alleged contributions that You contend were made by Defendants to the development, design, or implementation of the Computruss software for use by Paragon, Clearspan Components, Inc., or any of the Defendants.

12. All compensation that You received as a result of engineering consulting services provided by any Defendants (collectively or individually) to Paragon.

13. All communications between Defendants and Paragon, including letters, emails, and other correspondences, including all such communications containing any assertions, claims, demands, or threats of litigation regarding ownership, co-ownership, or authorship of the Paragon Truss Software made by Defendants prior to the passing of Dan Holland.

14. Your contentions of any ownership interest by Kirk Grundahl or Suzanne Grundahl, in their individual capacities, of any intellectual property, including trade secrets, at issue in this litigation.

15. Your contentions concerning the nature and scope of all engineering consulting services provided by Defendants (collectively or individually) to Paragon, including all testing, verification, and other information or services that Defendants provided to Paragon in connection with the Paragon Truss Software.

16. The formation, ownership structure, current and past employees, operating agreement (and any amendments thereto), and business purpose of Inspired Pursuits, LLC and its alleged connection to Paragon or the Paragon Truss Software, including any supporting documents or other supporting evidence.

17. All direction or control that You contend that Inspired Pursuits, LLC has over the management, operations, and decision making of Paragon or any other Defendant and the complete basis for any such contention.

18. How Inspired Pursuits, LLC makes its business decisions after the passing of Dan Holland and the role of the Estate of Dan Holland, Paragon, and any other Defendant in making those business decisions.

19. All contracts, agreements, and proceedings that Inspired Pursuits, LLC has entered into after the passing of Dan Holland and the role of the Estate of Dan Holland, Paragon, and any other Defendant in pursuing those contracts, agreements, and proceedings.

20. The relationship between Inspired Pursuits, LLC and Endless Inventions, LLC over all time and all research and development, products, and intellectual property relating to the relationship of these entities.

21. The relationship between Inspired Pursuits, LLC and Clearspan Engineering, LLC over all time and all research and development, products, and intellectual property relating to the relationship of these entities.

22. The relationship between Inspired Pursuits, LLC and Little Engine, LLC over all time and all research and development, products, and intellectual property relating to the relationship of these entities.

23. The relationship between Inspired Pursuits, LLC and Moon Mountain Network, Inc. over all time and all research and development, products, and intellectual property relating to the relationship of these entities.

24. All communications, written or oral, between You or any other Defendants and the SBCA regarding Paragon Component Systems (as a company) or the Paragon Truss Software.

25. The nature and identity of all trade secrets that You contend belongs to one or more of the Defendants or that is at issue in this litigation, including all trade secrets that You contend any Defendant contributed to the Paragon Truss Software, the circumstances under which such alleged trade secret was provided to Paragon, and all evidence demonstrating why You believe any such information provided to Paragon qualifies as a trade secret.

26. Your policy for marking documents as "confidential" or containing "trade secrets."

27. All measures taken by Inspired Pursuits, LLC to protect any alleged trade secrets or confidential information related to the Paragon Truss Software, and any agreements or understandings regarding confidentiality with Paragon.

28. All alleged trade secrets or other confidential information contained in the exhibits to the Complaint filed in this action and all of Your factual bases supporting such allegations.

29. All communications between Defendants and any third parties regarding or related to the matters addressed in any of the emails contained in Documents 53-2, 53-3, and 53-4 filed in this action, including the identity of each such third party.

30. Verifications of all of the interrogatory responses that the Defendants jointly have served in this litigation to date, including within the body of emails and in attachments to emails.

31. Your investigation into and responses to discovery requests served in this case.

32. Your efforts to collect and produce documents in this case, including search methods, search terms, and custodians from whom documents were collected, and the identifications of all document repositories and storage systems that You use in the ordinary course of business.

33. Your complete factual bases for all claims and defenses that You are asserting in this case.

34. All documents produced in this case, whether by Defendants, Paragon, or pursuant to any third party subpoenas.