UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS,
LLC,

       Plaintiff,

v.                                                                    Case No. 3:25-cv-00170-wmc

QUALTIM, INC., CENTER FOR BUILDING
INNOVATION, LLC,
DRJ ENGINEERING, LLC, INSPIRED
PURSUITS, LLC, KIRK GRUNDAHL, and
SUZANNE GRUNDAHL,

       Defendants.

---

**RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL**

---

NOW COME Defendants, Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl, (collectively "Defendants") and for their Response to Plaintiff's Second Motion to Compel, provide as follows:

The Plaintiff, Paragon Component Systems, LLC, ("Plaintiff"), despite their certification otherwise, has not complied with Federal Rule of Civil Procedure 37(a)(1). Plaintiff's counsel did not complete good faith attempts to confer before filing the instant Motion to Compel ("Motion"). Instead, their intention is apparent from their Motion where they accuse the Defendants of "request(ing) more time to meet and confer, presumably, to buy time for Mr. Grundahl to prepare and file his pending motion to stay." Doc. 128, Pg. 4, FN 1.

Based upon the above, it appears Plaintiff's counsel simply got angry that Mr. Grundahl had filed a motion to stay and as such without notice unilaterally terminated FRCP 37 meet and confer discussions.

At no time did the Defendants provide they had made a final decision to refuse to produce the requested email chain. At no time did Plaintiff complain their position was being "misstate[d]" nor did they propose to limit their demands such that the "proper application of the subject matter waiver rule in this case," *only requires disclosure of the email chain sought by Paragon's Request 17*. Doc. 128, Pg. 9, FN 3.

At the outset, the Defendants provided a detailed privilege log pursuant to FRCP 26(b)(5). *See* Doc. 129-4. As evidenced by the emails accompanying the Motion (Doc. 129-10), the Defendants promptly provided detailed explanations of their legal positions and regarding applicable authorities. The Defendants' last email of October 30, 2025, addressed distinctions from the "blanket-waiver" general authority being claimed applicable by Plaintiff, and further proffered the decision in *Hollinger Int'l Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 518 n. 12 (N.D. Ill. 2005), raising the issue of work-product privilege for the responsive email by Attorney Pasternak to Mr. Grundahl.

In response to the above, Defendants received an auto-reply email from one of Plaintiff's counsel stating that she was "out of the office from Thursday, October 10th until Tuesday, November 4th." A copy of the email is filed herewith as Exhibit A. The Defendants never received another contact from Plaintiff's counsel before the filing of the instant Motion.

Not surprisingly, Plaintiff fails to address the *Hollinger Int'l Inc.* decision and/or the issue of attorney work-product in their Motion.

Typically, the above would be of no great consequence if the parties were truly at impasse and required the Court's intervention. Here, however, the Defendants know the contents of the emails being sought and the Plaintiff does not; Defendants are aware of the "significance" or lack thereof of the contents to the litigation.

The Defendants were entitled by the meet and confer process to discern the Plaintiff's position and consider authorities and to possibly be persuaded thereby. To the extent the Court continues to entertain this Motion, the Defendants' opposing arguments and authorities are detailed in the emails submitted with the Motion. *See* Doc. 129-10. If the Court considers the Motion, the Defendants respectfully request the Court conduct an in-camera review of the subject emails prior to ruling.

Further, the Defendants were entitled by the meet and confer process to attempt to resolve the issue of attorney work-product and obtain Plaintiff's concession as described in their Motion at Doc. 128, Pg. 9, FN 3, that they would not seek application of "blanket-waiver" for other emails, email chains or other correspondence, communications or related documents.

After consideration, and with knowledge the contents of the subject emails are evidentiarily insignificant to the litigation, the Defendants do not wish to burden this Court with reviewing documents and determining the legalities of applicable privileges.

Based on the above, although Defendants do not believe authorities compel their production, Defendants agree to voluntarily produce the subject emails in advance of the scheduled hearing. As such, Defendants request the Motion to Compel be denied as moot.

Dated this  1st  day of December, 2025.

<div style="margin-left: 40%;">

**MURPHY DESMOND S.C.**
Attorneys for Defendants Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number:  1118960
    33 East Main Street, Suite 500
    Madison, WI  53701-2038
    Phone:  (608) 257-7181
    Fax:  (608) 257-2508
    ssalemi@murphydesmond.com

</div>

4927-3128-0509, v. 1