# Exhibit 2



1180 W. PEACHTREE STREET, NW
SUITE 2100
ATLANTA, GA  30309-7706
404-962-6100
FAX 404-962-6300

STEPHEN E. KABAKOFF
Direct Dial 404-962-6494
Direct Fax 404-962-6300
Stephen.Kabakoff@millermartin.com

January 6, 2026

Mr. Scott G. Salemi
Murphy Desmond S.C.
33 East Main Street Suite 500
Madison, WI 53703-3095

*VIA EMAIL*
**(ssalemi@murphydesmond.com)**

> **Re:** ***Inspired Pursuits, LLC et al v. Paragon Component Systems, LLC, et al.***
> **U.S. Dist. Court W.D. Wis. Case No. 3:25-cv-00075-wmc**
> **Paragon's Discovery Responses**

Dear Scott:

I am writing in response to your December 31, 2025, letter challenging the sufficiency of Defendants Clearspan Components, Inc. and Paragon Component Systems, LLC's responses to written discovery requests served by *pro se* Plaintiff Kirk Grundahl.

There are two fundamental threshold issues that need to be addressed before responding to the substance of your letter.

First, it is our understanding based on the Court's docket that you only represent the corporate entity plaintiffs and Suzi Grundahl in this litigation. Your clients did not serve the discovery requests at issue. Indeed, your letter acknowledges that "represented Plaintiffs have not yet served their own requests for production." The requests at issue were served only by *pro se* Plaintiff Kirk Grundahl in his individual capacity. Thus, it is confusing why we're receiving a letter from you regarding the discovery requests served only by *pro se* Plaintiff Kirk Grundahl. Mr. Grundahl elected to represent himself *pro se* in this litigation and cannot pick and choose when to be represented by counsel. Unless you now represent him, your clients do not have standing to challenge the responses Paragon provided to Mr. Grundahl's discovery requests. Please clarify whether you are, indeed, now representing Mr. Grundahl in this litigation in light of your most recent correspondence.

Second, though your letter addressed only to Miller & Martin challenges responses of both Clearspan and Paragon, we do not represent Clearspan in this litigation. Clearspan is a separate entity represented by its own counsel. This response is not made by or on behalf of Clearspan, and all future correspondence concerning Clearspan should be directed to its own counsel of record.

Regions Plaza Suite 2100
1180 West Peachtree Street, N.W. | Atlanta, GA | 30309-3407
Office 404.962.6100 Fax 404.962.6300
millermartin.com

ATLANTA
CHARLOTTE
CHATTANOOGA
NASHVILLE

Mr. Scott G. Salemi
January 6, 2026
Page 2

As to the substance of your letter, we wholeheartedly disagree with your positions. I will address each issue in turn below.

### 1. Document Production

Regarding Paragon's production of documents, Paragon is not arbitrarily withholding documents from Plaintiffs, as your letter suggests. Paragon never refused to produce non-privileged, responsive documents that exist. Instead, Paragon simply premised its future document production on modification of the Agreed Protective Order (Doc. 42-1) entered when all parties were represented by counsel (i.e., before Plaintiff Kirk Grundahl elected to proceed *pro se* in this litigation). There are legitimate reasons why the Agreed Protective Order needs to be revised to account for Mr. Grundahl's *pro se* status, particularly considering the sensitivity of the information sought. As it stands, there are no protections in place that account for Mr. Grundahl's status as a *pro se* litigant and, thus, the current protections are inadequate to address Paragon's confidentiality concerns.[1]

Your letter states that "[i]f Defendants believe modification of the Protective Order is required, the appropriate course is to seek relief from the Court." Mr. Grundahl's position is perplexing given that, prior to sending your December 31st letter, you circulated a draft proposed amended protective order for Paragon's consideration. As you know, Plaintiffs and Paragon are actively engaged in efforts to modify the Agreed Protective Order by agreement. However, as noted above, there are other Defendants represented by separate counsel that must be included in the modification discussions.

Thus, it remains Paragon's position that, subject to Paragon's objections, non-privileged, responsive documents that are relevant and proportional to the needs of this case will be produced after the Agreed Protective Order is appropriately modified to account for Mr. Grundahl's status as a *pro se* litigant.

### 2. General Objections

Your letter broadly claims that Paragon's general objections are improper. You cite no authority in support of your position, nor do you identify any specific requests/responses for Paragon to revisit. We remain willing to meet-and-confer with *pro se* Plaintiff Kirk Grundahl about specific discovery requests/responses he seeks to challenge. However, as framed in your letter, Paragon cannot adequately respond.

---

[1] Your premise that "[m]ost of Plaintiff Grundahl's requests seek documents that would not qualify for 'Attorneys' Eyes Only' or 'Highly Confidential – Source Code' designations,'" is unfounded. It is up to the producing party – i.e., Paragon – to make that initial determination.

Mr. Scott G. Salemi
January 6, 2026
Page 3

3.    *Source Code*

We understand that *pro se* Plaintiff Kirk Grundahl disagrees with Paragon's position that source code is irrelevant to the claims at issue in this litigation. Paragon stands on that objection. It is clear from the Amended Complaint that "the core of this case is a business model" not Paragon's Truss Software. Indeed, the Amended Complaint takes the position that Paragon's declaratory judgment action is the only case concerning "authorship and ownership of the software" and the Plaintiffs' separate business-model action can be "adjudicated independently." Paragon's Truss Software is not at issue here; thus, any discovery requests seeking production of the source code for the Paragon Truss Software is misplaced.

Your letter claims the "Agreed Protective Order expressly contemplates source code production and provides heightened protections." While true, as noted above, the Agreed Protective Order does not account for Kirk Grundahl's status as a *pro se* litigant. Nor does this provision absolve Mr. Grundahl from his burden of showing that the source code is otherwise discoverable under Fed. R. Civ P. 26 and 34. The Agreed Protective Order needs to be modified to account for Mr. Grundahl's status and rights as a *pro se* litigant to adequately protect the confidentiality of Paragon's source code were it ordered to be produced.

4.    *Specific Deficiencies*

Your letter identifies nine discovery requests/responses for Paragon: Requests for Production Nos. 3, 8, 9, 17-19, 36-37, and 20.

As to Request for Production No. 3 and No. 8, *pro se* Plaintiff Kirk Grundahl used broad, undefined technical terms to request information from Paragon, but Paragon had no basis for interpreting those terms for purposes of responding. Mr. Grundahl did not define such terms at the outset of his discovery requests, as is common practice. Nevertheless, based on its best interpretation, Paragon responded that it would produce documents after the Agreed Protective Order is appropriately modified to account for Mr. Grundahl's *pro se* status. After responsive documents are produced, if Mr. Grundahl believes deficiencies remain, Paragon remains willing to meet-and-confer in good faith.

As to Request for Production No. 9, which confusingly seeks "*internal* analyses and communications *with Clearspan/third parties*" regarding ownership of the Paragon software, Paragon noted its confusion and willingness to meet-and-confer about the documentation sought. Your letter simply states that "Paragon's authorship/ownership claims are directly probative of Defendants' knowledge and intent" and makes no effort to clarify what documentation is sought from Paragon. Nevertheless, Paragon again responded that, subject to its objections, it would produce documents after the Agreed Protective Order is modified and remains willing to meet-and-confer with Mr. Grundahl should he believe deficiencies remain after reviewing the production.

Mr. Scott G. Salemi
January 6, 2026
Page 4

As to Requests for Production Nos. 17-19 and 36-37, which you categorize as requests seeking "Financial Records," Paragon stands on its objection that these requests are entirely overbroad. Mr. Grundahl's requests seek a broad array of financial documents dating back to 2016 and (through you) claims such information is "relevant to damages, the existence of profit-sharing arrangements, and the economic value of the alleged trade secrets." However, the Amended Complaint alleges that Plaintiffs began to suffer damage in 2024, after Dan Holland passed away and Defendants allegedly "breached all contracts and agreements and severed the partnership and continue to use the Developed TS/IP without compensation to the Plaintiffs." It is therefore unclear why Plaintiffs would need nearly *every* financial record Paragon has dating back to 2016 to support their damages claims, to demonstrate a profit-sharing arrangement, and to prove the value of their own trade secrets. Paragon remains willing to meet-and-confer with Plaintiff Kirk Grundahl about the financial information actually needed but, as noted above, will only consider producing such sensitive information in this litigation after the Amended Protective Order is appropriately modified to account for Mr. Grundahl's *pro se* status and the highly sensitive nature of this type of information.

As to Request for Production No. 20, Plaintiff Kirk Grundahl broadly seeks "[r]ecords of return or destruction of Plaintiffs' information and access revocation logs for shared drives, repositories, or Slack Connect workspaces (2016 to present). Again, though the Amended Complaint is premised on allegations that Paragon severed a business partnership with Plaintiffs in 2024, Mr. Grundahl seeks records dating back to 2016. Moreover, neither Request No. 20 nor your letter make any effort to clarify exactly what documents are sought. Paragon remains willing to meet-and-confer with Mr. Grundahl about the information he seeks to discover.

In sum, your letter is misplaced and premature. Mr. Grundahl, as a *pro se* litigant, must fight his own discovery battles and, in doing so, must direct correspondence to the attorneys who actually represent the relevant parties. Mr. Grundahl's "meet-and-confer" letter makes no real effort to specifically identify legitimate deficiencies, clarify what information is sought, or connect the broad discovery requests to the operative complaint. Paragon remains willing to meet-and-confer with you (if you indeed represent Mr. Grundahl) or Mr. Grundahl (should he maintain his *pro se* status) about its responses to the discovery requests, as well as amending the Agreed Protective Order to account for Mr. Grundahl's *pro se* status. We do not consider the parties to be at an impasse on these discovery issues at this juncture. We look forward to hearing from you in effort to resolve any outstanding discovery issues.

Sincerely,

Stephen E. Kabakoff