# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Plaintiffs,

    V.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, LLC, and THE
ESTATE OF DANIEL HOLLAND EX REL.
SPECIAL EXECUTOR MARVIN B. SPEED,

        Defendants.

Case No. 3:25-cv-00075-wmc

---

**DEFENDANT PARAGON COMPONENT SYSTEMS, LLC'S RESPONSE TO
REPRESENTED PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS**

Under Federal Rules of Civil Procedure 26 and 34, Defendant Paragon Component Systems, LLC hereby responds to Plaintiffs Inspired Pursuits, LLC, Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, and Suzanne Grundahl's ("Plaintiffs") First Set of Requests for Production of Documents as follows.

**GENERAL OBJECTIONS**

The following general objections apply to and are incorporated by reference into Paragon's response to each Request for Production, as if fully set forth herein:

A.    Paragon objects to Plaintiffs' instructions and definitions to the extent such instructions and definitions are inconsistent with Federal Rule of Civil Procedure 26 and/or the Local Rules of this Court.

40895197v4

B.      Paragon objects to each Request for Production to the extent that it seeks discovery or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection. Any inadvertent disclosure of material or information protected by any such privilege or protection is not intended as, and should not be construed to constitute, a waiver. For purposes of responding to these requests, Paragon will construe each request as not seeking legal memoranda, drafts of pleadings, attorneys' notes, communications among counsel, documents prepared in anticipation and/or in connection with litigation, documents prepared by or at the request of counsel, or other privileged or protected documents and information.

C.      Paragon objects to each Request for Production to the extent it seeks information not in Paragon's possession, custody, or control, or information that is already in Plaintiffs' possession, custody, or control.

D.      Paragon objects to each Request for Production to the extent it seeks to impose upon Paragon the impossible burden of producing each and every communication or document pertaining to a matter.

E.      Paragon objects to each Request for Production to the extent that such requests are overly broad, vague, ambiguous, and seek discovery which is unduly burdensome or expensive and not proportional to the needs of this action.

F.      Paragon objects to each Request for Production to the extent that such request seeks discovery of information that is not relevant to any party's claim or defense.

G.      Paragon objects to each Request for Production to the extent that such request is not limited in time.

H.      Paragon objects to each Request for Production to the extent that such requests assume facts that are incorrect and/or not in the record.

I.      Paragon objects to the definition of "Document / ESI" to the extent it seeks source code. To the extent Plaintiffs believe source code is relevant to this action, Paragon is willing to meet and confer.

J.      Paragon objects to the list of initial custodians. Paragon is willing to meet and confer with Plaintiffs to determine a reasonable list of custodians that will result in discoverable information proportional to the needs of the action.

K.      Paragon objects to Plaintiffs' instructions because they render response to Plaintiffs' Requests for Production unduly burdensome. Paragon agrees to meet and confer on appropriate file types for production, associated fields and metadata, search terms, custodians, and other information to facilitate reasonable document searches.

## **<u>RESERVATION OF RIGHTS</u>**

A.      By responding to these Interrogatories, Paragon does not concede the information requested or disclosed is relevant or material to the subject matter of this action or admissible at any hearing or trial.

B.      Paragon's objections and responses are based on information presently known. Paragon's investigation into the matters at issue in this litigation are ongoing. Accordingly, Paragon reserves the right to rely on documents or other information which may develop or subsequently come to its attention, to assert additional objections should it discover further grounds for objection, and to supplement or end these responses at any time. However, Paragon assumes no obligation to supplement or amend its responses beyond those imposed by applicable law.

## PARAGON'S SPECIFIC RESPONSES AND OBJECTIONS

1.    All versions of the Paragon Truss Software source code and version histories that include, implement, reflect, or relate to Engineering Inputs.

**RESPONSE:**   **Paragon objects to Request for Production No. 1 as overbroad and unduly burdensome, both to the extent that it relies upon the vague and expansive definition of "Engineering Inputs" which is defined to include "any engineering-based technical expertise, know how, or professional judgment…to the extent such material actually informed, influenced, or relied upon in the design, development, operation, validation, or output of the Paragon Software" and to the extent it calls for engineering-related information provided by any person or entity other than Plaintiffs. Paragon also objects to this request as vague, ambiguous, overbroad, and unduly burdensome as to all "versions" and "version histories" that "include, implement, reflect, or relate to" any alleged Engineering Inputs.**

**Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request for Paragon's source code does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request is asking for the software itself.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the**

4

needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

2.      All documents sufficient to identify who accessed, modified, reviewed, or approved the Paragon Truss Software source code during the Development Time Period and the Post-Termination Time Period, including access logs, commit logs, repository permissions, and audit trails.

**RESPONSE:** Paragon objects to Request for Production No. 2 as overbroad and unduly burdensome to the extent it seeks to require Paragon to identify *all persons* who "accessed, modified, reviewed, or approved" the Paragon Truss Software source code from 2016 to the present. Paragon also objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.

Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request is asking for documents relating to the software itself.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by

5

Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

3.      All documents relating to the roadmap, product requirements, design specifications, architecture documents, or planned development of the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 3 as vague, ambiguous, and confusing as written. Paragon does not know what is meant by the phrase "roadmap, product requirements, design specifications, architecture documents, or planned development" of its software. Paragon further objects to Request for Production No. 3 as overbroad, as it seeks to require Paragon produce "all documents" relating to broad topics over an unspecified time period.

Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request is asking for documents relating to the software itself.

6

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

4.     All documents reflecting comparisons, diffs, regression testing, side-by-side analyses, or validation comparisons created or maintained by Paragon that compare versions of the Paragon Truss Software used during the Development Time Period with versions used during the Post-Termination Time Period.

**RESPONSE: Paragon objects to Request for Production No. 4 as vague, ambiguous, and confusing as written. Paragon does not know what is meant by the phrase "comparisons, diffs, regression testing, side-by-side analyses, or validation comparisons." Paragon further objects to Request for Production No. 4 as overbroad, as it seeks to require Paragon produce "all documents" relating to broad topics over an unspecified time period. Paragon further objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.**

**Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39).**

7

Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request is asking for documents relating to the software itself.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

5.    All documents reflecting internal approvals, reviews, or sign-offs for changes to

engineering logic, assumptions, methodologies, or validation processes used in the Paragon Truss

Software.

**RESPONSE:** Paragon objects to Request for Production No. 5 as vague, ambiguous, and confusing as written. Paragon does not know what is meant by the phrase "engineering logic, assumptions, methodologies, or validation processes used in the Paragon Truss Software." Paragon further objects to Request for Production No. 5 as overbroad, as it seeks

to require Paragon produce "all documents" relating to any engineering-related information in the Paragon Truss Software and is not limited to alleged contributions by Plaintiffs.

Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request is asking for documents relating to the software itself.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

6.    All documents reflecting Paragon's testing, validation, benchmarking, or performance analyses that compare versions of the Paragon Truss Software used during the Post-Termination Time Period with versions used during the Development Time Period.

**RESPONSE:** Paragon objects to Request for Production No. 6 as duplicative of Request for Production No. 4. Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request is asking for documents relating to the software itself. Paragon further objects to the extent this request seeks documents that are already in the possession, custody, or control of Plaintiffs. Paragon further objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its

possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

7.     All documents reflecting Engineering Inputs or technical documentation provided by any Plaintiff or any Qualtim Engineer that Paragon used, incorporated, relied upon, implemented, or adapted or translated into the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 7 as overbroad and unduly burdensome to the extent that it relies upon the vague and expansive definition of "Engineering Inputs" which is defined to include "any engineering-based technical expertise, know how, or professional judgment…to the extent such material actually informed, influenced, or relied upon in the design, development, operation, validation, or output of the Paragon Software" and to the extent "technical documentation" is ambiguous. Paragon further objects to Request for Production No. 7 as overbroad, as it seeks to require Paragon produce "all documents" relating to broad engineering topics over an unspecified time period. Paragon also objects to this request as vague and ambiguous as to the terms "reflecting," "adapted," and "translated into."

Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious

**interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

8.    Produce documents sufficient to show the Engineering Inputs that were actually used, relied upon, or incorporated in the design, development, validation, or operation of the Paragon Truss Software during the Development Time Period.

**RESPONSE:  Paragon objects to Request for Production No. 8 as overbroad and unduly burdensome, as relies upon the vague and expansive definition of "Engineering Inputs" which is defined to include "any engineering-based technical expertise, know how, or professional judgment…to the extent such material actually informed, influenced, or relied upon in the design, development, operation, validation, or output of the Paragon Software" and it calls for production of engineering-related information provided by any person or entity other than Plaintiffs.**

**Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

9.     Produce documents sufficient to show the Engineering Inputs that were actually used, relied upon, or incorporated in the design, development, validation, or operation of the Paragon Truss Software during the Post-Termination Time Period.

**RESPONSE:** **Paragon objects to Request for Production No. 9 as overbroad and unduly burdensome, as relies upon the vague and expansive definition of "Engineering Inputs" which is defined to include "any engineering-based technical expertise, know how, or professional judgment…to the extent such material actually informed, influenced, or relied upon in the design, development, operation, validation, or output of the Paragon Software" and it calls for production of engineering-related information provided by any person or entity other than Plaintiffs. Paragon objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.**

**Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not**

about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

10.    All documents relating to revisions to any Engineering Inputs in the Paragon Truss

Software during the Post-Termination Time Period.

**RESPONSE: Paragon objects to Request for Production No. 10 as overbroad and unduly burdensome, as relies upon the vague and expansive definition of "Engineering Inputs" which is defined to include "any engineering-based technical expertise, know how, or professional judgment…to the extent such material actually informed, influenced, or relied upon in the design, development, operation, validation, or output of the Paragon Software" and it calls for production of engineering-related information provided by any person or entity other than Plaintiffs. Paragon objects to this request as being vague and ambiguous as to "revisions to any Engineering Inputs." Paragon objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time**

14

Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.

Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

11.    All communications with any of the Plaintiffs relating to engineering work or software development.

**RESPONSE**: Paragon objects to Request for Production No. 11 as overbroad, vague, and ambiguous to the extent it relies upon the general terms "engineering work" and "software development" without any further specificity. Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

16

12.     All documents relating to the incorporation of any of Plaintiffs' work into the Paragon Truss Software, including Engineering Inputs.

**RESPONSE:** **Paragon objects to Request for Production No. 12 as overbroad and unduly burdensome, as relies upon the vague and expansive definition of "Engineering Inputs" which is defined to include "any engineering-based technical expertise, know how, or professional judgment…to the extent such material actually informed, influenced, or relied upon in the design, development, operation, validation, or output of the Paragon Software." Paragon also objects to this request as vague, ambiguous, and overbroad as to the term "Plaintiff's work."**

**Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on**

17

the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

13.     All agreements with third-party engineers or consultants related to the Paragon

Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 13 as overbroad and unduly burdensome, as it seeks to require Paragon, a software company, to produce "all agreements with third-party engineers or consultants" related in any way to its software. Paragon further objects to Request for Production No. 13 to the extent that it calls for production of Paragon's highly confidential and proprietary customer information that is not necessary or relevant to any claim or defense in this case. Paragon also objects to the term "third-party" as vague and ambiguous as this litigation involves only an alleged business model between Plaintiffs and Defendants, not third parties.

Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the

needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

14.     All communications between any Plaintiff and Paragon concerning the parties' business relationship, including communications relating to engineering work, software development, ownership, compensation, confidentiality, or continued use of Plaintiffs' work, including Engineering Inputs.

**RESPONSE:** Paragon objects to Request for Production No. 14 as overbroad, vague, and ambiguous to the extent it relies upon the expansive definition of "Engineering Inputs." Paragon further objects to Request for Production No. 14 as duplicative of Request for Production No. 11. Paragon objects to the term "parties' business relationship" as there are multiple Plaintiffs and Defendants and it is unclear what, if any, specific business relationship is being referenced. Paragon objects to the terms "engineering work," "software development," "ownership," "compensation," "confidentiality," and "Plaintiffs' work" as vague, ambiguous, and overbroad in scope. Subject to and without waiving the foregoing and its General Objections, *see* Paragon's document production in the Paragon v. Qualtim case, which includes various documents evidencing the business relationship between Paragon and Plaintiffs. To the extent not already produced, and as this request is best understood, Paragon will continue to produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.

15.     All agreements governing the parties' business relationship, including nondisclosure agreements (NDAs), master service agreements (MSAs), development agreements, statements of work (SOWs), and amendments.

**RESPONSE:** Paragon objects to Request for Production No. 15 as to the term "parties' business relationship" as there are multiple Plaintiffs and Defendants and it is unclear what, if any, specific business relationship is being referenced. Subject to and without waiving the foregoing and its General Objections, *see* Paragon's document production in the Paragon v. Qualtim case, which includes various documents evidencing the

**business relationship between Paragon and Plaintiffs. To the extent not already produced, and as this request is best understood, Paragon will continue to produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

16.     All documents relating to discussions, expectations, or decisions regarding compensation, deferred compensation, revenue sharing, ownership interests, or future payment to any of the Plaintiffs in connection with the business relationship or any engineering work.

**RESPONSE: Paragon objects to Request for Production No. 16 as vague and ambiguous, as it broadly references "future payment," "ownership interest," "expectations," "the business relationship" and "engineering work" without connecting those terms to any specific subject matter or timeframe. Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced. Subject to and without waiving the foregoing objections and its General Objections, Paragon refers Plaintiffs to its document production in the Paragon v. Qualtim case, which includes various documents evidencing the business relationship between Paragon and Plaintiffs. To the extent not already produced, and as this request is best understood, Paragon will continue to produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

17.     All documents relating to any internal discussions about Paragon's business relationship with Plaintiffs, including discussions of ownership, compensation, or continued use of Plaintiffs' work, including Engineering Inputs.

**RESPONSE: Paragon objects to Request for Production No. 17 as overbroad, vague, ambiguous, and unduly burdensome, as it seeks to require Paragon to produce all documents concerning its "business relationship with Plaintiffs." Paragon further objects to Request for Production No. 17 as duplicative of Requests for Production Nos. 14 and 16. Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's response to Request for Production Nos. 14 and 16.**

18.      All documents that Paragon contends grant ownership or license rights to any

Plaintiffs' work incorporated into the Paragon Truss Software.

**RESPONSE**: **Paragon objects to Request for Production No. 18 as vague and ambiguous, as it is unknown what "work" is referred to and what is meant by the terms "ownership or license rights." Paragon further objects to Request for Production No. 18 to the extent it incorrectly assumes Plaintiffs' "work" was incorporated into the Paragon Truss Software.**

**Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be**

21

**responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

19.    Documents sufficient to show Paragon's revenue and licensing income related to the Paragon Truss Software during the Development Time Period.

**RESPONSE:** **Paragon objects to Request for Production No. 19 as vague, ambiguous, and overbroad as to "revenue and licensing income related to the Paragon Truss Software." Paragon further objects to Request for Production No. 19 as the information sought regarding sales revenue of the Paragon Truss Software is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the**

22

Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

20.    Documents sufficient to show Paragon's revenue and licensing income attributable to the Paragon Truss Software during the Post-Termination Time Period, including revenue derived from use, licensing, or commercialization of the Paragon Truss Software and any features, functionality, or implementations that incorporate Engineering Inputs. Responsive documents may include licensing agreements, invoices, revenue reports, royalty statements, and financial summaries.

**RESPONSE: Paragon objects to Request for Production No. 20 as vague, ambiguous, and overbroad as to "revenue and licensing income related to the Paragon Truss Software." Paragon further objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time. Paragon further objects to Request for Production No. 20 as the information sought regarding sales revenue of the Paragon Truss Software is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or**

constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

21.     Documents sufficient to show marketing, sales, or promotional materials, including presentations, that describe, reference, or represent the engineering capabilities, accuracy, validation, code compliance, regulatory compliance, or engineering or professional-engineer review or approval associated with the Paragon Truss Software.

RESPONSE: Paragon objects to Request for Production No. 21 as vague, ambiguous, and confusing as written and includes overly broad terminology that would encompass documents that are not relevant to any parties' claims or defenses. Paragon further objects to the extent that Request for Production No. 21 is not limited in time. Paragon further objects to Request for Production No. 21 as overbroad, as it seeks all "marketing, sales, or promotional materials" related to the Paragon Truss Software.

Paragon further objects to Request for Production No. 21 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated

independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

22.    Documents sufficient to show any cost savings specifically attributable to Paragon's use of Engineering Inputs or other work provided by Plaintiffs in the Paragon Truss Software, as reflected in Paragon's internal documents, analyses, or evaluations.

**RESPONSE:** Paragon objects to Request for Production No. 22 as vague, ambiguous, and confusing as written. It is unknown what is meant by the phrase "cost savings attributable to Paragon's use of Engineering Inputs," particularly given how broad "Engineering Inputs" is defined by Plaintiffs.

Paragon further objects to Request for Production No. 22 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

23.    All documents and communications relating to Paragon's assessment of its need for Plaintiffs' engineering expertise or Engineering Inputs to develop, maintain, validate, or commercialize the Paragon Truss Software.

**RESPONSE:** **Paragon objects to Request for Production No. 23 as vague, ambiguous, and confusing as written as it assumes an "assessment" of a "need for Plaintiffs' engineering expertise or Engineering Inputs." It is also unknown what is meant by the phrase "Engineering Inputs," particularly given how broad "Engineering Inputs" is defined by Plaintiffs.**

**Paragon further objects to Request for Production No. 23 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on**

the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

24.    All documents reflecting communications concerning any risks associated with Paragon's continued use of Engineering Inputs or other work Plaintiffs provided in connection with the Paragon Truss Software, either before or during the Post-Termination Time Period.

**RESPONSE:  Paragon objects to Request for Production No. 24 as vague, ambiguous, and confusing as written. It is unknown what is meant by the phrase "risks associated with Paragon's continued use of Engineering Inputs," particularly given how broad "Engineering Inputs" is defined by Plaintiffs. Paragon objects to the phrase "work Plaintiffs provided in connection with the Paragon Truss Software" as being vague and ambiguous as to its scope. Paragon further objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.**

**Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend**

that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

25. All documents relating to any efforts by Paragon, during the Post-Termination Time Period, to replace or replicate Engineering Inputs or other work Plaintiffs provided in connection with the Paragon Truss Software, including any clean-room efforts, rewrites, alternative engineering approaches, or third-party substitutions.

**RESPONSE:** Paragon objects to Request for Production No. 25 as vague, ambiguous, and confusing as written. It is unknown what is meant by the phrase "clean-room efforts, rewrites, alternative engineering approaches, or third-party substitutions." Paragon objects to the phrase "work Plaintiffs provided in connection with the Paragon Truss Software" as being vague and ambiguous as to its scope. Paragon further objects to Request for Production No. 25 as overbroad, given that it seeks all engineering information that Paragon ever considered in connection with its software and is not limited to engineering information supplied by Plaintiffs.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model...that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct... It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the

"Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

26.    All documents that Paragon relies upon or contends support its claim of ownership,

in whole or in part, of the Paragon Truss Software.

RESPONSE:  Paragon objects to Request for Production No. 26 as vague, ambiguous, and overbroad, given that it seeks to require Paragon to produce "all documents" supporting its claim of ownership in the declaratory judgment action, and thus, marshal all of its proof. Paragon further objects to Request for Production No. 26 to the extent that it calls for production of privileged documents.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

27.    All documents reflecting Paragon's use or application of published engineering standards in the design, development, validation, or operation of the Paragon Truss Software, including documents identifying: (a) the specific engineering standards and section numbers used; (b) any public-domain testing, engineering, or calibration materials and sections used; and (c) any internal interpretations, adaptations, implementation guidance, or decision rules reflecting how such standards or public-domain materials were applied within the Paragon Truss Software.

**RESPONSE: Paragon objects to Request for Production No. 27 as overbroad and unduly burdensome, as it seeks to require Paragon to produce all documents related to all "published engineering standards" ever used in "the design, development, validation, or operation" of its software. Paragon further objects to Request for Production No. 27 to the extent it is not limited in time. Paragon objects to the terms "reflecting Paragon's use," "public-domain testing" and "internal interpretations, adaptations, implementation guidance, or decision rules" as vague and ambiguous as to scope.**

**Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have**

31

expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

28.    All documents relating to any decisions, analyses, or deliberations regarding whether to retain, modify, remove, or continue using any Engineering Inputs provided by Plaintiffs during the Post-Termination Time Period.

**RESPONSE:** Paragon objects to Request for Production No. 28 as overbroad, vague, and unduly burdensome, as it seeks to require Paragon to produce all documents relating to "any decisions, analyses, or deliberations" regarding "Engineering Inputs" provided by

Plaintiffs. Paragon further objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request appears to ask for documents relating to the software itself.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

29.     All documents reflecting any efforts by Paragon during the Post-Termination Time Period to evaluate, mitigate, remove, replace, or avoid use of Engineering Inputs or other work provided by Plaintiffs in the Paragon Truss Software.

**RESPONSE**: **Paragon objects to Request for Production No. 29 as vague, ambiguous, and confusing as written, as it is unknown what is meant by the terms "mitigate," "avoid use," and "other work provided by Plaintiffs," and further object because the term "Engineering Inputs" is overbroad in scope as defined by Plaintiffs. Paragon further objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time. Paragon further objects to Request for Production No. 29 as duplicative of Request for Production No. 28.**

**Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

30.    All documents relating to any independent development that Paragon contends occurred with respect to Engineering Inputs used in the Paragon Truss Software during the Post-Termination Time Period, including design documents, timelines, test data, and validation analyses.

<u>RESPONSE</u>: Paragon objects to Request for Production No. 30 as vague, ambiguous, and confusing as written, as it is unknown what is meant by the "independent development that Paragon contends occurred with respect to Engineering Inputs" as the term "Engineering Inputs" is overbroad in scope as defined by Plaintiffs. Paragon further objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business

relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

31.     All documents relating to payments, compensation, fees, or other consideration paid to or from any Licensed Engineer or Engineer Network participant in connection with the review, validation, repair, or sealing of Paragon Truss Software designs.

**RESPONSE:** Paragon objects to Request for Production No. 31 as overbroad and unduly burdensome. The request seeks information from an unspecified time period related to payments to or from *any* engineer in relation to their use of the Paragon Truss Software. Paragon further objects to the extent the request is not limited to payments to/from Plaintiffs.

Paragon further objects to Request for Production No. 31 as the information sought regarding sales revenue of the Paragon Truss Software is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. For instance, to the extent the business model is alleged to have involved Plaintiffs as engineers, it is unclear how information related to other engineers in an "Engineer Network" could have any bearing on the claims and defenses in this litigation.

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

32.     All documents relating to any analysis, allocation, or factual basis by which Paragon contends that revenues derived from the Paragon Truss Software are attributable to factors other than Engineering Inputs provided by any of the Plaintiffs, including internal financial analyses, pricing models, forecasts, or management presentations.

**RESPONSE: Paragon objects to Request for Production No. 32 as vague, ambiguous, and confusing as written. It is entirely unclear to Paragon what documents Plaintiffs are seeking. Paragon further objects to this request as the information sought regarding sales revenue of the Paragon Truss Software is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39).**

Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

33.     Documents sufficient to show the structure and operation of Paragon's Engineer Network, including: (a) training or onboarding materials for participating engineers; (b) validation criteria or standards applied by participating engineers; (c) instructions, guidelines, or protocols provided to participating engineers; (d) communications between Paragon and participating

engineers concerning engineering review, validation, approval, or sealing activities; and (e)

records of engineering review, approval, annotation, markup, or sealing of Paragon Truss Software

designs.

**RESPONSE: Paragon objects to Request for Production No. 33 as overbroad and unduly burdensome, both to the extent it relies upon the broadly defined term "Engineer Network," which includes all "engineers that Paragon makes available to users of Paragon Software as part of certain paid plans as referred on Paragon's pricing website page at https://www.paragontruss.com/pricing" and to the extent it seeks information related to engineers other than Plaintiffs. Paragon further objects to Request for Production No. 33 to the extent that it seeks production of broad categories of documents related to Paragon's relationship with various engineers and is not limited in time. Paragon also objects to Request for Production No. 33 to the extent that it calls for Paragon's highly confidential and proprietary customer information.**

**Paragon further objects to Request for Production No. 33 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. For instance, to the extent the business model is alleged to have involved Plaintiffs as engineers, it is unclear how information related to other engineers in an "Engineer Network" could have any bearing on the claims and defenses in this litigation.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend**

that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

34.  All license, subscription, or access agreements entered during the Post-Termination Time Period that permit third parties to use or benefit from the Paragon Truss Software, including amendments and renewals.

**RESPONSE:** Paragon objects to Request for Production No. 34 as overbroad, vague, and confusing as written, as it is unknown what is meant by the terms "access agreements" as well as the phrase "amendments and renewals." Paragon further objects to Request for Production No. 34 as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer had a business relationship with Paragon at that time. Paragon further objects to this request as calling for Paragon's highly confidential and proprietary customer information.

Paragon further objects to Request for Production No. 34 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

35.     All communications with customers or prospective customers that describe, reference, or relate to the capabilities, engineering basis, validation, accuracy, code compliance, or engineering review associated with the Paragon Truss Software, including any warranties, disclaimers, or representations regarding whether Paragon is or is not an engineering company, any disclosures concerning the basis for engineering or evidence-based claims, and any communications concerning the review, approval, or sealing of outputs generated by the Paragon Truss Software.

**RESPONSE:**  Paragon objects to Request for Production No. 35 as vague, ambiguous, and confusing as written. It is entirely unclear to Paragon what documents Plaintiffs are seeking. Paragon objects to this request as being vague, ambiguous, and unduly burdensome as to the terms "prospective customers," "evidence-based claims," "engineering review," and "engineering company." Paragon further objects to this request as calling for Paragon's highly confidential and proprietary customer information.

Paragon further objects to Request for Production No. 35 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its

possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

36.     All documents relating to customer complaints, error reports, defect reports, or concerns regarding engineering accuracy, code compliance, regulatory compliance, or the need for engineering review of outputs generated by the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 36 as vague, ambiguous, and confusing as written. It is entirely unclear to Paragon what documents Plaintiffs are seeking. The terms "engineering accuracy," "code compliance," "regulatory compliance," and "need for engineering review of outputs" are both vague, ambiguous, and overbroad. Paragon further objects to this request as calling for Paragon's highly confidential and proprietary customer information.

Paragon further objects to Request for Production No. 36 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the

needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

37.    All documents reflecting Paragon's valuation, assessment, or analysis of any cost savings, efficiency gains, avoided engineering costs, or other economic benefits resulting from Paragon's use of Engineering Inputs or other work provided by Plaintiffs in the Paragon Truss Software.

**RESPONSE:  Paragon objects to Request for Production No. 37 as vague, ambiguous, and confusing as written. It is unknown what is meant by the phrase "cost savings, efficiency gains, avoided engineering costs, or other economic benefits resulting from  Paragon's use of Engineering Inputs," particularly given how overbroad "Engineering Inputs" is defined by Plaintiffs.**

**Paragon further objects to this request as the information sought regarding financial information for the Paragon Truss Software is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

44

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

38.    All written agreements, assignments, licenses, or other instruments that Paragon contends grant, transfer, assign, or license to Paragon any ownership interest or usage rights in the Paragon Truss Software or any Engineering Inputs.

**RESPONSE:** Paragon objects to Request for Production No. 38 as vague and ambiguous a to the term "other instruments." As best understood, Paragon states that it does not have any agreements, assignments, licenses, or other instruments with itself. Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an

agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

39.    All documents and communications in which Paragon represented to any third party, including customers, investors, engineers, or insurers, that Paragon owned, exclusively controlled, or had the right to use the Paragon Truss Software or any Engineering Inputs.

**RESPONSE:** Paragon objects to Request for Production No. 39 as vague, ambiguous, and confusing as to "owned, exclusively controlled, or had the right to use." Paragon objects that this request is overbroad and unduly burdensome as to "Engineering Inputs," particularly given how overbroad "Engineering Inputs" is defined by Plaintiffs.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing

contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

40.    All documents identifying any trade secrets that Paragon contends are embodied in or relate to the Paragon Truss Software, including documents describing the general nature of such claimed trade secrets.

**RESPONSE:**  Paragon objects to Request for Production No. 40 as overbroad, vague, and unduly burdensome, as it seeks to require Paragon to identify any trade secrets embodied or related to the Paragon Truss Software. Paragon further objects to Request for Production No. 40, as it has made no contention concerning its "trade secrets" in this litigation filed by Plaintiffs and asserting various claims against Paragon (none of which relate to Paragon's trade secrets).

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request asks for documents relating to the contents of the software itself.

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

41.    All documents reflecting Paragon's valuation, assessment, or internal characterization of the importance, uniqueness, or competitive advantage of any trade secrets it contends are embodied in the Paragon Truss Software.

**RESPONSE:  Paragon objects to Request for Production No. 41 as overbroad, vague, and unduly burdensome, as it seeks to require Paragon to produce "all documents" reflecting any trade secrets "embodied in" the Paragon Truss Software. Paragon further objects to Request for Production No. 41, as vague and ambiguous given that it is unknown what is meant by the phrase "valuation, assessment, or internal characterization of the importance, uniqueness, or competitive advantage of any trade secrets…" Paragon further objects to this request because it has made no contention concerning its "trade secrets" in this litigation filed by Plaintiffs and asserting various claims against Paragon (none of which related to Paragon's trade secrets).**

**Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings**

that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request asks for documents relating to the contents of the software itself.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

42.    All communications between Paragon and Clearspan related to any discussion of a business relationship with any of the Plaintiffs.

**RESPONSE:** Paragon objects to Request for Production No. 42 as vague, overbroad, and unduly burdensome given that it seeks to require Paragon to produce "all communications" between Paragon and Clearspan over an unspecified time period "related to any discussion of a business relationship with any of the Plaintiffs." It is entirely unclear to Paragon what documents Plaintiffs are seeking. Subject to and without waiving the foregoing and its General Objections, *see* Paragon's document production in the Paragon v. Qualtim case, which includes various documents produced by Paragon and the Estate of Daniel Holland. To the extent not already produced, and as this request is best understood,

Paragon will continue to produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.

43.    All communications between Paragon and any customers or potential customers relating to any discussion of Plaintiffs' role, engineering contributions, ownership interests, or continued involvement in connection with the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 43 as vague, overbroad, and unduly burdensome given that it seeks to require Paragon to produce "all communications" between Paragon "any customers or potential customers" over an unspecified time period "relating to any discussion" concerning Plaintiffs. It is entirely unclear to Paragon what documents Plaintiffs are seeking. Paragon further objects to Request for Production No. 43 to the extent that it seeks production of Paragon's highly confidential and proprietary customer information.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the

needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

44.     All audio and video recordings of meetings in which any Plaintiff participated and all audio and video recordings of meetings that concerned Plaintiffs' Engineering Inputs, the Paragon Truss Software, or the parties' business relationship during the Development Time Period.

**RESPONSE**: Paragon objects to Request for Production No. 44 as vague, overbroad, and unduly burdensome given that it seeks to require Paragon to produce "all audio and video records in any meeting which any Plaintiff participated" over an unspecified time period related to a variety of topics. Paragon further objects to Request for Production No. 44 to the extent that it seeks production of documents already within the possession, custody, or control of Plaintiffs.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

45.     All Slack channels and direct or group message threads in which any Plaintiff participated during the Development Time Period, including documents sufficient to show the complete message content for each such channel or thread, any files, images, audio, video, or links shared therein, and all associated metadata, including message dates and times, authors, recipients, channel or workspace names, message edits, deletions, reactions, and file-sharing activity, produced in any native or reasonably usable export format sufficient to show the message content and associated metadata.

**RESPONSE: Paragon objects to Request for Production No. 45 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject**

matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

46.    All communications with any Licensed Engineer relating to Paragon's Engineer Network that address regulatory requirements, licensure obligations, or professional-responsibility considerations applicable to the sealing of truss designs or design documents generated by the Paragon Truss Software.

**RESPONSE:** **Paragon objects to Request for Production No. 46 as overbroad and unduly burdensome, both to the extent it relies upon the broadly defined term "Engineer Network," which includes all "engineers that Paragon makes available to users of Paragon Software as part of certain paid plans as referred on Paragon's pricing website page at https://www.paragontruss.com/pricing" and to the extent it seeks information related to engineers other than Plaintiffs. Paragon further objects to the terms "regulatory requirements, licensure obligations, or professional-responsibility considerations" as vague**

and ambiguous. Paragon further objects to Request for Production No. 46 to the extent that it seeks production of broad categories of documents related to Paragon's relationship with various engineers and is not limited in time. Paragon further objects to this request to the extent it seeks production of Paragon's confidential customer and proprietary information.

Paragon further objects to Request for Production No. 46 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. For instance, to the extent the business model is alleged to have involved Plaintiffs as engineers, it is unclear how information related to other engineers in an "Engineer Network" could have any bearing on the claims and defenses in this litigation.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

54

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

47.    All communications with any Licensed Engineer relating to Paragon's Engineer Network that concern the process, capability, or limitations of sealing truss designs or design documents generated by the Paragon Truss Software, including how such sealing is performed or facilitated.

**RESPONSE: Paragon objects to Request for Production No. 47 as overbroad and unduly burdensome, both to the extent it relies upon the broadly defined term "Engineer Network," which includes all "engineers that Paragon makes available to users of Paragon Software as part of certain paid plans as referred on Paragon's pricing website page at https://www.paragontruss.com/pricing" and to the extent it seeks information related to engineers other than Plaintiffs. Paragon further objects to Request for Production No. 33 to the extent that it seeks production of broad categories of documents related to Paragon's relationship with various engineers and is not limited in time. Paragon further objects to Request for Production No. 47 to the extent that it calls for Paragon's highly confidential and proprietary customer information.**

**Paragon further objects to Request for Production No. 47 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. For instance, to the extent the business model is alleged to have involved Plaintiffs as engineers, it is unclear how information related to other engineers in an "Engineer Network" could have any bearing on the claims and defenses in this litigation.**

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

48.     All communications with any customer or potential customer reflecting discussions of Paragon's Engineer Network that address regulatory requirements, licensure obligations, or professional-responsibility considerations applicable to the sealing of truss designs or design documents generated by the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 48 as overbroad and unduly burdensome, both to the extent it relies upon the broadly defined term "Engineer Network," which includes all "engineers that Paragon makes available to users of Paragon Software as part of certain paid plans as referred on Paragon's pricing website page at https://www.paragontruss.com/pricing" and to the extent it seeks information related to engineers other than Plaintiffs. Paragon further objects to Request for Production No. 48 to the extent that it seeks production of broad categories of documents related to Paragon's relationship with various engineers and is not limited in time. Paragon further objects to

Request for Production No. 48 to the extent that it calls for Paragon's highly confidential and proprietary customer information.

Paragon further objects to Request for Production No. 48 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. For instance, to the extent the business model is alleged to have involved Plaintiffs as engineers, it is unclear how information related to other engineers in an "Engineer Network" could have any bearing on the claims and defenses in this litigation.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on

the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

49.    All communications with any customer or potential customer reflecting discussions of the process, capabilities, or limitations of any member of Paragon's Engineer Network to seal truss designs or design documents generated by the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 49 as overbroad and unduly burdensome, both to the extent it relies upon the broadly defined term "Engineer Network," which includes all "engineers that Paragon makes available to users of Paragon Software as part of certain paid plans as referred on Paragon's pricing website page at https://www.paragontruss.com/pricing" and to the extent it seeks information related to engineers other than Plaintiffs. Paragon further objects to Request for Production No. 49 to the extent that it seeks production of broad categories of documents related to Paragon's relationship with various engineers and is not limited in time. Paragon further objects to Request for Production No. 49 to the extent that it calls for Paragon's highly confidential and proprietary customer information.

Paragon further objects to Request for Production No. 49 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. For instance, to the extent the business model is alleged to have involved Plaintiffs as engineers, it is unclear how information related to other engineers in an "Engineer Network" could have any bearing on the claims and defenses in this litigation.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing

contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

50.    All onboarding, training, or instructional materials provided to employees or contractors involved in the design, development, validation, or maintenance of the Paragon Truss Software that reflect, address, or incorporate any Engineering Inputs used in the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 50 as vague and ambiguous, as it seeks materials provided to "employees or contractors" not connected to any particular business entity. It is further unclear to Paragon what is meant by the phrase "reflect, address, or incorporate any Engineering Inputs in the Paragon Truss Software," particularly given the overbroad definition of "Engineering Inputs" by Plaintiffs.

Paragon further objects to Request for Production No. 50 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request

irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. Quite the opposite, this request asks for documents relating to the contents of the software itself.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

51.     All onboarding, training, or instructional materials provided to employees or contractors involved in the design, development, validation, or maintenance of the Paragon Truss Software that relate to engineering codes, building codes, regulatory requirements, licensure considerations, or compliance obligations applicable to the Paragon Truss Software.

**RESPONSE:  Paragon objects to Request for Production No. 51 as vague, ambiguous, overbroad, and duplicative of Request for Production No. 50. Paragon objects to this response as being vague and ambiguous as to engineering codes, building codes, regulatory requirements, licensure considerations, or compliance obligations applicable to the Paragon Truss Software."**

Paragon further objects to Request for Production No. 51 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

52.     Documents sufficient to show all engineering reference materials, standards, textbooks, publications, or third-party resources actually relied upon by Paragon in any claimed independent development of engineering logic used in the Paragon Truss Software during the Development Time Period.

**RESPONSE**: Paragon objects to Request for Production No. 52 as vague and ambiguous and unduly burdensome, as it broadly seeks "all engineering reference materials, standards, textbooks, publications, or third-party resources" Paragon relied upon "in any claimed independent development of engineering logic used in the Paragon Truss Software" over a period of eight years. It is unclear to Paragon what documents Plaintiffs are seeking.

Paragon further objects to Request for Production No. 52 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

62

53.    Documents sufficient to show all engineering reference materials, standards, textbooks, publications, or third-party resources actually relied upon by Paragon in any claimed independent development of engineering logic used in the Paragon Truss Software during the Post-Termination Time Period.

**RESPONSE:    Paragon objects to Request for Production No. 53 as vague and ambiguous and unduly burdensome, as it broadly seeks "all engineering reference materials, standards, textbooks, publications, or third-party resources" Paragon relied upon "in any claimed independent development of engineering logic used in the Paragon Truss Software" after Plaintiffs were no longer using the Paragon Truss Software. It is unclear to Paragon what documents Plaintiffs are seeking. Paragon also objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.**

**Paragon further objects to Request for Production No. 53 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the**

needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

54.    All documents relating to board, management, or executive deliberations, approvals, or votes concerning termination of Plaintiffs or restriction of access to the Paragon Truss Software.

**RESPONSE: Subject to and without waiving the foregoing General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

55.    Documents sufficient to show any analysis or assessment (whether internal or external) concerning the basis for Paragon's continuing use of Plaintiffs' work, including Engineering Inputs, during the Post-Termination Time Period.

**RESPONSE: Paragon objects to Request for Production No. 55 as vague and ambiguous, as it is unknown what is meant by the phrase "(whether internal or external)" or "continuing use of Plaintiffs' work," especially given how broad Plaintiffs defined "Engineering Inputs." Paragon also objects to the extent this request incorrectly assumes any continuing use. Paragon further objects to this request as seeking information about the Paragon Truss Software from the "Post-Termination Time Period" when Plaintiffs no longer provided engineering consulting services to Paragon at that time.**

**Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is**

about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

56.  All documents relating to the confidentiality, access-control, and security measures that Paragon contends were used to protect any trade secrets that Paragon claims are embodied in or relate to the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 56 because it has made no contention concerning its own "trade secrets" being at issue in this litigation filed by Plaintiffs, where Plaintiffs assert various claims regarding an alleged trade secret business model against Paragon and none of Plaintiffs' claims relate to Paragon's trade secrets.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the

software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

57. All documents relating to any analysis that quantifies or estimates the contribution of Engineering Inputs to Paragon Truss Software revenues, customer acquisition, retention, or pricing.

**RESPONSE**: Paragon objects to Request for Production No. 57 as vague and ambiguous, as it is unknown what is meant by the phrase "quantifies or estimates the contribution of Engineering Inputs," particular given how broadly "Engineering Inputs" is defined by Plaintiffs. Paragon further objects to the extent this request seeks information about engineering contributions that involve engineers other than Plaintiffs. It is unclear to Paragon what documents Plaintiffs are seeking.

66

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

58.    All documents relating to any analysis that quantifies or estimates the contribution of the work of any Plaintiff to Paragon Truss Software revenues, customer acquisition, retention, or pricing.

**RESPONSE: Paragon objects to Request for Production No. 58 as vague and overly broad, as it unknown what is meant by the phrase "any analysis that quantifies or estimates the contribution of the work of any Plaintiff…" Paragon further objects to Request for Production No. 58 as duplicative of Request for Production No. 57 and incorporates by reference the same objections above for Request for Production No. 57.**

59.    All insurance policies, applications, underwriting materials, or communications that reference the Paragon Truss Software, engineering liability, professional liability, or intellectual-property risk.

**RESPONSE: Paragon objects to Request for Production No. 59 as vague, overly broad, unduly burdensome, and ambiguous, as it broadly seeks "all insurance policies, applications, underwriting materials, or communications that reference" various overbroad topics including "engineering liability, professional liability, or intellectual-property risk." It is unclear to Paragon what documents Plaintiffs are seeking.**

**Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing**

contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

60.     All communications between Paragon and Daniel Holland relating to any Plaintiff, the parties' business relationship, ownership or licensing of the Paragon Truss Software or any Engineering Inputs, any profit-sharing, revenue-sharing, or compensation arrangements involving any Plaintiff, or any business model involving Plaintiffs, Paragon, and Clearspan.

**RESPONSE:** Paragon objects to Request for Production No. 60, as use of the term "Paragon" is vague, ambiguous, and confusing, given that Paragon is an entity and not a specific individual who could obtain knowledge of something and Daniel Holland was an owner of Paragon. Paragon further objects to the extent Request for Production No. 60 seeks production of documents not within the possession, custody, or control of Paragon. Paragon further objects to Request for Production No. 60 as overbroad, as it seeks "all communications" between Paragon and Daniel Holland related to a variety of topics over an unspecified period of time.

Paragon further objects to Request for Production No. 60 to the extent it relates to the Paragon Truss Software as being neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction

between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

Subject to and without waiving the foregoing objection and its General Objections, Paragon asserts that the Estate of Daniel Holland has produced documents pursuant to a subpoena in the Qualtim case and those documents have already been provided to Plaintiffs. *See* DHE00000001 – DHE00023193.

61.     Documents sufficient to show Paragon's knowledge of, involvement with, or understanding of IP-LLC before January 17, 2024, including documents reflecting: (a) Paragon's awareness of IP-LLC; (b) the IP-LLC Operating Agreement or any amendments in Paragon's possession, custody, or control; (c) communications concerning IP-LLC's purpose, membership, or assets; (d) Daniel Holland's membership in or involvement with IP-LLC; and (e) any analysis or discussion of IP-LLC's role in the parties' business relationship or business model.

**RESPONSE:** Paragon objects to Request for Production No. 61, as use of the term "Paragon" is vague, ambiguous, and confusing, given that Paragon is an entity and not a specific individual who could obtain knowledge of or have an understanding of something. Paragon further objects to Request for Production No. 61 as overbroad, as it seeks all documents in Paragon's possession related to IP-LLC. Paragon further objects to Request for Production No. 61 to the extent that it seeks documents already in Plaintiffs' possession, custody, or control. Subject to and without waiving the foregoing objection and its General Objections, Paragon asserts that Daniel Holland (an owner of Paragon) was also a founding member of IP-LLC, thus Paragon has had knowledge of IP-LLC since its inception. Paragon produced documents in its prior production in the Paragon v. Qualtim case evidencing correspondence from Plaintiffs to certain owners of Paragon referencing IP-LLC. For example, *see* PARAGON-000124 – PARAGON-000129

62.     Documents sufficient to show Paragon's knowledge of, involvement with, or understanding of IP-LLC on or after January 17, 2024, including documents reflecting: (a) Paragon's awareness of IP-LLC; (b) the IP-LLC Operating Agreement or any amendments in Paragon's possession, custody, or control; (c) communications concerning IP-LLC's purpose,

membership, or assets; (d) Daniel Holland's membership in or involvement with IP-LLC; and (e)

any analysis or discussion of IP-LLC's role in the parties' business relationship or business model.

**RESPONSE: Paragon objects to Request for Production No. 62 as duplicative of Request for Production No. 61, vague, overbroad, and calling for production of documents already within the possession, custody, or control of Plaintiffs. Subject to and without waiving the foregoing objection and its General Objections, *see* Paragon's response to Request for Production No. 61.**

63.    All communications between Paragon and any Other Defendant that relate to

Plaintiffs' ownership or licensing of the Paragon Truss Software or any Engineering Inputs.

**RESPONSE: Paragon objects to Request for Production No. 63 as overbroad and unduly burdensome, as it seeks production of "all communications" between Paragon and numerous other entities/individuals over an unspecified period of time related to broad topics. Paragon further objects to Request for Production No. 63 to the extent it calls for communications between Defendants that occurred pursuant to a Joint Defense Agreement in this litigation.**

**Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation.**

**Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

64.    All communications between Paragon and any Other Defendant that relate to IP-LLC.

**RESPONSE: Paragon objects to Request for Production No. 64, as overbroad and unduly burdensome, as it seeks to require Paragon to produce "all communications" between Paragon and "any other Defendant" in this litigation broadly related to IP-LLC over an unspecified period of time. Paragon further objects to Request for Production No. 63 to the extent it calls for communications between Defendants that occurred pursuant to a Joint Defense Agreement in this litigation. Subject to and without waiving the foregoing objection and its General Objections, Paragon asserts that Defendant the Estate of Daniel Holland produced documents pursuant to a subpoena in the Qualtim case, some of which reference IP-LLC, and those documents have already been provided to Plaintiffs. *See* DHE00000001 – DHE00023193.**

65.    All communications between Paragon and any Other Defendant that relate to any decision to terminate, restrict, or otherwise alter the business relationship with any Plaintiff, including any decision to restrict Plaintiffs' access to the Paragon Truss Software.

**RESPONSE: Paragon objects to Request for Production No. 65 as duplicative of Request for Production No. 63. Paragon further objects to Request for Production No. 65 as overbroad and unduly burdensome, as it seeks to require Paragon to produce "all communications" between Paragon and "any other Defendant" in this litigation broadly related to "any decision to terminate, restrict, or otherwise alter the business relationship with any Plaintiff…"**

**Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have**

expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

66.    All documents relating to any profit-sharing, revenue-sharing, or other payments made to any Plaintiff or any entity affiliated with any Plaintiff from January 2009 to the present, including any documents reflecting the basis, calculation, or authorization of such payments.

**RESPONSE:** **Paragon objects to Request for Production No 66 as overbroad, unduly burdensome, vague, and ambiguous, as it seeks to require Paragon to produce documents evidencing any payments whatsoever to any Plaintiff for any reason over a period of**

seventeen years. Paragon further objects to the extent this request seeks production of documents that, to the extent they exist, would already be in the possession, custody, or control of Plaintiffs. Subject to and without waiving the foregoing objections and its General Objections, Paragon refers Plaintiffs to the documents produced by Paragon in the Paragon v. Qualtim matter which evidence payment to Plaintiffs for the engineering consulting services provided in connection with the Paragon Truss Software. Paragon paid the Plaintiffs' invoices in amounts that would have been determined by Plaintiffs and not Paragon.

67.     All documents relating to any statement or representation by Paragon to any third

party that no nondisclosure agreement existed between Paragon and any Plaintiff.

**RESPONSE:** Paragon objects to Request for Production No. 67 as overly broad, vague, ambiguous, given that it broadly seeks "any statement or representation" to "any third party" over an unspecified period of time. Subject to and without waiving the foregoing objections and its General Objections, Paragon states that no non-privileged responsive documents exist.

68.     All documents relating to any statement or representation by Paragon to any third

party that Paragon is the sole owner of the Paragon Truss Software.

**RESPONSE:**  Paragon objects to Request for Production No. 68 as overbroad and unduly burdensome, as it seeks to require Paragon to produce "all documents" relating to "any statement or representation" to "any third party" that Paragon is the sole owner of its software made over an unspecified period of time.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

69.     All documents and communications relating to the roles and activities performed by Paragon, DrJ, and Clearspan in connection with the design, engineering, testing, validation, or use of the Paragon Truss Software before its commercial release in about 2024. This request includes documents and communications relating to any pre-commercial customers or projects for which the Paragon Truss Software was used or tested, including Clearspan and two other industry participants with whom Plaintiffs and Paragon jointly worked in connection with testing or use of the Paragon Truss Software.

Such documents and communications include those reflecting: (a) the activities performed by each entity; (b) truss designs, calculations, or outputs generated using the Paragon Truss Software; (c) engineering review, approval, or sealing activities; (d) testing, validation, or refinement efforts; and (e) communications among Paragon, DrJ, and Clearspan regarding such activities.

**RESPONSE**: Paragon objects to Request for Production No. 69 as overly broad, unduly burdensome, vague, and ambiguous. Paragon further objects to the phrase "pre-commercial customers or projects for which the Paragon Truss Software was used or tested" as vague and unclear. Paragon further objects to this request to the extent that it seeks information already within the possession, custody, or control of Plaintiffs. Paragon objects to the extent that Request for Production No. 69 is duplicative of other requests for production herein.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

70.    All documents and communications related to any transfer of intellectual property to Paragon.

**RESPONSE:  Paragon objects to Request for Production No. 70 as vague, ambiguous, and overbroad, as it seeks "all documents and communications" related to "any transfer of intellectual property to Paragon" without specifying the time period for any such transfer or the transferor or transferee. Paragon further objects to Request for Production No. 70 to the extent it is not limited to alleged transfers of intellectual property by or to Plaintiffs.**

**Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be**

**responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

71.     All documents between Daniel Holland and Paragon related to any of the Plaintiffs.

**RESPONSE: Paragon objects to Request for Production as vague and confusing, given that Daniel Holland was an owner of Paragon. Paragon further objects to Request for Production No. 71 as overly broad, as is generally seeks "all documents" between Daniel Holland and Paragon "related to" in any way "any of the Plaintiffs" over an unspecified period of time. Subject to and without waiving the foregoing objection its General Objections, Paragon refers Plaintiffs to the documents produced in the Paragon v. Qualtim case, including PARAGON-000001 – PARAGON 005467 and DHE00000001 – DHE00023193.**

72.     All nonprivileged documents relating to analyses, assessments, or discussions of regulatory, licensure, or professional-responsibility requirements applicable to the Paragon Truss Software or the Paragon's Engineer Network, including analyses addressing sealing obligations, code compliance, or the provision of engineering services.

**RESPONSE: Paragon objects to Request for Production No. 72 as vague and ambiguous, as it is unknown what is meant by the phrase "regulatory, licensure, or professional-responsibility requirements," particularly given how broadly "Engineer Network" is defined by Plaintiffs. Paragon further objects to the extent this request seeks information about engineers who utilize the Paragon Truss Software other than Plaintiffs. It is unclear to Paragon what documents Plaintiffs are seeking.**

**Paragon further objects to Request for Production No. 72 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software. For instance, to the extent the business model is alleged to have involved Plaintiffs as engineers, it is unclear how information related**

to other engineers in an "Engineer Network" could have any bearing on the claims and defenses in this litigation.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Paragon further objects to the extent this request calls for production of documents that would be subject to "Attorneys' Eyes Only" designations under the Agreed Protective Order in light of the parties' ongoing dispute about sharing such documentation with in-house counsel. The parties have reached an impasse on this issue and are waiting for the Court to rule on the scope of "Attorneys' Eyes Only" designations. Such dispute needs to be resolved before responsive documents (if any) can be produced.

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

73.    All communications with any licensing board, regulatory authority, or industry organization concerning engineering compliance, sealing obligations, code compliance, or regulatory approval for truss designs generated by the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 73 as vague and ambiguous, as it is unknown what is meant by the phrase "any licensing broad, regulatory authority, or industry organization" or generic "engineering compliance, sealing obligations, code compliance, or regulatory approval." Paragon further objects to the extent Request for Production No. 73 is not limited it time. It is unclear to Paragon what documents Plaintiffs are seeking. As this request is best understood, Paragon will produce responsive and non-

privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.

74.    All documents relating to the decision to commercially release the Paragon Truss Software in or around 2024, including assessments of product readiness, validation sufficiency, engineering completeness, risk tolerance, or the adequacy of engineering review at the time of release.

**RESPONSE:** Paragon objects to Request for Production No. 74 as vague and ambiguous, as it is unknown what is meant by the phrase "product readiness, validation sufficiency, engineering completeness, risk tolerance, or the adequacy of engineering review…" Paragon further objects to the extent Request for Production No. 74 is not limited it time. It is unclear to Paragon what documents Plaintiffs are seeking.

Paragon further objects to this request as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the

needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

75.     All agreements between Paragon and CH Machine relating to software access, software licensing, free access, or bundled offerings of the type depicted in the advertisement reproduced below ("CH Machine Advertisement").



**RESPONSE: Paragon objects to this Request for Production No. 75 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not**

seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

76.     Documents sufficient to show the material terms and conditions under which customers or users receive the "Paragon Design Suite" as described in the CH Machine Advertisement.

**RESPONSE: Paragon objects to this Request for Production No. 76 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not**

seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

77.    All nonprivileged draft agreements, term sheets, or written proposals exchanged between Paragon and CH Machine relating to any software–truss plate relationship that was implemented or presented to customers.

**RESPONSE:** Paragon objects to this Request for Production No. 77 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model...that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct... It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not

seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

78.     Documents sufficient to show whether any agreement or arrangement Paragon has or had with CH Machine was exclusive or non-exclusive, including any express or practical limitations on Paragon offering similar arrangements with other truss plate manufacturers.

RESPONSE: Paragon objects to this Request for Production No. 78 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not

seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

79.    All communications between Paragon and CH Machine relating to the Paragon Truss Software in connection with the CH Machine relationship, including communications concerning software access or licensing, customer eligibility, pricing, discounts, credits, or marketing or promotion of the arrangement.

**RESPONSE:** Paragon objects to this Request for Production No. 79 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was

not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

80.    All documents provided to or used by Paragon's sales, marketing, or customer-facing personnel that describe or explain the relationship between Paragon and CH Machine or the offers reflected in the CH Machine Advertisement.

**RESPONSE: Paragon objects to this Request for Production No. 80 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between**

the Model and the Paragon Truss Software ('Software').” (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the “Developed TS/IP”: breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

81.    All communications with customers or prospective customers that reference or

relate to the CH Machine Advertisement or the offers described therein.

**RESPONSE:** Paragon objects to this Request for Production No. 81 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that “the core of this case is a business model…that was not fully executed” and “[t]his case can be adjudicated independently from the [d]eclaratory judgment case” which concerns “authorship and ownership of the software.” (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented “This dispute is about an agreed business model (‘Model’) that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software (‘Software’).” (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

82.    Documents sufficient to show any payments, revenue sharing, referral fees, rebates, credits, or other financial consideration exchanged between Paragon and CH Machine in connection with the Paragon Truss Software or the offers described in the CH Machine Advertisement.

**RESPONSE: Paragon objects to this Request for Production No. 82 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).**

83. Documents sufficient to show how the value of the Paragon–CH Machine business relationship as reflected in the CH Machine Advertisement was determined or accounted for, including pricing schedules, discount policies, or accounting summaries used for billing or revenue recognition.

**RESPONSE: Paragon objects to this Request for Production No. 83 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not**

seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

84.    Documents sufficient to show Paragon's revenues and costs attributable to the

Paragon–CH Machine relationship.

**RESPONSE:** Paragon objects to this Request for Production No. 84 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

85.     Documents sufficient to show how Paragon verifies, tracks, or enforces customer eligibility for the offers described in the CH Machine Advertisement.

**RESPONSE:** Paragon objects to this Request for Production No. 85 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or

constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

86.    All agreements between Paragon and customers who received the Paragon Truss Software through the CH Machine Advertisement or the Paragon–CH Machine business relationship, limited to agreements governing software access or licensing.

**RESPONSE:** Paragon objects to this Request for Production No. 86 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by

Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

87.    All meeting agendas that Paragon received from any Plaintiff during the Development Time Period.

**RESPONSE:** Paragon objects to Request for Production No. 87 as overbroad and unduly burdensome, as it seeks to require Paragon to produce "all meeting agendas" that "any Plaintiff" sent over a nine year period. Paragon further objects to Request for Production No. 87 to the extent that it seeks production of documents already within Plaintiffs' possession, custody, or control. Subject to and without waiving the foregoing objections and its General Objections, Paragon has already produced responsive documents in the Paragon v. Qualtim case. *See e.g.*, PARAGON-000001 – PARAGON 005467.

88.    All meeting agendas that Paragon sent to any Plaintiff during the Development Time Period.

**RESPONSE:** Paragon objects to Request for Production No. 88 as overbroad and unduly burdensome, as it seeks to require Paragon to produce "all meeting agendas" that Paragon sent to "any Plaintiff" over a nine year period. Paragon further objects to Request for Production No. 88 to the extent that it seeks production of documents already within Plaintiffs' possession, custody, or control. Subject to and without waiving the foregoing objections and its General Objections, Paragon has already produced responsive documents in the Qualtim case. *See e.g.*, PARAGON-000001 – PARAGON 005467.

89.     All documents relating to internal risk assessments, compliance audits, engineering failure analyses, or evaluations of legal, regulatory, or engineering risks associated with the Paragon Truss Software.

**RESPONSE:** **Paragon objects to Request for Production No. 89 as vague and ambiguous, as it is unknown what is meant by the phrase "internal risk assessments, compliance audits, engineering failure analyses, or evaluations of legal, regulatory, or engineering risks." Paragon further objects to the extent Request for Production No. 89 is not limited it time. It is unclear to Paragon what documents Plaintiffs are seeking.**

**Paragon further objects to this Request for Production No. 89 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.**

**The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).**

**Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on**

the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

90.    All documents relating to the use of artificial intelligence tools, automated coding tools, code-generation tools, or other automated assistance in the development, modification, refactoring, or testing of the Engineering Inputs in the Paragon Truss Software.

**RESPONSE:** Paragon objects to Request for Production No. 90 as vague and ambiguous, as it is unknown what is meant by the phrase "artificial intelligence tools, automated coding tools, code-generation tools, or other automated assistance in the development, modification, refactoring, or testing of the Engineering Inputs," particularly given the overbroad definition assigned to "Engineering Inputs" by Plaintiffs. Paragon further objects to the extent Request for Production No. 90 is not limited in time. It is unclear to Paragon what documents Plaintiffs are seeking.

Paragon objects to this Request for Production No. 90 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the

95

needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

91.    All documents reflecting prompts, outputs, training materials, internal guidelines, or policies governing the use of artificial intelligence or automated tools in connection with engineering logic, Engineering Inputs, or validation processes used in the Paragon Truss Software.

RESPONSE: Paragon objects to Request for Production No. 91 as vague and ambiguous, as it is unknown what is meant by the phrase "prompts, outputs, training materials, internal guidelines, or policies" and "in connection with engineering logic, Engineering Inputs, or validation processes," particularly given the overbroad definition assigned to "Engineering Inputs" by Plaintiffs. Paragon further objects to the extent Request for Production No. 91 is not limited in time. It is unclear to Paragon what documents Plaintiffs are seeking.

Paragon further objects to this Request for Production No. 91 as the information sought is neither relevant to the claims and defenses at issue nor proportional to the needs of this case. Plaintiffs have expressly represented in the Amended Complaint that "the core of this case is a business model…that was not fully executed" and "[t]his case can be adjudicated independently from the [d]eclaratory judgment case" which concerns "authorship and ownership of the software." (Doc. 39). Plaintiffs have also represented to the Court in other Rule 11 filings that this litigation is not about Paragon's software and instead only concerns an alleged breach of an agreed business model, rendering the subject matter of this request irrelevant, overbroad, and unduly burdensome. For example, Plaintiffs represented "This dispute is about an agreed business model ('Model') that was not executed due to the Defendants' conduct… It is crucial to note the distinction between the Model and the Paragon Truss Software ('Software')." (Doc. 38). This request does not seek documents regarding any terms, conditions, misappropriation, or alleged breach of a business model that is distinct from the Paragon Truss Software.

The Amended Complaint includes the following Causes of Action all related to the alleged agreed business model, which is expressly defined in the Amended Complaint as the "Developed TS/IP": breach of contract in nondisclosure agreement, breach of implied or constructive contract of business partnership, breach of contract- performance prevented by Defendant, breach of contract-unjust enrichment, misappropriation of trade secrets for the Developed TS/IP business model, civil conspiracy, tortious interference with an existing

contract, tortious interference with contractual relations, tortious interference with business relations, misappropriation of confidential business information, unfair competition, breach of fiduciary duty, injunction, and injunction pending state department investigation. Paragon contends that the subject matter of this request is not relevant to any of these Causes of Action. Paragon is willing to meet and confer with Plaintiffs to the extent Plaintiffs contend that this request is allegedly relevant to any party's claim or defense and proportional to the needs of the case, and to discuss if there can be any possible reasonable scope of response pursuant to the permitted scope of discovery under Rule 26(b)(1).

Because Plaintiffs refused Paragon's request for a courtesy extension to respond to these requests, Paragon is still in the process of identifying any responsive documents in its possession, custody, and control to the extent such documents exist. Nonetheless, based on the foregoing objections, Paragon has withheld production of any documents that may be responsive to this request until the parties can resolve whether such documents are even subject to the scope of permitted discovery under Rule 26(b)(1).

92.     Documents sufficient to identify any documents or categories of documents that Paragon claims were not produced, or only partially produced, in response to Plaintiff Kirk Grundahl's prior requests due to his pro se status, that remain in Paragon's possession, custody, or control and have not been provided in response to Requests Nos. 1–91. This Request was necessitated by Paragon's refusal to produce any documents to the represented Plaintiffs or confer with them about production.

**RESPONSE**: Paragon objects to Request for Production No 92 as overbroad and unduly burdensome. Paragon objects to the misrepresentation in this request that Paragon allegedly refused to produce documents based on correspondence from an attorney who does not legally represent the party that served the referenced document requests. Paragon stands on its responses to *pro se* Plaintiff Kirk Grundhal's first requests for production, and objects to the corporate-entity Plaintiffs' ongoing attempts to challenge those responses. Paragon maintains that the corporate-entity Plaintiffs, who are represented by separate counsel and have served their own set of requests for production, lack standing to challenge Paragon's responses to *pro se* Plaintiff Grundahl's requests for production to Paragon. As Paragon has stated and reiterated, Paragon remains willing to meet and confer with *pro se* Plaintiff Grundahl about his perceived deficiencies with Paragon's responses and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any.

Respectfully submitted February 9, 2026.

                                     **MILLER & MARTIN PLLC**

                                     */s/ Erin E. Steelman*

                                     James T. Williams – *Admitted Pro Hac Vice*
                                     james.williams@millermartin.com
                                     Erin E. Steelman – *Admitted Pro Hac Vice*
                                     erin.steelma@millermartin.com
                                     832 Georgia Avenue, Suite 1200
                                     Chattanooga, TN 37402-2289
                                     Telephone: (423) 756-6600

                                     Stephen E. Kabakoff – *Admitted Pro Hac Vice*
                                     stephen.kabakoff@millermartin.com
                                     1180 W. Peachtree Street, NW
                                     Suite 2100
                                     Atlanta, Georgia 30309
                                     Telephone: (404) 962-6100

                                     **GASS TUREK, LLC**
                                     Tamar B. Kelber, SBN 1101802
                                     kelber@gassturek.com
                                     Josh S. Greenberg, SBN 1107959
                                     greenberg@gassturek.com
                                     241 North Broadway, Suite 300
                                     Milwaukee, WI 523202
                                     Telephone: (414) 223-3300

                                     *Counsel for Plaintiff Paragon Component Systems, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 9, 2026, a copy of the foregoing **Defendant Paragon Component System, LLC' Response to Plaintiffs' First Set of Requests for Production of Documents** is being served on all counsel of record via email.

MILLER & MARTIN PLLC


*/s/ Erin E. Steelman*

*Counsel for Plaintiff Paragon Component Systems, LLC*