# Exhibit 4

33 East Main Street Suite 500
Madison, WI 53703-3095

**Mailing Address:**
P.O. Box 2038
Madison, WI 53701-2038

**Phone:**
608.257.7181

**Fax:**
608.257.2508

www.murphydesmond.com

Scott G. Salemi
Direct Line 608.268.5646
Facsimile 608.257.2508
ssalemi@murphydesmond.com



11 February 2026

**VIA EMAIL ONLY:**

Miller & Martin PLLC
Stephen E. Kabakoff
James T. Willliams
Erin E. Steelman
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, GA 30309-7706
stephen.kabakoff@millermartin.com
james.willliams@millermartin.com
erin.steelman@millermartin.com

Gass Turek LLC
Joshua S. Greenberg
Tamar B. Kelber
241 North Broadway Suite 300
Milwaukee, WI 53202
greenberg@gassturek.com
kelber@gassturek.com

Re: *Inspired Pursuits, LLC v. Paragon Component Systems, LLC*
Civil Action No. 3:25-cv-00075-wmc

Counsel:

I write regarding Defendant Paragon Component Systems, LLC's Responses to Represented Plaintiffs' First Set of Requests for Production of Documents, which was served on February 9, 2026.

After careful review, Paragon's responses do not meaningfully agree to produce responsive documents. Of the 92 Requests served, Paragon agreed to produce documents on only two (Request Nos. 54 and 73)—a 2.2% compliance rate. For the remaining 90 Requests, Paragon has either asserted generalized objections and withheld all responsive materials, referred Plaintiffs to broad prior productions without identifying which documents are responsive to which Requests, or stated it "will continue to produce" documents without confirming whether production is complete or whether additional responsive documents exist.

Three representative examples illustrate the pattern:

**Objection and withhold (Request No. 1, representative of 58 Requests):** "Paragon further objects to this request as seeking information that is not relevant to any claim or defense in this litigation, as Plaintiffs have expressly represented in the Amended Complaint that 'the core of this case is a business model…that was not fully executed.'" Production withheld pending "resolution of scope under Rule 26(b)(1)."

**Ambiguous continuing production (Request No. 14, representative of 13 Requests):** "Paragon will continue to produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production."

Page 2

>**AEO impasse freeze (Request No. 16, representative of 17 Requests):** "[P]arties have reached impasse and are waiting for Court to rule on scope of AEO designations. Production of responsive documents (if any) deferred until that dispute is resolved."

As a result, Paragon has not clearly committed to producing any new documents in response to these Requests, nor has it identified which previously produced documents satisfy which Requests. The responses leave Plaintiffs unable to determine what, if anything, Paragon agrees to produce. To the extent Paragon's responses suggest that noncompliance is excused because Plaintiffs declined a courtesy extension, that proposition is incorrect. Plaintiffs did not deny the request. They were awaiting clarification from Paragon, to which it did not respond. Paragon's responses were due February 9, 2026, and it chose to respond on that date, and the responses served on that date must stand on their own terms. Even if Paragon intended to continue searching, Rule 34(b)(2)(B) required a definitive statement on production and withholding as of the response date; "still in the process" of identifying responsive documents combined with "withheld" is not a compliant Rule 34 response.

Paragon's responses fail to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure. This correspondence is sent in good faith pursuant to Rule 37(a)(1) to identify specific deficiencies and provide Paragon an opportunity to cure before Court intervention is sought.

## I.      THRESHOLD NONCOMPLIANCE UNDER RULE 34

Paragon asserts generalized objections to nearly all Requests and states that it "has withheld production of any documents that may be responsive" pending resolution of those objections. This language appears throughout its responses, including Requests 1–13, 16–41, 46–53, 57–65, 67–70, 72–74, 75–92.

Rule 34(b)(2)(B) requires a responding party to state whether responsive materials will be produced. Rule 34(b)(2)(C) requires that, if documents are being withheld on the basis of an objection, the response must state that responsive materials are being withheld.

Paragon does not confirm whether responsive documents exist, does not identify categories of documents being withheld, and does not distinguish between what will be produced and what is being withheld. A party may preserve objections, but it may not use generalized objections to suspend all production or refuse to confirm whether responsive documents exist.

## II.     AMBIGUITY REGARDING WHAT, IF ANYTHING, IS BEING PRODUCED

In response to Requests including 14, 15, 42, 54, 60, 63–66, 71, and others, Paragon states that it "will continue to produce responsive and non-privileged documents" or refers Plaintiffs to documents previously produced in the *Paragon v. Qualtim* litigation or by the Estate of Daniel Holland.

These responses are ambiguous. Paragon does not state whether responsive documents exist beyond those previously produced, whether the referenced production fully satisfies the Request, whether production is complete as to any Request, or whether additional responsive documents exist but are being withheld.

Page 3

Rule 34 requires clarity. For each Request, Paragon must confirm whether responsive documents exist, identify the specific Bates-numbered documents responsive to that Request, state whether production is complete, and, if additional documents will be produced, state when.

## III. BLANKET CITATION TO PRIOR PRODUCTION

In response to numerous Requests, including 14, 15, 42, 54, 60, 63–66, 71, and 92, Paragon cites entire prior productions by broad Bates ranges without identifying which documents within those productions are responsive to which Requests.

Rule 34(b)(2)(E)(i) requires that documents be produced either as they are kept in the usual course of business or organized and labeled to correspond to the categories in the Request. A blanket reference to thousands of pages of prior production does not satisfy either requirement.

If Paragon contends that previously produced documents satisfy any Request, it must provide a request-by-request index identifying: the Request number, the specific Bates-numbered documents responsive to that Request, a brief description of the documents, and confirmation of whether production is complete as to each Request.

Similarly, for each Request to which Paragon states it "will continue to produce," Paragon must identify, by Bates range, what has been produced to date for that Request, identify what remains to be produced, and provide a production schedule with a date certain for completion. Without this information, "will continue to produce" is not a verifiable commitment; it is an indefinite deferral.

## IV. REQUEST-SPECIFIC DEFICIENCIES

**Requests 1–10, 26–30, 40–41, 50–53, 90–91** (Source Code and Engineering Materials)

These Requests seek documents relating to engineering logic implemented in the Paragon Truss Software, including engineering documentation, validation materials, revision histories, alleged independent development materials, and—where necessary—source code limited to Engineering Inputs.

Paragon objects primarily on relevance grounds and has withheld production.

The Requests are narrowly tailored. Plaintiffs do not seek production of Paragon's entire source code base. Plaintiffs seek only materials sufficient to identify whether and how defined Engineering Inputs were incorporated, retained, modified, or removed. To the extent source code review becomes necessary, Plaintiffs seek only the portions of code that implement or reflect those Engineering Inputs.

Many of these issues can be addressed through non-source code materials, including design documentation, version histories, change logs, validation records, internal analyses, and related communications. At present, Paragon has not produced such materials.

To the extent Paragon contends that Plaintiffs' Engineering Inputs were not incorporated, were removed post-termination, or were independently developed, documents reflecting those contentions—including engineering documentation and revision histories—are directly relevant.

Page 4

The Protective Order provides procedures governing source code review, if and to the extent such review becomes necessary. To be clear, Plaintiffs' first priority is production of non-code engineering materials: requirements specifications, design documentation, change logs, validation records, and version histories. If disputes remain after review of those materials, Plaintiffs will meet and confer with Paragon on a targeted source-code review protocol under the Protective Order. At minimum, however, Paragon must confirm whether responsive engineering documentation and related materials exist and produce them.

Plaintiffs further note that the development and integration of the engineering materials at issue involved a limited and identifiable group of individuals and defined repositories. The relevant custodians and data sources are known to Paragon and are not expansive. Plaintiffs are not seeking company-wide or undifferentiated searches, but production from the discrete custodial and technical sources associated with the development and post-termination modification of the Paragon Truss Software.

Two additional responses in this group warrant specific comment. In response to Request No. 38, which seeks instruments that Paragon contends grant it ownership or usage rights in the Paragon Truss Software or any Engineering Inputs, Paragon states that it "does not have any agreements, assignments, licenses, or other instruments with itself." This misreads the Request. Request No. 38 does not ask for Paragon-to-Paragon instruments; it asks for instruments from any source—including Daniel Holland, the Estate, any Plaintiff, or any third party—that Paragon contends grant it ownership or usage rights. Paragon must respond to the Request as written.

Separately, in response to Request Nos. 40 and 41, Paragon states that it "has made no contention concerning its 'trade secrets' in this litigation." Plaintiffs note this representation. To the extent Paragon later asserts that producing engineering documentation, validation materials, or related non-source-code materials would expose Paragon's trade secrets, that assertion is foreclosed by Paragon's own statement that it has asserted no trade secret contention in this action.

**Requests 19–22, 31–32, 37, 57–58, 82–84** (Financial and Revenue Documents)

These Requests seek documents sufficient to show revenue, licensing income, financial benefit, cost savings, allocation analyses, and financial arrangements including those relating to CH Machine.

Paragon has objected on relevance and AEO grounds and has withheld production. A dispute over the appropriate confidentiality designation under the Protective Order does not excuse withholding responsive documents. If Paragon believes AEO designation applies, the Protective Order already provides the mechanism: designate and produce. Paragon may not unilaterally refuse production while the designation dispute remains unresolved.

Revenue and unjust enrichment are central to Plaintiffs' claims. Financial documents may be designated under the Protective Order, but they may not be withheld entirely. Paragon must produce documents sufficient to show revenue during the Development Time Period and the Post-Termination Time Period, licensing arrangements, and financial analyses relating to engineering inputs.

Page 5

Plaintiffs are willing to begin with summary financial reports or revenue-by-product documentation sufficient to show revenue and licensing income attributable to the Paragon Truss Software during the relevant periods, with more granular documentation to be addressed as needed.

**Requests 33–36, 43–49, 69, 72–74, 75–81, 85–89** (Engineer Network, Customer, and Marketing Materials)

These Requests concern the structure and operation of the Engineer Network, regulatory compliance communications, marketing materials, customer communications, commercial release decisions, and the Paragon–CH Machine relationship.

Paragon objects on relevance grounds and has withheld production.

These Requests are not directed to undifferentiated company-wide communications. They are targeted to the defined business units, custodians, and functional roles responsible for marketing, regulatory compliance, Engineer Network administration, and the CH Machine relationship. The relevant custodians and repositories associated with those functions are discrete and known to Paragon. Plaintiffs do not seek broad searches of all customer communications, but only communications reflecting representations concerning engineering capabilities, compliance, sealing, commercialization decisions, and post-termination use of Engineering Inputs. They are relevant and must be produced.

**Requests 63–64** (Joint Defense Agreement Privilege)

In response to Request Nos. 63 and 64, which seek inter-Defendant communications relating to Plaintiffs' ownership or licensing interests and IP-LLC, Paragon objects on the basis of a Joint Defense Agreement. Plaintiffs note that JDA privilege is narrowly construed and does not shield pre-litigation business communications between co-defendants. To the extent Paragon invokes a JDA executed after this litigation commenced to withhold communications that predate the agreement, that assertion is improper. The JDA does not retroactively cloak pre-litigation business communications with privilege. Paragon must identify, on a privilege log, each document withheld on JDA grounds, including the date, author, recipient, and subject matter sufficient for Plaintiffs to evaluate the privilege assertion.

**Request 92** (Standing Challenge)

In response to Request No. 92, Paragon asserts that the Represented Plaintiffs "lack standing" to challenge its responses to pro se Plaintiff Grundahl's discovery. That objection mischaracterizes both the Request and the governing Rules.

Request No. 92 is part of the Represented Plaintiffs' own First Set of Requests for Production. The Represented Plaintiffs served their own independent discovery pursuant to Rules 26 and 34. Request No. 92 seeks identification of documents that Paragon has acknowledged were not produced based on Mr. Grundahl's pro se status, to the extent such documents remain in Paragon's possession and have not been produced in response to Requests Nos. 1–91.

Each named Plaintiff is independently entitled to propound discovery. A purported dispute that has been resolved by the parties' agreement concerning Mr. Grundahl's status under the

Page 6

Protective Order does not relieve Paragon of its obligation to respond fully to discovery served by the Represented Plaintiffs. There is no "standing" doctrine under Rule 34 that permits a responding party to refuse production to one set of Plaintiffs based on objections asserted in response to another party's discovery.

Paragon must therefore respond to Request No. 92 as served by the Represented Plaintiffs and identify whether any such documents exist and, if so, produce them.

## V. REQUIRED CURE

**Within five (5) business days**, Paragon must serve amended responses that comply with Rule 34, state expressly whether responsive documents exist, identify the specific Bates-numbered documents responsive to each Request (using the request-by-request index format described above), state whether production is complete as to each Request, identify categories of documents withheld and the basis for withholding, provide a privilege log for all documents withheld on privilege or work-product grounds within fourteen (14) days of the amended response, and confirm the custodians and data sources searched—including identification of source-code repositories, project-management systems, and collaboration platforms (e.g., Slack, email) searched and the date ranges collected.

If Paragon contends that any Request cannot be answered fully, it must explain specifically why and identify what efforts were made to obtain responsive documents.

Absent timely cure, Plaintiffs will seek relief under Rule 37 without further notice, including an order compelling production and appropriate fee-shifting.

Plaintiffs remain available to meet and confer promptly following service of amended responses if any narrow disputes remain.

Sincerely,

Scott G. Salemi

cc: See corresponding email.
4902-9685-7487, v. 1