# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Plaintiffs,

        Case No. 3:25-cv-00075-wmc

  V.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, LLC, and THE
ESTATE OF DANIEL HOLLAND EX REL.
SPECIAL EXECUTOR MARVIN B. SPEED,

        Defendants.

**DEFENDANT PARAGON COMPONENT SYSTEMS, LLC'S SUPPLEMENTAL
RESPONSES TO KIRK GRUNDAHL'S FIRST REQUESTS FOR PRODUCTION**

Under Federal Rules of Civil Procedure 26 and 34, and pursuant to the Parties' February

20, 2026, meet-and-confer, Defendant Paragon Component Systems, LLC submits the following

supplemental answers and responses to Kirk Grundahl's ("Plaintiff") First Requests for Production

as follows.

Paragon's responses to each Request are based upon the facts, documents, and information

presently known and available to Paragon. Paragon's discovery, investigation, research, and

analysis remains ongoing in this case and may reveal the existence of additional facts or

documents. Paragon expressly reserves the right to change or supplement these responses as

additional facts or documents are discovered and as further analysis and research disclose

additional facts, contentions, or legal theories that may apply. Moreover, if any information has

been inadvertently omitted from these responses, Paragon expressly reserves the right to change or supplement these responses.

The Protective Order (Doc. 42) in this case was agreed upon before Mr. Grundahl became a *pro se* litigant. The existing Protective Order therefore needs to be appropriately modified to account for Plaintiff's status as a *pro se* litigant before Paragon produces any responsive documents bearing Paragon's highly confidential and business sensitive information, especially any documents that Mr. Grundahl, as a principal and competitive decision maker for several Defendants, would not have been allowed to access under the Protective Order prior to his change to a *pro se* defendant. Paragon respectfully submits that Mr. Grundahl should not be permitted to change his litigation status to *pro se* to circumvent the Protective Order.

### GENERAL OBJECTIONS AND OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

The following general objections apply to and are incorporated by reference into Paragon's response to each Request for Production, as if fully set forth herein:

A.      Paragon objects to Plaintiff's instructions and definitions to the extent such instructions and definitions are inconsistent with Federal Rule of Civil Procedure 26 or the Local Rules of this Court.

B.      Paragon objects to each Request for Production to the extent that it seeks discovery or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection. Any inadvertent disclosure of material or information protected by any such privilege or protection is not intended as, and should not be construed to constitute, a waiver. For purposes of responding to these requests, Paragon will construe each request as not seeking legal memoranda, drafts of pleadings, attorneys' notes, communications among counsel,

documents prepared in anticipation and/or in connection with litigation, documents prepared by or at the request of counsel, or other privileged or protected documents and information.

C.      Paragon objects to each Request for Production to the extent it seeks information not in Paragon's possession, custody, or control or that is already in Plaintiffs' possession, custody, or control.

D.      Paragon objects to each Request for Production to the extent it seeks to impose upon Paragon the impossible burden of producing each and every communication or document pertaining to a matter.

E.      Paragon objects to each Request for Production to the extent that such requests are overly broad, vague, ambiguous, and seek discovery which is unduly burdensome or expensive and not proportional to the needs of this action.

F.      Paragon objects to each Request for Production to the extent that such request seeks discovery of information that is not relevant to any party's claim or defense.

G.      Paragon objects to each Request for Production to the extent that such request is not limited in time.

H.      Paragon objects to each Request for Production to the extent that such requests assume facts that are incorrect and/or not in the record.

I.      Paragon objects to the definition of "Document / ESI" to the extent it seeks source code. To the extent Plaintiff believes that source code is relevant to this action, Paragon is willing to meet and confer.

J.      Paragon objects to the list of initial custodians. Paragon is willing to meet and confer with Plaintiff to determine a reasonable list of custodians that will result in discoverable information proportional to the needs of the action.

3

K.      Paragon objects to the definition of "Plaintiffs' Engineering Contributions" because it assumes facts not in record, namely that Plaintiffs contributed engineering know-how, methods, design inputs, calculations, validation protocols, software configurations, models, and outputs" to Paragon or Clearspan. Paragon also objects to this definition to the extent it seeks documents in the possession, custody, or control of Clearspan to which Plaintiff has issued a separate set of Requests for Production of Documents.

L.      Paragon objects to Plaintiff's instructions because they render response to Plaintiff's Requests for Production as unduly burdensome. Paragon agrees to meet and confer on appropriate file types for production, associated fields and metadata, search terms, custodians, and other information to facilitate reasonable document searches.

## PARAGON'S SPECIFIC RESPONSES

1.      Documents sufficient to identify Paragon custodians and systems likely to hold responsive ESI (email, Slack/Teams, Google/Microsoft cloud, code repos, ticketing/PM tools, shared drives, backups) and the applicable retention settings (2016-present).

**RESPONSE: Paragon objects to this request as vague and ambiguous, overbroad, and unduly burdensome because it is unclear what is meant or referred to by, for instance, the terms "Slack/Teams," "Google/Microsoft cloud," "ticketing/PM tools," "code repos," and "responsive ESI." Paragon objects to Request for Production No. 1 to the extent it seeks documents not kept in the ordinary course of Paragon's business. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff regarding the scope of this request and whether there are any responsive documents in the possession, custody, and control of Paragon containing any of the information requested. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon directs Plaintiff to the Slack files it has already produced, *see* PARAGON-004200-004874, PARAGON-004904-004906, PARAGON-004995, and PARAGON-005840-006640, as well as the abundance of email communications**

between Paragon and Plaintiffs previously produced, *see e.g.,* PARAGON-000001 through PARAGON-004199.

2.      Policies/procedures, access controls, and internal guidance used by Paragon to

handle Plaintiffs' confidential information; documents showing who had access and when.

**RESPONSE: Paragon objects to Request for Production No. 2 as vague, ambiguous, and overbroad as to, for example, the terms "internal guidance," "Plaintiffs' confidential information," and "documents showing who had access and when." Paragon further objects to this request to the extent it seeks the production of privileged communications and/or work product from counsel. Subject to and without waiving these objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon directs Plaintiff to the Paragon Employee Handbook previously produced, which includes a policy for securing information, *see* PARAGON-005553-005577, as well as a previously produced email from Plaintiff to Paragon about purported confidentiality issues, *see* PARAGON-002931-002932.**

3.      Non-privileged communications (2016-present) relating to Plaintiffs' Engineering

Contributions, authorship/ownership, joint work, engineered design work (e.g., truss design) or the

2024 separation between Paragon and any Plaintiff.

**RESPONSE: Paragon objects to Request for Production No. 3 as vague and ambiguous as to, for instance, the terms "engineered design work," "joint work," "authorship/ownership," "2024 separation," and "Plaintiff's Engineering Contributions." Paragon further objects to this request as overbroad, unduly burdensome, and seeking discovery not relevant or proportional to the needs of the case or reasonably calculated to lead to the discovery of admissible evidence. Paragon further objects to this request in that it includes information within the possession, custody and control of Plaintiffs and/or third parties. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce**

such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

**SUPPLEMENTAL RESPONSE:** **Subject to and without waiving the foregoing objections, Paragon directs Plaintiff to the Slack files previously produced,** *see* **PARAGON-004200-004874, PARAGON-004904-004906, PARAGON-004995, and PARAGON-005840-006640.**

4.     Non-privileged communications (2016-present) relating to the subjects in RFP 3

and any allocation of roles/rights or data sharing between Paragon and Clearspan.

**RESPONSE:** **Paragon objects to Request for Production No. 4 as vague, ambiguous, overbroad, and unduly burdensome, as to, for instance, the phrase "any allocation of roles/rights or data sharing between Paragon and Clearspan." For example, RFP 3 does not refer to Clearspan at all. Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE:** **Subject to and without waiving the foregoing objections, Paragon refers Plaintiff to Paragon's response to Request for Production No. 3, and with respect to documents concerning "any allocation of roles/rights or data sharing between Paragon and Clearspan", Paragon is not aware of any responsive documents in its possession, custody and control.**

5.     Produce Slack and other chat message content responsive to RFPs 3-4 from the

Initial Custodians and agreed channels/DMs for 2016-present, in Slack Data format with users.json

and channels.json. De-duplicate against email and cloud files. Exclude admin, membership, and

retention logs here; produce those under RFP 45 and "Slack/IT cross-control."

**RESPONSE:** **Paragon objects to Request for Production No. 5 as vague, ambiguous, overbroad, and unduly burdensome as to, for instance, the phrases "Slack Data," "Slack/IT cross-control," "Initial Custodians," "cloud files," "agreed channels/DMs". Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of**

6

**responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's** *pro se* **status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon directs Plaintiff to the Slack files previously produced,** *see* **PARAGON-004200-004874, PARAGON-004904-004906, PARAGON-004995, and PARAGON-005840-006640.**

6.     Produce emails with attachments responsive to RFPs 3-4 from the same custodians, sources, and date range used for RFP 5, in .PST or .EML/.MSG with families preserved. De-duplicate against Slack and cloud files. Search protocol per RFP 22.

**RESPONSE: Paragon objects to Request for Production No. 6 as vague, ambiguous, overbroad, and unduly burdensome including, for example, as to "Slack and cloud files" and deduplicating files across different platforms. Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action. Paragon further objects to this request as duplicative of RFPs 3-4 and hereby incorporates by reference Paragon's responses to those RFPs.**

7.     Produce native Google/Microsoft files responsive to RFPs 3-4 that were created or modified by the same custodians and date range used for RFP 5, including material comments or revision history. De-duplicate against Slack and email. Exclude access-admin and revocation logs, which are produced under RFPs 20 and 45. Provide Drive/SharePoint file IDs for traceability.

**RESPONSE: Paragon objects to Request for Production No. 7 as vague, ambiguous, overbroad, and unduly burdensome including, for example, as to "material comments," "access-admin," "revocation logs, "Drive/SharePoint file IDs." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action. Paragon further objects to this request as duplicative on RFPs 3-5 and hereby incorporates by reference Paragon's responses to those RFPs.**

8.     Produce agreements, SOWs, amendments, and side letters between Paragon and Clearspan that concern software or IP ownership, data sharing, support, or joint development (2016-present). In addition, produce an index of all intercompany agreements listing title, date,

counterparty, and subject. Agreements unrelated to software/IP will be produced under "Intercompany agreements" and "Separateness covenants and compliance," with the index cross-referenced by Bates.

> **RESPONSE: Paragon objects to this Request No. 8 as vague, ambiguous, overly broad, and unduly burdensome, including as to the terms "data sharing, "side letters," and "support." Paragon further objects to this request to the extent it seeks information not kept in the ordinary course of business, including "an index" of all intercompany agreements. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon will produce responsive documents in the possession, custody, and control of Paragon to the extent they exist and are relevant to the claims and defenses in this case. Paragon will not produce the requested index of intercompany agreements. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

> **SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon directs Plaintiff to the previously produced Assignment and Assumption Agreement and the Bill of Sale between Clearspan and Paragon, *see* PARAGON-005578-005581, PARAGON-005582-005585.**

9.    Pre-litigation and non-attorney documents stating Paragon's authorship/ownership claims to the Paragon truss software, including internal analyses and communications with Clearspan/third parties regarding ownership.

> **RESPONSE: Paragon objects to Request for Production No. 9 as vague, ambiguous, overbroad, and unduly burdensome for instance, as to "Paragon's authorship/ownership claims to the Paragon truss software" that are "pre-litigation." Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any, that have not already been produced to Plaintiff. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

> **SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, in addition to the documents Paragon has already produced supporting its ownership claim, Paragon will produce a communication from Clearspan**

concerning ownership of the Paragon Truss Software, as well as documents demonstrating Paragon's marketing of the software.

10.     For the Paragon truss software, repository export(s) limited to branches/paths implementing core computational models and input value tables (2016-present), including commit logs (author, timestamp, message) and merge requests.

**RESPONSE:  Paragon objects to Request for Production No. 10 as vague, ambiguous, overbroad, and unduly burdensome for instance as to "branches/paths implementing core computation models," "input value tables," "merge requests," and "commit logs." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). For instance, the causes of action in this case are based on alleged breach of contract and trade secret misappropriation of an alleged business model and does not require production of the code of the Paragon Truss Software, which is Paragon's highly confidential and proprietary intellectual property.**

11.     Produce documents sufficient to show how model values and design criteria used in Paragon's software were selected, including references to standards and the role of any Plaintiffs' consulting or data (2009-present). Satisfy primarily with technical specs, engineering memos, PM tickets, and code comments. Exclude auditor workpapers or management letters; those will be produced under "Auditor/attestation findings."

**RESPONSE:  Paragon objects to Request for Production No. 11 as vague, ambiguous, overbroad, and unduly burdensome for instance as to "Plaintiff's consulting or data," "model values and design criteria," "PM tickets," "engineering memos," "auditor workpapers or management letters." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). For instance, the causes of action in this case are based on alleged breach of contract and trade secret misappropriation of an alleged business model and do not require production of the code of the Paragon Truss Software, which is Paragon's highly confidential and proprietary intellectual property. For these reasons, Paragon will not produce any portion of the code of the Paragon truss software. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any, that have not already been produced to Plaintiff. To the**

9

**extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

12.    Produce documents evidencing receipt, evaluation, or use of Plaintiffs' Engineering Contributions, test data, calculations, or designs and any integration into Paragon software, services, or deliverables. Where the same facts are shown in PM exports under RFP 20 or repository artifacts under RFP 10, provide Bates or commit-hash cross-references rather than duplicative re-production.

> **RESPONSE:  Paragon objects to Request for Production No. 12 as vague, ambiguous, and overbroad as to, for instance, "Plaintiffs' Engineering Contributions," "services," "deliverables," "PM exports," "repository artifacts," and "commit-hash cross-references." To the extent this request seeks documents provided by Plaintiff to Paragon, Plaintiff has equal access to those documents. Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). For instance, the causes of action in this case are based on alleged breach of contract and trade secret misappropriation of an alleged business model and do not require production of the code of the Paragon Truss Software, which is Paragon's highly confidential and proprietary intellectual property. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any, that have not already been produced to Plaintiff. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

13.    Materials presented or distributed at 2024 industry events (e.g., Virginia Tech, BCMC, NCSEA) relating to Plaintiffs' Engineering Contributions, or overlapping content with Plaintiffs' technology (slide decks, speaker notes, handouts).

> **RESPONSE:  Paragon objects to Request for Production No. 13 as vague, ambiguous, and overbroad, including as to the phrases "2024 industry events," "Plaintiffs' Engineering Contributions," and "overlapping content with Plaintiffs' technology." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action. Subject to these specific objections and Paragon's General Objections, Paragon did not present or distribute any documents with content including Plaintiffs' technology.**

14.    Internal/external communications regarding restriction of Plaintiffs' access during the Separation Window, customer support messaging (including Slack auto-posts from salessupport@trusspal.com), and outreach to customers/suppliers.

> **RESPONSE:  Paragon objects to Request for Production No. 14 as vague, ambiguous, and overbroad as to, for instance, "internal/external communications," "Slack auto-posts," "customer support messaging," and "Separation Window." Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

> **SUPPLEMENTAL RESPONSE:  Subject to and without waiving the foregoing objections, Paragon will produce its "DrJ User Transition Plan" and an exemplar communication sent to Paragon's customers regarding DrJ's removal as a Paragon customer and the impact of such action on sharing jobs with DrJ.**

15.    Identify third-party consultants engaged for truss model validation or value selection since 2016 and produce SOWs and deliverables. Exclude auditor attestations and lender/insurer communications, which will be produced under "Auditor/attestation findings" and "Fraud/abuse inquiries." Provide an index of consultants with scope, date range, and deliverable IDs.

> **RESPONSE:  Paragon objects to Request for Production No. 15 as vague, ambiguous, and overbroad for instance as to "auditor attestations," "lender/insurer communications." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action or proportional to the needs of the case. For instance, the causes of action in this case are based on alleged breach of contract and trade secret misappropriation of an alleged business model and do not require production of the documents requested. Paragon further objects to this request as being an interrogatory disguised as a document request. Paragon further objects to this request to the extent it seeks information, such as an "index of consultants" that are not kept in the ordinary course of Paragon's business. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the reasonable scope of documents in the possession, custody, and control**

of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

16. Produce vendor summaries, AP registers, and remittance detail sufficient to show annual amounts paid by Paragon to each Plaintiff for 2016-present. If underlying invoices to Plaintiffs are produced elsewhere in finance materials, a Bates cross-reference satisfies this RFP.

**RESPONSE:** Paragon objects to Request for Production No. 16 as vague, ambiguous, and overbroad for instance as to "vendor summaries," "AP registers," and "remittance detail." Paragon further objects to the extent this request seeks documents and information that are already in the possession, custody, and control of Plaintiff. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive financial documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

17. Produce payment registers or remittance reports sufficient to show amounts paid by Clearspan to Paragon by year 2016-present and month-level totals for 2023-2024. Do not include invoices here; invoices will be produced once under RFP 41 and cross-referenced by Bates.

**RESPONSE:** Paragon objects to Request for Production No. 17 as vague, ambiguous, and overbroad as to, for instance, "payment registers" and "remittance reports." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive financial documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

18.    If not produced under RFP 41 produce all invoices issued by Paragon to Clearspan from 2016 to present, with any receiving/approval trail. If produced in that later section, provide only an index here cross-referencing the finance production by Bates.

**RESPONSE: Paragon objects to Request for Production No. 18 as vague, ambiguous, overbroad, and unduly burdensome, including to the request to produce "any receiving/approval trail." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon will produce all invoices during 2024 and 2025 issued to Clearspan as a customer of Paragon.**

19.    Produce year-by-year reports sufficient to show Paragon revenue from customers other than Clearspan for 2016-present, broken out by product/service line. Do not include GL detail already produced with year-end financials; cross-reference by Bates is sufficient.

**RESPONSE: Paragon objects to Request for Production No. 19 as vague, ambiguous, and overbroad. Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action. For instance, the causes of action in this case are based on alleged breach of contract and trade secret misappropriation of an alleged business model between Plaintiffs and Paragon and do not require production of the third-party documents requested. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive financial documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

20.    Records of return or destruction of Plaintiffs' information and access revocation logs for shared drives, repositories, or Slack Connect workspaces (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 20 as vague, ambiguous, and overbroad as to, for instance, "Plaintiffs' information access revocation logs" and "Slack Connect workspaces." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action or proportional to the needs of the case. For instance, the causes of action in this case are based on alleged breach of contract and trade secret misappropriation of an alleged business model and do not require production of the documents requested. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive financial documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon is not aware of any responsive documents in its possession, custody and control.**

21.    Documents sufficient to show Paragon's owners, managers, capitalization table, and organizational charts by year (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 21 as vague, ambiguous, and overbroad. Paragon further objects to this request to the extent it seeks information, such as a capitalization table, that is not relevant to any claim or defense in this action. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon will produce any responsive organization charts for Paragon available since 2016. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon directs Plaintiff to the formation documents previously produced, *see e.g.*, PARAGON-005674-005819. Paragon will further produce organizational charts.**

22.    Operating agreement, amendments, member/manager resolutions, written consents, and minutes addressing capital contributions, intercompany dealings with Clearspan, guarantees, or distributions (2009-2024).

**RESPONSE: Paragon objects to Request for Production No. 22 as vague, ambiguous, and overbroad. Paragon further objects to this request to the extent it seeks**

information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given the request seeks sensitive business information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff to understand whether these requested documents are relevant and, if so, discuss a reasonable scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Paragon directs Plaintiff to the formation documents previously produced, *see e.g.,* PARAGON-005674-005819

23. Documents sufficient to show formation capital and each later capital contribution or reduction (amount, date, source, approvals) (2009-present).

**RESPONSE:** Paragon objects to Request for Production No. 23 as vague, ambiguous, and overbroad as to, for instance, "formation capital." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff to understand whether these requested documents are relevant and, if so, discuss a reasonable scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Paragon directs Plaintiff to the formation documents previously produced, *see e.g.*, PARAGON-005674-005819.

24. An index listing all Paragon bank accounts (institution, last-4, open/close dates, and all authorized signers 2016–present), identifying any Clearspan or non-employee signers and effective dates for each signer.

**RESPONSE:** Paragon objects to Request for Production No. 24 as vague, ambiguous, and overbroad as to, for instance, "Clearspan or non-employee signers." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.

25.      Documents sufficient to show any cash pools, sweeps, zero-balance arrangements,

or shared accounts with Clearspan/affiliates (2016-present).

**RESPONSE:** Paragon objects to Request for Production No. 25 as vague, ambiguous, and overbroad as to, for instance, "cash pools," "sweeps," "zero-balance arrangements" and "Clearspan/affiliates." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.

26.      Management/services, cost-sharing, shared-employee, lease/sublease, IP-license,

and shared-systems agreements between Paragon and Clearspan or insiders (2016-present).

**RESPONSE:** Paragon objects to Request for Production No. 26 as vague, ambiguous, and overbroad as to, for instance, "Management/services," "lease/sublease," "IP-license," and "shared-systems." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff to understand whether these requested documents are relevant and, if so, discuss a reasonable scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon is not aware of any responsive documents in its possession, custody and control.**

27.     Notes, guarantees, security agreements, UCC filings, amortization schedules, compliance certificates, and approvals for debt/guarantees between Paragon and Clearspan or insiders (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 27 as vague, ambiguous, and overbroad. Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff to understand whether these requested documents are relevant and, if so, discuss a reasonable scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

28.     General-ledger detail or schedules sufficient to show beginning/ending balances and settlements for due to/from Clearspan and due to/from related parties, by month or quarter (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 28 as vague, ambiguous, and overbroad as to, for instance, "general-ledger detail or schedules" and "related parties." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff to understand whether these requested documents are relevant and, if so, discuss a reasonable scope of responsive financial documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for**

this request, **Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's** *pro se* **status in this case.**

29.    Transfers between entities: a) Index of all fund transfers between Paragon and Clearspan or insiders greater than $1,500 (date, amount, counterparty, narrative). b) For each, purpose/consideration documents (wire/ACH, check, invoice, memo, approval).

> **RESPONSE:  Paragon objects to Request for Production No. 29 as vague, ambiguous, and overbroad as to, for instance, "index of all fund transfers," "insiders," and "purpose/consideration documents." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff to understand whether these requested documents are relevant and, if so, discuss a reasonable scope of responsive financial documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's** *pro se* **status in this case.**

30.    For each transfer in RFP 29(a) ≥ $20,000, documents sufficient to show the contemporaneous financial snapshot relied upon (recent balance sheet/cash flow, cash forecast, or approval memo).

> **RESPONSE:  Paragon objects to Request for Production No. 30 as vague, ambiguous, and overbroad as to, for instance, "contemporaneous financial snapshot," "recent balance sheet/cash flow," "cash forecast," and "approval memo." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff to understand whether these requested documents are relevant and, if so, discuss a reasonable scope of responsive financial documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such**

documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

31.     Websites, proposals, invoices, signatures, or collateral holding out Paragon and

Clearspan as one enterprise (2016-present).

> **RESPONSE:  Paragon objects to Request for Production No. 31 as vague, ambiguous, and overbroad, including as to the phrase "holding out Paragon and Clearspan as one enterprise." Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is not aware of any documents in its possession, custody, or control responsive to this request.**

32.     Leases/subleases, access lists, utilities, asset/equipment sharing, and service tickets

evidencing shared premises/resources with Clearspan (2016-present).

> **RESPONSE:  Paragon objects to Request for Production No. 27 as vague, ambiguous, and overbroad as to, for instance, "leases/subleases," "access lists," "asset/equipment sharing," "service tickets," and "premises/resources." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is not aware of any documents in its possession, custody, or control responsive to this request.**

33.     Secondments/joint-employment,     payroll     records     sufficient     to     show

employer-of-record, and cost-allocation schedules across Paragon and Clearspan (2016-present).

> **RESPONSE:  Paragon objects to Request for Production No. 33 as vague, ambiguous, and overbroad as to, for instance, "employer-of-record" and "cost-allocation schedules." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given the request seeks sensitive financial and personal employment information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon is not aware of any responsive documents in its possession, custody and control.**

34.    Policies/procedures for pricing, allocations, and settlement cadence (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 34 as vague, ambiguous, and overbroad, including regarding the terms "pricing, allocations, and settlement cadence." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). For instance, the causes of action in this case are based on alleged breach of contract and trade secret misappropriation of an alleged business model and do not require production of the documents requested. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's _pro se_ status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon will produce an email communication from Plaintiff that provides a pricing schedule for the engineering consulting services provided to Paragon.**

35.    Policies and COIs sufficient to show coverage types and limits (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 35 as vague, ambiguous, and overbroad as to, for instance, "coverage types and limits." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). For instance, the causes of action in this case are based on alleged breach of contract and trade secret misappropriation of an alleged business model and do not require production of the documents requested.**

36.    Year-end balance sheets, cash-flow statements, and profit-and-loss statements sufficient to show assets, liabilities, liquidity, and results (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 36 as vague, ambiguous, and overbroad as to, for instance, "liquidity" and "results." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial**

information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff to understand whether these requested documents are relevant and, if so, discuss a reasonable scope of responsive financial documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

**SUPPLEMENTAL RESPONSE:** **Subject to and without waiving the foregoing objections, Paragon will produce its income statements from 2024 and 2025, the periods after the alleged breach of the business model occurred, subject to the appropriate confidentiality designations –Attorneys' Eyes Only– when an amended protective order is entered and the parties' present dispute regarding in-house counsel access is resolved.**

37.    Documents sufficient to show distributions/dividends/owner draws (amount, date, recipient, authorization) and any creditor notices/approvals (2016-present).

**RESPONSE:**  Paragon objects to Request for Production No. 37 as vague, ambiguous, and overbroad for instance as to "distributions/dividends/owner draws" and "creditor notices/approvals." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff to understand whether these requested documents are relevant and, if so, discuss a reasonable scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

**SUPPLEMENTAL RESPONSE:** **Subject to and without waiving the foregoing objections, Paragon is not aware of any documents in its possession, custody and control responsive to this request.**

38.    Communications or submissions describing the Paragon and Clearspan relationship or joint responsibility for obligations (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 38 as vague, ambiguous, overbroad, and unduly burdensome as to, for instance, "submissions," "the Paragon and Clearspan relationship," and "joint responsibility for obligations." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon is not aware of any responsive documents in its possession, custody and control.**

39.    Documents sufficient to show federal tax classification and whether Paragon filed combined/consolidated returns with any affiliate; include K-1 cover pages to identify owners (SSNs redacted) (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 36 as vague, ambiguous, and overbroad as to, for instance, "federal tax classification" and "combined/consolidated returns." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.**

40.    Manuals, lender covenants, or governance materials requiring separate books/accounts/records and documents showing adherence or exceptions (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 40 as vague, ambiguous, overbroad, and unduly burdensome as to, for instance, "books/accounts/records and documents" and "adherence or exceptions." Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.**

41.     All invoices issued by Paragon to Clearspan (2016-present), including line-item detail for any products or services, including but not limited to software license fees and consulting services and any receiving/approval trail.

**RESPONSE:  Paragon objects to Request for Production No. 41 as vague, ambiguous, overbroad, and unduly burdensome as to, for instance, "line-item detail" and "receiving/approval trail." Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's** *pro se* **status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, this request is duplicative of Plaintiff's Request for Production No. 18 and Paragon is producing all invoices for 2024 and 2025  issued to Clearspan as a customer in response to Request for Production No. 18.**

42.     Documents sufficient to show payments Paragon received from Clearspan (remittances, ACH/wire confirms, payment registers) (2016-present).

**RESPONSE:  Paragon objects to Request for Production No. 42 as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's** *pro se* **status in this case.**

43.     Documents sufficient to identify any funds moved between Paragon and Clearspan without a corresponding invoice, agreement, or PO (2016-present).

**RESPONSE:  Paragon objects to Request for Production No. 43 as vague, ambiguous, overbroad, and unduly burdensome as to, for instance, the phrase "without a corresponding invoice, agreement, or PO." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed.**

23

**R. Civ. P. 26(b)(1). Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.**

44.    Documents showing who has administrative control over Paragon accounting/treasury systems and whether any Clearspan personnel had access or authority (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 44 as vague, ambiguous, overbroad, and unduly burdensome as to, for instance, the terms "who has administrative control over Paragon accounting/treasury systems" and "access or authority." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1).Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon is not aware of any responsive documents in its possession, custody and control.**

45.    Documents sufficient to show whether Clearspan personnel were administrators or members of Paragon Slack, email, or file-share systems, including admin/membership lists and access grants (2016-present).

**RESPONSE: Paragon objects to Request for Production No. 45 as vague, ambiguous, overbroad, and unduly burdensome as to, for instance, "Paragon Slack," "admin/membership lists" and "access grants." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents**

until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving the foregoing objections, Paragon will produce a screenshot from the Slack connection page showing Clearspan's access to Paragon's Slack platform.

46.    Documents sufficient to show whether Paragon delayed or reduced creditor

payments while making transfers/distributions identified in RFPs 29 or 37 (2016-present).

**RESPONSE**:  Paragon objects to Request for Production No. 46 as vague, ambiguous, and overbroad as to, for instance, the term "creditor payments while making transfers/distributions identified in RFPs 29 or 27." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.

47.    Any post-hoc documents memorializing previously undocumented transfers or

arrangements between Paragon and Clearspan (2016-present).

**RESPONSE**:  Paragon objects to Request for Production No. 47 as vague, ambiguous, and overbroad as to, for instance, the terms "post-hoc documents" and "undocumented transfers or arrangements." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.

48.    Accountant management letters or internal-control findings addressing

intercompany transactions, commingling, or recordkeeping deficiencies (2016-present).

**RESPONSE**:  Paragon objects to Request for Production No. 48 as vague, ambiguous, and overbroad as to, for instance, "accountant management letters" and "internal-control findings," and to the extent it assumes facts not in the record regarding alleged

"comingling" or "recordkeeping deficiencies." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.

49.    Non-privileged communications with auditors, lenders, or insurers concerning

affiliate misuse or veil-piercing risk (2016-present).

**RESPONSE:  Paragon objects to Request for Production No. 49 as vague, ambiguous, and overbroad as to, for instance, "affiliate misuse" and "veil-piercing risk," and to the extent it assumes facts not in the record regarding alleged "affiliate misuse" or "veil-piercing risk." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.**

50.    Documents sufficient to identify all related parties for GAAP/Tax purposes and the

nature of each relationship (2016-present).

**RESPONSE:  Paragon objects to Request for Production No. 50 as vague, ambiguous, and overbroad, for instance as to the phrase "related parties for GAAP/Tax purposes." Paragon further objects to this request to the extent it seeks information, such as a capitalization table, that is not relevant to any claim or defense in this action. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon will produce any responsive organization charts for Paragon available since 2016, to the extent any exist. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

51.    Any keep-wells, comfort letters, cross-defaults, or cross-collateralization tying

Paragon and Clearspan obligations (2016-present).

**RESPONSE:  Paragon objects to Request for Production No. 51 as vague, ambiguous, and overbroad as to, for instance, "keep-wells," "comfort letters," "cross-defaults" and "cross-collateralization," and to the extent it assumes facts not in the record regarding the alleged relationship between Paragon and Clearspan. Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any documents in its possession, custody and control that are responsive to this request.**

52.     Documents sufficient to show all Paragon-paid expenses of travel to Wisconsin incurred by or on behalf of John Holland or Daniel Holland for Paragon business from January 1, 2016, through December 31, 2024, including expense reports, reimbursement requests/approvals, corporate or procurement card statements, direct-bill records, itineraries/tickets/boarding passes, hotel and rental-car invoices, rideshare/taxi receipts, mileage logs, per-diem records, and accounting entries showing cost center/project and business purpose. Include expenses paid by Clearspan but reimbursed by Paragon or vice-versa; PII may be redacted except names and last-four of any card.

**RESPONSE:  Paragon objects to Request for Production No. 52 as vague, ambiguous, overbroad, and unduly burdensome as to, for example, "Paragon business." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

53.     Travel to Wood Truss Council of America/Structural Building Component Association sponsored meetings (John Holland; Any Paragon staff). Documents sufficient to show

27

all expenses of travel to any association meeting incurred by or on behalf of these individuals for Paragon business from January 1, 2016 through December 31, 2024, including expense reports, reimbursement requests/approvals, corporate or procurement card statements, direct-bill travel records, itineraries/tickets/boarding passes, hotel and rental-car invoices, rideshare/taxi receipts, mileage logs, per-diem records, and accounting entries or reports identifying cost center, project/job number, payor, and business purpose. Include any expenses paid by Paragon but reimbursed by Clearspan or vice-versa; personal PII may be redacted except names and last-four of any card.

> **RESPONSE:** Paragon objects to Request for Production No. 53 as vague, ambiguous, overbroad, and unduly burdensome. Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1), given this request seeks sensitive financial information. Paragon objects to producing documents that can only be shared under attorneys' eyes only designations to Mr. Grundahl in his pro se capacity. Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.

54.    Statements, certifications, or disclosures to customers, suppliers, lenders, or regulators asserting that Paragon and Clearspan are separate, and any exceptions or qualifications (2016-present).

> **RESPONSE:** Paragon objects to Request for Production No. 54 as vague, ambiguous, and overbroad as to, for instance, "statements, certifications, or disclosures," "separate," "exceptions or qualifications," and which entity's customers, suppliers, lenders, or regulators are being referenced. Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the

**possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon will produce a PowerPoint presentation given by Paragon and Clearspan, which depicts the companies as separate and distinct entities.**

55.    Produce non-privileged communications and related materials (including emails with attachments, Slack/Teams/SMS/text messages, meeting invites/notes, presentations, prospect lists, forecasts, pricing or marketing plans) between Daniel N. Holland and James Holland concerning sourcing revenue from customers other than Clearspan or any Plaintiff (2016-present). Collect from both custodians and any message threads or meetings in which either participated. De-duplicate against production under RFPs 4-8.

**RESPONSE:  Paragon objects to Request for Production No. 55 as vague, ambiguous, and overbroad as to, for instance, the terms "Slack/Teams/SMS/text messages," "meeting invites/notes," "forecasts," and "prospect lists." Paragon further objects to this request to the extent it seeks information that is not relevant to any claim or defense in this action, or at the very least not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these specific objections and Paragon's General Objections, Paragon is willing to meet and confer with Plaintiff on the meaning of this request and the potential scope of responsive documents in the possession, custody, and control of Paragon that may be relevant and proportional to the needs of the case, if any. To the extent any responsive, non-privileged documents exist for this request, Paragon will not produce such documents until the Protective Order has been appropriately modified to account for Plaintiff's *pro se* status in this case.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, Paragon is not aware of any responsive documents in its possession, custody and control.**

56.    Non-privileged    documents    reflecting    search    terms,    date    ranges, custodians/channels, and collection methods used to identify and produce materials responsive to this set.

**RESPONSE:  Paragon objects to Request for Production No. 56 as vague, ambiguous, and overbroad as to, for instance, the term "custodians/channels." Paragon objects to Request for Production No. 56 to the extent it seeks documents not kept in the ordinary course of Paragon's business. . Subject to and without waiving these specific objections and Paragon's General Objections, Paragon does not have any responsive non-privileged documents, as all such documents are attorney-client privileged and created solely for the purpose of the present litigation against Plaintiffs.**

57.    A Rule 26(b)(5) privilege log for withheld/redacted items responsive to these

requests.

**RESPONSE: Paragon will produce a privilege log for items responsive to these requests that are withheld on the basis of the attorney-client or work product privileges.**

Respectfully submitted February 27, 2026.

**MILLER & MARTIN PLLC**

***/s/ Erin E. Steelman***
James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Erin.Steelman@millermartin.com

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

*Counsel for Defendants Paragon Component Systems, LLC and John Holland*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February, 27, 2026, a copy of the foregoing **Defendant Paragon Component System, LLC's Supplemental Response to Kirk Grundahl's First Request for Production** is being served on all counsel of record via email.

**MILLER & MARTIN PLLC**

*/s/ Erin E. Steelman* _____

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

*Counsel for Defendants Paragon Component
Systems, LLC and John Holland*

31