# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  3:25-cv-00170 |
| | ) | |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PARAGON COMPONENT SYSTEMS, LLC'S RESPONSES TO DEFENDANTS' THIRD
REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Plaintiff, Paragon Component Systems, LLC ("Paragon"), by and through counsel and pursuant to Federal Rule of Civil Procedure 26 and 34, hereby responds to Defendants' Third Requests for the Production of Documents.

**GENERAL OBJECTIONS**

The following general objections apply to and are incorporated by reference into Paragon's response to each Request for Production, as if fully set forth therein:

A.     Paragon objects to Defendants' instructions and definitions to the extent such instructions and definitions are inconsistent with Rule 26 of the Federal Rules of Civil Procedure or the Local Rules of this Court.

B.     Paragon objects to each Request for Production to the extent that it seeks discovery of information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection. Any inadvertent disclose of material or information protected

by any such privilege or protection is not intended as, and should not be construed to constitute, a waiver. For purposes of responding to these requests, Paragon will construe each request as not seeking legal memoranda, drafts of pleadings, attorneys' notes, communications among counsel, documents prepared in anticipation and/or in connection with litigation, documents prepared by or at the request of counsel, or other privileged or protected documents and information.

  C. Paragon objects to each Request for Production to the extent that it seeks information not in Paragon's possession, custody, or control or that is already in Defendants' possession, custody, or control.

  D. Paragon objects to each Request for Production to the extent it seeks to impose upon Paragon the impossible burden of producing each and every communication or document pertaining to a matter.

  E. Paragon objects to each Request for Production to the extent that such requests are overly broad, vague, ambiguous, and seek discovery which is unduly burdensome or expensive and not proportional to the needs of this action.

  F. Paragon objects to each Request for Production to the extent that such requests seek discovery of information that is not relevant to any party's claim or defense.

  G. Paragon objects to each Request for Production to the extent that such requests assume facts that are incorrect and/or not in the record.

  H. Paragon objects to each Request for Production to the extent it is unlimited in time.

  I. Paragon objects to each Request for Production to the extent that it is duplicative of other document requests by Defendants.

  I. Paragon objects to Defendants' definition of "Engineering Inputs" as being vague, ambiguous, compound, and indefinite as to its scope. Paragon also objects to this definition as

unduly burdensome because it is drafted to cover information that is not relevant to any claims or defenses in this litigation. Paragon further objects to this definition as improperly assuming facts regarding the design, development, operation, validation, or output of the Paragon Truss Software.

## RESERVATION OF RIGHTS

A.     By responding to these Requests for Production, Paragon does not concede that information requested or disclosed is relevant or material to the subject matter of this action or admissible at any hearing or trial.

B.     Paragon's objections and responses are based on information presently known. Paragon's investigation into matters at issue in this litigation is ongoing.  Accordingly, Paragon reserves the right to rely on documents or other information which may develop or subsequently come to its attention, to asset additional objections should it discover further grounds for objection, and to supplement or end these responses at any time.  However, Paragon assumes no obligation to supplement or amend its responses beyond those imposed by applicable law.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

18.     Documents sufficient to identify each trade secret that Paragon contends is at issue in this action, including documents describing the subject matter of each such trade secret, as alleged in the Complaint's trade secret counts.

**RESPONSE: Paragon objects to Request for Production No. 18 as overly broad, vague, ambiguous, and unduly burdensome given that it seeks all "documents describing the subject matter of each trade secret" Paragon contends is at issue in this litigation. Defendants' response to Paragon's Interrogatory Nos. 5 and 9 identify their alleged trade secrets at issue in this litigation. Paragon's software code for implementing  the Paragon Truss Software is Paragon's trade secret.**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon has already produced thousands of pages of materials relating to the Paragon Truss Software in this litigation.** *See e.g.* **PARAGON-000001 – PARAGON 005467. Discovery is ongoing and Paragon will continue to produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

19.    Documents sufficient to identify each copyrighted work that Paragon contends is at issue in this action, including the specific portions of the Paragon Truss Software that Paragon claims are protected by copyright, as alleged in the Complaint's copyright count.

**RESPONSE: Paragon objects to Request for Production No. 19 as overly broad, vague, ambiguous, and unduly burdensome given that it seeks all "documents describing the subject matter of each copyrighted work" Paragon contends is at issue in this litigation. Defendants' response to Paragon's Interrogatory Nos. 5 and 9 identify their alleged copyrighted works at issue in this litigation. The Paragon Truss Software is Paragon's copyrighted work.**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon has already produced thousands of documents relating to the Paragon Truss Software in this litigation.** *See e.g.* **PARAGON-000001 – PARAGON 005467. Discovery is ongoing and Paragon will continue to produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

20.    Documents sufficient to identify any patents or patent applications that Paragon contends relate to, cover, or are associated with the Paragon Truss Software, as referenced or alleged in the Complaint's patent-related allegations.

**RESPONSE: Paragon objects to Request for Production No. 20 as vague, ambiguous, and unduly burdensome given that it seeks all documents that "relate to, cover, or are associated with the Paragon Truss Software" and are "referenced or alleged in the Complaint's patent-related allegations." Paragon objects to the extent this request refers to patent-related allegations as only comprising patents and patent applications.**

**Subject to the objections above and without waiving its General Objections, Paragon states that Paragon does not have any responsive and non-privileged issued patents or pending patent applications in its possession, custody or control.**

21.     Documents sufficient to identify each trademark that Paragon contends is at issue in this action, including the mark and the goods or services with which the mark is used, as alleged in the Complaint's trademark count.

**RESPONSE: Paragon objects to Request for Production No. 21 as overly broad, vague, ambiguous, and unduly burdensome given that it seeks all "documents describing the subject matter of each trademark" Paragon contends is at issue in this litigation. Defendants' response to Paragon's Interrogatory Nos. 5 and 9 identify their alleged trademarks at issue in this litigation. Paragon uses its own trademarks in commerce as a source identifier for its Paragon Truss Software.**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon has already produced thousands of pages of materials  in this litigation relating to the Paragon Truss Software and Paragon's associated trademarks that it uses in commerce in connection with advertising, marketing, and selling its Paragon Truss Software. *See e.g.*, PARAGON-000001 – PARAGON 005467. Discovery is ongoing and Paragon will continue to produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

22.     All documents reflecting any assignment, transfer, or conveyance of copyright rights in the Paragon Truss Software, including work-made-for-hire agreements and intellectual-property assignment agreements, by which Paragon claims ownership of such rights, as alleged in the Complaint's ownership allegations.

**RESPONSE: Paragon objects to Request for Production No. 22 as overly broad, vague, ambiguous, and unduly burdensome given that it seeks all "documents reflecting any assignment, transfer, or conveyance of copyright rights in the Paragon Truss Software."**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production including work-made-for-hire and intellectual property assignment agreements between Paragon and its software developers for the Paragon Truss Software.**

23. All documents reflecting any assignment, transfer, or conveyance of patent rights by which Paragon claims ownership of any patent or patent application referenced or relied upon in the Complaint in connection with the Paragon Truss Software.

**RESPONSE: Paragon objects to Request for Production No. 23 as duplicative of Request for Production No. 20. Paragon objects to this request as being vague, ambiguous, and unduly burdensome as to the scope of "patent rights" in this request, as this term includes any patentable subject matter whether covered by one or more claims in an issued patent or pending patent application. Paragon also objects to this request to the extent it asks for documents that contain subject matter that may have been patentable at one time but has been commercially on sale for more than one year or otherwise is no longer eligible for patent protection under applicable patent laws. Subject to the objections above and without waiving its General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

24. All documents reflecting Paragon's rights in any trade secrets that Paragon contends are at issue in this action, including documents showing how such trade secrets were acquired, developed, or assigned to Paragon.

**RESPONSE: Paragon objects to Request for Production No. 24 as duplicative of Request for Production No. 18. Subject to and without waiving the forgoing objection and its General Objections, *see* Paragon's Response to Request for Production No. 18.**

25. All documents reflecting any assignment, transfer, or conveyance of trademark rights by which Paragon claims ownership of any trademark at issue in this action.

**RESPONSE: Paragon objects to Request for Production No. 25 as duplicative of Request for Production No. 21. Paragon objects to this request as vague and ambiguous as to "reflecting any assignment, transfer, or conveyance." Subject to and without waiving the forgoing objection and its General Objections, *see* Paragon's Response to Request for Production No. 21 where Paragon has not assigned, transferred, or conveyed any of its trademark rights or any of the associated goodwill that has inured to Paragon through its use in commerce of such trademarks as a source identifier for the Paragon Truss Software.**

26.     Documents sufficient to identify the individual or individuals that Paragon contends authored or contributed original expression to the Paragon Truss Software or any copyrighted works at issue, as alleged in the Complaint's copyright-related allegations**.**

**RESPONSE:** *See* **Paragon's response to Request for Production No. 22.**

27.     Documents sufficient to identify any patents or patent applications referenced, relied upon, or alleged in the Complaint in connection with the Paragon Truss Software, including documents identifying any named inventors listed on such patents or applications**.**

**RESPONSE: Paragon objects to Request for Production No. 27 as duplicative of Requests for Production Nos. 20 and 23. Subject to and without waiving the forgoing objection and its General Objections,** *see* **Paragon's Response to Request for Production Nos. 20 and 23.**

28.     All documents sufficient to show any Engineering Inputs made by any third party, consultant, contractor, or entity other than Paragon employees to the Paragon Truss Software, as referenced in the Complaint.

**RESPONSE: Paragon objects to Request for Production No. 28 as overly broad and improperly seeking information that is not relevant to any party's claim or defense in this litigation, given that it seeks "Engineering Inputs" made by anyone other than Paragon employees and is not limited to the alleged contributions of Defendants and is not limited in time. Paragon further objects to the overly broad definition of "Engineering Inputs" which purports to include "any engineering-based technical expertise, analysis, know-how, professional judgment, or technical information…whether or not such material was ultimately adopted, implemented, incorporated, or relied upon" by Paragon. In essence, Defendants are seeking all engineering-related communications received by Paragon since its formation.**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon will produce Slack messages in accordance with Paragon's offers communicated during the parties' January 2, 2026 meet and confer and the parties' joint submission to the Court on January 7, 2026 (Doc. 140).**

29.     All documents reflecting or relating to Paragon's contention that any third-party contributions to the Paragon Truss Software do not impair or limit Paragon's claimed sole ownership of the software or any related intellectual property.

**RESPONSE: Paragon objects to Request for Production No. 29 as vague and ambiguous as to "impair or limit" and because it is overbroad as it generally seeks information related to "any third-party contributions" (not of any specific kind or related to any Defendant). Paragon further objects to Request for Production No. 29 because it seeks to require Paragon to prove a negative, i.e., that "any third-party contributions to the Paragon Truss Software do not impair or limit Paragon's claimed sole ownership of the software…"**

**Subject to and without waiving the foregoing objections and the General Objections, Paragon limits its response to alleged engineering contributions by Defendants as identified in response to Paragon's Interrogatory No. 5. Paragon has produced numerous documents evidencing Defendants consulting services that they provided to Paragon and were paid for those services. Paragon will produce responsive and non-privileged invoices for such services in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

30.     All non-privileged communications reflecting any discussion or consideration by Paragon regarding whether any individual or entity other than Paragon may have authorship or ownership rights in the Paragon Truss Software.

**RESPONSE: Subject to and without waiving its General Objections, Paragon refers Defendants to Paragon's pre-litigation communications by its legal counsel to Mr. Grundahl which are already in Defendants' possession.**

31.     All documents reflecting or relating to Paragon's claim that it is the sole owner of the Paragon Truss Software, as alleged in the Complaint.

**RESPONSE: Paragon objects to Request for Production No. 31 as vague, ambiguous, and overbroad as to "reflecting or relating" and given that it seeks to require Paragon to produce "all documents" supporting its position, and thus, marshal all of its proof. Paragon further objects to Request for Production No. 31 to the extent that it calls for production of privileged documents.**

**Subject to and without waiving the foregoing objections and its General Objections, *see* PARAGON-000001 – PARAGON 005467, as well as the documents produced in conjunction with these responses. Discovery is ongoing and Paragon will continue to produce**

responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.

32.     All documents reflecting facts, agreements, or circumstances relating to any third-party ownership interest, authorship, contribution, or other rights in the Paragon Truss Software, whether or not Paragon contends such documents support its claimed sole ownership.

**RESPONSE: Paragon objects to Request for Production No. 32 as vague and ambiguous, as it broadly seeks "facts, agreements, or circumstances" concerning "any third-party ownership interest, authorship, contribution, or other rights in the Paragon Truss Software, whether or not Paragon contends such documents support its claimed sole ownership." Paragon further objects to Request for Production No. 32 as irrelevant and not seeking information relevant to any party's claim or defense in this litigation.**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon limits its response to the alleged contributions of Defendants and refers Defendants to its responses to Paragon's Interrogatory Nos. 5, 8, and 9 and Slack messages relating to consulting services provided by Defendants in connection with Paragon's development of the Paragon Truss Software and associated invoices for such consulting services that will be produced in response to Request for Production No. 28.**

33.     All confidentiality, nondisclosure, or secrecy agreements that Paragon contends apply to any trade secret at issue in this action, including agreements with employees, contractors, consultants, or third parties.

**RESPONSE: Paragon objects to Request for Production No. 33 as vague, overbroad, and unduly burdensome, given that it seeks broad categories of "agreements" related to "any trade secret at issue in this action" with any of Paragon's "employees, contractors, consultants, or third parties."**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

34.    Documents sufficient to show the confidentiality and intellectual-property obligations imposed upon Paragon employees and contractors with respect to any trade secrets that Paragon contends are at issue in this action.

**RESPONSE: Paragon objects to Request for Production 34 as vague and confusing as written, as it is unknown what is meant by the phrase "intellectual-property obligations".**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

35.    Documents sufficient to show how access to any trade secrets that Paragon contends are at issue in this action was restricted, including access controls, permissions, or audit logs.

**RESPONSE: Subject to and without waiving its General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

36.    Documents sufficient to show Paragon's internal policies or procedures governing the identification, handling, storage, or protection of confidential or trade secret information that Paragon contends is at issue in this action.

**RESPONSE:  Paragon objects to Request for Production No. 36 as duplicative of Request for Production No. 35.**

**Subject to and without waiving the foregoing objection and its General Objections, *see* response to Requests for Production Nos. 34 and 35.**

37.    Documents sufficient to identify all disclosures of any trade secrets that Paragon contends are at issue in this action to any third party.

**RESPONSE: Subject to and without waiving its General Objections, Paragon states that no known responsive documents exist as it has not disclosed the software code for implementing the Paragon Truss Software outside of Paragon.**

38.     Documents sufficient to identify all efforts by Paragon to mark, label, or otherwise designate information as confidential or a trade secret with respect to any trade secrets that Paragon contends are at issue in this action.

**RESPONSE: Paragon objects to Request for Production No. 38 as duplicative of Request for Production Nos. 34 and 35. Subject to and without waiving the foregoing objection and its General Objections,** *see* **Paragon's response to Requests for Production Nos. 34 and 35.**

39.     Documents sufficient to show any training, audits, enforcement actions, or compliance measures that Paragon contends were undertaken to protect any trade secrets that Paragon contends are at issue in this action.

**RESPONSE:  Paragon objects to Request for Production No. 39 as vague, overbroad, and confusing as written, as it is unknown what is mean by the terms "audits, enforcement actions, or compliance measures…"  Paragon further objects to Request for Production No. 39 as duplicative of Requests for Production Nos. 34, 35, and 38.  Subject to and without waiving the foregoing objections and its General Objections,** *see* **Paragon's response to Requests for Production Nos. 34 and 35.**

40.     All nonprivileged documents sufficient to identify any actual or reasonably suspected unauthorized access to, disclosure of, or loss of any trade secrets that Paragon contends are at issue in this action, and any nonprivileged documents reflecting Paragon's response to such access, disclosure, or loss.

**RESPONSE: Subject to and without waiving its General Objections, Paragon states that no known responsive documents exist.**

41.     All nonprivileged patent applications, provisional applications, invention disclosures, and patent prosecution documents that Paragon contends relate to or are associated with the Paragon Truss Software, as referenced or alleged in the Complaint.

**RESPONSE: Subject to and without waiving its General Objections, Paragon states that no responsive documents exist.**

42.    All nonprivileged communications sufficient to identify the existence, scope, or ownership of any patent application, invention disclosure, or patent prosecution relating to the Paragon Truss Software, including communications with any named inventor or third party.

**RESPONSE: Subject to and without waiving its General Objections, Paragon states that no responsive documents exist.**

43.    Documents sufficient to identify all public disclosures of the Paragon Truss Software or its functionality, including patent publications, technical papers, white papers, presentations, demonstrations, marketing materials, investor materials, or conference materials.

**RESPONSE: Paragon objects to Request for Production No. 43 as vague, ambiguous, overbroad, and unduly burdensome, as "all public disclosures of the Paragon Truss Software…" include everything on Paragon's website and that Paragon has ever circulated to its customers and potential customers concerning the Paragon Truss Software. Subject to the objections above and without waiving its General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

44.    Documents sufficient to show Paragon's first use in commerce of each trademark that it contends is at issue in this action, as alleged in the Complaint's trademark count.

**RESPONSE: Paragon objects to Request for Production No. 44 as irrelevant to any claim or defense in this litigation. Subject to the objection above and without waiving its General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control showing Paragon's use in commerce of its trademarks for the Paragon Truss Software to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

45.    Documents sufficient to show the scope of Paragon's claimed trademark rights, including how, where, and in connection with what goods or services each mark is used.

**RESPONSE: Paragon objects to Request for Production No. 45 as irrelevant to any claim or defense in this litigation. Subject to the objection above and without waiving its General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control showing Paragon's use in commerce of its trademarks for the Paragon Truss Software to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

46.     Documents sufficient to show Paragon's internal classification of any aspect of the Paragon Truss Software as a trade secret.

**RESPONSE: Paragon objects to Request for Production No. 46 as duplicative of Request for Production Nos. 18, 24, 33, 34, 35, 36, and 38.  Subject to and without waiving the foregoing objection and its General Objections, *see* Paragon's response to Request for Production Nos. 18, 24, 33, 34, 35, 36, and 38.**

47.     Documents sufficient to show Paragon's internal classification of any aspect of the Paragon Truss Software as a copyrighted work.

**RESPONSE: Paragon objects to Request for Production No. 47 as duplicative of Request for Production Nos. 19, 22, and 51.  Paragon objects to Request for Production No. 47 as vague and ambiguous as to "Paragon's internal classification of any aspect of the Paragon Truss Software." Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's response to Request for Production Nos. 19, 22, and 51.**

48.     Documents sufficient to show Paragon's internal classification of any aspect of the Paragon Truss Software as the subject of potential patent protection or as relating to any patent or patent application.

**RESPONSE: Paragon objects to Request for Production No. 48 as vague and ambiguous as to "Paragon's internal classification of any aspect of the Paragon Truss Software" and "as relating to any patent or patent application." Subject to the objections above and its General Objections, Paragon will produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

49.     Documents sufficient to show Paragon's internal classification of any aspect of the Paragon Truss Software as a trademark or as subject to trademark protection.

**RESPONSE: Paragon objects to Request for Production No. 49 as duplicative of Requests for Production Nos. 21, 44, 45, and 53. Paragon objects to Request for Production No. 49 as vague and ambiguous as to "Paragon's internal classification of any aspect of the Paragon Truss Software." Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's response to Requests for Production Nos. 21, 44, 45, and 53.**

50.    Documents sufficient to show any change in Paragon's position regarding whether any aspect of the Paragon Truss Software should be protected as a trade secret.

**RESPONSE: Paragon objects to Request for Production No. 50 as vague and ambiguous as to "any aspect of the Paragon Truss Software." Subject to the objection above and its General Objections, Paragon asserts that no responsive documents exist.**

51.    Documents sufficient to show any change in Paragon's position regarding whether any aspect of the Paragon Truss Software should be protected as a copyrighted work.

**RESPONSE: Paragon objects to Request for Production No. 51 as vague and ambiguous as to "any aspect of the Paragon Truss Software." Subject to the objection above and its General Objections, Paragon asserts that no responsive documents exist.**

52.    Documents sufficient to show any change in Paragon's position regarding whether any aspect of the Paragon Truss Software should be the subject of patent protection or a patent application.

**RESPONSE: Paragon objects to Request for Production No. 52 as vague and ambiguous as to "any aspect of the Paragon Truss Software." Subject to the objection above and its General Objections, Paragon asserts that no responsive documents exist.**

53.    Documents sufficient to show any change in Paragon's position regarding whether any aspect of the Paragon Truss Software should be protected as a trademark.

**RESPONSE: Paragon objects to Request for Production No. 53 as vague and ambiguous as to "any aspect of the Paragon Truss Software." Subject to the objection above and its General Objections, Paragon asserts that no responsive documents exist.**

54.    Documents sufficient to show Paragon's alleged investment of approximately $5 million in the development of the Paragon Truss Software, as alleged in Paragraph 1 of the Complaint.

**RESPONSE:  Paragon objects to Request for Production No. 54 as overbroad and unduly burdensome, as it seeks to require Paragon to produce all of its financial documents**

and payroll records from the date of its creation (2016), as Paragon's sole business purpose was to develop and implement the Paragon Truss Software. Paragon further objects to Request for Production No. 54 to the extent that the details of its financial investment in the development of the Paragon Truss Software are neither relevant to the claims or defenses in this action nor proportional to the needs of this case.

Subject to and without waiving the foregoing objections and its General Objections, *see* the work-made-for-hire agreements produced in response to Request for Production No. 22, as well as the evidence of invoicing and payment included in Paragon's document prior production, PARAGON-000001 – PARAGON 005467. To the extent this request seeks production of Paragon's financial records and/or payroll records, Paragon has withheld documents on the basis of its objections to this request.

55.    All communications sufficient to show Paragon's alleged investment of approximately $5 million in the development of the Paragon Truss Software, as alleged in Paragraph 1 of the Complaint.

RESPONSE: Paragon objects to Request for Production No. 55 as overbroad and unduly burdensome, as it seeks to require Paragon to produce all of its financial documents and payroll records from the date of its creation (2016), as Paragon's sole business purpose was to develop and implement the Paragon Truss Software. Paragon further objects to Request for Production No. 55 to the extent that the details of its financial investment in the development of the Paragon Truss Software and communications regarding same are neither  relevant to the claims or defenses in this action nor proportional to the needs of this case.  Paragon further objects to Request for Production No. 55 as duplicative of Request for Production No. 54.

Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's Response to Request for Production No. 54. To the extent this request seeks production of communications regarding Paragon's financial records and payroll records, Paragon has withheld documents on the basis of its objections to this request.

56.    Documents sufficient to identify the source of all funds used to develop the Paragon Truss Software, including any Related Party that paid, advanced, or reimbursed any costs.

RESPONSE: Paragon objects to Request for Production No. 56 as duplicative of Request for Production Nos. 54 and 55.  Paragon further objects to Request for Production No. 56 as overboard and unduly burdensome, given that it seeks to require Paragon to identify "the source of all funds" used since 2016 to develop the Paragon Truss Software. Paragon objects to the term "Related Party" and phrase "reimbursed any costs" as vague, ambiguous, and confusing as written.   Paragon further objects to Request for Production

No. 56 because the requested material is neither relevant to the claims or defenses in this action nor proportional to the needs of this case.

Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's Response to Request for Production No. 54. To the extent this request seeks production of documents concerning Paragon's source(s) of funds, Paragon has withheld documents on the basis of its objections to this request.

57.    All agreements or understandings governing the funding or financing of development of the Paragon Truss Software, including agreements between Paragon and any Related Party.

RESPONSE: Paragon objects to Request for Production No. 57 as overbroad and duplicative of Request for Production Nos. 54, 55, and 56. Paragon further objects to Request for Production No. 57 as vague to the extent it seeks production of documents evidencing "understandings." Paragon further objects to Request for Production No. 57 because the requested material is neither relevant to the claims or defenses in this action nor proportional to the needs of this case.

Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's Response to Request for Production Nos. 54, 55, and 56.  To the extent this request seeks production of documents concerning Paragon's financing, Paragon has withheld documents on the basis of its objections to this request.

58.    Documents sufficient to show how any funds paid by an individual or entity other than Paragon toward development of the Paragon Truss Software were recorded, allocated, or treated by Paragon.

RESPONSE: Paragon objects to Request for Production No. 58 as overbroad and duplicative of Request for Production Nos. 54, 55, 56, and 57.  Paragon further objects to Request for Production No. 58 as vague and ambiguous, as the phrase "recorded, allocated, or treated" is unclear. Paragon further objects to Request for Production No. 58 because the requested material is neither relevant to the claims or defenses in this action nor proportional to the needs of this case.

Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's Response to Request for Production Nos. 54, 55, 56, and 57. To the extent this request seeks production of documents concerning Paragon's source(s) of funding, Paragon has withheld documents on the basis of its objections to this request.

59.    Documents sufficient to identify any entity or individual, other than Paragon, that has or has had any ownership interest, beneficial interest, economic interest, or reversionary interest in the Paragon Truss Software or any intellectual property at issue in this action.

**RESPONSE: Paragon objects to Request for Production No. 59 as vague and ambiguous as to "the Paragon Truss Software or any intellectual property at issue in this action" since the intellectual property in the Paragon Truss Software is the only intellectual property at issue in this litigation. Subject to objection above and its General Objections, Paragon asserts that it is and has been the only owner of the Paragon Truss Software and therefore no responsive documents exist.**

60.    Documents sufficient to identify any ownership interest, beneficial interest, economic interest, contractual rights, or funding relationship held by any Related Party relating to the Paragon Truss Software or any intellectual property at issue in this action.

**RESPONSE: Paragon objects to Request for Production No. 60 as vague, ambiguous, and indefinite as to a referenced "funding relationship" or "contractual rights" held by a Related Party. Paragon also objects to this request as vague and ambiguous as to "the Paragon Truss Software or any intellectual property at issue in this action" since the intellectual property in the Paragon Truss Software is the only intellectual property at issue in this litigation. Subject to objection above and its General Objections, Paragon asserts that it is and has been the only owner of the Paragon Truss Software and therefore as this request is best understood no responsive documents exist.**

61.    Documents sufficient to identify any ownership interest, beneficial interest, economic interest, contractual rights, or funding relationship held by Daniel Holland relating to the Paragon Truss Software or any intellectual property at issue in this action.

**RESPONSE: Paragon objects to Request for Production No. 61 as vague, ambiguous, and indefinite as to a referenced "funding relationship" or "contractual rights" held by Daniel Holland in his individual capacity, where Mr. Holland held a membership interest in Paragon before this lawsuit was filed. Paragon also objects to this request as vague and ambiguous as to "the Paragon Truss Software or any intellectual property at issue in this action" since the intellectual property in the Paragon Truss Software is the only intellectual property at issue in this litigation. Subject to objection above and its General Objections, Paragon asserts that it is and has been the only owner of the Paragon Truss Software and therefore as this request is best understood no responsive documents exist.**

62.     Documents sufficient to identify any ownership interest, beneficial interest, economic interest, contractual rights, or funding relationship held by Clearspan Components, Inc. relating to the Paragon Truss Software or any intellectual property at issue in this action.

**RESPONSE: Paragon objects to Request for Production No. 62 as vague, ambiguous, and indefinite as to a referenced "funding relationship" or "contractual rights" held by Clearspan Components Inc. Paragon also objects to this request as vague and ambiguous as to "the Paragon Truss Software or any intellectual property at issue in this action" since the intellectual property in the Paragon Truss Software is the only intellectual property at issue in this litigation. Subject to objection above and its General Objections, Paragon asserts that it is and has been the only owner of the Paragon Truss Software and therefore as this request is best understood no responsive documents exist.**

63.     All communications between Paragon and any Defendant that relate to, reference, address, or reflect any business model or strategic plan during the Development Time Period.

**RESPONSE: Paragon objects to Request for Production No. 63 as vague, ambiguous, overbroad and unduly burdensome, as it seeks "all communications" that "relate to, reference, address or reflect *any* business model or strategic plan" throughout a multi-year period. Paragon further objects to Request for Production No. 63 to the extent that it seeks information that is not relevant to any claims or defenses in this declaratory judgment action concerning ownership of the Paragon Truss Software. Paragon further objects to the extent Request for Production No. 63 seeks communications already within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections or its General Objections, Paragon refers Defendants to documents previously evidencing its business dealings with various Defendants. *See e.g.,* PARAGON-000001 – PARAGON 005467. Paragon also refers Defendants to Paragon's pre-litigation communications by its legal counsel to Mr. Grundahl which are already in Defendants' possession.**

64.     Documents sufficient to identify all funds provided, directly or indirectly, by any individual or entity other than Paragon for the development of the Paragon Truss Software, including the source, amount, timing, and method of transfer of such funds.

**RESPONSE: Paragon objects to Request for Production No. 64 as overbroad and duplicative of Request for Production Nos. 54, 55, 56, 57, and 58. Paragon further objects to Request for Production No. 64 as seeking information that is neither relevant to the claims or defenses in this declaratory judgment action concerning ownership of the Paragon Truss**

Software nor proportional to the needs of this case.

Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's Response to Request for Production Nos. 54, 55, 56, 57, and 58. To the extent this request seeks production of documents concerning Paragon's source(s) of funding, Paragon has withheld documents on the basis of its objections to this request.

65.    All documents reflecting any repayment, reimbursement, loan, advance, forgiveness, offset, or other return of funds by Paragon to any individual or entity that provided funding for development of the Paragon Truss Software.

RESPONSE: Paragon objects to Request for Production No. 65 as overbroad and duplicative of Request for Production Nos. 54, 55, 56, 57, 58, and 64. Paragon further objects to Request for Production No. 65 as seeking information that is neither relevant to the claims or defenses in this declaratory judgment action concerning ownership of the Paragon Truss Software nor proportional to the needs of this case. Paragon further objects to Request for Production No. 65 as vague and ambiguous, given its use of the terms "advance, forgiveness, offset, or other return of funds…"

Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's Response to Request for Production Nos. 54, 55, 56, 57, 58, and 64. To the extent this request seeks production of documents relating to Paragon's source(s) of funding, Paragon has withheld documents on the basis of its objections to this request.

66.    All loan agreements, promissory notes, repayment schedules, equity conversion agreements, or informal understandings relating to any funds provided to Paragon for development of the Paragon Truss Software.

RESPONSE: Paragon objects to Request for Production No. 66 as overbroad and duplicative of Request for Production Nos. 54, 55, 56, 57, 58, 64, and 66. Paragon further objects to Request for Production No. 66 as seeking information that is neither relevant to the claims or defenses in this declaratory judgment action concerning ownership of the Paragon Truss Software nor proportional to the needs of this case. Paragon further objects to Request for Production No. 66 as vague and ambiguous, given its use of the phrase "informal understandings."

Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's Response to Request for Production Nos. 54, 55, 56, 57, 58, 64, and 65. To the extent this request seeks production of documents relating to Paragon's source(s) of funding, Paragon has withheld documents on the basis of its objections to this request.

67.    Documents sufficient to show how any funds provided by an individual or entity other than Paragon for development of the Paragon Truss Software were recorded, classified, or accounted for in Paragon's books and records.

**RESPONSE: Paragon objects to Request for Production No. 67 as overbroad and duplicative of Request for Production Nos. 54, 55, 56, 57, 58, 64, and 66. Paragon further objects to Request for Production No. 67 as seeking information that is neither relevant to the claims or defenses in this declaratory judgment action concerning ownership of the Paragon Truss Software nor proportional to the needs of this case. Paragon further objects to Request for Production No. 67 as vague and ambiguous, given its use of the terms "classified, or accounted for…"**

**Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's Response to Request for Production Nos. 54, 55, 56, 57, 58, 64, and 66. To the extent this request seeks production of financial documents concerning Paragon's source(s) of funding, Paragon has withheld documents on the basis of its objections to this request.**

68.    All documents relating to Engineering Inputs provided by any Defendant relating to the Paragon Truss Software.

**RESPONSE: Paragon objects to Request for Production No. 68 to the extent that it relies upon the overly broad definition of "Engineering Inputs" which purports to include "any engineering-based technical expertise, analysis, know-how, professional judgment, or technical information…whether or not such material was ultimately adopted, implemented, incorporated, or relied upon" by Paragon. Paragon further objects to Request for Production No. 68 to the extent that it seeks documents already in the possession, custody, or control of Defendants.**

**Subject to and without waiving the foregoing objections and its General Objections, *see* Slack messages produced in response to Request for Production No. 28, as well as Paragon's prior document production, PARAGON-000001 – PARAGON 005467.**

69.    All communications between Paragon and any Defendant relating to Engineering Inputs for the Paragon Truss Software.

**RESPONSE: Paragon objects to Request for Production No. 69 to the extent that it relies upon the overly broad definition of "Engineering Inputs" which purports to include "any engineering-based technical expertise, analysis, know-how, professional judgment, or technical information…whether or not such material was ultimately adopted, implemented, incorporated, or relied upon" by Paragon. Paragon further objects to Request for**

Production No. 69 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Paragon further objects to Request for Production No. 69 to the extent it is duplicative of Request for Production Nos. 28 and 68.

Subject to and without waiving the foregoing objections and its General Objections, *see* Slack messages produced in response to Request for Production No. 28, as well as Paragon's prior document production, PARAGON-000001 – PARAGON 005467.

70.    Documents sufficient to identify when Paragon first asserted ownership or exclusivity rights in the Paragon Truss Software to any Defendant, including documents reflecting the substance of such assertion.

RESPONSE: Paragon objects to Request for Production No. 70 as vague as ambiguous with respect to the phrase "first asserted ownership or exclusivity rights" because those terms are subject to interpretation and are unclear. Subject to and without waiving the foregoing objections and its General Objections, *see e.g.,* PARAGON-005265.

71.    Documents sufficient to identify when Paragon first asserted ownership or exclusivity rights in the Paragon Truss Software to any Related Party, including documents reflecting the substance of such assertion.

RESPONSE: Paragon objects to Request for Production No. 71 to the extent that it relies on the overly broad definition of "Related Party" and, in essence, seeks to require Paragon to identify every person or entity to whom it has asserted its ownership interest in the Paragon Truss Software. Paragon further objects to Request for Production No. 71 to the extent that it seeks documentation not relevant to any party's claim or defense in this declaratory judgment action concerning the ownership of the Paragon Truss Software. Paragon further objects to Request for Production No. 71 as vague as ambiguous with respect to the phrase "first asserted ownership or exclusivity rights" because those terms are subject to interpretation and are unclear. Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's response to Request for Production 70.

72.    Documents sufficient to identify when Paragon first asserted ownership or exclusivity rights in the Paragon Truss Software to Daniel Holland, including documents reflecting the substance of such assertion.

RESPONSE:    Paragon objects to Request for Production No. 72 as vague as

ambiguous with respect to the phrase "first asserted ownership or exclusivity rights" because those terms are subject to interpretation and are unclear. Subject to and without waiving its General Objections, Paragon asserts that no responsive documents exist.

73.     Documents sufficient to identify when Paragon first asserted ownership or exclusivity rights in the Paragon Truss Software to any third party, including documents reflecting the substance of such assertion.

**RESPONSE: Paragon objects to Request for Production No. 73 as vague as ambiguous with respect to the phrase "first asserted ownership or exclusivity rights" because those terms are subject to interpretation and are unclear. Paragon further objects to this Request as overly broad and unduly burdensome, as it seeks to require Paragon to produce documents evidencing its assertions to "any third party." In essence, Request for Production No. 73 seeks to require Paragon to identify every person or entity to whom it has asserted its ownership interest in the Paragon Truss Software. Paragon further objects to this request to the extent that it seeks documentation not relevant to any party's claim or defense in this declaratory judgment action concerning the ownership of the Paragon Truss Software. Paragon further objects to Request for Production No. 73 to the extent that it is not limited in time, and it is duplicative of Request for Production No. 70 and 71. Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's response to Request for Production No. 70.**

74.     Documents sufficient to show Paragon's knowledge of Defendants' alleged contributions, use, or ownership claims relating to the Paragon Truss Software prior to the filing of the Complaint.

**RESPONSE: Paragon objects to Request for Production No. 74 as vague and ambiguous, as it broadly seeks documents related to Defendants' "alleged contributions, use, or ownership claims relating to the Paragon Truss Software prior to the filing of the Complaint." Paragon could not have known of Defendants' "alleged" contributions prior to such allegations being made during this litigation. Defendants possess their communications to Paragon making such allegations of contributions, use, or ownership of the Paragon Truss Software and should produce these documents, not Paragon. Paragon further objects to Request for Production No. 74 to the extent that it seeks documents which are already in Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon refers Defendants to the Slack messages produced in response to Request for Production No. 28 and Paragon also refers Defendants to Mr. Grundahl's pre-litigation communications to Paragon's counsel that are attached to Paragon's Complaint.**

75.    Documents reflecting any representations by Paragon regarding ownership or exclusivity rights in the Paragon Truss Software that differ from or are inconsistent with the ownership positions asserted in the Complaint.

**RESPONSE: Subject to and without waiving its General Objections, Paragon asserts that no responsive documents exist.**

76.    Documents sufficient to show any benefit Paragon received from Defendants' work relating to the Paragon Truss Software.

**RESPONSE: Paragon objects to Request for Production No. 76 as vague and ambiguous, as the term "benefit" is subject to many interpretations.  Paragon further objects to Request for Production No. 76 to the extent that it seeks documents already within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections and its General Objections, Paragon refers Defendants to the Slack messages produced in response to Request for Production No. 28, as well as the invoices included in Paragon's prior production, PARAGON-000001 – PARAGON 005467.**

77.    Source code versions sufficient to show Engineering Inputs incorporated into the Paragon Truss Software during the Development Time Period, produced subject to the Protective Order.

**RESPONSE: Paragon objects to Request for Production No. 77 as overbroad, unduly burdensome, and improperly seeking information that is not relevant to any party's claim or defense in this litigation, given that it seeks "Engineering Inputs" made by anyone other than Paragon employees and is not limited to the alleged contributions of Defendants and is not limited in time.  Paragon further objects to the overly broad definition of "Engineering Inputs" which purports to include "any engineering-based technical expertise, analysis, know-how, professional judgment, or technical information…whether or not such material was ultimately adopted, implemented, incorporated, or relied upon" by Paragon.  In essence, Defendants are seeking all engineering-related information in the Paragon Truss Software source code. Subject to and without waiving the foregoing objections and its General Objections,  Paragon states that it cannot respond to Request for Production No. 77 unless and until Defendants specifically identify the "Engineering Inputs" they believe were contributed to the Paragon Truss Software.**

78. Source code versions sufficient to show Engineering Inputs incorporated into the Paragon Truss Software during the Post-Termination Time Period, produced subject to the Protective Order.

**RESPONSE: Paragon objects to Request for Production No. 78 as overbroad, unduly burdensome, and improperly seeking information that is not relevant to any party's claim or defense in this litigation, given that it seeks "Engineering Inputs" made by anyone other than Paragon employees and is not limited to the alleged contributions of Defendants and is not limited in time. Paragon further objects to the overly broad definition of "Engineering Inputs" which purports to include "any engineering-based technical expertise, analysis, know-how, professional judgment, or technical information…whether or not such material was ultimately adopted, implemented, incorporated, or relied upon" by Paragon. In essence, Defendants are seeking all engineering-related information in the Paragon Truss Software source code. Subject to and without waiving the foregoing objections and its General Objections, Paragon states that it cannot respond to Request for Production No. 78 unless and until Defendants specifically identify the "Engineering Inputs" they believe were contributed to the Paragon Truss Software.**

79. All nonprivileged documents sufficient to show when and how Paragon first became aware of IP-LLC.

**RESPONSE: Paragon objects to Request for Production No. 79, as use of the term "Paragon" is vague, ambiguous, and confusing, given that Paragon is an entity and not a specific individual who could obtain knowledge of something. Subject to and without waiving the foregoing objection and its General Objections, Paragon asserts that Daniel Holland (an owner of Paragon) was also a founding member of IP-LLC, thus Paragon through Daniel Holland has had knowledge of IP-LLC since its inception. Paragon also produced documents in its prior production showing correspondence from Defendants to certain owners of Paragon referencing IP-LLC. For example,** *see* **PARAGON-000124 – PARAGON-000129**

80. All nonprivileged communications sufficient to show when and how Paragon first became aware of IP-LLC.

**RESPONSE: Paragon objects to Request for Production No. 80, as use of the term "Paragon" is vague, ambiguous, and confusing, given that Paragon is an entity and not a specific individual who could obtain knowledge of something. Paragon further objects to Request for Production No. 80 as duplicative of Request for Production No. 79. Subject to and without waiving the foregoing objections and its General Objections,** *see* **Paragon's response to Request for Production No. 79.**

81. All nonprivileged documents sufficient to show any investigation, inquiry, or effort by Paragon to determine whether it had knowledge of, or dealings with, IP-LLC.

**RESPONSE: Paragon objects to Request for Production No. 81, as use of the term "Paragon" is vague, ambiguous, and confusing, given that Paragon is an entity and not a specific individual who could obtain knowledge of something. Paragon further objects to Request for Production No. 81 as duplicative of Request for Production No. 79 and 80. Paragon further objects to the phrase "investigation, inquiry, or effort" as vague and ambiguous, and objects to Request for Production No. 81 to the extent it is not limited in time. Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's response to Request for Production No. 79 and 80.**

82. All nonprivileged communications sufficient to show any investigation, inquiry, or effort by Paragon to determine whether it had knowledge of, or dealings with, IP-LLC.

**RESPONSE: Paragon objects to Request for Production No. 82, as use of the term "Paragon" is vague, ambiguous, and confusing, given that Paragon is an entity and not a specific individual who could obtain knowledge of something. Paragon further objects to Request for Production No. 82 as duplicative of Request for Production No. 79, 80, and 81. Paragon further objects to the phrase "investigation, inquiry, or effort" as vague and ambiguous, and objects to Request for Production No. 82 to the extent it is not limited in time. Subject to and without waiving the foregoing objections and its General Objections, *see* Paragon's response to Request for Production No. 79, 80, and 81.**

83. All communications with Daniel Holland concerning ownership of intellectual property relating to the Paragon Truss Software during the Development Time Period.

**RESPONSE: Subject to and without waiving its General Objections, Paragon asserts that the Estate of Daniel Holland has produced documents pursuant to a subpoena in this case and those documents have already been provided to Defendants. *See* DHE00000001 – DHE00023193.**

84. All communications with the Estate of Daniel Holland concerning ownership of intellectual property relating to the Paragon Truss Software.

**RESPONSE: Subject to and without waiving its General Objections, Paragon asserts that the Estate of Daniel Holland has produced documents pursuant to a subpoena in this case and those documents have already been provided to Defendants. *See* DHE00000001 – DHE00023193.**

85.    Documents sufficient to show how Paragon licenses the Paragon Truss Software to customers, including representations regarding ownership, intellectual property rights, and indemnification.

**RESPONSE: Paragon objects to Request for Production No. 85, as the phrase "representations regarding ownership, intellectual property rights, and indemnification" is vague and ambiguous. Paragon further objects to the extent Request for Production No. 85 is overbroad, as it is not reasonably limited in time and seeks information related to all of Paragon's customers. Subject to and without waiving the foregoing objections and its General Objections, Paragon refers Defendants to its pricing, terms of use, and privacy policy on its website and will produce responsive and non-privileged documents in its possession, custody, or control to the extent they exist and are not duplicative or merely cumulative of Paragon's existing production.**

86.    Documents sufficient to show truss design drawings generated using the Paragon Truss Software and sealed by DrJ during the Development Time Period, including associated cover sheets, general notes, specific notes, and serial numbers appearing on such drawings, limited to up to five representative sealed drawings per customer per calendar year, or such lesser number as exist if fewer than five were created in a given year.

**RESPONSE: Paragon objects to Request for Production No. 86 as overbroad and unduly burdensome, as it seeks expansive documentation related to all "truss design drawings" over a multi-year period. Paragon further objects to the phrase "limited to up to five representative sealed drawings per customer per calendar year, or such lesser number as exist if fewer than five were created in a given year" as vague, ambiguous, and confusing as written. Paragon further objects to Request for Production No. 86 because it seeks documents "sealed by DrJ" which are already within the possession, custody, or control of Defendant DrJ. Paragon further objects to Request for Production No. 86 seeking information that is not relevant to any party's claims or defenses in this declaratory judgment action concerning ownership of the Paragon Truss Software.**

87.    Documents sufficient to show truss design drawings generated using the Paragon Truss Software and sealed by DrJ during the Post-Termination Time Period, including associated cover sheets, general notes, specific notes, and serial numbers appearing on such drawings, limited

to up to five representative sealed drawings per customer per calendar year, or such lesser number

as exist if fewer than five were created in a given year.

**RESPONSE: Paragon objects to Request for Production No. 87 as overbroad and unduly burdensome, as it seeks expansive documentation related to all "truss design drawings" since March 1, 2024 to present, which extends beyond the time Defendants had access to the Paragon Truss Software. Paragon further objects to the phrase "limited to up to five representative sealed drawings per customer per calendar year, or such lesser number as exist if fewer than five were created in a given year" as vague, ambiguous, and confusing as written. Paragon further objects to Request for Production No. 87 because it seeks documents "sealed by DrJ" which are already within the possession, custody, or control of Defendant DrJ. Paragon further objects to Request for Production No. 87 as seeking information that is not relevant to any party's claims or defenses in this declaratory judgment action concerning ownership of the Paragon Truss Software.**

Date: February 11, 2026.

MILLER & MARTIN PLLC

*/s/ Erin E. Steelman*
James T. Williams – *Admitted Pro Hac Vice*
james.williams@millermartin.com
Erin E. Steelman – *Admitted Pro Hac Vice*
erin.steelma@millermartin.com
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600

Stephen E. Kabakoff – *Admitted Pro Hac Vice*
stephen.kabakoff@millermartin.com
1180 W. Peachtree Street NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100

**GASS TUREK, LLC**
Tamar B. Kelber, SBN 1101802
kelber@gassturek.com
Josh S. Greenberg, SBN 1107959
greenberg@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 523202
Telephone: (414) 223-3300

*Counsel for Plaintiff Paragon Component Systems, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 11, 2026, a copy of the foregoing **Paragon Component Systems, LLC's Responses to Defendants' Third Requests for Production** is being served on all counsel of record via email.

MILLER & MARTIN PLLC

*/s/  Erin E. Steelman*

*Counsel for Plaintiff Paragon Component Systems, LLC*