# Exhibit 10

| | |
|---|---|
| **From:** | Scott G. Salemi <ssalemi@murphydesmond.com> |
| **Sent:** | Wednesday, March 4, 2026 4:15 PM |
| **To:** | Stephen Kabakoff; James Williams |
| **Cc:** | Erin Steelman; greenberg@gassturek.com; Tamar Kelber; Fiona T. Finger; bzeeck@hinshawlaw.com; cswinick@hinshawlaw.com; Sonya Braunschweig; Stephan Wright; Tj Vita; Suzi Grundahl; Katie E. Kelly; Kirk Grundahl; April Sawhill |
| **Subject:** | RE: Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75 and Paragon v. Qualtim, Inc., et al. 25-cv-170; demand for inspection of Defendants' Source Code |

Counsel,

We have reviewed your March 2 email concerning our request to inspect Paragon's source code in both cases.

Paragon's position is clear from its written discovery responses and the parties' correspondence: (1) in the '170 action, Paragon will not permit any inspection of source code unless Defendants first identify specific portions of the code containing Defendants' engineering contributions; and (2) in the '75 action, Paragon will not produce the source code because it is purportedly irrelevant.

Those positions leave Defendants in '170, and as Plaintiffs in '75, without any practical means of inspecting the source code repository and its version history. Based on the parties' correspondence and conferrals to date, the parties are at an impasse on this issue.

**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F
33 East Main Street, Suite 500 | Madison, WI 53703
**website** | **map** | **email**



CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.

**From:** Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Sent:** Monday, March 2, 2026 4:16 PM
**To:** Scott G. Salemi <ssalemi@murphydesmond.com>; James Williams <James.Williams@millermartin.com>
**Cc:** Erin Steelman <Erin.Steelman@millermartin.com>; greenberg@gassturek.com; Tamar Kelber <kelber@gassturek.com>; Fiona T. Finger <ffinger@murphydesmond.com>; bzeeck@hinshawlaw.com; cswinick@hinshawlaw.com; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Stephan Wright <swright@wcglegal.com>; Tj Vita <tvita@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>; Katie E. Kelly <KKelly@murphydesmond.com>; Kirk Grundahl <kgrundahl@qualtim.com>; April Sawhill <asawhill@gkhpc.com>
**Subject:** RE: Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75 and Paragon v. Qualtim, Inc., et al. 25-cv-170; demand for inspection of Defendants' Source Code

Hi Scott,

1

Your email below contains several inaccuracies. To be clear, we have not refused inspection of source code across both cases, nor have we declined your proposal for a sequencing of review of only relevant portions of source code. Further, your message incorrectly assumes that source-code version control histories, commit logs, change logs, etc. are not part of Paragon's source code files and can be produced as non-source-code documents. And, contrary to your statements otherwise, Paragon has produced technical documentation in the form of all of its Slack message threads in the #drj-paragon-engineering-discussions channel that contain any message(s) from your clients' alleged "contributors" to the Paragon software.

Our position is that inspection of source code is neither relevant nor required in the context of the Inspired Pursuits '075 action. In the Qualtim '170 action, however, we have agreed to meet-and-confer to discuss a reasonable, proportional, and workable approach to identifying and producing relevant portions of source code—i.e., portions which pertain to your clients' alleged engineering contributions that form the basis of their ownership claim in the software. We do not agree to provide the entire code base, consistent with your clients' previous requests for only relevant portions pertaining their alleged engineering contributions. Please let us know when you are available to have such a meeting. We will prepare a source code computer based on the parties' agreement as to what code should be installed on it.

Best regards,
Stephen


**Stephen Kabakoff**



d (404) 962-6494
f (404) 962-6359
Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309



**From:** Scott G. Salemi <ssalemi@murphydesmond.com>
**Sent:** Thursday, February 26, 2026 6:46 PM
**To:** Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>; James Williams <James.Williams@millermartin.com>
**Cc:** Erin Steelman <Erin.Steelman@millermartin.com>; greenberg@gassturek.com; Tamar Kelber <kelber@gassturek.com>; Fiona T. Finger <ffinger@murphydesmond.com>; bzeeck@hinshawlaw.com; cswinick@hinshawlaw.com; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Stephan Wright <swright@wcglegal.com>; Tj Vita <tvita@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>; Katie E. Kelly <KKelly@murphydesmond.com>; Kirk Grundahl <kgrundahl@qualtim.com>; April Sawhill <asawhill@gkhpc.com>
**Subject:** RE: Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75 and Paragon v. Qualtim, Inc., et al. 25-cv-170; demand for inspection of Defendants' Source Code

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.


Counsel,

Your response confirms that no source code has been produced and that no inspection has been made available in either the '075 Action or the '170 Action, despite separate requests by represented Plaintiffs/Defendants and pro se Mr. Grundahl (the "requesting parties").

We have repeatedly requested production of the technical engineering documentation necessary to evaluate incorporation of the requesting parties contributions into the Paragon Truss Software, including version control

histories, commit logs, change logs, validation records, technical specifications, architecture documentation, database schema revisions, and related engineering materials. To date, Paragon has not produced these materials and has not identified any Bates-numbered documents corresponding to those categories.

Our February 12 letter proposed a sequencing compromise in an effort to streamline the process. Paragon has declined that proposal and has not produced the requested technical documentation. Instead, Paragon has referenced prior general productions and Slack communications without confirming that any of the requested technical software documentation has been, or will be produced. If Paragon contends that such technical software materials have already been produced, it must identify them specifically. Having declined Plaintiffs' proposed sequencing, Paragon cannot now condition production on additional narrowing.

Having failed to produce the requested technical software documentation, Paragon now refuses to provide access to its source code unless Plaintiffs first pre-identify specific portions for inspection. Nothing in the Protective Orders or the Federal Rules requires the requesting parties to pre-identify specific files prior to inspection. Determining which portions implement or reflect the contributions necessarily requires review.

In the '170 Action, where ownership and incorporation of the requesting parties' contributions are directly at issue, this sequence prevents us from obtaining the technical evidence necessary to evaluate and respond to Paragon's ownership claims.

We will identify our testifying expert and provide an executed Exhibit A prior to inspection, consistent with the Protective Orders. The expert is not affiliated with a competitor or industry participant, and there is no legitimate basis for objection under the Protective Orders.

Please provide available dates for inspection by Monday.

**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F
33 East Main Street, Suite 500 | Madison, WI 53703
website | map | email



CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.

**From:** Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Sent:** Thursday, February 26, 2026 4:56 PM
**To:** Scott G. Salemi <ssalemi@murphydesmond.com>; James Williams <James.Williams@millermartin.com>
**Cc:** Erin Steelman <Erin.Steelman@millermartin.com>; greenberg@gassturek.com; Tamar Kelber <kelber@gassturek.com>; Fiona T. Finger <ffinger@murphydesmond.com>; bzeeck@hinshawlaw.com; cswinick@hinshawlaw.com; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Stephan Wright <swright@wcglegal.com>; Tj Vita <tvita@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>; Katie E. Kelly <KKelly@murphydesmond.com>; Kirk Grundahl <kgrundahl@qualtim.com>; April Sawhill <asawhill@gkhpc.com>
**Subject:** RE: Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75 and Paragon v. Qualtim, Inc., et al. 25-cv-170; demand for inspection of Defendants' Source Code

3

Hi Scott,

In your February 11, 2026 letter, you state:

> "***Plaintiffs do not seek production of Paragon's entire source code base.*** Plaintiffs seek only materials sufficient to identify whether and how defined Engineering Inputs were incorporated, retained, modified, or removed. ***To the extent source code review becomes necessary, Plaintiffs seek only the portions of code that implement or reflect those Engineering Inputs. Many of these issues can be addressed through non-source code materials***, including design documentation, version histories, change logs, validation records, internal analyses, and related communications. . . . To be clear, Plaintiffs' first priority is production of non-code engineering materials: requirements specifications, design documentation, change logs, validation records, and version histories. If disputes remain after review of those materials, ***Plaintiffs will meet and confer with Paragon on a targeted source-code review protocol under the Protective Order***."

We are willing to meet and confer, as you proposed, regarding how any of Paragon's source code, and which portions, is relevant to any of the Plaintiffs' causes of action in the '075 Action. It is our position that all of the causes of action in the '075 case relate to alleged breaches of a "business model" and alleged trade-secret misappropriation of said business model. We do not believe Paragon's highly-confidential, trade-secret source code is relevant to any of these causes of action as stated in our objections to your discovery requests.

As far as the '170 Action, this issue will need to be resolved by the parties or the Court before Paragon can produce its source code. And, to the extent Paragon needs to produce its source code, Plaintiffs still need to identify "only the portions of code" that they are requesting Paragon to produce after analyzing non-code materials as you explained above.

Further, Plaintiffs have not disclosed their testifying expert who would be reviewing Paragon's source code. Obviously Paragon reserves the right to object to any expert that works for a competitor, a Plaintiff, or otherwise can use knowledge of Paragon's trade-secret source code to cause harm to Paragon or its business. Please promptly identify your testifying expert who would review the Paragon source code so Paragon can determine whether it needs to lodge such an objection.

Until the issues above are resolved, Paragon cannot reasonably prepare a source code computer with any requested portions of code. We will need time to coordinate with our client to copy the relevant code (if any) and prepare the source code computer.

We reserve all rights to seek any and all relief that the Court deems appropriate in regard to Paragon's having to respond to Plaintiffs' requests for source code.

Best regards,
Stephen

---

**Stephen Kabakoff**

**d** (404) 962-6494
**f** (404) 962-6359
Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309



---

**CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is legally privileged and confidential, and is intended only for the

use of the addressee. If you are not the intended recipient, please be aware that any dissemination, distribution or copy of this e-mail is prohibited. If you have received this e-mail in error, please immediately notify us by reply e-mail and delete this message and any attachments. Thank you.

**From:** Scott G. Salemi <ssalemi@murphydesmond.com>
**Sent:** Thursday, February 26, 2026 1:26 PM
**To:** James Williams <James.Williams@millermartin.com>; Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Cc:** Erin Steelman <Erin.Steelman@millermartin.com>; greenberg@gassturek.com; Tamar Kelber <kelber@gassturek.com>; Fiona T. Finger <ffinger@murphydesmond.com>; bzeeck@hinshawlaw.com; cswinick@hinshawlaw.com; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Stephan Wright <swright@wcglegal.com>; Tj Vita <tvita@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>; Katie E. Kelly <KKelly@murphydesmond.com>; Kirk Grundahl <kgrundahl@qualtim.com>; April Sawhill <asawhill@gkhpc.com>
**Subject:** Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75 and Paragon v. Qualtim, Inc., et al. 25-cv-170; demand for inspection of Defendants' Source Code

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Pursuant to Paragraph 14 of the operative, Agreed Protective Order entered in both actions, Plaintiffs hereby request to inspect Defendants' Source Code designated as "Highly Confidential – Source Code." (ECF #42-1 in '75 Action; ECF #61-1 in '170 Action)

Plaintiffs in '75/Defendants in '170 request that the Source Code be made available for inspection on a secured, stand-alone computer in a secured room, without internet or network access, as required by Paragraph 14(a) of the Protective Orders. Please confirm the proposed location for review, which we would prefer to be in Wisconsin.

To facilitate meaningful inspection, please confirm that the review computer will include:

- Reasonably searchable source code;
- All relevant versions of the code at issue during the relevant time period (2015 to the present);
- Directory structure intact;
- Necessary build instructions, documentation, and configuration files sufficient to understand and evaluate the code;
- Identification of any third-party components or excluded materials.

Plaintiffs/Defendants anticipate that review will be conducted by a disclosed testifying expert and outside counsel of record in compliance with Paragraph 13 of the Protective Order. Executed Exhibit A acknowledgments will be provided in advance of the inspection.

Please provide multiple dates during the weeks of March 2-16 when the Source Code will be available for inspection. Given the scope of the codebase at issue, Plaintiffs/Defendants anticipate that multiple days of review may be required, and so we request multiple consecutive blocks of time.

This notice is made in both related actions.

We look forward to coordinating promptly.

**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F
33 East Main Street, Suite 500 | Madison, WI 53703
**website** | **map** | **email**



CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.