IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS,
LLC,

      Plaintiff,

v.

QUALTIM, INC., CENTER FOR BUILDING
INNOVATION, LLC, DRJ ENGINEERING,
LLC, INSPIRED PURSUITS, LLC, KIRK
GRUNDAHL, and SUZANNE GRUNDAHL,

      Defendants.

Case No. 3:25-cv-00170-wmc

**PLAINTIFF PARAGON COMPONENT SYSTEMS, LLC'S BRIEF IN SUPPORT OF MOTION TO COMPEL FACT DEPOSITIONS SUFFICIENTLY PRIOR TO MAY SUMMARY JUDGMENT DEADLINE**

**I.  INTRODUCTION**

Plaintiff Paragon Component Systems, LLC ("Paragon") moves to compel the following five witnesses for fact depositions on dates prior to April 13, 2026: Defendant Kirk Grundahl, Defendant Suzanne Grundhal, and three employees of Defendants' companies, including Eric Helmueller, Keith Hershey, and Adam Heise.

Citing the busy trial schedule of one of their attorneys, Defendants have refused to make any effort to produce these noticed witnesses prior to May 2026, even though the parties' summary judgment deadline is May 14, 2026. The requested fact depositions are essential to Paragon's ability to timely prepare its summary judgment motion on the accompanying record. Paragon will be severely prejudiced if it is prevented from timely prosecuting this case and resolving the Defendants' evolving ownership claims to Paragon's software. It is critical for Paragon to obtain sworn testimony from the five witnesses who were heavily involved in the consulting services

provided to and paid for by Paragon. The Court should therefore grant Paragon's Motion and order the requested depositions to take place within the necessary timeframe sufficiently in advance of the May 14, 2026 summary judgment deadline.

## II. BACKGROUND

Paragon seeks declaratory relief concerning the ownership and authorship of its software (the "Paragon Software"). Paragon alleges it solely owns the Paragon Software and related intellectual property therein. Defendants claim ownership interests in the software based on their alleged contributions through providing consulting and testing services for which Paragon paid nearly half a million dollars.

In this action, Defendant Kirk Grundahl appears *pro se* and attorneys Michael Bradford and Scott Salemi have filed appearances on behalf of the other defendant entities owned and controlled by Defendant Kirk Grundahl. Defendants are also represented by Mr. Salemi's associate Katie Kelly, who has corresponded with Paragon's counsel on behalf of Defendants on numerous occasions. Additionally, Defendants' in-house counsel, Ms. Sonya Braunschweig, is copied on all counsel emails in this case and could easily appear in this case for purposes of appearing as counsel at the requested depositions.[1] Indeed, Attorney Salemi insisted that Paragon serve all case-related documents on Attorneys Kelly and Braunschweig, evidencing their involvement and familiarity with the litigation. On February 17, 2026, Paragon served notices to take the depositions of five witnesses: Defendant Kirk Grundahl, Defendant Suzanne Grundhal, and various employees of Defendants' companies, including Eric Helmueller, Keith Hershey, and Adam Heise. These notices requested the witnesses to appear on specific consecutive days during the week of March 9, 2026, or at a "time that is mutually agreed upon by the parties" at Mr.

---

[1] Notably, Defendants' former in-house counsel, Ms. May La Rosa, previously served as Defendants' lead counsel of record in this case.

Salemi's office in Madison, Wisconsin. (*See* Paragon's Deposition Notices, collective **Exhibit 1**). Eight days later, on February 25, 2026, Mr. Salemi advised Paragon for the first time that due to his upcoming trial schedule in March and April, he was "not available for depositions until May." (*See* February 25, 2026 email from Scott Salemi, **Exhibit 2**).[2] Attorney Salemi declared that he is "the only attorney" representing his clients in this case. (*Id*.) He was unwilling to even discuss scheduling depositions until the end of March, when he suggested the parties would establish a "deposition schedule for May and June." (*Id*.)

Counsel for Paragon responded on February 26, 2026, advising that waiting until May for depositions was unworkable given the upcoming May 14, 2026 summary judgment deadline. Counsel emailed back and forth several times in the ensuing days, but Defendants, to date, have continued to refuse to discuss or offer any deposition dates prior to May 1, 2026. (*See* collective **Exhibit 3**). Paragon advised defense counsel that it is "willing to work with you, your firm, and your clients in regard to finding reasonable alternative dates within the framework of the Scheduling Order and dispositive motion deadline. We have requested that you identify isolated days of availability for witnesses over the month of March, and you have refused." (*See* **Exhibit 3**, March 3, 2026 email from James Williams at 1:39 p.m.)

Meanwhile, despite representing he was the "only attorney" representing his clients in this case, on February 26, 2026, Attorney Salemi issued a request to inspect Paragon's software source code, to be "conducted by a disclosed testifying expert ***and outside counsel of record***" and to take place occur ***"during the weeks of March 2-16"***—i.e. ***the same period in which Paragon had requested depositions of defendants' witnesses***. (*See* **Exhibit 4** February 26, 2026 email from

---

[2] Mr. Salemi's email includes a self-serving statement that he advised Paragon of this trial conflict during a prior "meet and confer," but Paragon's counsel contests the veracity of this statement and maintains there was no prior discussion of any trial scheduling conflicts.

Scott Salemi). Clearly, based on this request and the involvement of other counsel in this litigation (including Attorney Michael Bradford – counsel of record, Attorney Katie Kelly – associate of Attorney Salemi, and Attorney Sonya Braunschweig – in house counsel for corporate Defendants), Defendants have other attorney resources available, yet they refuse to deploy them to defend fact witness depositions for purposes of accommodating Paragon's timely requests for depositions in this case and desire to meet the impending summary judgment deadline.

The parties are at an impasse regarding scheduling of fact depositions. *See* **Exhibit 5**, March 4, 2026 email from James Williams.

### III. LAW AND ARGUMENT

#### A. Defendants may not delay the prosecution of this case for sixty days on the basis of one lawyer's schedule.

The Scheduling Order entered in this case states the "[p]arties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines." (Doc. 106, at 3). The Scheduling Order further provides that the parties "must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences." (*Id.* at 1).

Defendants have made no effort to accommodate Paragon's timely requests for fact depositions, let alone act in a manner consistent with securing the "just, speedy and inexpensive resolution of this matter." They have done the opposite. Paragon timely noticed depositions **86 days** in advance of the May 14, 2026 summary judgment deadline, only to be told eight days later that Defendants will withhold all depositions until May 2026 based on one counsel's conflicting

trial schedule. Clearly, this was not some unforeseen extraordinary occurrence that warrants an alteration of the case's schedule. Indeed, that schedule was put in place before defense counsel appeared in this action and never presented a problem until Paragon noticed depositions. Defendants' attempt to use their counsel's trial schedule to delay the prosecution of this case is improper and unwarranted. *See, e.g., Gonzalez v. Ingersoll Milling Mach. Co.,* 133 F.3d 1025, 1030-31 (7th Cir. 1998) (denying a request for extension of time premised upon counsel's busy trial schedule, stating that "a good judge sets deadlines, and the judge has a right to assume that deadlines will be honored"); *U.S. v. Fidelity and Guaranty Co*., 2005 WL 1528374, at * 2 (N.D. Ind. June 24, 2005) ("A counsel's busy trial schedule has been determined to fall short of establishing good cause" to modify case schedule.).

This is particularly true here given that Defendants clearly have other attorneys available and involved in the litigation who can defend the requested fact depositions, as Defendants indicated their outside counsel is available to inspect source code during the same week that Paragon noticed the fact depositions.

Defendants should not be permitted to stonewall Paragon's efforts to obtain testimony essential to their summary judgment motion simply because one lawyer has scheduling conflicts (as all lawyers tend to).

**B.     Paragon will be prejudiced if it is forced to delay prosecution of its declaratory judgment action**

Depositions of Defendants and key employee witnesses are essential to resolving the core dispute regarding the ownership and authorship of Paragon's software. Defendants' refusal to provide dates until May and June—at best on the eve of the May 14, 2026, summary judgment deadline—will severely prejudice Paragon's ability to prepare its dispositive motion.

Through written discovery, Defendants have identified 60 alleged intellectual property contributions to the Paragon software on which they rely to assert their ownership claims. At a minimum, Paragon needs to depose Mr. Grundahl and certain of his engineering employees who are alleged to have made these contributions to determine whether these contributions rise to the level of legitimate intellectual property contributions. Paragon must have this information in a timely manner not only to meet the upcoming summary judgment deadline, but also to provide to its expert(s) to review and assess for purposes of meeting the expert disclosure deadlines in this case (which has been extended by agreement to March 27th).[3]

Paragon's expert cannot fully render an opinion without the deposition testimony from Defendants. Further, Paragon should not be forced to extend the summary judgment deadline and jeopardize its trial date set in October. Defendants' attempt to stonewall depositions is a transparent attempt to slow this case down in favor of the other related action (the '075 Action).[4] But the parties already made clear to the Court that these cases, while having some limited overlap, are on different procedural tracks[5] and involve different parties and issues. The primary issue in this action—whether Paragon is the sole owner and author of the Paragon Software—is substantially narrower (and involves significantly fewer parties) than the '075, which involves an alleged partnership dispute and failed business model including 14 separate counts for relief against multiple defendants. The parties have engaged in substantial discovery in this action, but

---

[3] Attorney Salemi agreed to extend the expert disclosure deadline to March 27, 2026, without making any mention of his trial scheduling conflict or unavailability to participate in depositions in March or April.

[4] As the Court will recall, *pro se* Defendant Kirk Grundahl previously and unsuccessfully attempted to stay this case in favor of the '075 Action. *See* Docs. 127, 138.

[5] For example, the '075 Action currently is subject to Plaintiffs' motion to remand the case back to state court.

written discovery is merely in the early stages in the '075 Action. There are also multiple dispositive motions pending in the '075 Action. This case should not be burdened with, for example, multiple depositions concerning the '075 Plaintiffs' breach of fiduciary duty claims against the estate of Dan Holland or the various claims against Clearspan Components, Inc., which have little, if anything to do with the claims or parties in this action. Additionally, resolution of the issues in this case may well result in simplifying and disposing of some of the issues in the '075 Action. Thus, to the extent the Court decides to extend the schedule in this case, it should likewise extend the schedule in the '075 Action and keep this case on track to proceed to trial first given its maturity, narrow scope, and potential to limit the issues in the '075 Action.

It is wholly unreasonable for Defendants to delay this case solely by virtue of their counsel's asserted conflicting schedule, which had not been raised at any time prior to service of Paragon's deposition notices. Defendants have been unwilling to make any effort to accommodate a fact deposition before May 2026, leaving this case at a standstill for two months. Paragon needs the requested fact depositions to prepare a summary judgment motion and exchange expert disclosures as required by the operative scheduling order. Court intervention is warranted here, and Defendants should be required to produce the requested witnesses sufficiently in advance of the summary judgment deadline.

Dated: March 6, 2026

*/s/James T. Williams*

Stephen E. Kabakoff, GA Bar No. 143164, *appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

7
41049651v1

        James T. Williams, TN BPR 16341
        Erin E. Steelman, TN BPR 38463
        MILLER & MARTIN PLLC
        832 Georgia Avenue, Suite 1200
        Chattanooga, TN 37402-2289
        Telephone: (423) 756-6600
        James.Williams@millermartin.com
        Erin.Steelman@millermartin.com

        */s/ Tamar B. Kelber*
        Tamar B. Kelber, SBN 1101802
        Joshua S. Greenberg, SBN 1107959
        Gass Turek LLC
        241 North Broadway, Suite 300
        Milwaukee, WI 53202
        Telephone: (414) 223-3300
        kelber@gassturek.com
        greenberg@gassturek.com

        ***Attorneys for Plaintiff Paragon Component Systems, LLC***

## CERTIFICATE OF SERVICE

I certify that on March 6, 2026, a copy of the foregoing **PLAINTIFF PARAGON COMPONENT SYSTEMS, LLC'S BRIEF IN SUPPORT OF MOTION TO COMPEL FACT DEPOSITIONS SUFFICIENTLY PRIOR TO MAY SUMMARY JUDGMENT DEADLINE** is being served on all counsel of record via email.

MILLER & MARTIN PLLC

*/s/James T. Williams*

*Counsel for Plaintiff Paragon Component Systems, LLC*