UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

        Plaintiff,

v.                                                                                  Case No. 3:25-cv-00170-wmc

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Defendants.

---

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS UNDER FED. R. CIV. P. 42(a)**

---

## INTRODUCTION

This action arises from the breakdown of a long-term joint venture involving multiple entities and coordinated development efforts within the structural building component industry. Here, Paragon seeks a declaratory ruling concerning ownership of one component of the joint venture—the Paragon Truss Software. In related Case No. 25-cv-75 ("the '75 action"), these Defendants—appearing there as Plaintiffs—assert contract, fiduciary duty, misappropriation, and related claims stemming from the structure, operation, and termination of that broader enterprise relationship.

Although the legal theories differ, both matters require examination of overlapping aspects of the venture's structure, development history, and commercialization efforts. Consolidation aligns these parallel proceedings, which are already advancing under similar schedules and coordinated discovery orders. Defendants sought Paragon's position on this motion, but no response was provided in this action or in the related '75 action. (*See* Mot. at 2.)

**FACTUAL BACKGROUND**

I. **THE '75 ACTION: THE PARTIES' JOINT VENTURE ENTERPRISE AND ITS TERMINATION.**

Beginning in 2009, Daniel Holland (through Paragon and Clearspan) and Kirk and Suzanne Grundahl (through Qualtim, DrJ Engineering, and CBI) developed a long-term business relationship that sought to make innovative changes to the structural building component industry. Over time, that collaboration evolved into an integrated enterprise combining engineering development, testing programs, professionally engineered and sealed design drawings, software tools, and engineered product manufacturing intended for coordinated commercial deployment. To hold intellectual property arising from these joint efforts, the parties formed Inspired Pursuits, LLC ("IP-LLC"), owned equally by Holland and the Grundahls. IP-LLC reflected their shared expectation that the innovative intellectual property developed through the enterprise would be held for their mutual benefit.

After more than a decade of coordinated development, the enterprise had progressed to anticipated market deployment in early 2024. In January 2024, Daniel Holland unexpectedly passed away. Shortly thereafter, Paragon and Clearspan—under the control of John, James Holland, and Holland's Estate—terminated the parties' relationship. Plaintiffs allege that Paragon and Clearspan then restricted access to shared development materials and continued commercializing the software and related outputs without Plaintiffs' participation, preventing IP-LLC from functioning as the contemplated vehicle for joint intellectual property stewardship.

The '75 action asserts claims for breach of contract, breach of fiduciary duty, misappropriation of confidential information, unjust enrichment, and related equitable relief arising from the creation, structure, and termination of this enterprise.

Discovery in this action concerns overlapping aspects of the development history, technical materials, communications, and intellectual property contributions that form the factual predicate for the ownership dispute in the '170 declaratory judgment action.

## II.   THE '170 DECLARATORY JUDGMENT ACTION: OWNERSHIP CLAIMS ARISING FROM THE JOINT VENTURE ENTERPRISE.

The declaratory judgment action arose immediately after the breakdown of the parties' joint venture and centers on ownership of one component of that enterprise—the Paragon Truss Software. It does not involve a separate or unrelated transaction. It stems from the long-term joint venture relationship, the course of coordinated development, and the events following Daniel Holland's death that form the basis of the '75 action.

Paragon alleges that the ownership assertions advanced by Defendants in the '170 action arise from their engineering and alleged consulting involvement and from their participation with Daniel Holland in forming IP-LLC. It acknowledges that the ownership dispute emerged only after Daniel Holland's death in January 2024. In substance, the declaratory action seeks a ruling that Paragon is the sole owner of the software and that no Defendant has any ownership interest in it. But resolving that question necessarily requires examination of the parties' joint venture structure, the nature of their collaborative development efforts, the purpose and role of IP-LLC, and the course of dealing that preceded the relationship's termination.

Paragon has already relied on Defendants' interrogatory responses in the '170 action in opposing remand in the '75 action, arguing that federal copyright issues are central to that action because ownership assertions in '170 arise from Defendants' role in the joint venture enterprise and development of the software. (ECF #78-1, 78-2.) In those responses, Defendants identified at least sixty intellectual property contributions developed through the parties' long-term enterprise and articulated the factual bases for their asserted ownership interests. The development history,

3

enterprise structure, and commercialization framework described in those responses constitute the historical and structural facts that underlie the joint venture, fiduciary duty, and misappropriation claims asserted in the '75 action. Having invoked those interrogatories to frame the ownership dispute for jurisdictional purposes, Paragon cannot meaningfully distinguish the factual record in the declaratory action from the enterprise history at issue in the '75 action.

## ARGUMENT

**I.     FED. R. CIV. P. 42(a) AUTHORIZES CONSOLIDATION WHEN ACTIONS ARISE FROM THE SAME FACTUAL NUCLEUS.**

Rule 42(a) permits consolidation when actions involve "a common question of law or fact." The Seventh Circuit has instructed that district courts are encouraged to consolidate related cases when "the legal issues and facts overlap significantly," recognizing the trial court's broad discretion to manage its docket efficiently and to avoid duplicative proceedings. *McDonald v. Hardy,* 821 F.3d 882, 893 (7th Cir. 2016). Consistent with that guidance, this Court has exercised its discretion to consolidate actions that stem from the same underlying events or share a common factual thread. *See, e.g., Hughes v. Dane County Sheriffs*, Nos. 15-cv-464-wmc, 15-cv-465-wmc, 2017 U.S. Dist. LEXIS 81874, at *1–2 (W.D. Wis. May 30, 2017); *Alpha Tech. U.S.A. Corp. v. LDS Acquisition Corp.*, Nos. 13-cv-870-wmc, 13-cv-871-wmc, 2014 U.S. Dist. LEXIS 78391, at *3-4 (W.D. Wis. June 5, 2014).

Rule 42(a) does not require identical claims or remedies. It is sufficient that the actions arise from overlapping factual circumstances such that coordinated management would promote efficiency and reduce duplication. When parallel proceedings would otherwise require reconstruction of the same business relationship, examination of the substantially overlapping technical record, and testimony from the same core witnesses on nearly identical timelines, consolidation serves the central purpose of the rule. That is the circumstance here.

4

## II.   RULE 42(a) CONSOLIDATION IS APPROPRIATE BECAUSE THE ACTIONS PROCEED ON PARALLEL AND OVERLAPPING FACTUAL TRACKS.

The overlap between these actions is structural, not superficial. Both arise from the same long-term business relationship and coordinated development enterprise, and both stem from events following Daniel Holland's death in January 2024. Resolution of each case requires examination of overlapping aspects of the parties' joint venture structure, development history, and commercialization framework.

The declaratory judgment action has already required development of factual material that substantially overlaps with the record underlying the claims asserted in the '75 action. Here, Paragon required Defendants (Plaintiffs in the '75 action) to identify and describe intellectual property contributions developed through the parties' enterprise. Defendants have initially identified at least sixty discrete engineering systems, modeling methodologies, calibration frameworks, testing integrations, and related technical contributions, along with the individuals involved, approximate timeframes, and the factual bases for their asserted ownership interests. Those interrogatory responses recount overlapping portions of the development process, the integration of engineering and software implementation, and the role of IP-LLC that are also relevant to the breach-of-contract, fiduciary-duty, and misappropriation claims asserted here. Defendants anticipate that additional contributions may be identified upon production of the parties' joint Slack communications used during the enterprise.

The declaratory action also places at issue the formation and intended function of IP-LLC, the parties' course of dealing, and the basis on which ownership rights are asserted. These matters are not peripheral in either case. Determining ownership in the declaratory action requires examination of aspects of the enterprise structure and development history that likewise inform the claims arising from the termination of that enterprise. Ownership cannot be determined in

5

isolation from the enterprise structure and development history. The same post-termination conduct that impaired IP-LLC's ability to function as a joint intellectual property vehicle is also relevant to the ownership determinations Paragon seeks in the declaratory action. Questions concerning authorization, control of development materials, and the parties' course of performance cannot be segmented cleanly between the two cases. These are common factual questions that would necessarily be reconstructed in both actions absent consolidation.

The claims in the two actions are not identical, and consolidation does not depend on the identity of elements or remedies. What matters is that their evidentiary foundations are substantially intertwined. Both cases require review of overlapping source code history, Slack communications and development records, engineering and testing documentation, and testimony from core participants concerning the structure and operation of the enterprise.

Absent consolidation, the Court would oversee parallel development and review of substantially overlapping factual records:

- Similar source code history, development documentation, and internal communications would be analyzed in separate proceedings.
- The same core engineering witnesses would be deposed and potentially testify twice regarding related aspects of the development process.
- Expert testimony concerning engineering, modeling architecture, calibration methodologies, and software integration, among other things, would be presented on closely aligned timelines.

The risk is not merely duplicative effort by the parties. Absent consolidation, the Court will be required to resolve overlapping discovery disputes (including source-code access, repository production, and Slack communications), review closely aligned summary-judgment records within weeks of each other, and prepare for two trials grounded in the same enterprise history.

The current scheduling posture underscores that reality. In the '170 action, dispositive motions are due May 14, 2026, with trial set for October 26, 2026. In this action, dispositive motions

are due June 5, 2026, and trial is set for December 7, 2026. The dispositive deadlines are separated by approximately three weeks, and the trial dates by about six weeks. Without consolidation, the Court would evaluate overlapping factual records in near succession and prepare for two trials grounded in related aspects of the joint venture. Consolidation aligns case management with that procedural reality without merging the legal standards governing the two actions.

### III.     CONSOLIDATION REDUCES THE RISK OF INCONSISTENT FACTUAL CHARACTERIZATIONS.

Where related actions proceed separately, overlapping historical matters may be presented to different factfinders in different procedural contexts. In this case, separate proceedings would require presentation of related aspects of the parties' enterprise relationship, development history, and commercialization efforts in parallel forums. That creates a meaningful risk that similar portions of the enterprise narrative could be characterized differently across proceedings.

If either action proceeds to a jury, the same core witnesses and technical materials would be presented in separate trials under different instructions and legal frameworks. Two juries could hear overlapping testimony concerning the structure of the enterprise and development of the software, yet assess that history in isolation from the related claims pending in the companion action. Consolidation reduces the likelihood of duplicative presentation of overlapping proof and promotes coherent management of a shared factual narrative.

Consolidation does not merge the claims or collapse their legal standards. It ensures only that related factual matters arising from the parties' long-term joint venture enterprise are managed within a coordinated procedural setting, reducing the risk of divergent factual characterizations while preserving distinct legal frameworks.

## IV.     CONSOLIDATION WILL NOT PREJUDICE ANY PARTY.

Consolidation in this context affects procedure, not substance. It does not introduce new parties, new claims, or new theories of liability. The actions already involve the same enterprise participants and successor-controlled entities. Paragon and Clearspan are the companies through which Daniel Holland operated during the parties' long-term collaboration and are now controlled by his sons. The Holland Estate appears in this action on his behalf. Consolidation therefore does not combine unrelated disputes or force strangers into a single proceeding; it coordinates litigation among the same core actors concerning related aspects of a shared enterprise history.

Nor does consolidation merge the actions into a single claim or alter the substantive rights of any party. Each action retains its distinct elements, burdens of proof, and available remedies. The legal standards governing ownership in the declaratory action remain separate from those governing contract, fiduciary duty, and related claims in this case.

Rule 42(b) preserves the Court's discretion to manage the consolidated action in a manner that promotes clarity and efficiency. At this stage, however, the matters are aligned procedurally: discovery overlaps, protective order provisions have been coordinated, expert disclosures concern related technical subject matter, and dispositive deadlines are separated by weeks. Consolidation will streamline case management without delaying resolution of either action.

## CONCLUSION

Defendants seek consolidation solely for purposes of efficiency, coordinated discovery, and consistent management of overlapping factual issues. Consolidation is appropriate because the two cases arise from the long-term joint venture development history and business relationship.

Defendants therefore respectfully request that the Court consolidate Case No. 25-cv-170-wmc with this action and designate Case No. 3:25-cv-00075-wmc as the lead case.

Dated this 6th day of March, 2026.

          **MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number: 1118960
    33 East Main Street, Suite 500
    Madison, WI 53701-2038
    Phone: (608) 257-7181
    Fax: (608) 257-2508
    ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Defendant

Electronically Signed By: */s/ Kirk Grundahl*
    Kirk Grundahl
    1130 Fairway Court
    Lake Mills, WI 53551
    Phone: 608-217-3713
    kgrundahl@qualtim.com