UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

        Plaintiff,

v.                                                                 Case No. 3:25-cv-00170-wmc

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Defendants.

---

**DEFENDANTS' OPPOSITION TO MOTION TO COMPEL FACT DEPOSITIONS**

---

**INTRODUCTION**

Paragon's motion is moot, was premature when filed, and rests on a narrative the record does not support. On March 4, 2026, defense counsel committed to providing a comprehensive proposed deposition schedule by Friday, March 6. Rather than wait two days, Paragon declared impasse two minutes after receiving that commitment and filed this motion on the very day the schedule was due. The schedule arrived that same day.

Defendants' Joint Memorandum served March 6 proposed confirmed dates for all five noticed witnesses: Adam Heise on March 25, Eric Helmueller on March 26, Keith Hershey on April 30, Suzanne Grundahl on May 5, and Kirk Grundahl on May 6—all before the May 14 summary judgment deadline. (Salemi Decl. Ex. A.) Paragon accepted the March 25 and 26, rejecting all others. (*Id.* ¶ 7.)

The prejudice each side claims warrants a moment's attention. Paragon asserts prejudice because it may have to complete a summary judgment motion—one it has had months to prepare—

in less time than it would prefer. Defendants face a different kind of prejudice: being compelled to proceed through five complex depositions spanning fifteen years of technical development without the counsel who has the case knowledge, the witness relationships, and the command of two related actions that competent defense requires. That prejudice is concrete and irreversible. The motion should be denied.

There is a second dimension to Paragon's motion that warrants attention. On the same day this motion was filed on March 6, 2026, Defendants filed a Motion to Consolidate this action with related Case No. 3:25-cv-00075-wmc. Paragon's brief is not limited to deposition scheduling. It contains multiple paragraphs directed at the consolidation question, arguing that the '170 action should proceed independently and proceed to trial first. (ECF #146 at 6-7.) A motion to compel depositions is not the proper vehicle for opposing consolidation. Paragon's use of this motion to embed anti-consolidation arguments reveals the true strategic purpose of the filing: not genuine prejudice from a scheduling dispute, but an attempt to lock in the '170 schedule and preempt the Court's consideration of consolidation.'

## FACTUAL BACKGROUND

This Court's Scheduling Order sets expert disclosures for February 27, 2026 extended by the parties' March 18 agreement to April 13, 2026, dispositive motions for May 14, 2026, discovery cutoff on September 4, 2026, and trial on October 26, 2026. It directs that the parties "must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter." (ECF #106 at 1.)

Paragon characterizes Defendants as obstructing discovery. The record does not support that characterization. Defendants have been active participants throughout. In the '170 action alone, they have responded to four sets of interrogatories and three sets of document requests,

produced 53,000 pages of documents, served multiple rounds of discovery on Paragon, and produced a Rule 30(b)(6) witness for deposition.

On February 17, 2026, Paragon served notices scheduling five depositions on consecutive days during the week of March 9, without prior consultation with defense counsel. In this jurisdiction, deposition dates are customarily coordinated before notices are served. At the time, Attorney Salemi was in final preparation for three trials beginning March 9. (Salemi Decl. ¶ 2.) On February 25, he notified Paragon of his conflicts and proposed May dates. (ECF #147-2.) On the eve of trial he delivered the deposition schedule, filed motions to consolidate both related actions, and filed motions to compel source code inspection in both cases. That is the conduct of a party advancing litigation on multiple fronts under genuine constraints, not one seeking delay.

On March 4, Attorney Salemi committed to providing a comprehensive proposed deposition schedule by Friday, March 6. (ECF #147-3 at 2–3.) At 4:44 PM that afternoon he confirmed that commitment in writing. (ECF #147-5.) Two minutes later, Paragon's counsel declared impasse and filed this motion on March 6 without waiting to receive the schedule. It arrived that same day. (Ex. A.) On March 12, Paragon accept the two March dates while rejecting April 30, May 5, and May 6. (Salemi Decl. ¶ 7.)

In that same email, counsel clarified that Mr. Grundahl's reference to his operations team having the best handle on his business schedule was not authorization for opposing counsel to schedule his deposition through them. Paragon's suggestion that Defendants were using Mr. Grundahl's absence as a pretext for delay misreads the record. (*Id.* ¶ 5.)

## ARGUMENT

### I.    THE MOTION IS MOOT AND PARAGON WILL NOT BE PREJUDICED.

Paragon sought an order compelling Defendants to produce witnesses for deposition. Defendants provided exactly that on March 6—confirmed dates for all five noticed witnesses,

3

every one before the May 14 summary judgment deadline. Paragon is not being denied depositions. It is rejecting a reasonable schedule that fully satisfies the relief it sought from this Court. The March 6 memorandum also proposed a reciprocal schedule for Defendants' depositions of Paragon witnesses for the week of May 11. This was not a response designed to delay. It was a comprehensive, coordinated scheduling proposal for both sides.

Paragon also waited nine months to notice these depositions and did so without prior consultation. A party that waits nine months cannot credibly claim irreparable prejudice from an adjustment of several weeks, particularly when all five depositions are offered before the summary judgment deadline and five months before the September 4 discovery cutoff.

The nature of the claims does not support Paragon's urgency either. This action seeks declaratory relief on software ownership under established frameworks of copyright, patent, trademark, and trade secret law. Those legal standards do not change based on deposition testimony. Paragon characterizes Defendants as consultants whose work belonged to Paragon from the outset. That characterization is disputed at the core of this litigation.

Defendants were co-venturers who independently developed engineering work spanning close to forty years—work that long predates Paragon's existence—and contributed it to a joint venture that Paragon has now walked away with. The legal standards governing ownership of that work do not turn on deposition testimony; they turn on the nature of the relationship and the documentary record, both of which are already before the parties. Defendants have identified sixty intellectual property contributions through written discovery, despite being precluded by Paragon from access to systems jointly used by the parties for seven years. Paragon has had that detailed record for months and access to the joint systems for years. The suggestion that no summary

4

judgment preparation can begin until all five witnesses are deposed is not consistent with the claims or the existing record.

Paragon's urgency is also difficult to reconcile with the timing of its filing. Defendants moved to consolidate the '170 and '75 actions on the same day Paragon filed this motion. (ECF #148.) Rather than respond to that motion through proper channels, Paragon embedded its opposition within this brief, devoting multiple pages to arguing that the two cases are on different procedural tracks and that the '170 action should proceed to trial first. (ECF #146 at 6-7.) Those arguments belong in a consolidation opposition, not a motion to compel depositions. Their presence here reveals the motion's actual purpose: to use a discovery dispute as a vehicle to lock in an accelerated '170 schedule before this Court has the opportunity to consider whether coordinated management of both actions would better serve judicial economy and consistency. Paragon's claimed prejudice is difficult to take at face value under these circumstances, particularly given that Defendants delayed filing their consolidation motion to allow Paragon an opportunity to weigh in, and received no response. (ECF #148 at 2.)

## II.    DEFENSE COUNSEL'S TRIAL CONFLICTS AND THE COMPLEXITY OF THESE DEPOSITIONS WARRANT ACCOMMODATION.

Attorney Salemi has three trials in March and April 2026: one beginning March 9, followed by two back-to-back trials in April beginning April 6 and concluding April 28. The window between the March trial and the first April trial must be devoted to final preparation for the two consecutive April proceedings—a window that cannot absorb five complex depositions. (Salemi Decl. ¶ 2.)

The nature of these depositions makes the conflict particularly significant. Adam Heise is a computer technician and Eric Helmueller an engineer—neither has prior litigation experience. Suzanne Grundahl, Kirk Grundahl, and Keith Hershey have some familiarity with formal

proceedings, but all three have direct knowledge of an over-decade-long joint venture at the heart of this dispute. Preparing each witness to testify accurately about a highly technical body of work covering over a decade of development requires focused, individual preparation—one day per witness is a conservative estimate. Five days of preparation combined with five days of deposition attendance is ten days of intensive work that cannot be parceled out in fragments around three consecutive trials.

Attorney Salemi entered this litigation in November and has built the witness relationships and case knowledge these depositions require. He has represented the corporate Defendants in prior matters, giving him established relationships with the witnesses essential to effective preparation. He has also developed command of the overlapping facts and distinct legal issues across both related actions—knowledge that cannot be transferred to substitute counsel on short notice. The complexity demands that counsel be able to manage testimony across both actions in real time, recognizing when answers in one proceeding affect claims and defenses in the other.

III.   NO ADEQUATE SUBSTITUTE COUNSEL EXISTS.

Paragon identifies three attorneys as potential substitutes. None is adequate.

Attorney Bradford has had no active role in this proceeding for approximately six months, is located in Tennessee, and lacks current familiarity with the record. He has filed a notice of withdrawal. (ECF #151) He is not a viable alternative. (*Id.* ¶ 8.)

Attorney Kelly, who has never defended a deposition, is a part-time associate whose practice focuses on estate matters. Her involvement in this litigation has been limited to correspondence assistance; she is not counsel of record nor has she entered an appearance. She does not have the case knowledge required to independently defend five substantive depositions on complex intellectual property issues spanning years of technical development across two related actions. (*Id.*)

6

Attorney Braunschweig is new in-house counsel whose professional obligations run to the corporate entity clients she represents. She is not counsel of record and has not entered an appearance. Defending depositions of the individual defendants raises professional responsibility concerns that a scheduling accommodation cannot resolve. (*Id.*)

The represented Defendants have a cognizable interest in being represented by counsel of their choosing. Compelling them to proceed without counsel who has the witness relationships, case history, and command of both related actions that these depositions demand would not be a neutral scheduling adjustment. It would materially and irreversibly impair their representation. The prejudice Paragon claims from a reasonable schedule is speculative. The prejudice to Defendants from losing their chosen counsel is concrete.

## IV.    THE MOTION WAS FILED PREMATURELY.

The Scheduling Order provides that a party may not file a discovery motion until it has made a good faith attempt to resolve the dispute. (ECF #106 at 4.) That condition was not met. Defense counsel committed to a schedule by Friday. Paragon declared impasse two minutes later and filed on that Friday without waiting to receive it. Declining to wait forty-eight hours for a promised response does not satisfy the good faith requirement.

<div align="center">**CONCLUSION**</div>

Defendants proposed a confirmed deposition schedule on the same day this motion was filed, with specific dates for all five noticed witnesses before the May 14 summary judgment deadline. Paragon is not being denied depositions. It is rejecting a reasonable schedule that satisfies the very relief it sought. The motion is moot. No adequate substitute counsel exists. To the extent any scheduling details remain, the parties should resolve them without Court intervention. Defendants respectfully request that the Court deny the motion.

Dated this 18th day of March, 2026.

<div style="margin-left:40%">

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number: 1118960
    33 East Main Street, Suite 500
    Madison, WI 53701-2038
    Phone: (608) 257-7181
    Fax: (608) 257-2508
    ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Defendant

Electronically Signed By: */s/ Kirk Grundahl*
    Kirk Grundahl
    1130 Fairway Court
    Lake Mills, WI 53551
    Phone: 608-217-3713
    kgrundahl@qualtim.com

</div>

4925-5546-4088, v. 1