IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS LLC,

                Plaintiff,

    v.

QUALTIM, INC. *et al.*,

                Defendants.

OPINION and ORDER

25-cv-170-wmc

The court held a telephonic hearing on March 25, 2026.  Plaintiff was represented by Attorneys James T. Williams and Stephen E. Kabakoff.  Defendant Kirk H. Grundahl appeared, representing himself.  All other defendants were represented by Attorney Scott George Salemi.  For the reasons discussed, the court made the following rulings:

The court addressed lingering issues reported in the parties' joint status report. Dkt. 140.  Plaintiff is ORDERED to produce the entire Slack channel **#drj-paragon-engineering-discussions** as soon as practicable.  If not before April 1, 2026, the parties must meet and confer to discuss logistics for production.  Plaintiff advised that the parties' dispute concerning Interrogatory No. 5 is moot.  Finally, the parties are ORDERED to revise the protective order in this case per the court's rulings in Case No. 25-cv-75-wmc and submit a single amended protective order in both cases.

The court addressed defendants' motion to compel source code.  Dkt. 142.  The motion is largely GRANTED.  The following deadlines are SET/RESET:

- March 27, 2026 – The parties must meet and confer on what internal documentation, files, or applications plaintiff keeps in the ordinary course of business that memorialize version control of the software at issue and make plans

for the production of sufficient information for defendants' expert to identify versions of the source code at issue for inspection.  Defendants must identify their source code expert by this date.

- April 1, 2026 – Plaintiff must disclose the identified version control information.

- April 8, 2026 – Defendants must identify up to four versions of the source code at issue for inspection.

- April 17, 2026 – Any inspection of the source code must be complete.

- 28 days after inspection – Proponent expert reports concerning source code due.

- 28 days later – Respondent expert reports concerning source code due.

- June 12, 2026 – Dispositive motions due.  Briefing will follow a 21 / 10 day briefing schedule.

All other deadlines remain in place.  To the extent the parties agreed to extend the original deadlines for expert disclosures, they should promptly meet and confer to confirm or modify those deadlines in light of these dates.  In particular, they should confirm disclosure deadlines for both liability and damages experts other than source code experts.

The court addressed plaintiff's motion to compel depositions.  Dkt. 145.  The issues were largely mooted by the schedule set forth above, so the motion is DENIED as moot.  The parties are ORDERED to meet and confer by April 1, 2026, to finalize a schedule for all depositions requested to-date, taking into account the June 12 dispositive motion deadline.

Based on these rulings, defendants' motion for extension of time, Dkt. 158, is DENIED as moot.

The parties bear their own costs on these motions.

Entered 25th day of March, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge