UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

        Plaintiff,

v.

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Defendants.

Case No. 3:25-cv-00170-wmc

---

**DECLARATION OF SCOTT G. SALEMI IN SUPPORT OF DEFENDANTS'
EMERGENCY MOTION TO COMPEL COMPLIANCE WITH ORDER (ECF #160)**

---

1. I am an attorney with the law firm Murphy Desmond S.C. and am one of the attorneys of record representing Defendants Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl (collectively, "Defendants") in the above-captioned matter. I make this Declaration in support of Defendants' Emergency Motion to Compel Compliance with Order (ECF #160).

2. On March 18, 2026, Paragon filed the Declaration of John Holland (ECF # 155). Paragraph 9 of that declaration states: "There are currently 362 release numbers of the Paragon Software that are publicly documented on Paragon's website. See https://docs.paragontruss.com/release-notes/previous.…These updates are also described on the Paragon website."

3. On March 19, 2026, Mr. Grundahl requested that Paragon's counsel produce those 362 releases. Paragon's counsel responded: "Regarding the commercial software version numbers, please see the hyperlink in John Holland's declaration."

4.    On March 23, 2026, the parties held a conferral regarding Paragon's source code production and supporting documentation. During that conferral, Paragon's counsel: (a) did not disclose the existence of Paragon's GitHub repository at github.com/ParagonTruss/ParagonCore, AppVeyor build logs, or GitHub-Slack bot integrations; (b) could not answer foundational questions about Paragon's software development infrastructure, stating he needed to consult the client on no fewer than six occasions; and (c) stated that technical documentation does not exist.

5.    On March 24, 2026, I sent a letter to Paragon's counsel memorializing the March 23, 2026 conferral. That letter identified both GitHub bot integrations in Paragon's Slack workspace by name and user ID, drawn from PARAGON-004850: the legacy GitHub bot (user ID U9N1CGWM6, deleted) and the active GitHub bot (user ID U01V4G83P0Q). It identified the categories of the Development Record required to be produced and the lack of Slack production before the March 25, 2026 hearing. A true and correct copy of that letter is attached as **Exhibit 1.**

6.    PARAGON006904 is a screenshot of Paragon's GitHub organization page produced in this litigation. It shows 92 repositories, 14 members, 6 teams, and 1 active project.

7.    At the March 25, 2026 hearing, Paragon's counsel stated that early release notes "were put on the Slack" and "were shared with customers on the Slack." ECF #162 at 50–51.

8.    On March 25, 2026, following the hearing, I sent an email to Paragon's counsel stating: "In regard to the production of the Slack channel ordered earlier today (3/25), you had previously produced a portion of the Slack channel in various formats including JSON format. Please be advised that we only require production of the entire channel ordered in JSON export format with all metadata. We do not need conversion to .pdf. This should expedite and simplify production." Paragon's counsel did not respond to that email. A true and correct copy of that email is attached as **Exhibit 2**.

2

9.      The JSON format was requested to aid with the source code inspection ordered by the Court—specifically to enable Defendants' source code expert to identify specific versions of the source code at issue, analyze the repository, and navigate the codebase during inspection.

10.     At the March 27, 2026 conferral, Paragon's counsel stated that whatever was produced from GitHub would be provided "under the source code protections because this is coming directly out of the source code repository…we wouldn't want the in-house people looking at it." I responded that the GitHub production at issue is not source code and does not warrant a Highly Confidential – Source Code designation. This was consistent with what I understood the Court to have ordered at the March 25 hearing.

11.     At the same conferral, Paragon's counsel agreed that the GitHub production would be in text format, stating: "my understanding is it would be a text file and it's something that's pulled out of the GitHub." Paragon subsequently produced the commit log as a scanned PDF, not a text file. The source code expert has noted the difficulty in using such a document in that form.

12.     At the same conferral, Paragon's counsel framed the entire production obligation as commit history and merge operations only, and did not engage in any discussion regarding with pull requests, branch history, README files, architecture documents, or any other component of the Development Record. Anytime I tried to raise that issue and seek clarification as to what was going to be produced, Paragon's counsel reverted back to referencing only the commit history and merge operations.

13.     At the same conferral, when Paragon's counsel announced the Slack channel would be produced as "bates-numbered pages," I responded: "Yeah, absolutely not. You're going to take the Slack information and change it into a PDF to bate stamp it? Yeah. No, we're not agreeing to that. We need native format. Both sides have exchanged discovery demands in the case. Both sides

have requested native format. You guys have previously produced Slack channel in JSON format. And now that you're not producing it in JSON format, that's not acceptable. There's an eDiscovery tool in Slack channel that allows you to easily export in JSON format, which is essentially their native format. And that's what we need. Otherwise, we're going to have a problem."

14. Prior to the April 1, 2026 production, Paragon had made at least four separate partial productions of Slack channel data in different formats. Because the productions were piecemeal and not produced in native JSON format, it is not possible to verify from the face of the productions whether the entirety of the channel ordered by the Court has been produced. Based on our analysis thus far, it appears it has not.

15. On March 30, 2026, I sent a follow-up letter to Paragon's counsel. That letter: (a) identified each category of the Development Record and explained its purpose; (b) specified that production must be in native text-based format, not scanned PDF or TIFF; (c) provided step-by-step instructions, including command-line instructions forwarded directly to Paragon's development team, for producing the complete GitHub repository with source code files removed — a process taking approximately five minutes; (d) again identified both GitHub bot user IDs from PARAGON-004850 and technically rebutted Paragon's stated security justification for refusing JSON format; and (e) required written confirmation of six specific items by close of business March 30. A true and correct copy of that letter is attached as **Exhibit 3.**

16. On March 30, 2026, Paragon's counsel Erin Steelman responded. Ms. Steelman did not attend the March 27, 2026 conferral. Her response stated: "We disagree with most of your characterizations, assumptions, and other statements in the ten-page letter. However, in an effort to meet your arbitrary same day response deadline, we respond by simply noting that we intend to comply with Judge Boor's order and we will produce version control information sufficient to

reflect changes made in the Paragon Truss Software by the Court's deadline of April 1, 2026." A true and correct copy of that response is attached as **Exhibit 4.**

17.    On March 30, 2026, I replied to Ms. Steelman's response, stating in part: "The word 'sufficient' is concerning and familiar. It is the same pattern Paragon has followed in the dispute—unilaterally deciding what is relevant and producing only that. The court has already rejected that approach. What is sufficient is not Paragon's determination to make." *See* **Exhibit 4.**

18.    On April 1, 2026, Paragon's counsel Stephen Kabakoff transmitted an email accompanying the production ordered under ECF # 160. That email stated, among other things: (a) "We have produced all of the release notes that our client maintains in its internal records in its ordinary course of business as Judge Boor's order requires"; (b) "There are some release versions for which our client could not find explicit release notes in its custody, possession, or control"; (c) "our vendor processed the native .json files for the produced Slack channels to create HTML versions that can be rendered in a human-readable format with litigation-production numbers. These HTML versions have been produced as Bates numbered TIFF/JPG images"; and (d) "our client confirms that it is not aware of any such bots used to post messages in the drj-paragon-engineering-discussions or drj-paragon channels." A true and correct copy of that email is attached as **Exhibit 5.**

19.    On April 1, 2026, Paragon produced a commit log as Bates-stamped page images at PARAGON-SOURCE-000001 through PARAGON-SOURCE-000638, totaling 638 pages, designated Highly Confidential – Source Code. Paragon's counsel had agreed at the March 27 conferral that the GitHub production would be in text format; the production was a scanned PDF. I was the only one to receive this file, which I forwarded to the expert for review.

5

20.    On April 1, 2026, Paragon produced release notes as Bates-stamped page images at PARAGON-392687 through PARAGON-392845, totaling 159 pages. A review of the releases showed 185 unique version numbers. The earliest version documented is Version 85, dated July 6, 2020. The latest is Version 363, dated March 20, 2026.

21.    Versions 1 through 84 are not present in the production. Within the range of Version 85 through Version 363, there are additional versions missing: 87–90, 92–94, 96, 98–118, 122–123, 126, 143, 145, 156, 169, 194, 197–206, 208–209, 212–213, 219, 221, 224–225, 227, 230, 242, 246, 249–251, 256, 258, 261, 266–268, 270–277, 279–283, 285–286, 289–291, 293–297, 300, 305, 332.

22.    Thus, including versions 1 through 84, the production contains no release documentation for 178 of 363 versions.

23.    Versions 98 through 118 are 21 consecutive versions with no release documentation in the production. The dates of surrounding produced versions indicate this range covers approximately October 2020 through February 2021.

24.    Versions 85 through 97 in the production are addressed directly to DrJ Engineering. Version 86, dated July 13, 2020, states: "Here are the things in Version 86, which is now live, that are of interest to DrJ." The same format and tone is present throughout Versions 85 through 97.

25.    Versions 291, 305, and 332 are not present in the production at PARAGON-392687 through PARAGON-392845, although they appear on Paragon's website. A true and correct copy of screenshots taken on April 2 2026 from the Paragon website is attached as Exhibit 6.

26.    On April 1, 2026, Paragon produced the drj-paragon-engineering-discussions Slack channel at PARAGON-387743 through PARAGON-392586, and the drj-paragon channel at

PARAGON-006907 through PARAGON-356520 and PARAGON-357863 through PARAGON-387742, as TIFF/JPG images of rendered HTML.

27.     The native JSON files were not produced. Nor was the entire channel produced. Instead, it appears to be a supplementation of portions of the channel that Paragon had withheld from production. We therefore have multiple productions for two channels making it difficult to piece together and use in general but also for the code review.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 2nd day of April, 2026.

/s/ Scott G. Salemi
Scott G. Salemi (SBN1118960)