IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS LLC,

Plaintiff,

v.

QUALTIM, INC. *et al.*,

Defendants.

OPINION and ORDER

25-cv-170-wmc

The court held a telephonic hearing on March 25, 2026, and issued an order setting a schedule to facilitate an inspection of the source code associated with plaintiff's software. The schedule required plaintiff to produce information to help defendants' expert identify four versions of the software by April 1. Defendants must then identify the four versions by April 8. Plaintiff produced certain information on April 1. Defendants filed an "emergency" motion two days later asking the court to compel the production of additional information and an extension of their April 8 deadline. It is not at all clear that defendants met and conferred with plaintiff on the issues raised in their motion, as required by Rule 37. The meet and confer requirement is not met with a letter writing campaign. Simply because the parties are on a schedule does not mean the parties can dispense with this requirement. The court expects the parties to redouble their efforts to work cooperatively on discovery and to avoid court intervention at every turn. Plaintiff filed a written opposition to the motion, so it is ripe for decision. In light of that, and to inspire the parties to keep to the schedule, the court rules on the motion as follows:

**Commit log.** Paragon produced a "commit" log, which the parties characterize as a document/file that contains a high-level description of all of the changes that have been made

to the source code from inception to now.  Defendants have two main complaints.  First, they say the log was produced in PDF format and thus was not searchable.  Paragon says it will produce the file in a searchable format, so this dispute is moot.  Second, defendants complain that the commits are not detailed enough.  They want more information, including pull requests, which provide additional description for proposed changes, wiki pages, etc.

The court is not persuaded that this additional detail is required for the task at hand.  All defendants must do at this point in time is select the four versions of the software whose source code they want to inspect.  To do this, they can rely on a plethora of information.  They have the Slack channel, discussed below, that defendants have characterized as a running communication channel that captures the contributions that defendants made to the development of the software.  Defendants can use this channel to pinpoint relevant dates.  They can compare those dates to the release notes that have been produced, also discussed below, as well as the commit notes.  This falls short of the information that defendants have demanded, but this stage of the process is not the actual inspection; it is merely to identify versions of the software.  Defendants have enough to make informed decisions on that point.

**Release notes.**  Paragon produced release notes—notes for customers using the software—for the latter versions of its software, version 85 through version 363.  It says that it was not able to locate earlier versions because the software was not commercially available, so it did not necessarily create notes for customer use.  The court has no reason to doubt this representation, and it cannot compel what does not exist.  Paragon must continue to make reasonable efforts to locate release notes or similar information for the earlier versions of the software and must produce whatever discoverable information it finds, but the court does not see reason to compel any additional action.

2

**Slack production.**  The court ordered Paragon to produce an entire Slack channel that contained information associated with defendants' alleged contributions to the software at issue.  Paragon did so but converted the original format (JSON format) into a human readable format (TIFF/JPG) for production.  Defendants want the original formate because they claim it will provide additional information.  Per defendants, real-time notifications were posted to the channel when code was changed, and their expert can run queries in the original format to identify these events.  The expert cannot identify these events in the converted format, or not as readily.  The court sees how production of the original format could aid in defendants' efforts to identify points in time related to relevant software versions.  The court orders the Slack channel to be reproduced in its original format as soon as possible.

**Highly Confidential – Source Code Designation.**  Defendants object to the designation of this information as "Highly Confidential – Source Code."  The commit log fits within the definition agreed-to by the parties, and the court sees good reason for that because the notes capture changes to the code.  But the release notes appear less sensitive, particularly if they are used by customers.  Paragon should revisit the designations with these points in mind.  Defendant Kirk Grundahl in particular takes issue with his inability to see the information, but this is a feature of the protective order that must hold to avoid inadvertent and inappropriate use of highly confidential and proprietary information.  No parties or employees are allowed to see this information, even self-represented parties; experts are.  Defendant Grundahl, like all parties, may work with his retained expert to prepare for the inspection of the source code.

**Extension.**  The court is largely denying defendants' motion to compel, so it does not see good cause to extend any dates in the schedule.

**Costs and Fees.** The court will reserve on shifting costs and fees until the parties see the inspection schedule through to completion. The parties are reminded that they must respect the requirements of Rule 37 to bring discovery motions to the court. And they are charged to work cooperatively on the source code inspection. Ultimately, it is in all parties' interests to ensure this inspection is comprehensive and useful to the case.

Entered 3rd day of April, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge