UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

        Plaintiff,

v.

        Case No. 3:25-cv-00170-wmc

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE
RELATED ACTIONS UNDER FED. R. CIV. P. 42(a)**

---

## <u>INTRODUCTION</u>

Paragon's opposition asks this Court to treat two cases as distinct that Paragon itself has already acknowledged are not. Paragon signed the Rule 26(f) report in the '75 action stipulating that the cases involve overlapping factual issues and agreeing to discovery consolidation. (75 ECF #44 at 8.) Paragon argued factual overlap to defeat remand in the '75 action, jointly representing that "authorship is a core question in both cases" and that "both actions plainly arise from the same controversy." ('75 ECF #30 at 15.) Paragon agreed to parallel protective orders governing both cases as a unified discovery universe. (Salemi Decl. ¶ 20; Ex. 1.) Paragon's own counsel stated on the record that the ownership and enterprise trade secret claims are "the same issue" and "really the same thing" across both cases. (ECF #139 at 20:1–12.)

Paragon's opposition does not address any of this. Paragon has taken contradictory positions on the relationship between these cases depending on what was procedurally convenient

at the time. The question before the Court is whether to enforce through a court order what the parties agreed to do.

The motion should be granted.

## **ARGUMENT**

### I. PARAGON AGREED TO CONSOLIDATION AND THE CONDITION IT PLACED ON THAT AGREEMENT HAS BEEN SATISFIED.

Paragon characterizes this motion as a "third bite," arguing the Court has already rejected consolidation twice. (ECF #161 at 1.) Neither prior proceeding was a rejection. Both produced the opposite: a written agreement to consolidate and judicial statements that the cases should proceed in lockstep.

The first alleged "request" was purportedly an informal discussion at the May 8, 2025 pretrial conference. Paragon cites no docket number, no transcript, and no order. The Rule 26(f) report ('75 ECF #44)—filed one week earlier by all parties—had already memorialized all parties' agreement that both cases involve overlapping factual issues, that consolidation will significantly reduce burden on the parties, and that the parties agreed to formally consolidate the two cases if the '75 case was not remanded. The trial consolidation question was deferred as premature. The motion to remand was withdrawn on March 6, 2026 ('75 ECF #96), satisfying that condition. Paragon also signed the Rule 26(f) report in this case acknowledging "some overlap of the issues to be litigated" between the two cases. (ECF #103 at 2.)

This is not a "third bite." It is the first bite the parties agreed to take when the condition precedent—resolution of the remand question—was satisfied. A party cannot manufacture a waiver by characterizing the fulfillment of agreed conditions as procedural repetition.

The second alleged "request" was pro se defendant Kirk Grundahl's fallback paragraph in a reply supporting a motion to stay in this case. (ECF #136 at Section V.) The Court denied the

stay—not consolidation. Its reason was that the cases should advance together: "I think there's going to be some overlap, and so it's really better, from the Court's perspective, for these things to go forward together. . . . it's going to be helpful to have the cases in lockstep so that when summary judgment comes due . . . the Court is really picking them up together, and I think there's going to be some efficiencies to be had." (ECF #139 at 47:21–48:3.) At that same hearing, Paragon's own counsel stated the ownership and trade secret enterprise claims in the two cases are "the same issue" and "really the same thing." (ECF #139 at 20:1–12.)

This is the first formal, fully briefed consolidation motion by represented counsel. The prior proceedings Paragon invokes are admissions by Paragon that consolidation was agreed to—not adjudications on the merits.

## II.    THE LEGAL STANDARD IS SATISFIED.

Rule 42(a) requires a common question of law or fact—not that common questions predominate. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 395 (E.D. Wis. 2008). Paragon's own stipulations satisfy the standard: Paragon agreed in the '75 Rule 26(f) report that the cases involve "overlapping factual issues" ('75 ECF #44 at 8), Paragon acknowledged "some overlap of the issues to be litigated" in the '170 action (ECF #103 at 2), and Paragon jointly argued "authorship is a core question in both cases." ('75 ECF #30 at 15.)

Paragon invokes *Wyngaard v. Woodman's Food Market, Inc.* and *United States v. Knauer* for the proposition that Rule 42(a) was designed for matters "one and the same" that "touch each defendant with exactly the same effect." *Wyngaard*, 2022 WL 889384, at *1 (quoting *Knauer*, 149 F.2d at 520). The same synergistic enterprise, the same truss design software product, the same parties, and the same fifteen-year course of dealing touch every party in both proceedings through a single shared history. That is precisely the scenario Rule 42(a) was designed to address.

3

Both Rule 26(f) reports identify the same discovery subjects: the course of dealing between the parties; intellectual property rights; the parties' business relationship; and business operations. (*Compare* '75 ECF #44 at 4-5 with ECF #103 at 3-4.) The sixty preliminary categories of engineering contributions identified in this action, pending potential update once the relevant and complete Slack channel JSON files are produced, are the same contributions forming the factual basis of Defendants' misappropriation and damages claims in the '75 action. (Salemi Decl. ¶ 2.)

Paragon invokes Defendants' amended complaint in the '75 action for the proposition that this case "can be adjudicated independently from the Declaratory Judgment case." (ECF #161 at 4 (quoting '75 ECF #39 at 1-2).) That statement addressed the logical independence of the damages claims from the copyright ownership outcome—not whether consolidated pretrial management would serve judicial economy. Trial structure is a separate question from pretrial consolidation, and that question remains premature until the record is fully developed in both cases. Moreover, Paragon's reliance on Defendants' litigation positions in the '75 action to oppose consolidation in the '170 action cuts both ways: Paragon jointly argued in the '75 action that both cases "plainly arise from the same controversy." ('75 ECF #30 at 15.) Paragon cannot selectively invoke Defendants' statements while disregarding its own.

**PARAGON'S OPPOSITION CONTRADICTS ITS PRIOR REPRESENTATIONS.**

**A.  Paragon's Remand Filings Reflect Its Own Admission That Both Cases Arise from the Same Controversy.**

When Defendants moved to remand the '75 action, Paragon jointly opposed, arguing "authorship is a core question in both cases" and "both actions plainly arise from the same controversy." ('75 ECF #30 at 15.) Paragon then separately invoked Defendants' '170 interrogatory responses to argue "federal copyright issues are directly at issue" in the '75 action. (75 ECF #78-1 at 2.)

4

Paragon's opposition here does not acknowledge either filing or attempt to reconcile those positions with its current claim that the cases are "substantively distinct." (ECF #161 at 6.) When remand was at stake, Paragon argued both cases arise from the same controversy and substantially overlap. When consolidation is at stake, Paragon argues fundamentally different factual questions are presented. No explanation is offered for the shift.

### B. The Protective Orders Establish a Unified Cross-Case Discovery Framework.

The amended protective orders in both actions are virtually identical in their cross-case provisions. The '75 order defines "Party" to include the parties in both actions (Salemi Decl. Ex. 1 at ¶ 3) and provides that documents produced in either action need only be produced once and may be used in either action. (Salemi Decl. Ex. 1 at ¶ 19.) Paragon agreed to those cross-case provisions. (Salemi Decl. ¶ 20.) Magistrate Judge Boor recognized their significance at the March 24, 2026 hearing: "there is an agreement to share discovery between the cases, which I think makes good sense because there's a lot of overlap between the parties and the issues involved in the cases." (75 ECF #110 at 53:3–6.) The framework Paragon agreed to requires a court order to function—because without one, Paragon coordinates when it benefits from doing so and resists when it does not.

### III. MATERIAL CIRCUMSTANCES HAVE CHANGED AND VOLUNTARY COORDINATION HAS FAILED.

Paragon argues no changed circumstances justify this motion. (ECF #161 at 1.) Four developments demonstrate otherwise.

*First*, Defendants, as Plaintiffs in the '75 action, withdrew their remand motion on March 6, 2026 ('75 ECF #96). The condition the parties placed on full consolidation in the Rule 26(f) report was satisfied. ('75 ECF #44 at 8.)

*Second*, the trial consolidation question—deferred as premature in May 2025—is now squarely presented. Dispositive motions are now due in both cases on June 12, 2026. The dispositive deadline in the '170 action was reset from May 14 to June 12, 2026 expressly because Paragon failed to produce technical documents and source code. (ECF #160.) The deadline in the '75 action was moved to accommodate the source code review in the '170 action, which may be used in the '75 action. (ECF #111.) The delay Paragon now invokes as a reason not to consolidate is delay Paragon caused. Further, trial is set October 26, 2026 in this action and December 7, 2026 in the '75 action, six weeks apart. This Court will evaluate overlapping factual records in near succession and prepare for two trials on the same enterprise history within weeks of each other.

*Third*, voluntary coordination has not worked. Paragon represents that coordination has proceeded without "any inefficiencies, duplication or other concerns" and that no court order is needed. (ECF #161 at 5.) The record does not support that. Beginning in November 2025, Paragon refused to produce documents in the '75 action unless the protective order was revised to its satisfaction to address pro se Grundahl. (Salemi Decl. ¶ 21.) That refusal required a separate motion for entry of the amended protective order before discovery in the '75 action could proceed.

Expert disclosure deadlines have been extended twice; each time Paragon agreed to an extension in this action without agreeing to a comparable extension in the '75 action, requiring additional negotiations before consistent deadlines were reached. Paragon argued source code is irrelevant in the '75 action while conceding relevance and proceeding under a court-ordered inspection protocol in this action—the same software, the same contributions, the same parties—requiring Defendants to file identical motions to compel in both actions on the same day. Paragon's own brief calls those motions "identical" and "duplicative." (ECF #161 at 2 n.1.)

6

On April 6, 2026, Magistrate Judge Boor denied Plaintiffs' motion to compel source code inspection in the '75 action (ECF #91), but did so in terms that confirm—rather than undercut—the basis for consolidation. The Court ordered that any information obtained through the source code inspection already proceeding in this action may be used in the '75 case, provided Plaintiffs disclose that information simultaneously with their source code expert reports in the '170 action. Defendants were afforded 28 days to supplement their expert disclosures in this case accordingly. To accommodate that sequencing, the dispositive motion deadline was reset to June 12, 2026—the same deadline recently set in this action. (ECF #111.)

*Fourth*, Magistrate Judge Boor ordered the parties at the March 24, 2026 hearing to coordinate depositions across both cases and directed that individuals serving in both individual and corporate representative capacities sit for a single combined deposition. ('75 ECF #110 at 25:11–18.) Defendants proposed a deposition cross-case protocol on March 30, 2026 implementing that directive. (Salemi Decl. ¶¶ 5-6; Ex. 2.) Five days after Paragon represented to this Court that coordination had proceeded without "any inefficiencies, duplication or other concerns," Paragon's counsel responded that "the two cases are separate and have not been consolidated" and refused to engage with the protocol. (ECF #161 at 5; Salemi Decl. ¶ 7; Ex. 3.) After repeated requests, Paragon provided a limited counterproposal.

The April 3 proposal—submitted by Paragon on behalf of all Defendants in the '75 action—illustrates the same pattern. Paragon agreed that John Holland's May 13 deposition would serve as both his individual deposition and Paragon's 30(b)(6)—a single combined session. But for Mr. Grundahl, Paragon demanded four additional days—after he was already deposed as the Inspired Pursuits 30(b)(6) designee in January 2026, and expanded the demand to three corporate entities after representing to the Court it sought one. Paragon's own calculation: 10 minutes per

contribution across 60 contributions equals 600 minutes, justifying extended examination of Mr. Grundahl. In contrast, John Holland, who claims ownership of the same software built from those same sixty preliminary contributions, sits for one combined 7-hour day. Paragon invoked Rule 30's seven-hour default to resist a cross-case protocol while proposing a combined deposition for Holland—itself a departure from that default—on its own terms. (Salemi Decl. ¶ 19; Ex. 4.)

## IV.    THE PREJUDICE ARGUMENTS FAIL.

### A.    Consolidation Does Not Merge the Cases or Expand Party Obligations.

Paragon conflates Rule 42(a) consolidation with merger. Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *Hall v. Hall*, 584 U.S. 59, 67 (2018). The Court retains full authority under Rule 42(b) to ensure no party is burdened by proceedings that do not implicate the claims against them.

### B.    Paragon Cannot Assert Prejudice on Behalf of Parties in the '75 Action Who Are Not Before This Court.

Paragon argues that its co-defendants in the '75 action—Clearspan, James Holland, Rob Eason, and the Estate of Daniel Holland—would be prejudiced by consolidation because they played no role in the software's development and have no interest in the '170 ownership question. (ECF #161 at 9, 11.) Those parties are not before this Court. They opposed consolidation in their own names in the '75 action. Paragon offers no basis for speaking on their behalf here, and their interests as non-parties to this action should carry no weight in this Court's analysis of Paragon's opposition. In addition, Dan Holland died January 17, 2024. The Estate's interests are limited and its exposure to '170 proceedings is minimal, which is a factor that cuts against, not for, Paragon's claimed prejudice.

### C.    Paragon's Claimed Prejudice Is Self-Created.

Paragon argues consolidation would delay this action. (ECF #161 at 11.) Paragon describes this as its "first-filed, narrowly tailored" proceeding. But it was Defendants who moved to transfer this action to this district—bringing both cases before the same court and making consolidation possible. Having invoked the factual overlap to resist remand in the '75 action and maintain federal jurisdiction, Paragon cannot invoke the procedural history it helped create to resist consolidated management.

The delay in this action is also Paragon's own making. The dispositive deadline was extended from May 14 to June 12, 2026 because Paragon failed to produce technical documents and source code, requiring Magistrate Judge Boor to order production and reset the schedule. (ECF #160.) On deposition scheduling, Magistrate Judge Boor was direct at the March 25, 2026 hearing: "you cannot simply notice depositions and unilaterally pick dates for witnesses. That is not how this district expects parties to work together on scheduling. Depositions should be noticed for dates that the parties have brokered and worked out in advance of the notices going out." (ECF #162 at 57:16–21.) That criticism was directed at Paragon, whose counsel was present, in response to the unilateral scheduling conduct that precipitated a premature motion to compel denied as moot at that same hearing. (ECF #160; Salemi Decl. ¶¶ 12-13.) Paragon filed this action as a declaratory mirror-image of the claims it anticipated in the '75 action and used factual overlap to maintain federal jurisdiction. It cannot claim prejudice from managing the two tracks it created. The Court may consolidate for pretrial purposes preserving the October 26, 2026 trial date, which directly refutes the delay argument.

*Finally,* Paragon's independent summary judgment argument (ECF #161 at 8-9) is unavailing. Consolidated pretrial management does not require consolidated briefs. Instead, it

9

ensures the overlapping factual record is developed once and applied consistently. Inconsistent findings on the same record issued one week apart are precisely what Rule 42(a) addresses.

### D.    The Jury Confusion Argument Is Premature.

Paragon cites jury confusion. (ECF #161 at 9.) If the factual overlap is substantial enough to confuse a jury, that argues for careful trial management after consolidation—not against pretrial consolidation now. Paragon's cases are distinguishable. *King v. General Electric Co.*, 960 F.2d 617 (7th Cir. 1992), involved different employee groups, time periods, and legal theories. *Fleishman v. Prudential-Bache Securities, Inc.*, 103 F.R.D. 623 (E.D. Wis. 1984), involved five plaintiffs with different investment backgrounds and objectives. *Star Insurance Co. v. Risk Marketing Group Inc.*, 561 F.3d 656 (7th Cir. 2009), involved a collection action and a veil-piercing action with no shared factual nucleus. *Henderson v. National R. Passenger Corp.*, 118 F.R.D. 440 (N.D. Ill. 1987), involved different plaintiffs with materially different circumstances. None involved a single synergistic enterprise, a single truss design software platform, and a single set of events and course of dealing among the same parties over fifteen years.

The parties deferred the trial question in the Rule 26(f) report while agreeing to consolidate discovery. ('75 ECF #44 at 8.) That question remains premature. The Court will have fully developed summary judgment records before any trial structure decision is required and retains full authority under Rule 42(b) to fashion whatever structure the record supports. By consolidating now for pretrial purposes, including dipositive motions, the most pressing problem is addressed: parallel summary judgment records on overlapping factual issues due on the same day. It is consistent with what all parties agreed to in the '75 Rule 26(f) report and coordinated protective orders. ('75 ECF #44 at 8; Salemi Decl. Ex. 1.)

10

## **CONCLUSION**

Defendants respectfully request that the Court consolidate this action with Case No. 3:25-cv-00075-wmc and enter such further orders regarding pretrial management and trial structure as the Court deems appropriate under Rules 42(a) and 42(b).

Defendants also request that Case No. 3:25-cv-00075-wmc be designated the lead case. The '75 action encompasses all parties in this action plus additional defendants, asserts fourteen causes of action including damages claims requiring resolution regardless of the outcome here, and provides the complete factual and legal framework within which the ownership questions raised in this action arise. Every party to this action is already a party to the '75 action; the reverse is not true.

Dated this 6th day of April, 2026.

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number: 1118960
    33 East Main Street, Suite 500
    Madison, WI 53701-2038
    Phone: (608) 257-7181
    Fax: (608) 257-2508
    ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Defendant

Electronically Signed By: */s/ Kirk Grundahl*
    Kirk Grundahl
    1130 Fairway Court
    Lake Mills, WI 53551
    Phone: 608-217-3713
    kgrundahl@qualtim.com