IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

          Plaintiff,

  v.

QUALTIM, INC., CENTER FOR BUILDING
INNOVATION, LLC, DRJ ENGINEERING, LLC,
INSPIRED PURSUITS, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

          Defendant.

OPINION AND ORDER

25-cv-170-wmc

---

Plaintiff Paragon Component Systems, LLC, developed truss design software, then enlisted defendants Kirk Grundahl, Suzanne Grundahl, and their engineering consulting companies to test it. While plaintiff maintains that it remains the exclusive owner of all rights to that software, defendants subsequently asserted mutual ownership rights in the software as well. This dispute prompted Paragon to bring suit, seeking a declaratory judgment to establish its sole ownership in the software under federal trademark, copyright, patentable inventions, and trade secret laws, as well as under the Tennessee Uniform Trade Secrets Act. Defendants have moved to dismiss the complaint, asserting that plaintiff failed to join parties that are necessary and indispensable to resolve this suit.[1] Because no other parties are necessary to resolve this dispute, this court will deny defendants' motion to dismiss. The court will also reserve ruling on defendants' motion to consolidate until it

---

[1] Later, under the auspices of his businesses, defendant Kirk Grundahl sent a series of newsletters to the parties' mutual clients describing the legal dispute, prompting plaintiff Paragon to move to supplement its complaint by adding a tortious interference with business relations claim. Because just cause exists to supplement the complaint, the court will grant plaintiff's motion to supplement.

resolves the pending motions in the parties' other case before this court, *Inspired Pursuits, LLC, et al., v. Paragon Component Systems, LLC, et al.*, Case No. 25-cv-75-wmc.

ALLEGATIONS OF FACT[2]

Plaintiff Paragon is a Tennessee limited liability corporation formed in 2016 by Daniel Holland and his son, John Holland, the latter of whom is its sole member. (Pl.'s Compl. (dkt. #1) ¶¶ 2, 9.) Daniel started Paragon with John to "create a proprietary software application for use in the designing of custom trusses in the truss industry," having already owned a roof truss manufacturing business, Clearspan Components, Inc. (*Id.*) At the outset of its business, Paragon "acquired certain intellectual property" that "Clearspan solely developed and solely owned." (*Id.* ¶ 22.) Since then, Paragon has successfully developed "Paragon Truss Software" ("PT software"), which "essentially operates as a truss-design calculator that enables users to more quickly and simply perform the complex set of mathematical truss-design calculations using different inputs corresponding to customized truss designs[, and] render their customized truss designs in one or more engineering drawings." (*Id.* ¶ 24.) For its part, Clearspan disavows any ownership interest in PT software or any membership interest in Paragon itself. (Eason Decl. (dkt. #51-20) ¶¶ 4-5.)

---

[2] The following facts are drawn from the plaintiff's complaint (dkt. #1), plaintiff's proposed supplemental complaint (dkt. #53-1), and plaintiff's submissions in opposition to defendant's motion to dismiss (dkts. ##51-19; 51-20). As the respondent to the latter motion, the court accepts as true all of the well-pleaded facts in the complaint, viewed in a light most favorable to plaintiff and drawing all reasonable inferences in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

During development of the software, Paragon and its team worked with defendants Kirk and Suzanne Grundahl, along with their associated companies, defendants Qualtim, DrJ Engineering, and the Center for Building Innovation ("CBI").  (Pl.'s Compl. (dkt. #1) ¶ 30.)  Specifically, Paragon asked Qualtim and DrJ to verify the accuracy of PT software's "truss calculations" by "testing whether the software generated the correct truss-design outputs for a given set of inputs to the software's mathematical equations in accordance with industry standards."  (*Id.* ¶ 31.)  In the course of its work, DrJ also proposed values for use in some of the software's equations.  (*Id.* ¶ 32.)  Paragon alleges that these parameters are "well-known in the industry and would be easily obtainable by any other competent licensed engineers in this field."  (*Id.* ¶ 33.)  As such, Paragon alleges that Qualtim and DrJ only tested PT software's code, but did *not* develop or modify that code. (*Id*. ¶ 34.)

Later, in 2022, Daniel Holland partnered with defendants Kirk and Suzanne Grundahl to form Inspired Pursuits, LLC, with the goal of developing "physical (non-software) products that combine trusses and truss-mounting braces."  (*Id.* ¶ 29.)  Paragon alleges that it neither engaged defendant Inspired Pursuits to develop PT software, nor contributed any of its own resources in order for Inspired Pursuits to develop PT software. (*Id.* ¶¶ 40-42.)  Instead, Paragon alleges that only its employees and its contractors developed the software, and that the former only worked "within the scope of their employment," while the latter were only contracted "subject to work-made-for-hire and intellectual-property assignment provisions," although neither of the contract terms are attached to or quoted in the complaint.  (*Id.* ¶ 27.)  In contrast, defendants maintain that

3

Inspired Pursuits was actually the culmination of a long-term business relationship and coordinated development enterprise between plaintiff, Daniel Holland, Clearspan, and defendants, under which the parties jointly developed the software and now share joint ownership. (*Id.* ¶¶ 43-44.) In fact, the Grundahls and their businesses assert several claims against Paragon, Clearspan, their employees, and Daniel Holland's estate based on the termination of the parties' business relationship in *Inspired Pursuits, LLC, et al., v. Paragon Component Systems, LLC, et al.*, Case No. 25-cv-75-wmc.

After starting Inspired Pursuits, Daniel Holland sadly passed away in early 2024. (*Id.* ¶ 44.) Soon after his passing, the parties started to dispute the ownership of PT software, which culminated in this lawsuit. (*Id.* ¶¶ 43-52.) As with Clearspan, Daniel Holland's estate makes no claim to ownership in Paragon, nor any ownership interest in the PT software or any related intellectual property. (Speed Decl. (dkt. #51-19) ¶ 4.)

After this lawsuit was filed, Kirk Grundahl allegedly used his companies' (Qualtim, DrJ, and CBI) websites and email lists to disseminate articles to the parties' mutual customers and other industry professionals, comment on the pending litigation, and generally accuse Paragon of practicing engineering without a license and misappropriating trade secrets. (Dkt. #53-1 ¶¶ 2-30.) Paragon now claims that these emails caused current and potential software users to cancel or decline to adopt PT software, resulting in losses of revenue over $1,000,000. (*Id.* ¶¶ 31-32.)

Consistent with that claim, plaintiff moves to supplement its complaint to add a tortious interference with business relations claim based on defendants' emails to the parties' industry peers. Defendants oppose the motion, arguing that this court is an

inappropriate forum to hear plaintiff's additional claim. Defendant further moves to dismiss the complaint for failure to join necessary and indispensable parties, or to dismiss or stay the case pending the outcome of the parallel action, Case No. 25-cv-75-wmc. In the alternative, defendants move to consolidate those two actions.

OPINION

The court addresses each of the parties' motions in turn below.

## I.  Motion to Supplement

Plaintiff moves to supplement its complaint under Fed. R. Civ. P. 15(d), which states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." As such, Rule 15(d) is "a mechanism for 'bringing the case up to date.'" *Saint Anthony Hospital v. Whitehorn*, 132 F.4th 962, (7th Cir. 2025) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1504 (3d ed.)).

Motions to supplement a pleading under Rule 15(d) are governed by the same standard as motions to amend under Rule 15(a). *Atkinson v. Mackinnon*, No. 14-CV-736-BBC, 2015 WL 13658057, at *1 (W.D. Wis. Oct. 29, 2015), (citing *Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996)). "The district court has 'substantial discretion' to permit or deny leave to amend or supplement." *Id.* (citing *Chicago Regional Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011)). In exercising its discretion, the court may consider whether: the facts alleged in the supplemental complaint

5

are sufficiently related to the original pleading to merit consideration in the same action; the moving party unduly delayed the motion or acted in bad faith; the supplement would be futile; and the supplement would unduly prejudice the opposing party. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 402 (E.D. Wis. 2008); *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022).

Here, the additional facts and claim alleged in plaintiff's proposed, supplemental complaint are plainly, substantially related to the original complaint, with both arising directly from this lawsuit itself and the parties' larger, ongoing dispute over the ownership of PT software. Plaintiff also moved timely to amend the complaint in good faith, and there is no indication that the supplement would be futile.[3] At this late stage of litigation, the court acknowledges that permitting a supplemental complaint includes a risk of prejudicing the nonmoving party. However, this prejudice is mitigated by defendants' notice of the pendency of this claim, such that any remaining discovery should be relatively efficient. Moreover, the court will direct the adoption of a new schedule in this case so that defendants may adequately respond to the additional claim.[4]

In opposing the supplemental complaint, defendants argue that the additional, proposed claim would be better suited as a counterclaim in the '75 proceeding, which they originally filed in state court. This argument is largely mooted by that case's subsequent

---

[3] Unfortunately, upon transfer of this case from the Middle District of Tennessee, the motion to supplement did not register as one of the motions "under advisement" in this court's case management system. The court appreciates the plaintiff's recent letter bringing the motion to its attention. (Dkt. #141.)

[4] This schedule reset is also appropriate in light of *defendants'* recent filing of its answer, affirmative defenses, and counterclaims against plaintiff. (Dkt. #178.)

removal to this court, defendants' withdrawal of its motion to remand in that case (dkt. #96 in the '75 case), and defendants' motion to consolidate these two cases (dkt. #148). Defendants also argue that this federal venue is somehow more inconvenient to hear plaintiff's claim than would be a state court. However, as discussed, not only is this court the most convenient forum to hear this dispute, as all of the parties' claims are currently before this court, but even more to the point, this court has *exclusive* jurisdiction over the federal trademark, copyright, and patent claims asserted by plaintiff. *See* 28 U.S.C. § 1338(a). Accordingly, this case must continue to proceed in this court, convenient or not.

Finally, defendants argue that the court would be significantly inconvenienced by simultaneously deciding federal claims for declaratory judgment and a state law claim for tortious interference with contract. However, this court routinely exercises supplemental jurisdiction over state causes of action when claims arise out of the same common nucleus of operative fact, even where the relief sought differs in kind. 28 U.S.C. § 1367. Therefore, the court grants plaintiff's motion to supplement its complaint.

## II. Motion to Dismiss

Next, defendants have moved to dismiss under Rule 12(b)(7) for failing to join necessary and indispensable parties as defined by Rule 19. Alternatively, defendants move to dismiss the pending lawsuit in light of the existence of an adequate parallel proceeding or plaintiffs' suit being the result of an improper, anticipatory filing. The court addresses each argument in turn.

### A. Failure to Join Indispensable Parties

As for the absence of an indispensable party, defendants argue that Clearspan and the Estate of Daniel Holland are both required parties, and that in their absence, the court cannot afford complete relief even among the existing parties.  Fed. R. Civ. P. 19(a)(1)(A).  "The term 'complete relief' refers solely to whether the relief between the persons already parties to the case is possible without the addition of the absent person."  *BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 848 (N.D. Ill. 2021) (quoting *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001)).  Here, neither Clearspan nor the Estate of Daniel Holland are required to join the lawsuit to afford the parties complete relief under the causes of action in this complaint.  As plaintiff notes, the central issue raised in its complaint is whether any of defendants have an ownership interest in Paragon's intellectual property, particularly the PT software.  In this case, defendants have not articulated *why* Clearspan or the Estate *must* be joined because only *then* could the court determine whether any of the named *defendants* have any ownership interests in the subject software equal to plaintiff's that would preclude an award of plaintiff's requested declaratory relief.

Additionally, neither Clearspan nor the Estate of Daniel Holland have even "claimed an interest relating to the subject of the action" -- namely, any ownership rights in the PT software, such that they must be joined in this case.  Fed. R. Civ. P. 19(a)(1)(B).  To the contrary, both Clearspan and the Estate disclaimed *any* interests in either Paragon or the software itself.  (Eason Decl. (dkt. #51-20) ¶¶ 4-5; Speed Decl. (dkt. #51-19) ¶ 4.)  For these reasons, plaintiff's complaint does not run afoul of Rule 19, and the court will deny plaintiff's motion to dismiss under Rule 12(b)(7).

### B. Adequate Parallel Proceedings

Defendant also asks for a stay of this case pending the resolution of the '75 action. In deciding whether to stay an action for declaratory judgment pending the resolution of state claims, the court must consider: "(1) whether the declaratory suit presents a question distinct from th[ose] issues…; (2) whether the parties to the two actions are identical; (3) whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation; and (4) whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time." *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010) (quoting *Nationwide Ins. v. Zavalis*, 52 F.3d 689 (7th Cir. 1995)).

To begin, in the parallel '75 case, defendants assert various, Wisconsin common law claims, including breach of contract, unjust enrichment, misappropriation of trade secrets, tortious interference, civil conspiracy, and breach of fiduciary duty. On their face, each of these claims present questions that are distinct from the federal intellectual property rights and the Tennessee law issues raised here. Next, additional parties are joined in that action (namely, Clearspan, Rob Eason, James Holland, John Holland, and the Estate of Daniel Holland), who are not parties in this case. Without further inquiry as to the merits of that complaint, maintenance of this action also remains useful in clarifying the parties' legal obligations and relationships. As to the federal claims in particular, no relief is available to plaintiff in another forum. Therefore, the court declines to stay this action based on the existence of the '75 case.

9

### C. Anticipatory Filing

Defendant next argues that this action amounts to no more than an improper "anticipatory filing," such that it should be dismissed or stayed.  In the Seventh Circuit, district courts have dismissed declaratory judgment actions as improper, anticipatory filings if defendant can establish a litigant's filing was done to "secure a delay or choose the forum … under threat of an imminent suit." *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004); *Serta, Inc. v. Oleg Cassini, Inc.*, No. 11-CV-8004, 2012 WL 2503959, at *2 (N.D. Ill. June 28, 2012).  Here, plaintiff filed this case *months* after defendant Kirk Grundahl's last communication with plaintiff, and following extensive, weeks-long  written communication, making this case a poor candidate for an improper anticipatory filing. *See Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F. Supp. 2d 906, 908 (N.D. Ill. 1998) (dismissing declaratory judgment action in favor of second-filed action where plaintiff filed days after receiving defendant's first demand letter and without responding to the letter).  Even if that was not the case, defendants are now litigating in their preferred venue after this case was transferred from the Middle District of Tennessee.

For all of the foregoing reasons, therefore, the court will deny defendants' motion to dismiss.

### III. Motion to Consolidate

Finally, defendants move to consolidate this case with the '75 case, noting the overlapping legal and factual claims in those cases make them appropriate for consolidation.  The court reserves ruling on that motion until it resolves all motions pending in the '75 case.

ORDER

IT IS ORDERED that:

1)  Plaintiff's motion to supplement the complaint is GRANTED.  (Dkts. ##52, 141.)

2)  Plaintiff is ORDERED to file its supplemental complaint as a separate docket entry.

3)  Defendants' motion to dismiss is DENIED.  (Dkt. #95.)

4)  The court RESERVES on ruling on defendants' motion to consolidate.  (Dkt. #148.)

5)  The dispositive motion deadline and trial date in this case are STRUCK, and the parties are ORDERED to appear for a scheduling conference with Magistrate Judge Boor at a time and date to be determined by the clerk of court.

Entered this 18th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

11