UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

      Plaintiff,

v.

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

      Defendants.

Case No. 3:25-cv-00170-wmc

---

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

**INTRODUCTION**

Paragon asks this Court to declare it the sole and exclusive owner of every form of intellectual property in the Paragon Truss Software, including copyright and patent rights. (PFOF ¶¶ 6, 18.) Two of the routes by which Paragon claims that ownership fail as a matter of law on this record, and one of its claims is not justiciable at all.

*First*, Paragon cannot have acquired any Defendant's copyright interest by transfer or by work made for hire. A transfer of copyright ownership is invalid without a signed writing, and there is none: Paragon's pleading disclaims any transfer, its verified interrogatory response states that no sale, assignment, or transfer of any ownership interest ever occurred, and the record contains no signed assignment from any Defendant to Paragon. (PFOF ¶¶ 10, 11, 12, 13.) Work made for hire fares no better: by Paragon's own characterization the Defendants were not its employees, and the only other work-for-hire route requires a signed instrument that likewise does

not exist. (PFOF ¶¶ 7, 8, 16, 17.) Defendants are entitled to summary judgment that Paragon acquired no Defendant's copyright interest by transfer or by work made for hire.

Second, Count Three, which seeks a declaration of sole ownership of "all patent rights and patentable inventions" and "any patents that may issue," presents no justiciable controversy. No patent has issued and no application is pending; there is nothing for a declaration to operate upon, and the Court lacks subject-matter jurisdiction to adjudicate the inventorship of a patent that does not exist. (PFOF ¶¶ 18, 21, 22.) Count Three should be dismissed.

This motion is limited to these grounds. Defendants seek partial summary judgment that Paragon acquired no Defendant's copyright interest by transfer or by work made for hire, and dismissal of Count Three. The motion does not address the copyright-contribution question, Defendants' counterclaim for co-ownership, or the trademark and trade-secret counts.

## SHORT FACTUAL BACKGROUND

Paragon Component Systems, LLC was founded in 2016 by Daniel Holland and his companies, including Paragon; Daniel Holland was Paragon's majority owner up through his unexpected death on January 17, 2024. (PFOF ¶ 1.) John Holland is the sole member of Paragon and one of its Rule 30(b)(6) corporate designees. (PFOF ¶ 2.) The Defendants are Qualtim, Inc., DrJ Engineering, LLC, and Center for Building Innovation, LLC; Inspired Pursuits, LLC; and Kirk and Suzanne Grundahl. (PFOF ¶ 3.) Paragon's complaint characterizes the Defendants as an outside firm that "provide[d] engineering and consulting services," which Paragon "engaged" to "verify and test" software code. (PFOF ¶ 7.) Defendants assert that they were not Paragon's employees but co-venturers and partners with Daniel Holland and his companies in a broad business relationship of which the software was one part. (PFOF ¶ 9.)

Paragon filed this declaratory-judgment action on July 23, 2024, originally in the Eastern District of Tennessee, and it was transferred to this Court on March 6, 2025. (PFOF ¶ 5.) Count One seeks a declaration that Paragon is the sole and exclusive owner of all copyright rights in the Paragon Truss Software; Count Three seeks the same as to "all patent rights" and "any patents that may issue thereon." (PFOF ¶ 6.) In support of its copyright claim, Paragon alleges that the software was developed "subject to work-made-for-hire and intellectual-property assignment provisions" and that, as a work made for hire, Paragon owns all copyright rights in it. (PFOF ¶¶ 14, 15.)

**LEGAL STANDARD**

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine only if a reasonable jury could return a verdict for the nonmoving party, and material only if it might affect the outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of identifying the portions of the record showing the absence of a genuine dispute, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmovant, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once that burden is met, the nonmovant must come forward with specific facts establishing a genuine issue for trial; "some metaphysical doubt as to the material facts," *id.* at 586, or a mere "scintilla of evidence," *Anderson*, 477 U.S. at 252, will not suffice.

Each ground below presents a question of law resolvable on the undisputed record: whether any Defendant's copyright interest passed to Paragon by transfer under 17 U.S.C. § 204(a) or by work made for hire under 17 U.S.C. § 101, and whether Count Three presents a justiciable controversy under patent law.

3

## ARGUMENT

**I.**     **PARAGON DID NOT ACQUIRE ANY DEFENDANT'S COPYRIGHT INTEREST BY TRANSFER OR BY WORK MADE FOR HIRE.**

> **A.**     **Section 204(a) Bars Any Transfer, and the Record Identifies No Signed Assignment From Any Defendant to Paragon.**

The Copyright Act is a statute of frauds for copyright transfers: "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed." 17 U.S.C. § 204(a). The Seventh Circuit enforces the requirement strictly; "copyright assignments must be in writing," and the requirement is not a mere formality but exists "to make ownership of property rights in intellectual property clear and definite, so that such property will be readily marketable." *Gaiman v. McFarlane*, 360 F.3d 644, 650 (7th Cir. 2004); *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 412–13 (7th Cir. 1992). A party that wants another's copyright must obtain a signed writing: "the copyright holder [must] sign a piece of paper saying so." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990).

Here, there is no signed writing transferring any Defendant's interest to Paragon. Paragon's own pleading disclaims any transfer of rights in the software and identifies no written assignment from any Defendant to Paragon (PFOF ¶ 10), and Paragon's verified interrogatory response states flatly that "there has never been a sale, assignment, or transfer of any ownership interest, in whole or in part, of the Paragon Truss Software" (PFOF ¶ 11). Paragon's discovery responses confirm the point: asked to produce every instrument granting it ownership of the software, Paragon stated it has no "agreements, assignments, licenses, or other instruments" of that kind, and the only assignment or work-for-hire agreements it identified were "between Paragon and its software developers," not any Defendant. (PFOF ¶ 12.) And no Defendant ever executed any assignment of its interest in the software to Paragon. (PFOF ¶ 13.)

Paragon, which seeks the declaration of ownership, bears the burden of establishing a valid transfer, *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993), and it can point to no signed instrument. Because § 204(a) makes any transfer invalid absent a writing signed by the owner of the rights conveyed, no Defendant's copyright interest passed to Paragon by transfer as a matter of law, independent of any question of authorship.

**B.    Work Made For Hire Cannot Have Vested Any Defendant's Contribution in Paragon.**

Unable to point to a signed assignment, Paragon characterizes the software as developed "subject to work-made-for-hire and intellectual-property assignment provisions." (PFOF ¶ 14.) Work for hire cannot reach any Defendant's contribution, for two independent reasons, each sufficient on its own.

*First*, Paragon's own characterization establishes that the Defendants were not its employees. A work is "made for hire" under § 101(1) only when prepared by an *employee* within the scope of employment, and "employee" is construed under common-law agency principles. *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989). Paragon's own pleading characterizes the Defendants not as its employees but as an outside firm "provid[ing] engineering and consulting services," which Paragon "engaged" to "verify and test" code (PFOF ¶ 7); in a verified interrogatory response Paragon stated that it "does not undertake engineering work" and "has relied on Kirk Grundahl and his companies for engineering consulting services" (PFOF ¶ 8); and the Defendants were not Paragon's employees and Paragon did not direct how they did their work (PFOF ¶ 16). On Paragon's own characterization, the persons who performed that work were not Paragon's employees under *Reid*'s agency test. Paragon describes an outside firm it "engaged" for "engineering and consulting services" and a plaintiff that itself "does not undertake engineering work," a relationship with an independent provider, not the hiring of employees whose manner

5

and means of work Paragon controlled. *Reid*, 490 U.S. at 751–53. The employee route under § 101(1) is therefore foreclosed on Paragon's own allegations.

*Second*, the commissioned-work route requires a signed writing Paragon admits it lacks. To the extent Paragon contends the Defendants' work was specially ordered or commissioned, § 101(2) reaches such work only if "the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." 17 U.S.C. § 101; *Reid*, 490 U.S. at 738. No signed instrument designates the software, or any work any Defendant provided, as a work made for hire. (PFOF ¶ 17.) Paragon's own Rule 30(b)(6) designee confirmed the point, testifying that Paragon never even requested that Qualtim execute a work-for-hire agreement. (PFOF ¶ 17.) To the extent Paragon's pleading invokes work-for-hire or assignment "provisions," those provisions, by Paragon's own allegations, run to Paragon's own "employees and contractors," not to any Defendant. (PFOF ¶ 14.)

Each defect independently forecloses work for hire. Combined with the § 204(a) bar in § I.A, Paragon acquired no Defendant's copyright interest by transfer or by operation of law. Accordingly, Defendants are entitled to summary judgment that Paragon did not acquire any Defendant's copyright interest by transfer or by work made for hire under the Copyright Act.

## II. PARAGON'S PATENT CLAIM (COUNT THREE) PRESENTS NO JUSTICIABLE CONTROVERSY AND SHOULD BE DISMISSED.

### A. There Is No Actual Controversy Under Article III and the Declaratory Judgment Act.

Count Three seeks a declaration that Paragon is the sole and exclusive owner of "all patent rights and patentable inventions in the Paragon Truss Software," including "any patents that may issue thereon." (PFOF ¶ 18.) No patent has issued and no application is pending. The Declaratory Judgment Act reaches only "a case of actual controversy." 28 U.S.C. § 2201(a). The dispute must be "definite and concrete," "real and substantial," and admit "of specific relief through a decree of

6

a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)); U.S. Const. art. III. A claim resting "upon contingent future events that may not occur as anticipated, or indeed may not occur at all" is not justiciable. *Texas v. United States*, 523 U.S. 296, 300 (1998). As the party seeking the declaration, Paragon bears the burden of establishing that an actual controversy exists. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).

Paragon cannot carry that burden, because the object of the requested declaration does not exist. Paragon's Rule 30(b)(6) corporate designee testified, asked directly whether Paragon had made any patent applications relating to the software, "No, sir." (PFOF ¶ 21.) Paragon's discovery responses say the same: it "does not have any responsive and non-privileged issued patents or pending patent applications in its possession, custody or control," and no document reflects any change in its position toward seeking patent protection. (PFOF ¶¶ 22, 23.) An applicant necessarily possesses or controls its own patent application, so Paragon's admissions establish that Paragon has neither an issued patent nor a pending application. Paragon has produced no patent, application, invention disclosure, or patent-prosecution document of any kind relating to the software, and no Defendant has filed an application directed to it. (PFOF ¶¶ 25, 26.) No patent and no application therefore exists on either side of the dispute. Indeed, Paragon represents that any subject matter that "may have been patentable at one time" has "been commercially on sale for more than one year or otherwise is no longer eligible for patent protection." (PFOF ¶ 24.) By Paragon's own account, then, the declaration it seeks concerns patent rights that have not issued and, on its representation, can no longer issue. A declaration of ownership in "patents that may issue" thus turns on future events outside the record and outside the Court's power to resolve now:

whether the software contains anything patentable, whether anyone ever files, whether the Patent Office ever issues claims, and what those claims would cover. The defect is not that ownership is uncertain but that there is no patent right to own.

Because the declaration Paragon seeks would resolve nothing concrete and would instead opine on a hypothetical future patent, there is no actual controversy under Article III or the Declaratory Judgment Act.

**B.      The Court Lacks Subject-Matter Jurisdiction to Adjudicate the Inventorship of an Unissued Patent.**

Even if Paragon could show a present controversy, the Court would lack jurisdiction to adjudicate what Count Three actually asks. Paragon seeks a declaration that its employees "alone contributed to the conception" of the inventions and that "[n]o Defendant contributed to the conception." (PFOF ¶ 19.) That is an inventorship determination. Patent ownership originates with the inventor, 35 U.S.C. § 261, and who qualifies as an inventor is decided by who conceived the subject matter of the patent's claims, assessed claim by claim. *Trovan, Ltd. v. Sokymat SA*, 299 F.3d 1292, 1302 (Fed. Cir. 2002) (inventorship is determined on a claim-by-claim basis, and the analysis "begins as a first step with a construction of each asserted claim to determine the subject matter encompassed thereby"). A declaration that Paragon "alone" owns the patent rights therefore cannot be entered without first deciding who conceived the claimed inventions, and that inquiry cannot be performed without claims to measure conception against. There are none: no patent has issued and no application is pending. Paragon's ownership theory thus collapses into an inventorship question that no patent exists to frame.

That defect is jurisdictional, not merely prudential. Federal law supplies two vehicles for resolving inventorship, and each requires a patent or application to exist. Section 116 commits the inventorship of a pending application to the Director of the Patent and Trademark Office; § 256

empowers a court to correct inventorship only on an issued patent. 35 U.S.C. §§ 116, 256. Consistent with that division, the Fifth Circuit has held that the federal courts have no authority to adjudicate inventorship with respect to pending patents because Congress vested the Patent and Trademark Office with sole discretion over the granting and issuing of patents. Thus, an assertion of inventorship in a pending application is in substance a request for modification of inventorship or an interference proceeding before the Director. *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 335 (5th Cir. 2014) (citing 35 U.S.C. § 2(a)(1) and *HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010)).

The Sixth Circuit reached the same result on the face of the statutes, holding that a district court lacks jurisdiction to review the inventorship of an unissued patent, because Congress distinguished between patent applications and issued patents to avoid premature litigation that could become futile if the Director declined to grant a patent. *E.I. Du Pont de Nemours & Co. v. Okuley*, 344 F.3d 578, 584 (6th Cir. 2003). And the Federal Circuit holds that relief on the inventorship of a pending application can be granted only by the Director, not a district court. *HIF Bio*, 600 F.3d at 1353–54.

District courts in this Circuit apply these principles to dismiss inventorship claims that lack an issued patent. In *Bousetouane v. W.W. Grainger, Inc.*, the Northern District of Illinois dismissed a correction-of-inventorship claim brought on a published patent application, finding that section 256 does not accrue until a patent issues. No. 1:25-cv-0230, 2025 U.S. Dist. LEXIS 135504, at *5–6 (N.D. Ill. July 16, 2025). And this Court has treated an action to declare or correct inventorship as a creature of section 256, tied to an issued patent. *Affymetrix, Inc. v. Illumina, Inc.*, No. 11-cv-184-bbc, 2012 U.S. Dist. LEXIS 202897, at *13 (W.D. Wis. Jan. 26, 2012).

The allegation that no Defendant holds an assignment of patent rights (PFOF ¶ 20) does not supply the missing controversy: the non-existence of a transfer of rights in a non-existent patent is not a justiciable dispute. Nor does Defendants' own pleading change the analysis: Defendants' Counterclaim seeks no declaration of patent ownership. (PFOF ¶ 27.) The patent count is non-justiciable as to every party. Accordingly, Defendants are entitled to summary judgment dismissing Count Three.

### CONCLUSION

This motion turns on points that admit of no factual dispute. A copyright interest can pass to Paragon in only two ways, and the record forecloses both. Transfer under § 204(a) requires a signed writing, and there is none: Paragon's pleading disclaims any transfer, its verified interrogatory response confirms that no assignment ever occurred, and no Defendant signed any instrument conveying its interest to Paragon. Work made for hire fails for two independent reasons: there is no signed work-for-hire instrument, and, on Paragon's own characterization, the Defendants were not its employees. No Defendant's copyright interest therefore passed to Paragon by transfer or by operation of law. And Count Three presents nothing for the Court to decide: no patent has issued and no application is pending, so there is no actual controversy and no jurisdiction to adjudicate the inventorship of a patent that does not exist.

Defendants respectfully request that the Court grant partial summary judgment that Paragon acquired no Defendant's copyright interest by transfer under 17 U.S.C. § 204(a) or by work made for hire under 17 U.S.C. § 101, and dismiss Count Three for lack of a justiciable controversy.

Dated this 22nd day of June, 2026.

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number: 1118960
    33 East Main Street, Suite 500
    Madison, WI 53701-2038
    Phone: (608) 257-7181
    Fax: (608) 257-2508
    ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Defendant-Counterplaintiff

Electronically Signed By: */s/ Kirk Grundahl*
    Kirk Grundahl
    1130 Fairway Court
    Lake Mills, WI 53551
    Phone: 608-217-3713
    kgrundahl@qualtim.com

11