# EXHIBIT 21

June 30, 2026 Email

## Erin Steelman

| | |
|---|---|
| **From:** | May La Rosa <mlarosa@kfinnovations.com> |
| **Sent:** | Monday, June 30, 2025 7:39 PM |
| **To:** | Erin Steelman |
| **Cc:** | James Williams; Stephen Kabakoff; Michael Bradford |
| **Subject:** | 25-CV-00170 Defendants' Reply to Discovery Deficiencies |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Erin:

We received your correspondence dated June 23, 2025. Our positions follow:

1) Interrogatory No. 5 Supplemental Response:
As stated in our Rule 26(f) report, Paragon bears the burden of proof to confirm their sole and exclusive ownership of its intellectual property rights in and to the truss-design software. Doc. 103. Defendants' position remains that ALL engineering decisions in the software were made by one or more of Defendants. If your client cannot identify what is or is not engineering decisions in the software, then it supports our position that your client should not be marketing a software that contains engineering, because they are not professionally licensed engineers. Your client should be able to delineate the engineering concepts and decisions made in the software.

This case is a Declaratory Judgment to determine ownership of the software; therefore, your client also bears the burden of proof as to why they own the software. We are requesting the communication that is currently in your client's custody solely because they wrongfully withheld access to the Slack channels and other communications.

Our response to Interrogatory No. 5 remains that ALL engineering decisions in the software were contributed by one or more of the Defendants. Further details will be provided once you respond to our First Request for Production of Documents.

2) Interrogatory No. 1:
As to the ownership of the Paragon Truss Software, our position is that the Software is owned by Inspired Pursuits, LLC ("IP-LLC"), an entity initially owned by Daniel Holland, Kirk Grundahl, and Suzanne Grundahl, and after Daniel Holland's death, the remaining members of IP-LLC. This position remains unchanged.

3) Request for Admission No. 1 Supplemental Response:
Defendants deny this request in its entirety.

4) Request for Admission No. 8 Supplemental Response:
Defendants deny this request in its entirety.

5) Request for Admission No. 15 Supplemental Response:
Defendants deny this request in its entirety

6) Request for Admission No. 16 Supplemental Response:
Defendants deny this request in its entirety

7) Request for Production No. 4, 5, 6 Supplemental Response:
   We will need additional time to provide these items.

8) Request for Admission No. 17 Supplemental Response:
   Defendants admit in part and deny in part. Defendants admit that no Defendants own any right, title, or interest in or to the patent rights. Defendants deny this request in part as to the Paragon Truss Software, copyright rights, trademark rights, federal or Tennessee trade secret rights in the Paragon Truss Software.

   The factual basis for this is that one or more Defendants contributed, used, and owned the Paragon Truss Software prior to Plaintiffs unlawfully restricting Defendants' access to the software and all the communication records regarding the software.

9) Request for Plaintiff's Second Sets of Discovery as to the Tortious Interference Claims:
   The court has not ruled on outstanding motions to warrant this discovery request at this time.

Lastly, Paragon continues to refuse production of all the communication within Paragon's control as to the Defendants' contribution to the Paragon Truss Software. The files you provided on June 23, 2025 still do not provide a complete Slack export that adheres to the Slack backup format standards in order to be imported into a Slack import/export tool for processing. Based on your client's expertise, they are certainly capable of this request.

To reiterate: our request is not overly broad as we are requesting ALL conversations and meeting recordings that involve any of the Defendants and their employees or former employees. To be more specific, this includes but is not limited to conversations and meetings where any of these individuals are present:

- Kirk Grundahl
- Suzanne Grundahl
- Daniel Holland
- Ryan Dexter
- Dan Hawk
- Adam Heise
- Eric Helmueller
- Keith Hershey
- Daniel Lawless
- Joe Michels
- Kevin Muich
- Angie Protexter
- Joe Schauer
- Jim Vogt

This is not a fishing expedition because the conversations and meetings we are requesting are limited in scope. Should this issue be raised in a discovery hearing, the court will likely find that your client is unreasonably withholding these items that they unilaterally withheld from the Defendants without any notice.

I will again extend a request to discuss the E-discovery issues regarding Slack and other communication platforms over a conference call.

Thank you,

May La Rosa, LLM
*Counsel*
mlarosa@kfinnovations.com
Mobile: (608) 800-7353

**CONFIDENTIAL NOTICE:** *The content of this email is confidential and intended for the recipient specified in message only. It is strictly prohibited to share any part of this message with any third party, without a written consent of the sender.*