# Exhibit N

**Bob Parsley**

| | |
|---|---|
| **From:** | Stephen Kabakoff |
| **Sent:** | Thursday, November 7, 2024 1:40 PM |
| **To:** | May La Rosa |
| **Cc:** | Michael Bradford; Bob Parsley; James Williams; Erin Steelman |
| **Subject:** | NOTICE TO CEASE AND DESIST: Kirk Grundahl and Qualtim et al. |
| **Attachments:** | 2024 11 07 - Cease and Desist Letter to K. Grundahl and Qualtim.pdf |

Dear Ms. La Rosa,

Please see the attached cease and desist letter to your clients Kirk Grundahl and his related companies that are named as defendants in the pending litigation filed by Paragon in the Eastern District of Tennessee.

Best regards,
Stephen



1180 W. PEACHTREE STREET, NW
SUITE 2100
ATLANTA, GA 30309-7706
404-962-6100
FAX 404-962-6300

**STEPHEN E. KABAKOFF**
Direct Dial 404-962-6494
Direct Fax 404-962-6300
stephen.kabakoff@millermartin.com

November 7, 2024

**VIA FEDEX AND EMAIL**

Ms. May La Rosa
Law Office of Mayville La Rosa
718 Sugar Maple Lane
Verona, WI 53593

> RE: **Demand to Cease and Desist Improper Email Communications by Kirk Grundahl and Qualtim, Inc.**

Dear May:

As you know, our firm represents Paragon Component Systems, LLC ("Paragon") in litigation that it filed in the United States District Court for the Eastern District of Tennessee, assigned Case No. 1:24-cv-00246 (the "Litigation"). The Litigation names Mr. Kirk Grundahl and his companies, including Qualtim, Inc., as defendants (collectively, "Qualtim"), and concerns ownership of intellectual property embodied in a certain Paragon Truss Software.

We write to demand that Mr. Grundahl immediately cease and desist from publishing false, misleading, defamatory, and tortiously interfering articles related to the Litigation and Paragon. We believe Mr. Grundahl's actions have already violated Tennessee law prohibiting tortious interference with business relationships, false light, and defamation, and are grounds for Paragon to seek remedies. Any similar future actions by Mr. Grundahl are also actionable.

### Mr. Grundahl Must Retract and Delete His False and Misleading Articles

Paragon was compelled to file the Litigation after Mr. Grundahl made numerous false claims to ownership of the Paragon Truss Software, demanded Paragon take certain action in response to his claims, and ultimately threatened imminent litigation and other actions that would harm Paragon's business. Paragon filed the Litigation to protect itself, but Mr. Grundahl's improper and illegal efforts to harm Paragon have not stopped.

Within a six-day span, Paragon received three emails from Mr. Grundahl that are clearly designed to disparage and interfere with Paragon's business.[1] The articles were sent to Paragon employees and customers, among others, and remain publicly accessible at https://us2.campaign-archive.com/home/?u=bae1a0bcfcef9c3029f8acc09&id=5b9f56aa9b. Mr. Grundahl must

---

[1] Importantly, Mr. Grundahl did not just send these emails to Paragon. These emails appear to have been blasted to the *entire* structural component manufacturing industry, encompassing both present and potential customers of Paragon.

immediately remove these articles from this public archive and correct the false, misleading, and defamatory statements in these emails to its recipients.

Mr. Grundahl's first email, dated October 23, 2024, with the subject line "Would Dan Holland Sue Dan Holland?", makes several misrepresentations and unfounded accusations, creates false impressions of and defames Paragon and its owners, and attempts to dissuade people from doing business with Paragon. Mr. Grundahl's email misrepresents the nature of Qualtim's business relationship with Paragon, wrongly states that Paragon was formed only by Dan Holland, and only links *partial* documents to support his position. Mr. Grundahl claims that Paragon's successors to Dan Holland – i.e., John Holland – failed to carry on his father's "admirable traits" and, thus, degrades his character. Mr. Grundahl falsely accuses Paragon of "unilaterally expos[ing] that trade secret" and "misappropriation of trade secrets" when no such determinations have been made. He then expressly admits to the improper purpose of his email, namely, interfering in Paragon's business relations, by stating that his email is "to allow the structural component manufacturing industry to make information business decisions going forward."

Mr. Grundahl's second email, dated October 28, 2024, with the subject line "Is Paragon an Engineering Company?", is again riddled with factual inaccuracies, deceptive statements, and false claims about Paragon's business and conduct. This email purports to speak to legal requirements for engineers and Paragon's failure to comply, and improperly attempts to instill doubt in Paragon's customers. As Mr. Grundahl knows, there is no finding of any violation of engineering licensure or practice by Paragon. Further, he also misrepresents his role in the development of the Paragon Truss Software, claiming to have performed tasks never assigned to him and falsely expanding the scope of consulting work that Qualtim actually performed. And, though Mr. Grundahl is not a licensed attorney, in this email he purports to interpret the law and accuse Paragon of engaging in unlawful conduct.[2] He claims Paragon improperly promoted itself as an engineering company in various sales activities[3] and suggests it knowingly engaged in other "illegal" conduct, but offers no facts to support any of these bald, disparaging accusations. Again, Mr. Grundahl wrongly accuses Paragon of "misappropriation of trade secrets" and calls into question the character of Paragon's successors to Dan Holland, admitting again to his improper purpose of interfering with Paragon's business relations by, allegedly, "allow[ing] the structural

---

[2] This email contradicts itself. Mr. Grundahl first highlights a disclaimer on Paragon's website that explains Paragon is not an engineering company, then he relies on that statement to falsely portray himself as the engineer behind the Paragon Truss Software. He then makes an unsubstantiated claim that Paragon is unlawfully practicing engineering, undermining his first position that Paragon used him as its engineer. This inconsistency further perpetuates confusion and harms Paragon's reputation in the truss design industry.

[3] Mr. Grundahl filed a complaint with the Wisconsin Department of Safety and Professional Services, Division of Legal Services and Compliance, making the same allegation. Paragon responded in opposition, demonstrating the complaint is unfounded. The Department has taken no further action to substantiate his claim.

building component manufacturing industry and any independent professional engineer that considers using Paragon to make informed business decisions going forward."

Mr. Grundahl's third email, dated October 29, 2024, with the subject line "State and Federal Considerations re: Paragon Actions," accuses Paragon and its undersigned counsel of "unethical" conduct, purports to interpret and apply "the law," and defiles the character of Paragon and its employees. Mr. Grundahl falsely suggests the Litigation was unethically filed by Paragon and its counsel, without a good-faith basis, attempting to undermine the legitimacy of the Litigation without any basis for doing so and attempting to mislead Paragon customers and potential customers into believing there has been any negative findings against Paragon. To perpetuate this falsehood, he cites a section of the United States Code to outline the elements and punishment for the crime of "theft of trade secrets," and bolds language that he believes is applicable to Paragon. He also includes incomplete quotations from a "recorded conversation between Dan [Holland] and [Mr. Grundahl]" in attempt to frame the dispute in a manner favorable to himself, and he names specific Paragon employees that he believes have violated "a prior NDA" without citing any supporting facts. Again, Mr. Grundahl clearly expresses that his intention of the email is to interfere with Paragon's business relations because "[i]t is particularly important to understand what federal and state laws saw when transacting future business…"

There is no legitimate purpose for the foregoing conduct other than to harm Paragon's reputation and business in the truss industry through a series of false, incomplete, and misleading statements. The foregoing improper conduct gives rise to the following legal claims recognized in the State of Tennessee, among others: tortious interference with business relationships, false light, and defamation.

In view of the above, Paragon demands that Mr. Grundahl immediately cease and desist any future efforts to communicate false, misleading, and harmful information to customers and businesses in the structural building component manufacturing industry, or to otherwise interfere, directly or indirectly, with Paragon's customers or confidential and proprietary information.

Paragon further demands that Mr. Grundahl immediately delete his false and misleading articles discussed above from his online archive and publicly correct his misstatements.

Paragon reserves all rights to seek remedies for these actions in the Litigation or in any other legal or administrative proceeding.

Sincerely,

Stephen E. Kabakoff