**IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

PARAGON COMPONENT SYSTEMS, LLC,

      Plaintiff,

  v.

QUALTIM, INC., CENTER FOR BUILDING
INNOVATION, LLC, DRJ ENGINEERING,
LLC, INSPIRED PURSUITS, LLC, KIRK
GRUNDAHL, and SUZANNE GRUNDAHL,

      Defendants.

Case No. 3:25-cv-00170-wmc

---

**BRIEF IN SUPPORT OF PLAINTIFF PARAGON COMPONENT SYSTEMS LLC'S
MOTION TO DISMISS**

---

Under Federal Rule of Civil Procedure 12(b)(6), Plaintiff Paragon Component Systems respectfully moves this Court to dismiss Defendants' Counterclaims (Doc. 178) for two reasons: (i) Defendants fail to adequately allege ownership under the Copyright Act; and (ii) Defendants assert counterclaims for "wind-up" and "accounting," seeking to enforce rights arising within the context of an alleged joint venture, but fail to plead the existence of a viable joint venture under Wisconsin law.[1]  Therefore, Defendants' counterclaims should be dismissed with prejudice under Rule 12(b)(6).

**STANDARD OF REVIEW**

Rule 8(a)(2) provides "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007);

---

[1] Paragon raised this argument in its Motion for Summary Judgment, filed on June 22, 2026. (Doc. 191 at 37-38).

1

Fed. R. Civ. P. 12(b)(6).  To avoid dismissal, a complaint must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleader must provide "enough facts to raise [the claim] above the level of mere speculation." *Riley v. Vilsack*, 665 F. Supp. 2d 994, 997 (W.D. Wis. 2009). In reviewing the sufficiency of a complaint under this "plausibility standard," the court is only required to accept the well-pleaded facts in the complaint as true, but "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal citations omitted).

## LAW AND ARGUMENT

Defendants' Counterclaims (Doc. 178) are deficient under the pleading requirements outlined in Rule 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. Because Defendants fail to plead any information that would support their copyright counterclaim, and because Defendants fail to plead the existence of a joint venture to support their "wind-up" and "accounting" counterclaims, Defendants cannot avoid dismissal of their counterclaims under Rule 12(b)(6).

I.   **DEFENDANTS DO NOT STATE A VALID COPYRIGHT OWNERSHIP CLAIM.**

First, the Qualtim Companies[2] are the only entities claiming joint ownership of the Paragon Truss Software (*see* Doc. 178 Count II), and they are judicially estopped from doing so based on their binding judicial admissions to the contrary. The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749

---

[2] The "Qualtim Companies" are defined in the Counterclaim as Qualtim, DrJ, and CBI. (Doc. 178 at ¶ 7).

(2001). In the Seventh Circuit, judicial admissions are "formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them," which "may not be controverted at trial or on appeal." *Keller v. U.S.*, 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995). An admission is binding if it is "a deliberate, clear, and unequivocal statement." *Neita v. City of Chicago*, 148 F.4th 916, 927 (7th Cir. 2025).

In their earlier opposition to litigating the action in the Eastern District of Tennessee, Defendants represented that "it [was] important to clarify some fundamental facts" to the Court, stating: "Qualtim already agrees with Paragon's contention that ***Qualtim and its family of businesses do not co-own the Paragon software***." Doc. 54 at 1 (emphasis added). Defendants thus already have deliberately taken a clear and unequivocal position in this case that they do not own the Paragon Truss Software, which directly contradicts the ownership position now taken in their Counterclaim. *Compare* Doc. 54 at 1 *with* Doc. 178 Countercl. Counts I, II. These binding judicial admissions require dismissal. *See, e.g.*, *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) (citing 5A Wright & Miller § 1357) (court can take judicial notice of matters of public record, including "items appearing in the record of the case"); *Asimah v. CBL Assoc. Mgm't Inc.*, Case No. 3:21-cv-50374, 2022 WL 4356761 (N.D. Ill. Sept. 20, 2022) (relying on judicial admissions contained in response to motion to dismiss but not complaint as part of basis for dismissing complaint); *Junco v. Advocate Aurora Health*, 646 F. Supp. 3d 978, 982-984 (E.D. Wis. Dec. 19, 2022) (relying on statements made in prior pleadings contained in the record to apply judicial estoppel and dismiss the complaint pursuant to Rule 12(b)(6)).

Second, Defendants have not alleged facts sufficient to support ownership. Under the U.S. Copyright Act, 17 U.S.C. § 201(a), ownership of a copyrighted work "vests initially in the author or authors of the work." The work's "author" is "the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection."

*Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). Defendants admit that Paragon wrote the code for the Paragon Truss Software. *See, e.g.*, Doc. 178 Countercl. at 23 ("Paragon Component Systems, LLC is a company of software coders."); *id.* at ¶ 22 ("Paragon served as the computational tool . . . the software platform"). Because Paragon translated the idea underlying the software into a fixed, tangible expression, Paragon is thus the author of the work. Defendants' allegations otherwise do not alter this basic fact. Nowhere have Defendants alleged that the ***software's code*** contains independently copyrightable material they created. Doc. 178 ¶ 37 ("The Engineering Inputs are maintained by the Qualtim Companies in fixed form in their own records"); ¶ 38 (describing meetings where Qualtim Companies provided inputs to Paragon's coders, which ***they used*** to "build, update, and refine the Paragon Truss Software"); ¶ 70 ("Paragon's coders could not have ***written the code*** without the Engineering Inputs").

Nor was copyright ownership transferred in writing as is required by the Copyright Act. 17 U.S.C. § 204(a). It is undisputed that Paragon never made a written transfer of copyright ownership to any of the Qualtim entities. Doc. 178 Ans. ¶¶ 26, 36, 68 ("Defendants admit that no assignment exists between the parties.")

Finally, the right to an accounting of profits under the Copyright Act rests on joint ownership of the copyrighted work. *Gaiman v. McFarlane*, 360 F.3d 644, 652-53 (7th Cir. 2004); *O'Connor v. Cindy Gerke & Associates, Inc.*, 300 F. Supp. 2d 759, 767 (W.D. Wisc. 2002). Because Defendants cannot support their copyright ownership theory (Count I), their accounting claim based on that theory (Count II) also should be dismissed.

## II.    DEFENDANTS HAVE FAILED TO ALLEGE THE EXISTENCE OF A JOINT VENTURE TO SUPPORT THEIR WIND-UP AND ACCOUNTING CLAIMS.

Defendants assert three counterclaims against Paragon based on the existence of an alleged "Joint Venture Enterprise": (1) Declaration of Joint Copyright Ownership – Joint

4

Authorship; (2) Accounting; and (3) Joint Venture "Wind Up". (Doc. 178). Such claims are premised on allegations regarding a "joint venture" with Paragon (and non-party Clearspan) and seek to enforce certain rights/obligations arising therefrom. *See e.g.*, *Id*. at Section IV (facts re: "The Joint Venture Enterprise) and Counterclaims, ¶¶ 69-106. However, Defendants' pleading is fundamentally flawed, as they have failed to article a claim for a joint venture under Wisconsin law and, thus, cannot show entitlement to the ownership, wind-up, and accounting relief requested.

In Wisconsin, the party asserting the existence of a joint venture – Defendants – bears the burden of proving its existence by showing: (1) the contribution of money or services by each of the parties; (2) joint proprietorship and mutual control over the subject matter of the venture; (3) an agreement to share profits; and (4) an express or implied contract establishing the relationship. *Fail-Safe LLC v. A.O. Smith Corp.*, 744 F. Supp. 2d 831, 861 (E.D. Wis. Sept. 3, 2010) (internal citations omitted). Defendants have wholly failed to meet this burden, as they provide "mere conclusory statements" (which the Court need not accept) and do not allege facts supporting the joint venture elements under Wisconsin law.

Defendants provide "defined terms" for their Counterclaims, including a definition for "Joint Venture Enterprise," which "means the joint venture business relationship among Kirk Grundahl, Suzanne Grundahl, and their affiliated entities Qualtim, Inc., DrJ Engineering, LLC, and Center for Building Innovation, LLC, on one side, and Daniel Holland and his affiliated entities Paragon Component Systems, LLC and Clearspan Components, Inc. on the other, together with their jointly controlled entity Inspired Pursuits, LLC, involving the development, application, testing, validation, and commercialization of engineering technologies and related services used in the structural building component industry, arising from the parties' course of conduct and written, oral, and implied-in-fact agreements beginning in approximately March 2009 and

continuing through approximately May 2024." (Doc. 178 at pg. 26). This definition, of course, does not constitute "well-pleaded facts," but instead contains "merely conclusory statements" that the Court need not accept as true. *See Brooks*, 578 F.3d at 581. Nevertheless, Defendants' conclusory definition does not even reference the joint venture requirements they must allege: contribution of money or specific services by each of venturer, the specific subject matter of the venture, mutual control over the subject matter of the venture, an agreement to share profits, or identify any specific express or implied contract(s) establishing the joint venture relationship. *Fail-Safe LLC*, 744 F. Supp. 2d at 861.

Defendants' "factual" allegations are deficient for the same reasons. Absent from Defendants pleading are allegations regarding the contribution of money or specific services by each of the parties towards the alleged joint venture (it only focuses on Defendants' alleged contributions – the "Engineering Inputs" – *see* Doc. 178 at ¶¶ 15, 29-44), the specific subject matter of the alleged joint venture, mutual control over the subject matter of the venture, any agreement to share profits, or any specific express or implied contracts (much less any such terms of those contracts) establishing the joint venture relationship. *Fail-Safe LLC*, 744 F. Supp. 2d at 861.

Defendants make no effort whatsoever to state a claim for a joint venture and, instead, merely *presume* that a joint venture existed (and ask the Court to do the same based on their conclusory definition) to support their claims for ownership, accounting, and wind-up. This, of course, is legally deficient. Defendants are not entitled to the relief sought in their counterclaims without articulating, and proving, that a joint venture existed. Because Defendants have wholly failed to articulate a joint venture claim under Wisconsin law, their counterclaims are facially deficient and subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Servicios Especiales Al Comercio Exterior, s.c. v. Johnson Controls, Inc.,* 2010 WL 323177, at *3 (E.D. Wis. Jan. 20,

2010) (dismissing complaint under Rule 12(b)(6) for failure to adequately plead the existence of a joint venture). The Court cannot grant Defendants the relief they request without Defendants alleging (and proving) a joint venture claim.

**CONCLUSION**

As demonstrated above, Defendants fail to state legally cognizable counterclaims, and Paragon is therefore entitled to dismissal of the same under Fed. R. Civ. P. 12(b)(6). Defendants failed to allege factual information sufficient to support their counterclaims against Paragon. Consequently, Paragon respectfully asks the Court to dismiss Defendants' counterclaims with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted this 29th day of June, 2026.

*/s/ Erin E. Steelman*
Tamar B. Kelber, SBN 1101802
Joshua S. Greenberg, SBN 1107959
GASS TUREK LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
Telephone: (414) 223-3300
kelber@gassturek.com
greenberg@gassturek.com

David S. Moreland, GA Bar No. 521998
Eileen Rumfelt, GA Bar No. 040608,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
david.moreland@millermartin.com
eileen.rumfelt@millermartin.com

James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com

Erin.Steelman@millermartin.com

***Attorneys for Plaintiff Paragon Component Systems, LLC***

## CERTIFICATE OF SERVICE

I certify that on June 29, 2026, a copy of the foregoing **PLAINTIFF PARAGON COMPONENT SYSTEMS, LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS** is being served on all counsel of record via email.

/s/ *Erin E. Steelman*
Erin E. Steelman

*Counsel for Plaintiff Paragon Component Systems, LLC*