UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS, LLC,

    Plaintiff,

v.

QUALTIM, INC., CENTER FOR BUILDING
INNOVATION, LLC, DRJ ENGINEERING, LLC,
INSPIRED PURSUITS, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

    Defendants.

Case No. 3:25-cv-00170-wmc

---

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST SUPPLEMENTAL COMPLAINT**

---

Defendants Qualtim, Inc. ("Qualtim"), Center for Building Innovation, LLC ("CBI"), DrJ Engineering, LLC ("DrJ"), Inspired Pursuits, LLC ("IP-LLC"), Kirk Grundahl, and Suzanne Grundahl (collectively, "Defendants") answer Plaintiff Paragon Component Systems, LLC's ("Paragon") First Supplemental Complaint (the "Supplemental Complaint," ECF #196) as follows. Except as expressly admitted herein, Defendants deny each and every allegation of the Supplemental Complaint.

The new factual allegations in the Supplemental Complaint (paragraphs 2 through 16) and the single new cause of action (Count Six) are asserted only against Kirk Grundahl, Qualtim, DrJ, and CBI (collectively, the "Responding Defendants"). They are not asserted against Suzanne Grundahl or Inspired Pursuits, LLC. To the extent any allegation in the Supplemental Complaint is construed to be directed at Suzanne Grundahl or Inspired Pursuits, LLC, it is denied.

The headings used in this Answer are adopted solely for organizational convenience and correspond to the headings in the Supplemental Complaint. Defendants deny any characterization, implication, or legal conclusion contained in any heading in the Supplemental Complaint.

## ANSWER

1. Paragraph 1 contains Paragon's incorporation by reference of its original Complaint and states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 1.

### Mr. Grundahl's [Purported] Disparaging Communications

2. Defendants admit that Kirk Grundahl drafted and sent three emails, dated October 23, 28, and 29, 2024, to John Holland and to other recipients. Defendants deny Paragon's characterizations of those emails and of the events described in paragraph 2, and are without sufficient information to admit or deny which recipients, if any, were customers or potential customers of Paragon, and on that basis deny those allegations. The emails speak for themselves. The three emails were distributed to recipients who had opted in to receive communications. Defendants deny that the emails, or any purported article, were posted on Qualtim's website. Defendants deny the remaining allegations of paragraph 2.

3. The emails referenced in paragraph 2 speak for themselves. To the extent paragraph 3 alleges that Kirk Grundahl acted on behalf of Qualtim, DrJ, or CBI, it states a legal conclusion to which no response is required; to the extent a response is required, Defendants deny it. Defendants deny the remaining allegations and characterizations of paragraph 3.

4. Defendants deny the allegations of paragraph 4.

**October 23, 2024, [Purported] Article and Email**

5.     Defendants admit that Kirk Grundahl sent an email dated October 23, 2024. The email speaks for itself. Defendants deny Paragon's characterizations of the email, and deny the remaining allegations of paragraph 5.

6.     Defendants admit that Kirk Grundahl sent an email dated October 23, 2024. The email speaks for itself. Defendants deny Paragon's characterizations of the email, and deny the remaining allegations of paragraph 6.

**October 28, 2024, [Purported] Article and Email**

7.     Defendants admit that Kirk Grundahl sent an email dated October 28, 2024. The email speaks for itself. Defendants deny Paragon's characterizations of the email, and deny the remaining allegations of paragraph 7.

8.     Defendants admit that Kirk Grundahl sent an email dated October 28, 2024. The email speaks for itself. Defendants deny Paragon's characterizations of the email, and deny the remaining allegations of paragraph 8.

**October 29, 2024, [Purported] Article and Email**

9.     Defendants admit that Kirk Grundahl sent an email dated October 29, 2024. The email speaks for itself. Defendants deny Paragon's characterizations of the email, and deny the remaining allegations of paragraph 9.

10.     Defendants admit that Kirk Grundahl sent an email dated October 29, 2024. The email speaks for itself. Defendants deny Paragon's characterizations of the email, and deny the remaining allegations of paragraph 10.

11.     Defendants deny the allegations of paragraph 11.

12.     Defendants deny the allegations of paragraph 12.

13. Defendants admit that Paragon's counsel sent a letter dated on or about November 7, 2024, which speaks for itself. Defendants deny that any email, or purported article, was posted on Qualtim's website. Defendants deny the remaining allegations of paragraph 13.

14. Defendants are without sufficient information to admit or deny the allegations of paragraph 14, and on that basis deny them.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

## CAUSES OF ACTION

17. Defendants admit that Paragon purports to assert Count Six in addition to its existing counts for declaratory judgment. Defendants deny that Count Six states a claim upon which relief can be granted and deny that Paragon is entitled to any relief.

### Count Six
**(Tortious Interference with Business Relations against Kirk Grundahl, Qualtim, Inc., DrJ Engineering, LLC, and Center for Building Innovation, LLC)**

18. Defendants incorporate by reference their responses to paragraphs 1 through 17 above as though fully set forth herein.

19. Defendants are without sufficient information to admit or deny that Paragon and Defendants have "mutual customers" or "contacts with prospective customers," and on that basis deny those allegations. Defendants deny the remaining allegations of paragraph 19, including the characterizations that the industry is "limited" or "intimate."

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants admit that Kirk Grundahl sent three emails in October 2024, dated October 23, 28, and 29, 2024, to John Holland and to other recipients. The emails speak for themselves. Defendants deny Paragon's characterizations of the emails and of the events described

in paragraph 22, and are without sufficient information to admit or deny which recipients, if any, were employees, customers, or prospective customers of Paragon, and on that basis deny those allegations. To the extent paragraph 22 alleges that Kirk Grundahl acted on behalf of Qualtim, DrJ, or CBI, it states a legal conclusion to which no response is required; to the extent a response is required, Defendants deny it. The three emails were distributed to recipients who had opted in to receive communications, and Defendants deny that the emails, or any purported article, were posted on Qualtim's website. Defendants deny the remaining allegations of paragraph 22.

23.     Defendants admit that Paragon's counsel sent a letter dated on or about November 7, 2024, which speaks for itself. Defendants deny the remaining allegations of paragraph 23.

24.     Defendants deny the allegations of paragraph 24.

25.     Defendants deny the allegations of paragraph 25.

26.     Defendants deny the allegations of paragraph 26.

27.     Defendants deny the allegations of paragraph 27.

28.     To the extent paragraph 28 alleges that Kirk Grundahl acted on behalf of Qualtim, DrJ, or CBI, it states a legal conclusion to which no response is required; to the extent a response is required, Defendants deny it. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 28, and on that basis deny them.

29.     Defendants are without sufficient information to admit or deny the allegations of paragraph 29, and on that basis deny them.

30.     Defendants admit that Paragon's counsel sent a letter dated on or about November 7, 2024, which speaks for itself. Defendants deny the remaining allegations of paragraph 30.

31.    Defendants are without sufficient information to admit or deny what business Paragon expected from participants in the industry, or which prospective customers Paragon solicited or that were considering participating in Paragon's Early Adopter Program, and on that basis deny those allegations. Defendants deny the remaining allegations of paragraph 31.

32.    Defendants deny the allegations of paragraph 32.

## RESPONSE TO PRAYERS FOR RELIEF

Defendants deny that Paragon is entitled to any of the relief requested in paragraphs 33 through 35 of the Supplemental Complaint's Prayers for Relief, including any award of damages, attorneys' fees, costs, or expenses, under any statute or other law, or any other relief.

Defendants acknowledge Paragon's demand for trial by jury. Defendants likewise demand a trial by jury on all claims and issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would not otherwise rest on Defendants, and without waiving any argument or right, Defendants assert the following affirmative defenses to Count Six of the Supplemental Complaint.

### FIRST DEFENSE—FAILURE TO STATE A CLAIM

The Supplemental Complaint, and Count Six in particular, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE—TRUTH AND SUBSTANTIAL TRUTH

The challenged statements are true or substantially true, and constitute a fair report of public records, including because they quote or reproduce public records, the text of a federal statute, and Paragon's own public statements.

### THIRD DEFENSE—OPINION AND NON-ACTIONABLE STATEMENT

The challenged statements are non-actionable expressions of opinion and do not contain provably false assertions of fact.

### FOURTH DEFENSE—PRIVILEGE AND JUSTIFICATION

The Responding Defendants' communications were privileged, and any interference was justified and not improper. The communications were a good-faith assertion of the Responding Defendants' own claimed ownership and economic interests, which are the subject of the Responding Defendants' counterclaims; concerned the Responding Defendants' competitive and financial interests in the industry; and were made for a proper purpose and by proper means.

### FIFTH DEFENSE—FIRST AMENDMENT

The challenged statements address matters of public concern, including the ownership of intellectual property and professional-engineering licensure, and are protected by the First Amendment to the United States Constitution and analogous state constitutional protections.

### SIXTH DEFENSE—LITIGATION PRIVILEGE AND NOERR-PENNINGTON

The challenged communications are protected by the litigation privilege and the Noerr-Pennington doctrine, having been made in connection with, or in furtherance of, the Responding Defendants' petitioning of this Court in this litigation and of the Wisconsin Department of Safety and Professional Services.

### SEVENTH DEFENSE—COMMON-INTEREST AND CONDITIONAL PRIVILEGE

The challenged communications are protected by a common-interest or conditional privilege that was not abused. The recipients had opted in or subscribed to receive communications and shared a common interest in the subject matter as participants in the structural building component industry.

## EIGHTH DEFENSE—NO CAUSATION

Any harm Paragon claims to have suffered was caused by Paragon's own conduct, by independent market or industry factors, or by third parties, and not by the Responding Defendants.

## NINTH DEFENSE—FAILURE TO MITIGATE

Paragon failed to take reasonable steps to mitigate its alleged damages.

## TENTH DEFENSE—SPECULATIVE AND UNRECOVERABLE DAMAGES

Paragon's claimed damages are speculative and unrecoverable, and any claim for exemplary or punitive damages is barred.

## ELEVENTH DEFENSE—UNCLEAN HANDS AND IN PARI DELICTO

Paragon's claims are barred by the doctrines of unclean hands and in pari delicto.

## TWELFTH DEFENSE—STATUTE OF LIMITATIONS AND LACHES

Paragon's claims are barred, to the extent applicable, by the statute of limitations and by laches.

## THIRTEENTH DEFENSE—RESERVATION OF DEFENSES

The Responding Defendants reserve the right to assert such additional affirmative defenses as may become available through discovery or investigation, subject to seeking appropriate leave of court under Fed. R. Civ. P. 15. This reservation is intended solely to preserve the Responding Defendants' rights and does not constitute a claim that additional defenses exist at this time.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court:

1.    Dismiss Count Six and the Supplemental Complaint with prejudice and deny all relief requested therein;

2.    Enter judgment in favor of Defendants and against Paragon on Count Six;

3.      Award Defendants their reasonable attorneys' fees, costs, and expenses incurred in

defending against the Supplemental Complaint to the extent permitted by law; and

4.      Grant such other and further relief as the Court deems just and proper.

Dated this 7 day of July, 2026.

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building
Innovation, LLC, DrJ Engineering, LLC, Inspired
Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
        Scott G. Salemi
        State Bar Number: 1118960
        33 East Main Street, Suite 500
        Madison, WI 53701-2038
        Phone: (608) 257-7181
        Fax: (608) 257-2508
        ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Defendant

Electronically Signed By: */s/ Kirk Grundahl*
        Kirk Grundahl
        1130 Fairway Court
        Lake Mills, WI 53551
        Ph.: 608-217-3713
        kgrundahl@qualtim.com
        4914-2350-4315, v. 1