**IN THE UNITED STATED DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

PARAGON COMPONENT SYSTEMS, LLC,

      Plaintiff,

  v.

QUALTIM, INC., CENTER FOR BUILDING
INNOVATION, LLC, DRJ ENGINEERING,
LLC, INSPIRED PURSUITS, LLC, KIRK
GRUNDAHL, and SUZANNE GRUNDAHL,

      Defendants.

Case No. 3:25-cv-00170-wmc

---

**JOINT MOTION TO WITHDRAW EXHIBIT AND**
**CORRECT THE SUMMARY JUDGMENT RECORD**

---

Pursuant to the parties' Amended Agreed Protective Order (Dkt. #171-1), as approved by the Court (Dkt. #172), Plaintiff Paragon Component Systems, LLC and Defendants Qualtim, Inc., DrJ Engineering, LLC, Center for Building Innovation, LLC, Inspired Pursuits, LLC, Kirk Grundahl, and Suzanne Grundahl, by and through their undersigned counsel, jointly move the Court for an order withdrawing from the record, and correcting, the filings identified below, which reference or rely upon a document produced by Defendants as QUALTIM-001026 ("the Document") that is the subject of Defendants' clawback under the Protective Order.

In support, the parties show the Court as follows:

1.     On June 22, 2026, Paragon filed its Motion for Summary Judgment and supporting documents with the Court.

2.     Following Paragon's summary judgment briefing, counsel for Defendants notified Paragon's counsel that Defendants contend the Document contains privileged and work-product material of Defendants that was inadvertently produced in discovery.

3.      Paragraph 20 of the Protective Order provides that "[t]he inadvertent production or disclosure of any documents, materials, or information will not constitute a waiver of the protections provided by this Order or any applicable privilege or protection, including without limitation the attorney–client privilege and the work–product doctrine."

4.      Defendants have asserted the clawback provision of Paragraph 20 of the Protective Order as to the Document. Because the references to and excerpts of the Document appear in both sealed and publicly filed documents, and because redaction would leave the material embedded in those versions, the parties agree that the appropriate course is to withdraw the affected filings and substitute corrected versions, rather than redact.

5.      Accordingly, without waiver of Defendants' asserted privilege, work-product, or any other applicable protections, and without waiver of any rights Paragon may have to contest the validity of those assertions, the parties jointly request that the Court order the following:

a.      Exhibit 23 to the Steelman Declaration (Doc. 188-23) is withdrawn and expunged from the record in its entirety, without a replacement filing;

b.      The Steelman Declaration (Doc. 188) is stricken and removed from the docket, and Paragon is directed to file a corrected declaration, substituted in its place, omitting the paragraph authenticating Exhibit 23;

c.      Paragon's Proposed Findings of Fact, in both the sealed version (Doc. 194) and the public version (Doc. 193), are stricken and removed from the docket, and Paragon is directed to file corrected sealed and public versions, substituted in their place, omitting the proposed finding and heading identified by the parties;

d.      Paragon's Brief in Support of its Motion for Summary Judgment, in both the sealed version (Doc. 192) and the public version (Doc. 191), are stricken and removed from the docket, and Paragon is directed to file corrected sealed and public versions, substituted in their place, omitting the material at pages 8 and 15, and the corresponding footnote 3, identified and as agreed to by the parties; and

e.      The corrected sealed versions shall be filed under seal, and the corrected public versions shall be filed on the public docket, in place of the stricken filings, and the stricken versions shall be removed from the docket, so that the Document and all references to it are removed from the summary judgment record.

2

6.      Paragon has prepared corrected versions of the Steelman Declaration, the Proposed Findings of Fact, and the Brief, which Defendants have reviewed and approved. Following entry of an order granting this Motion, Paragon will file the corrected versions with the Court—the corrected sealed versions under seal, and the corrected public versions on the public docket—and, upon that filing, the superseded versions will be stricken and removed from the record.

7.      This Motion, and the withdrawal, correction, and substitution of the foregoing filings, are without prejudice to and do not waive any of Defendants' claims of attorney-client privilege, work-product protection, or any other applicable privilege or protection as to the Document, all of which Defendants expressly reserve. Paragon likewise reserves all rights to contest the validity of Defendants' privilege and work-product assertions. Nothing in this Motion resolves the merits of those assertions, which the parties may present to the Court if necessary.

8.      Because the Document is being removed from the record in its entirety, Defendants will retain a copy of the Document as produced, which shall serve as the preserved copy for the record, so that it may be submitted to the Court for in camera review if and when the privilege dispute is presented for determination.

WHEREFORE, the parties respectfully request that the Court grant this Joint Motion and enter an order providing that: following entry of the order, (1) Paragon shall file the corrected versions of the Steelman Declaration, the Proposed Findings of Fact, and the Brief, previously reviewed and approved by Defendants (the sealed versions under seal, and the public versions on the public docket); and, (2) upon the filing of those corrected versions, the Clerk is directed to strike and remove the superseded filings (Docs. 188, 188-23, 191, 192, 193, and 194) from the docket, so that the Document and all references to it are removed from the summary judgment record.

Respectfully submitted this 16th day of July, 2026.

Electronically Signed By: */s/ David Moreland*

David S. Moreland, GA Bar No. 521998
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street NW, Suite 2100
Atlanta, Georgia 30309
david.moreland@millermartin.com

James T. Williams, appearing pro hac vice
Erin E. Steelman, appearing pro hac vice
Eileen Rumfelt, GA Bar No. 040608
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402

*Attorneys for Plaintiff Paragon Component Systems, LLC*

Electronically Signed By: */s/ Scott Salemi*

Scott G. Salemi, SBN 1118960
MURPHY DESMOND S.C.
33 East Main Street, Suite 500
Madison, WI 53701-2038
ssalemi@murphydesmond.com

*Attorneys for Defendants Qualtim, Inc., DrJ Engineering, LLC, Center for Building Innovation, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl*

KIRK GRUNDAHL

Pro Se Defendant

Electronically Signed By: */s/ Kirk Grundahl*
Kirk Grundahl
1130 Fairway Court
Lake Mills, WI 53551
Ph.: 608-217-3713
kgrundahl@qualtim.com

4