UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

      Plaintiff,

         v.                       Case No. 3:25-cv-00170-wmc

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

      Defendants.

---

**DEFENDANTS-COUNTERCLAIMANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO DISMISS**

---

## <u>INTRODUCTION</u>

Paragon's motion does not test the Counterclaim as pleaded. It says Paragon "wrote the code," labels a defined term conclusory, and treats one sentence from an earlier personal-jurisdiction reply as a binding concession of ownership. None supports dismissal. The Counterclaim's allegations must be accepted as true, and an affirmative bar permits dismissal only when the pleading itself establishes every element. Paragon's three theories fail on their own terms:

*First,* the Tennessee reply filing does not bar the copyright counterclaim. Paragon invokes the sentence as a judicial admission, judicially noticed fact, and estoppel, but proves none. Co-ownership is a legal conclusion, not an admissible fact, and the statement was a jurisdictional concession that did not address ownership of the joint work. Judicial notice shows only that the sentence was made, not that it is true. Estoppel requires a prior position accepted by a court, which never occurred. The statement responded to Paragon's jurisdictional lumping of the defendants without any differentiation, and no court adopted it.

*Second,* the copyright counterclaim is well pleaded. Joint authorship depends on a copyrightable contribution to a unitary work made with intent to merge contributions, not on who wrote the code. The Counterclaim alleges the Qualtim Companies supplied the original engineering expression the software computes, that Paragon's non-engineer coders could not originate it, and that the parties intended a joint work. Paragon also concedes no written assignment and no work-for-hire agreement.

*Third,* the joint-venture counterclaim pleads each element of a Wisconsin joint venture with specific facts. Whether those facts establish a joint venture is a question of fact. Paragon's authorities do not govern a motion that must assume the Counterclaim's allegations are true. Its principal case decided a developed summary-judgment record, and its one pleading-stage dismissal involved a counterclaim that, unlike this one, alleged no supporting facts.

## FACTUAL AND PROCEDURAL BACKGROUND

Paragon filed this declaratory-judgment action in the Eastern District of Tennessee on July 23, 2024, seeking a declaration that it solely owns the Paragon Truss Software copyright. (Dkt. #1 ¶¶ 8, 54–55.) Defendants moved to dismiss for lack of personal jurisdiction or, alternatively, to transfer. On March 6, 2025, the Tennessee court granted the motion "on the personal jurisdiction issue alone." (Dkt. #73 at 4.) It found no jurisdiction over "at least Inspired Pursuits," declined to decide jurisdiction over the remaining defendants, transferred the case here, and made no ownership finding. (*Id.* at 6, 10 n.7, 12 & n.8.) The sentence Paragon now invokes appeared in Defendants' jurisdictional reply, where they distinguished among the defendants and identified Inspired Pursuits as the entity claiming ownership. (Dkt. #54 at 1–2.)

The Counterclaim (Dkt. #178), filed June 8, 2026, after transfer and extensive discovery, alleges a shared-risk enterprise dating to about 2009 among the Qualtim Companies, Daniel Holland's companies, and their jointly controlled entity, Inspired Pursuits, to develop and

2

commercialize an independent truss-design platform outside the plate-supplier-controlled market. (*Id.* ¶¶ 14–17.)

Within that enterprise, the Qualtim Companies supplied the engineering inputs—parameters, thresholds, decision criteria, calculation sequences, and professional-engineering judgment—that determine what the software computes, while Paragon's non-engineer coders used those inputs to write the code. (*Id.* ¶¶ 21–22, 25–28, 35, 70–71.) The Counterclaim alleges the parties intended a joint work: development proceeded "per DrJ's instructions," the output drawings carried a DrJ Engineering copyright notice for almost a decade, and the principals formed Inspired Pursuits as the enterprise's IP-holding entity. (*Id.* ¶¶ 72–73, 82–83.)

As to ownership by transfer, the Counterclaim alleges—and Paragon's Complaint admits—that Paragon has no signed writing transferring any Defendant's rights and no work-for-hire agreement. (*Id.* ¶¶ 90–92; Dkt. #1 ¶¶ 26, 36, 68–69.) As to the joint venture, the Counterclaim alleges each participant's contributions, nondisclosure and confidentiality agreements, a jointly controlled holding entity with allocated roles, a profit-sharing agreement implemented through 2021 revenue redistribution, unshared post-launch revenue, and fifteen years of written, oral, and implied agreements and course of dealing. (Dkt. #178 ¶¶ 15–18, 21–22, 29–47, 52, 85, 95–96.) In 2024, Paragon terminated the enterprise, launched the software commercially, and licensed it for its own benefit. (*Id.* ¶¶ 48, 100, 105.)

## **LEGAL STANDARD**

A Rule 12(b)(6) motion tests whether the pleading states a plausible claim, not whether the pleader will ultimately prevail. Paragon, as movant, bears the burden to show the Counterclaim is deficient. The Court must accept well-pleaded facts as true and draw all reasonable inferences in the pleader's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Plausibility, not probability, is enough. *Iqbal*, 556 U.S. at 678.

Two consequences control here. *First,* a pleading need not anticipate or defeat Paragon's preclusion theories because "[c]omplaints need not anticipate defenses." Dismissal on that basis is proper only when the pleading itself alleges everything necessary to establish the defense. *Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012).

*Second,* the Court may consider only the pleading, undisputed incorporated documents, and matters subject to judicial notice. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Judicial notice reaches the existence and content of filings, not the truth of disputed assertions within them. It cannot resolve contested facts or "what [a court] cannot achieve through collateral estoppel." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997).

## ARGUMENT

**I.   THE TENNESSEE JURISDICTIONAL STATEMENT DOES NOT BAR THE COPYRIGHT COUNTERCLAIM.**

### A.   The Statement Is Not a Judicial Admission of Fact.

Paragon's lead argument rests on a sentence, one line from the opening of a personal-jurisdiction reply, in briefing that never addressed who authored the Paragon Truss Software, that "Qualtim already agrees with Paragon's contention that Qualtim and its family of businesses do not co-own the Paragon software." (Dkt. #198 at 3 (quoting Dkt. #54 at 1.)) That sentence is not a judicial admission, and Paragon's own authorities define the doctrine's limit. A judicial admission is a "deliberate, clear, and unequivocal statement" that "has the effect of withdrawing a fact from contention." *Neita v. City of Chicago,* 148 F.4th 916, 927 (7th Cir. 2025). The object of the doctrine is a *fact* that a service was rendered, that an event occurred, that a document was signed, so that the opposing party need not prove it and the admitting party may not contest it. The reply frames the statement as agreement with "Paragon's contention"—that is, with a litigating position, not an assertion of fact.

The doctrine does not cover legal characterizations. Courts in this Circuit hold that "Counsel's legal conclusions…are not binding as judicial admissions," and that "judicial admissions on questions of law have no legal effect." *Dabertin v. HCR Manor Care, Inc.*, 68 F. Supp. 2d 998, 1000 (N.D. Ill. 1999); *Sulkoff v. United States*, No. IP 01-1341-C-T/L, 2003 U.S. Dist. LEXIS 6461, at *5, 2003 WL 1903349 (S.D. Ind. Jan. 29, 2003).

Whether the Qualtim Companies and Paragon are co-owners is such a legal conclusion. It depends on applying the Copyright Act's joint-work, vesting, and writing requirements to disputed facts about authorship, originality, intent, and transfer—the very facts the Counterclaim pleads. Paragon confirms the point by arguing non-ownership through *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989), and §§ 201(a) and 204(a), rather than identifying any admitted fact. A conclusion reached that way is "in the nature of a legal conclusion," not a factual admission. *See, e.g., Kawasaki Kisen Kaisha, Ltd. v. Plano Molding Co.*, No. 07 C 5675, 2013 U.S. Dist. LEXIS 101118, at *3, 2013 WL 3791609 (N.D. Ill. July 19, 2013).

*Asimah v. CBL Associates Management, Inc.* confirms the distinction. There, the binding admission was a fact—the plaintiff's business name. No. 3:21-cv-50374, 2022 U.S. Dist. LEXIS 169145, at *3, 2022 WL 4356761 (N.D. Ill. Sept. 20, 2022). Co-ownership is different: it is a disputed legal characterization turning on authorship, originality, intent, and joint-work facts that remain contested.

The statement also fails the "deliberate, clear, and unequivocal" requirement because it did not address the Counterclaim's ownership theory. It arose instead from Paragon's jurisdictional theory, which depended on conflating the defendants. (Dkt. #51 at 5; Dkt. #54 at 1.) Paragon treated "Qualtim and Affiliates" as jointly asserting co-ownership of the software, so that their Tennessee contacts would supply jurisdiction over all of them, including Inspired Pursuits. (Dkt.

5

#51.) The reply's answer was that even if Qualtim and its affiliates did not own the software that did not resolve jurisdiction in Paragon's favor. An ownership interest still belonged to Inspired Pursuits, which the principals formed as the enterprise's jointly controlled entity to hold the intellectual property the partnership created. (Dkt. #54 at 1; Dkt. #178 ¶¶ 16, 42.) Conceding that Qualtim did not own the software for purposes of the jurisdictional issue did not remove Inspired Pursuits from the case; it left an ownership interest with the one defendant Tennessee could not reach. A concession offered to defeat jurisdiction is not an admission that the software is not a joint work owned through the enterprise, which is what the Counterclaim pleads. (Dkt. #178 ¶¶ 70, 99, 102.)

In any event, the statement cannot be read in isolation. The reply defines "IP-LLC" to mean the Defendants collectively, "except when the discussion warrants the identity of a specific entity." (Dkt. #54 at 1–2.) So the same reply that says it concedes Qualtim does "not co-own the Paragon software," (*id.* at 1), it also says the software "contained IP-LLC [Defendants'] intellectual property, DrJ professional engineering knowledge to support compliance with professional engineering regulations, and DrJ copyrighted truss designs." (*Id.* at 19.) To read the first statement as a binding admission, Paragon must ignore the second. It cannot enforce the half it likes and disregard the half it does not. Read whole, the reply makes legal characterizations in jurisdictional briefing, not the deliberate, clear, and unequivocal admissions of fact the doctrine requires.

### B.    Judicial Notice Shows Only That the Statement Was Made.

Judicial notice gets Paragon no further. The Court may notice that the Tennessee reply was filed and what it says because a court may notice another court's filings for "the limited purpose of recognizing the 'judicial act'" and "the fact of such litigation." *Gen. Elec. Capital Corp.*, 128 F.3d at 1085 n.6. But notice cannot establish the truth of disputed assertions. Courts "generally

6

cannot take notice of findings of fact from other proceedings for the truth asserted therein," nor notice a fact "where its application may be reasonably disputed," because doing so would "abrogate the fundamental requirement of due process" and "achieve…what it cannot achieve through collateral estoppel." *Id.* at 1083, 1085 n.6.

Paragon seeks exactly that misuse. It offers the Tennessee sentence not to show the filing exists, but to prove the disputed conclusion that the Qualtim Companies do not co-own the software. *General Electric Capital* permits judicial notice on Rule 12(b)(6) only when "an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard." *Id.* at 1081. The ownership proposition Paragon seeks to establish is disputed and central to the Counterclaim, so judicial notice cannot override the pleaded allegations. *Id.* at 1082.

The transfer order is noticed only the same way: as a judicial act showing the Tennessee court resolved personal jurisdiction and decided no ownership question. (Dkt. #73 at 4, 10 n.7.) Paragon cannot notice the filing it likes while ignoring the order that limits what the Tennessee record established.

## C.    Judicial Estoppel Fails Because No Court Accepted the Statement.

Paragon does not develop a judicial-estoppel argument. It merges estoppel with judicial admission, quotes *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001), for a general description, and never applies the required elements. (Dkt. #198 at 2–3.) That undeveloped argument need not be considered. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); *M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017). It also fails on the merits.

Judicial estoppel considers whether a later position is "clearly inconsistent" with an earlier one, whether the party "has succeeded in persuading a court to accept" the earlier position, and

whether it would gain "an unfair advantage." *New Hampshire*, 532 U.S. at 750–51. Court acceptance is essential; without it, inconsistent positions have not misled two courts. *Id.* at 750.

There was no acceptance here. The Tennessee court resolved only personal jurisdiction, found no jurisdiction over "at least Inspired Pursuits," declined to reach the other defendants, and made no ownership finding. Its assumption was only for "purposes of the Court's jurisdictional analysis." (Dkt. #73 at 4, 6, 10 n.7, 12 & n.8.) Defendants prevailed for lack of minimum contacts, not because any court accepted that Qualtim does not co-own the software. Paragon does not claim the Tennessee ruling was erroneous, procured by misrepresentation, or should be disturbed; it litigates here in reliance on the transfer. A personal-jurisdiction ruling Paragon accepts cannot suggest a court was misled, *New Hampshire*, 532 U.S. at 750–51, on a merits question the court expressly declined to decide. (Dkt. #73 at 4, 10 n.7.)

The record confirms it. Paragon named Inspired Pursuits as a defendant, alleging it is a Wisconsin LLC that received no assignment from Paragon, was never engaged by Paragon, and used no Paragon resources or employees. (Dkt. #1 ¶¶ 13, 40–42.) Relying on those allegations, the Tennessee court found no personal jurisdiction over Inspired Pursuits and transferred the case rather than dismissing it. (Dkt. #73 at 8, 12–14.) Although Paragon alternatively sought severance and transfer of only any defendant outside the court's jurisdiction, the court transferred the entire case because splitting ownership of the intellectual property between two courts "would be inefficient" and require "materially similar, if not identical, proof." (Dkt. #51 at 32–33; Dkt. #73 at 12–13.) Thus, the transfer rested on contacts and venue—not any court's acceptance of an ownership position.

The very case Paragon relies on confirms the deficiency. In *Junco v. Advocate Aurora Health*, the plaintiff concealed a claim from a bankruptcy court and obtained a discharge on that

basis, then asserted the concealed claim, so a court had adopted the earlier position and the party had prevailed on it. 646 F. Supp. 3d 978, 982–84 (E.D. Wis. 2022). That is the paradigm for estoppel, and it is the inverse of this case. *Junco* also states the very factors Paragon omits and confirms that estoppel "remains a discretionary doctrine," not a mechanical bar. *Id.* at 983. The Seventh Circuit requires the same showing, that is, judicial estoppel applies only when the party "actually took (i.e., adopted or endorsed)" the earlier position and a court accepted it. *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 887 (7th Cir. 2004). Paragon can point to no such adoption, omitting any mention of what the Tennessee court actually decided. (*See* Dkt. #198 at 2–3.) A movant asserting judicial estoppel bears the burden of showing judicial acceptance. Paragon does not attempt that showing, and the order it passes over refutes it.

Finally, judicial estoppel is not amenable to resolution on this motion in any event. Its factors are "not…inflexible prerequisites or an exhaustive formula" but equitable guideposts "inform[ed] by…specific factual contexts." *New Hampshire*, 532 U.S. at 751. Applying an equitable, context-driven, discretionary doctrine requires a record and fact-finding that a Rule 12(b)(6) motion does not permit, especially when, as here, the defense does not appear on the face of the Counterclaim. *Richards*, 696 F.3d at 637–38.

## II.   THE COUNTERCLAIM PLEADS JOINT COPYRIGHT OWNERSHIP.

### A.   The Counterclaim Pleads Each Element of Joint Authorship.

Paragon's merits argument rests on one premise: that because it "wrote the code," and the Counterclaim does not allege the Qualtim Companies wrote independently copyrightable code, Paragon must be the sole author. (Dkt. #198 at 3–4.) That premise misstates joint-authorship law and ignores the pleaded facts.

Copyright "vests initially in the author or authors of the work," 17 U.S.C. § 201(a), and a "joint work" is prepared by multiple authors who intend their contributions to merge into

9

"inseparable or interdependent parts of a unitary whole," 17 U.S.C. § 101. A joint author need not write code or any single component; the question is whether the party contributed copyrightable expression to the unitary work with intent to merge it. *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1067–72 (7th Cir. 1994). In any event, joint authorship does not fail even if a contribution could not stand alone. The Seventh Circuit does not require independent copyrightability when a contribution "couldn't stand alone because of the nature of the particular creative process that had produced it." *Gaiman v. McFarlane,* 360 F.3d 644, 658–59 (7th Cir. 2004).

The Counterclaim pleads that framework with facts. It alleges that the Qualtim Companies contributed original expression fixed in tangible form—the calculation sequences, parameter selections, and analytical arrangements the copyright claim concerns—as distinct from underlying engineering concepts, methods, or principles. (Dkt. #178 ¶¶ 75–77, 80.) Paragon's non-engineer coders could not originate, evaluate, validate, or seal that expression because Paragon employed no licensed professional engineers; the code and expression are "inseparable and interdependent parts of…a unitary whole." (Dkt. #178 ¶¶ 23–25, 70–71.) The Qualtim Companies' separate records do not sever their contribution from the work; joint authorship merges contributions into the whole without erasing their independent existence. (Dkt. #178 ¶ 37.)

The Counterclaim also alleges originality: the specific parameters, thresholds, and sequences were "not dictated by any published standard" or "compelled by physical necessity," and comparable systems using the same public standards produce materially different outputs. (Dkt. #178 ¶¶ 27–28, 77–78.)

The required intent is also pleaded. The parties intended a single, unified product built by co-venturers who understood their work as interdependent. Daniel Holland described the participants as "more than symbiotic," acknowledged harm to one would materially injure the

10

others, and addressed the relationship's structure in "Dan Holland Comments on the Paragon DrJ CM Relationship." (Dkt. #178 ¶ 17.)

Their course of dealing confirms that intent: bi-weekly meetings applied the Engineering Inputs to the software; output drawings carried a DrJ Engineering copyright notice for almost a decade; the principals formed Inspired Pursuits as the jointly controlled intellectual property entity; and Daniel Holland acknowledged the Qualtim Companies' contributions drove the software's value and warranted compensation. (Dkt. #178 ¶¶ 72–74, 82–83.)

At minimum, whether the Qualtim Companies' contributions are original and were intended to merge into a unitary work are disputed questions that cannot be resolved on the pleadings, where the Counterclaim's allegations must be taken as true. *Iqbal*, 556 U.S. at 678.

## B.  *Reid* Does Not Support Paragon; Paragon Acquired No Rights in Any Event.

Paragon cites *Reid* for the proposition that an author "translates an idea into a fixed, tangible expression." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). But *Reid* does not hold that the party who fixes a work is its sole author, and it does not displace § 201(a)'s recognition of "author or authors" or § 101's joint-work definition.

Paragon's reading proves too much. If fixation alone made the fixer the sole author, no joint work with one scrivener could exist; the contributor of copyrightable expression would lose it to whoever typed. The Seventh Circuit rejected that approach as "peeling the onion until it disappeared." *Gaiman*, 360 F.3d at 658–59. Paragon itself quotes the allegation that its "coders could not have written the code without the Engineering Inputs." (Dkt. #198 at 4 (quoting Dkt. #178 ¶ 70).) The Counterclaim alleges the Qualtim Companies created the copyrightable engineering expression and Paragon's non-engineer coders fixed it in code they could not originate. (Dkt. #178 ¶¶ 23–25, 70–71, 75–77.) Thus, *Reid* supports joint authorship: Paragon supplied code, and the Qualtim Companies supplied the testing and engineering expression it used.

11

Nor did Paragon acquire the Qualtim Companies' rights. Without a signed writing, no copyright transferred. 17 U.S.C. § 204(a). Without employment or a signed instrument, no work-for-hire rights vested. 17 U.S.C. § 101. Paragon admits there is no written assignment (Dkt. #1 ¶¶ 26, 36, 68–69), the Counterclaim alleges no work-for-hire agreement (Dkt. #178 ¶¶ 90–92), and Paragon's Complaint calls the Qualtim Companies providers of "consulting services," not employees (Dkt. #1 ¶¶ 30, 34). Taken as true, those allegations mean the Qualtim Companies kept whatever copyrightable expression they contributed.

## C.      The Accounting Counterclaim Survives With the Copyright Counterclaim.

Paragon's only challenge to the accounting counterclaim is that it depends on the copyright counterclaim. (Dkt. #198 at 4.) That dependence supports survival, not dismissal. If co-ownership is established, *Gaiman* entitles the co-owner to an accounting and equitable division of profits from the jointly owned work. 360 F.3d at 652–53. Because the copyright counterclaim survives, dismissing the accounting claim now would be premature.

## III.    THE COUNTERCLAIM ADEQUATELY PLEADS A JOINT VENTURE.

Paragon calls the joint-venture counterclaim "conclusory" and says it fails to plead Wisconsin's elements. (Dkt. #198 at 4–6.) But it mainly attacks the defined term "Joint Venture Enterprise," then asserts that the factual allegations are "deficient for the same reasons" and "only focus[] on" the Qualtim Companies. (*Id.* at 6.) That misreads the pleading and does not meet Paragon's burden to show insufficiency.

Wisconsin requires four elements for a joint venture: (1) each party contributes money or services, "but not necessarily in equal proportion"; (2) joint proprietorship and mutual control; (3) an agreement to share profits, "though not necessarily the losses"; and (4) an express or implied contract. *Ruppa v. Am. States Ins. Co.,* 91 Wis. 2d 628, 645, 284 N.W.2d 318 (1979); *Troy Co. v.*

*Perry,* 68 Wis. 2d 170, 176–77, 228 N.W.2d 169 (1975); *Wolosek v. Wolosek,* 2003 WI App 244, ¶ 6, 268 Wis. 2d 294, 671 N.W.2d 864. The Counterclaim pleads each:

**Contribution.** The Qualtim Companies contributed engineering inputs and professional-engineering services on reduced-fee and deferred terms; Clearspan contributed manufacturing; and Paragon contributed software code. (Dkt. #178 ¶¶ 15, 20–22, 29–44.) Contributions need not be equal. *Troy,* 68 Wis. 2d at 176.

**Mutual control and joint proprietorship.** The principals formed Inspired Pursuits in 2017 as the enterprise's jointly controlled intellectual property entity and allocated roles across the venture's input, processing, output, and manufacturing functions. (Dkt. #178 ¶¶ 16–17, 20–22.) Their mutual dependency allegations further support control, and the degree of control is a fact question that cannot defeat the claim at the pleading stage. (Dkt. #178 ¶ 17.)

**Agreement to share profits.** The Counterclaim alleges profit sharing in the participants' own words: Daniel Holland said "right now the money's all coming to one leg, and I need to spread it to the other two," and "we're on the same team and we're going to take care of each other." (Dkt. #178 ¶ 46.) The parties then discussed a "profit-sharing model" measured "on a square foot basis, a price per pound per plate basis, and other metrics," redistributed revenue in 2021, and later realized unshared post-launch revenue. (Dkt. #178 ¶¶ 46–47, 95–96.)

**Express or implied contract.** The relationship rested on fifteen years of written, oral, and implied agreements and course of dealing, including recurring meetings reflected in more than 300,000 pages of Slack communications, engineering-services agreements, and NDAs. (Dkt. #178 ¶ 18.) The participants also described it as a partnership: John Holland referred to "one of the great values of our partnership with DrJ/Qualtim." (Dkt. #178 ¶ 74.)

The Counterclaim also pleads a Wisconsin partnership for a particular undertaking and invokes the statutory wind-up and distribution scheme. (Dkt. #178 ¶¶ 99–105; Wis. Stat. §§ 178.0602, 178.0801, 178.0802, 178.0806.) Taken as true, these allegations state a joint venture. Whether the facts ultimately establish a joint venture is for the factfinder and depends on "all the circumstances surrounding the parties." *Walling v. Plymouth Mfg. Corp.*, 139 F.2d 178, 181 (7th Cir. 1943). Paragon's contrary characterization—as mere "consulting services"—is itself a fact-bound "mixed question of law and fact" for which "rarely is there a single 'right' answer…there are only shadings." *Carle Found. Hosp. v. Shalala*, 57 F.3d 597, 599 (7th Cir. 1995).

Paragon's authorities do not support dismissal either. *Fail-Safe LLC v. A.O. Smith Corp.* granted summary judgment after finding "no evidence that a joint venture relationship existed." 744 F. Supp. 2d 831, 861 (E.D. Wis. 2010). A no-evidence ruling on a developed record says nothing about a pleading's sufficiency; if anything, it confirms that joint venture is an evidentiary question. *Servicios Especiales Al Comercio Exterior, S.C. v. Johnson Controls, Inc.* likewise dismissed claims because the pleading alleged no facts showing contribution, mutual control, profit sharing, or contract. It did not even assert the required elements. No. 08-CV-1117, 2010 U.S. Dist. LEXIS 4324, at *6, 2010 WL 323177 (E.D. Wis. Jan. 20, 2010). Here, by contrast, the Counterclaim pleads facts to each element. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), does not help Paragon because the claim rests on factual allegations, not the term Paragon attacks.

Paragon also raises the same joint-venture issue in its pending summary-judgment motion. (Dkt. #198 at 4 n.1 (citing Dkt. #191 at 37–38).) That confirms the issue belongs on a developed record, not on the face of the Counterclaim. Because this is the first challenge, Paragon identifies no incurable defect. Any perceived deficiency could be cured by amendment. Fed. R. Civ. P. 15(a)(2); *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

14

## CONCLUSION

The Counterclaim plausibly alleges joint authorship, joint ownership, and a Wisconsin joint venture. Paragon's contrary theories—that a jurisdictional statement bars the copyright claim, that non-engineer code-writing makes it sole author, and that the joint venture is unpleaded—misstate the law or raise fact questions unsuitable for Rule 12(b)(6). The motion to dismiss should be denied.

Dated this 20th day of July, 2026.

**MURPHY DESMOND S.C.**
Attorneys for QUALTIM INC., CENTER FOR BUILDING INNOVATION LLC, DRJ ENGINEERING LLC, INSPIRED PURSUITS LLC, and SUZANNE GRUNDAHL.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number: 1118960
    33 East Main Street, Suite 500
    Madison, WI 53701-2038
    Phone: (608) 257-7181
    Fax: (608) 257-2508
    ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
    Pro Se Defendant

Electronically Signed By: */s/ Kirk Grundahl*
    Kirk Grundahl
    1130 Fairway Court
    Lake Mills, WI 53551
    Ph.: 608-217-3713
    kgrundahl@qualtim.com

15