## IN THE UNITED STATED DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS, LLC,

      Plaintiff,

  v.

QUALTIM, INC., CENTER FOR BUILDING
INNOVATION, LLC, DRJ ENGINEERING,
LLC, INSPIRED PURSUITS, LLC, KIRK
GRUNDAHL, and SUZANNE GRUNDAHL,

      Defendants.

Case No. 3:25-cv-00170-wmc

---

**PLAINTIFF PARAGON COMPONENT SYSTEMS, LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff Paragon Component Systems, LLC ("Paragon") responds to Defendants' Motion for Partial Summary Judgment. Defendants' motion should be denied because Defendants do not ask for any dispositive legal ruling on the claims or defenses. Instead, under the guise of a partial summary judgment motion, Defendants ask the Court to make non-material factual findings. Because the Court cannot find that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law under Rule 56 on any claims or defenses in this action, summary judgment should be denied.

### STATEMENT OF MATERIAL FACTS

Paragon responded to each of Defendants' proposed findings of fact in a separate document filed contemporaneously herewith and incorporates those responses herein by reference.

### LAW AND ARGUMENT

As demonstrated below, Defendants' motion for partial summary judgment should be denied for three reasons: (1) Defendants' motion is actually for factual findings, not summary

1

judgment; (2) Defendants seek factual findings on non-material issues related to Paragon's copyright claims; and (3) Defendants' brief affirms they have no patent law ownership interest in the Paragon Truss software, confirming summary judgment on the patent claim is warranted in favor of Paragon (not Defendants).

## I. DEFENDANTS IMPROPERLY ASK THE COURT TO MAKE FINDINGS OF NON-MATERIAL FACTS THROUGH SUMMARY JUDGMENT.

Defendants' motion is ostensibly one for summary judgment under Fed. R. Civ. P. 56(a). (Doc. 182 at 3). Defendants make no effort, however, to show there are no genuine disputes of material fact and they are entitled to judgment as a matter of law on any claim or issue in this litigation. Fed. R. Civ. P. 56(a). Defendants' motion makes no mention of their counterclaims – Count I (Declaratory Judgment – Joint Authorship); Count II (Accounting); Count III (Wind Up) (*See e.g.*, Doc. 178) – much less any effort to prove the elements of those claims. Nor do Defendants articulate the precise relief they seek through summary judgment. That's because Defendants are actually asking the Court to make non-material factual findings, namely that there was no written transfer agreement or written work for hire agreement between Paragon and Defendants. (Doc. 182 at 4-6). But Rule 56(a) does not authorize the Court to make findings of fact; the operative summary judgment inquiry under Rule 56 is whether disputed material facts exist. *See* Fed. R. Civ. P. 56(a) and (c).[1]

Regardless, the factual findings Defendants seek are immaterial to disposition of the underlying claims. For a summary judgment fact to be "material," it must be one that "might affect the outcome of the suit." *Kropp v. McCaughtry*, 915 F. Supp. 85, 90 (E.D. Wis. 1996) (internal citations omitted). Paragon seeks a declaratory judgment that it is the sole owner of all intellectual

---

[1] Although Rule 56(g) authorizes the Court to "enter an order stating any material fact…that is not genuinely in dispute and treating that fact as established in the case," Defendants do not seek a Rule 56(g) ruling, nor have they demonstrated they are entitled to a ruling as to any "material fact" under this provision.

property contained within the Paragon Truss Software (Doc. 1); Defendants seek a declaratory judgment that they are "joint authors" of the Paragon Truss Software (Doc. 178 at ¶¶ 90-92). While the *established fact* of a written transfer of copyright or a documented work for hire agreement may be material to ownership, the *absence* of either fact is not dispositive here. Stated another way, even if there was no written transfer or work for hire agreement between Paragon and Defendants, those facts alone are not conclusive of whether Defendants are joint authors of the Paragon Truss Software source code. *See Janky v. Lake Cnty. Convention And Visitors Bureau,* 576 F.3d 356, 362 (7th Cir. 2009) (outlining the specific joint authorship requirements under the Copyright Act). Additional "joint authorship" requirements must be satisfied which are not addressed by Defendants' motion, such as intent and contribution of independently copyrighted material. *Id*. The existence (or non-existence) of a written transfer agreement or work for hire agreement are *not* elements of joint authorship under the Copyright Act; they are simply facts that may (or may not) weigh into the Court's determination. Defendants concede as much. (Doc. 182 at 2 ("This motion does not address the copyright-contribution question [or] Defendants' counterclaim for co-ownership. . . .")). Accordingly, an order establishing those facts would be unnecessary and improper.

II.    **DEFENDANTS DO NOT POSSESS ANY COPYRIGHT INTEREST IN THE PARAGON TRUSS SOFTWARE.**

Defendants' argument that Paragon did not acquire any copyright rights to the Paragon Truss Software from Defendants misframes the issue before the Court. *Paragon* is the undisputed owner of the copyrightable material in the Paragon Truss Software, and *Defendants* bear the burden of showing otherwise. *Gaylord v. U.S.*, 595 F.3d 1364, 1377 (Fed. Cir. 2010).

   A.    *It is Undisputed that No Written Transfer Agreement Exists Because Defendants Did Not Possess any Copyright Rights in the Paragon Truss Software that Would be Subject to Transfer.*

3

As Paragon has established in its motion for summary judgment, Paragon is the owner of the Paragon Truss Software by virtue of its sole authorship of the software's copyrightable material and Paragon's complete control over all additions to the Paragon Truss Software Source Code. (Doc. 191 at 17-18). It is undisputed that there is no written transfer agreement between Paragon and any Defendant. (*See, e.g.*, Doc. 193 ¶ 70 (citing Doc. 178 Ans. at ¶¶ 26, 36, 68).) No such transfer need exist from Defendants to Paragon, because no Defendant ever possessed any intellectual property rights in the Paragon Truss Software, transferable or otherwise.

> B. *It is Undisputed that no Written Work-For-Hire Agreement Exists Between Paragon and Defendants as Defendants Did Not Perform any Work on the Paragon Truss Software Source Code that Would Necessitate One.*

Similarly, it is undisputed that there are no work-for-hire agreements between Paragon and any Defendant. No Defendant wrote or provided any source code to Paragon, making such an agreement unnecessary. (Doc. 193 ¶ 69.) Defendants argue that they were not Paragon employees for purposes of the Copyright Act's work for hire provisions. (Doc. 182 at 5); *see* 17 U.S.C. § 101(1). Paragon agrees. Defendants also argue there is no written agreement expressly designating Defendants' work as consultant on the Paragon Truss Software as work for hire under the Copyright Act. (Doc. 182 at 6); 17 U.S.C. § 101(2). Again, this is true, because no such agreement was necessary because Defendants did not author any source code. (Doc. 193 ¶ 69.) As established in Paragon's moving brief, it is undisputed that Defendants did not write any code for the Paragon Truss Software Source Code, nor did Defendants perform any copyrightable work on the Paragon Truss Software. (Doc. 191 at 17-27). Because the scope of Defendants' work with Paragon did not include writing code or performing any other work that would be subject to copyright, there was no need for a work-for-hire agreement between Paragon and any of the Defendants or their employees.

4

**III.    DEFENDANTS DO NOT DISPUTE THAT THEY DO NOT POSSESS ANY PATENT RIGHTS IN THE PARAGON TRUSS SOFTWARE.**

In discovery, and now in their brief, Defendants admit they do not claim any patent rights in the Paragon Truss Software or its source code. (*See* Ex. 1 and Ex. 2 to Steelman Decl., Defendants' 2026-03-20 Responses to Interrogatory No. 5 and Interrogatory No. 9;  Doc. 182 at 6-9). Specifically, when asked to "identify with specificity the intellectual property…that any Defendant claims to have contributed to the Paragon Truss Software…that any Defendant relies upon to assert ownership of the Paragon Truss Software…" and then to identify the specific intellectual property categories corresponding with each contribution, Defendants did not identify *any* patent rights that they claim are part of the Paragon Truss Software. *Id*. It is therefore undisputed that Defendants do not have or claim any patent rights in the Paragon Truss Software or its source code. Defendants' present argument in support of summary judgment further proves this. As such, Defendants' binding, verified admissions justify summary judgment in Paragon's favor on its Count Three, Declaratory Judgment of Ownership of Patentable Inventions in the Paragon Truss Software.

<strong>CONCLUSION</strong>

Defendants' summary judgment motion does not narrow the material issues for adjudication, argues immaterial facts about copyright ownership, and admits Defendants have no patent rights in the Paragon Truss Software. As such, Defendants' motion for partial summary judgment should be denied, and the Court should instead grant Paragon's fully dispositive motion for summary judgment.

Respectfully submitted this 23rd day of July, 2026.

*/s/ Tamar B. Kelber*
Tamar B. Kelber, SBN 1101802
Joshua S. Greenberg, SBN 1107959

GASS TUREK LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
Telephone: (414) 223-3300
kelber@gassturek.com
greenberg@gassturek.com

David S. Moreland, GA Bar No. 521998
Eileen Rumfelt, GA Bar No. 040608,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
david.moreland@millermartin.com
eileen.rumfelt@millermartin.com

James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Erin.Steelman@millermartin.com

***Attorneys for Plaintiff Paragon Component Systems, LLC***

6