**IN THE UNITED STATED DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

PARAGON COMPONENT SYSTEMS, LLC,

      Plaintiff,

 v.

QUALTIM, INC., CENTER FOR BUILDING
INNOVATION, LLC, DRJ ENGINEERING,
LLC, INSPIRED PURSUITS, LLC, KIRK
GRUNDAHL, and SUZANNE GRUNDAHL,

      Defendants.

Case No. 3:25-cv-00170-wmc

---

**REPLY BRIEF IN SUPPORT OF PLAINTIFF PARAGON COMPONENT
SYSTEMS LLC'S MOTION TO DISMISS**

---

Defendants' Response in Opposition to Paragon's Motion to Dismiss (Doc. 208) does nothing to cure the pleading deficiencies. Defendants have failed to articulate legally cognizable counterclaims. Accordingly, Defendants' Counterclaims (Doc. 178) should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**STANDARD OF REVIEW**

In providing the supposed standard of review, Defendants claim "[t]wo consequences control here." (Doc. 208 at 4.) Paragon disagrees. First, Defendants claim they need not anticipate all defenses with their pleading, while recognizing that defenses can support dismissal if "the pleading itself alleges everything necessary to establish the defense." (*Id.*) But if the pleading itself reveals a "*legal* obstacle to suit," it should be dismissed, and that is what has occurred here. *See Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012). As explained in Paragon's motion to dismiss and detailed further below, the Counterclaims allege factual grounds for an ownership theory that Defendants are estopped from asserting. Second, the case Defendants cite does not

1

support their argument that the Court "may consider only the pleading, undisputed incorporated documents, and matters subject to judicial notice." (Doc. 208 at 4 (citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th 2002)). Nonetheless, all Paragon relies on for its arguments are the pleading and matters subject to judicial notice, and the Court need not rely on contested facts to rule in its favor.

## I.    DEFENDANTS CANNOT OVERCOME JUDICIAL ESTOPPEL.

### A.    The Court can consider Defendants "deliberate, clear, and unequivocal statement," whether factual or legal in nature.

Defendants concede that "deliberate, clear, and unequivocal statement[s]" withdraw a fact from contention. (Doc. 208 at 4 (citing *Neita v. City of Chicago,* 148 F.4th 916, 927 (7th Cir. 2025)). Defendants admit that they "agree[] Qualtim and its family of businesses do not co-own the Paragon software." (*Id.*) They then spend five pages acrobatically arguing that this isn't a deliberate, clear, unequivocal statement disclaiming ownership of the software. None of those efforts changes the result.

First, citing non-binding authority, Defendants argue the statement is a "legal characterization," not a factual admission and therefore not subject to judicial estoppel. (Doc. 208 at 5.) But the Seventh Circuit has held otherwise, specifically out of "fear that unscrupulous persons may use strictures on use of the doctrine to subvert the purposes of the rule." *Matter of Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990). In fact, in the right context, "the change of position on the legal question is every bit as harmful to the administration of justice as a change on an issue of fact." *Id.*

Defendants also argue that because they made their statement for jurisdictional reasons, it was not "deliberate, clear, and unequivocal." (Doc. 208 at 5.) Defendants do not explain why the motivation behind their statement renders it unclear or less purposeful. In any event, Defendants'

argument that they were engaged in procedural maneuvering is precisely why the Court has the discretion to rule in equity on principles of estoppel. *Matter of Cassidy*, 892 F.2d at 642. Defendants disclaimed ownership of the software to gain a procedural advantage – dismissal of the case from Plaintiff's preferred forum – and now take the opposite position to save their counterclaims. Judicial estoppel exists to prevent parties from, as Defendants are attempting to do, playing "fast and loose" with the Court. *In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010).

Defendants also claim their statement should be read in the full context of their definitions of the parties. But, as they argue, Defendants defined themselves as one entity "except where the discussion warrants the identity of a specific entity." (Doc. 208 at 6.) This is exactly what Defendants attempted here, since they needed to distinguish among the Defendant parties to establish the Court did not have jurisdiction over one of them (IP-LLC) and win their motion.

> B.    Judicial notice is merely the procedural mechanism for bringing Defendants' reply before the Court.

Defendants next argue that the doctrine of judicial notice does not estop their ownership theory. Defendants miss the point. Paragon is not asking the Court to use judicial notice to establish the truth of Defendants' ownership statements in the Tennessee Court. Paragon relies on judicial notice only as the procedural mechanism by which the Court may consider a pleading filed in another court. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (the judicial notice exception "has allowed courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard."); (Doc. 208 at 6 (acknowledging that the Court "may notice that the Tennessee reply was filed and what it says"); *id.* (asking the Court to take judicial notice of the Tennessee Court's

order)). Once *judicial notice* places the pleading properly before the Court, *judicial estoppel* supplies the basis for its consideration of the statements made in those pleadings.

### C.    The Tennessee Court accepted Defendants' ownership statement.

Defendants complain that Paragon did not "apply the required elements" and that because Paragon's argument is "undeveloped," it need not be considered. The cases Defendants cite do not stand for the proposition that a Court must ignore an argument simply because the opposing party considers it "undeveloped." (Doc. 208 at 7 (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); *M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017).) And as Defendants later point out (to suit their own needs), the relevant factors are "not . . . inflexible prerequisites or an exhaustive formula but equitable guideposts inform[ed] by…specific factual contexts." (*Id.* at 9 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)).

Defendants also argue that there was no "acceptance" of their ownership statement and allege this precludes the application of judicial estoppel. But the Tennessee Court cited to and relied upon IP-LLC's alleged exclusive ownership interest in the Paragon Truss Software in concluding that its lack of personal jurisdiction over IP-LLC justified transferring this action. Specifically, the Court found it significant that "Mr. Grundahl asserted that Inspired Pursuits is the sole owner of the at-issue intellectual property…[Doc. 1-10]" and assessed whether there was "specific jurisdiction over Inspired Pursuits [based on] contacts ***related to Inspired Pursuits efforts to assert ownership of the at-issue intellectual property***." (*Id.* at 3, 9) (emphasis added). Defendants' assertion that IP-LLC was the sole owner of the Paragon Truss Software—represented to the Tennessee Court by Defendants as a "fundamental fact," no less—played a pivotal role in the Court's decision to transfer this action based on lack of personal jurisdiction. *Id*.; *see In re Airadigm Commcns, Inc.,* 616 F.3d at 662 ("What matters for purposes of judicial estoppel

4

is whether, in reaching its earlier decision, the court relied on the representation of the one against whom estoppel is asserted."); *Kale v. Obuchowski*, 985 F.2d 360, 361-62 (7th Cir. 1993) (finding judicial estoppel may apply even if the issue was not decided in a prior proceeding, but merely relied upon by the court). The Tennessee Court therefore accepted Defendants' statement.

## II.    DEFENDANTS DO NOT STATE A VALID COPYRIGHT OWNERSHIP CLAIM.

As Defendants concede, copyright rights vest not in ideas, but in "tangible expression." Ownership of those rights vests in the party that "fixes" the tangible expression. (Doc. 208 at 11 (citing *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989)). "To qualify as an author of [a] computer program, the alleged author must have translated his ideas into a fixed, tangible expression entitled to copyright protection." *Woods v. Resnick*, 725 F. Supp. 2d 809, 819 (W.D. Wis. 2010); *see also SAS Inst., Inc. v. World Programming Ltd.*, 64 F.4th 1319, 1326 (Fed. Cir. 2023) ("The literal elements of computer programs, for example: source and object codes, can be the subject of copyright protection.") Defendants do not refute that the copyrightable work at issue here is the source code for the Paragon Truss Software or that Paragon fixed it in its tangible expression (nor have they alleged otherwise). Because Defendants do not allege that they contributed to the source code authorship, they therefore have not (and cannot) stake a claim to ownership of the software.[1]

---

[1] In arguing that they created a joint work, Defendants also refute that they need to allege they contributed independently copyrightable material to the Paragon Truss Software. (Doc. 208 at 10 (cite *Gaiman v. McFarlane* 360 F.3d 644, 658–59 (7th Cir. 2004)). *Gaiman* involved individual contributions to a comic book character by a penciler, inker, and colorist. *Id.* The court drew a narrow exception to the general rule that each contribution to a joint work must be independently copyrightable because, in the unique context of a comic book character, none of those three contributors could have singularly created a copyrightable work. *See id.* But "the process of creating a software program [does not] necessarily involves a similar collaborative process," making this narrow exception inapplicable in a software case involving very similar alleged contributions. *Woods*, 725 F. Supp. 2d at 659 n.3 (distinguishing *Gaiman* in software case).

### III.     DEFENDANTS HAVE NOT ARTICULATED A JOINT VENTURE CLAIM.

On the joint venture issue, Defendants' opposition misses the point. Defendants contend "the joint-venture counterclaim pleads each element of a Wisconsin joint venture with specific facts." (Doc. 208 at 2).  But, as Paragon previously emphasized, ***Defendants do not assert a counterclaim for joint venture***.  (*See e.g.*, Doc. 198).  Defendants asserted only three counterclaims – joint copyright ownership, accounting, and wind up.  While these claims are premised on an assumption that a joint venture existed, Defendants do not plead a joint venture claim under Wisconsin law.  *See Fail-Safe LLC v. A.O. Smith Corp.*, 744 F. Supp. 2d 831, 861 (E.D. Wis. Sept. 3, 2010) (internal citations omitted) (establishing the four requirements for a joint venture claim under Wisconsin law). Defendants cannot rely on a conclusory "Joint Venture Enterprise" definition in place of a claim setting forth the elements of a joint venture. (Doc. 178 at pg. 26); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements").  Nor can Defendants plausibly show entitlement to the relief requested (i.e., a wind up of or accounting for the joint venture) without first demonstrating that a joint venture was established in accordance with Wisconsin law.

Even the few factual allegations Defendants reference fall short of plausibly establishing a joint venture.  Defendants claim there were three "participants" in the joint venture enterprise – Qualtim Companies, Clearspan, and Paragon, (Doc. 178 at 26; Doc. 208 at 13-14), yet their pleading almost exclusively focuses on what *Qualtim* did in relation to the alleged joint venture, not the activities of Paragon or Clearspan. Moreover, Defendants point to their allegation concerning the creation of Inspired Pursuits as evidence of "mutual control and joint proprietorship" in the joint venture but fail to connect Inspired Pursuits to the business operations of Clearspan or Paragon. (Doc. 208 at 13).  The Countercomplaint is devoid of any facts alleging

that Qualtim, Clearspan, or Paragon had mutual control or joint proprietorship over one another, as required for a joint venture. *Fail-Safe LLC*, 744 F. Supp. 2d at 861. Further, Defendants point to one allegation concerning a conversation with Daniel Holland as evidence of an agreement to share profits. (Doc. 208 at 13; Doc. 178 at ¶ 46). That allegation, even construed liberally, does not evidence *any* profit sharing amongst Qualtim, Clearspan, and Paragon (or Inspired Pursuits, the entity allegedly created for the joint venture). Defendants make no allegations of profit sharing amongst the three alleged venturers, as required by Wisconsin law. *Fail-Safe LLC*, 744 F. Supp. 2d at 861.

Simply put, Defendants have wholly failed to state a claim for a joint venture enterprise under Wisconsin law. Defendants' present effort to piece together a non-existent claim from a mere handful of allegations does not (and cannot) meet the requirement for a pleading that states "enough facts to raise [the claim] above the level of mere speculation." *Riley v. Vilsack*, 665 F. Supp. 2d 994, 997 (W.D. Wis. 2009). As such, Defendants' Counterclaims premised on the existence of a joint venture enterprise should be dismissed under Rule 12(b)(6).

Respectfully submitted this 30th day of July, 2026.

/s/ Tamar B. Kelber
Tamar B. Kelber, SBN 1101802
Joshua S. Greenberg, SBN 1107959
GASS TUREK LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
Telephone: (414) 223-3300
kelber@gassturek.com
greenberg@gassturek.com

David S. Moreland, GA Bar No. 521998
Eileen Rumfelt, GA Bar No. 040608,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street NW, Suite 2100

7

Atlanta, Georgia 30309
Telephone: (404) 962-6100
david.moreland@millermartin.com
eileen.rumfelt@millermartin.com

James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Erin.Steelman@millermartin.com

***Attorneys for Plaintiff Paragon Component
Systems, LLC***

8