UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

      Plaintiff,

v.

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

      Defendants.

Case No. 3:25-cv-00170-wmc

---

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

**INTRODUCTION**

This motion is narrow, and Paragon's opposition confirms that it is straightforward. Defendants ask the Court to decide two questions of law on facts Paragon does not dispute: whether any Defendant's copyright passed to Paragon by transfer or by work made for hire, and whether Count Three, Paragon's claim seeking a declaration that it owns all patent rights and any patents that may issue in the Paragon Truss Software, presents a controversy the Court can adjudicate.

On the first, Paragon concedes everything that matters. It does not dispute that no Defendant ever signed a writing conveying a copyright interest to it. It agrees the Defendants were never its employees. And it agrees that no work-for-hire instrument with any Defendant exists. Section 204(a) and § 101 supply the only routes by which a copyright could have passed from a Defendant to Paragon on this record. Paragon concedes both routes are closed.

Unable to contest these facts, Paragon changes the subject three ways. It says the motion seeks factual findings rather than judgment. It brands the facts "immaterial," which concedes rather than disputes them. And it directs the Court to its own pending cross-motion for summary

judgment, urging that the ownership questions be resolved there instead. (Dkt. #217 at 2, 5.) None of the three defeats this motion. That a related question may be litigated elsewhere is no reason to leave undecided the discrete, undisputed points presented here; narrowing the case is the purpose of a partial summary judgment motion, not a reason to deny one.

Count Three is simpler still. Paragon seeks a declaration of ownership of patents that do not exist. No patent has issued, and no application is pending. A court cannot declare who owns a patent that the Patent and Trademark Office has never examined. That defect is jurisdictional, rendering Count Three nonjusticiable under the Declaratory Judgment Act. The remedy is dismissal for lack of subject-matter jurisdiction rather than judgment on the merits.

## ARGUMENT

### I.    PARAGON'S OBJECTIONS PROVIDE NO REASON TO WITHHOLD JUDGMENT ON THE UNDISPUTED FACTS.

#### A.    The Motion Seeks Judgment on Part of a Claim, Which Rule 56 Permits.

Paragon's threshold objection is that the motion seeks factual findings rather than judgment, and that Rule 56(a) "does not authorize the Court to make findings of fact." (Dkt. #217 at 2.) The objection misreads both the motion and the rule. Rule 56(a) authorizes judgment on "the part of each claim or defense" on which summary judgment is sought, and Defendants seek judgment on a discrete part of the ownership claim: that Paragon did not acquire any Defendant's copyright by transfer under 17 U.S.C. § 204(a) or as a work made for hire under 17 U.S.C. § 101. Those are legal theories of acquisition, not evidentiary details, and a ruling that each fails as a matter of law resolves part of the claim rather than cataloging facts. Rule 56(g) confirms the point: "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact...that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). By its terms, that authority is the Court's to exercise on the motion already before

it; it is not separate relief a party must request. So even if the Court views what Defendants seek as the establishment of facts rather than judgment on part of a claim, Rule 56(g) supplies the mechanism on this undisputed record. Either way, the objection goes to the label on the relief, not to whether these theories should be resolved.

### B.      Paragon's Remaining Objections Identify No Contrary Fact.

Paragon also asserts that the transfer and work-for-hire facts are "immaterial." That objection defeats itself. Materiality is fixed by the substantive law, which identifies a fact's relation to the legal elements of a claim, not by any weighing of the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). By branding these facts immaterial, Paragon concedes there is no dispute about them: No Defendant signed a transfer, and no work-for-hire instrument exists.

What remains is their legal significance, and under the Copyright Act it is considerable. Transfer under § 204(a) and work made for hire under § 101 are the mechanisms by which one party comes to own another's copyrightable contribution. Paragon concedes both are absent. Whether § 204(a)'s signed-writing requirement is satisfied, and whether a work qualifies as made for hire under § 101, are questions of law once the underlying facts are undisputed. *See Gaiman v. McFarlane*, 360 F.3d 644, 650 (7th Cir. 2004); *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–53 (1989). Reducing Paragon's concessions to judgment now forecloses later reliance on either theory at trial and narrows the remaining copyright dispute. That is the narrowing a partial motion exists to accomplish, not a reason to withhold it.

Paragon's response confirms that these routes matter. If Paragon truly acquired nothing from any Defendant by transfer or work made for hire, it could have said so plainly and conceded the ruling at no cost. It did not. It neither disputed the underlying facts nor disclaimed reliance on either theory; it argued only that the Court should not decide them, and should take up ownership on its own motion instead. A party does not resist adjudication of a genuinely immaterial point.

Paragon's insistence that the Court not decide these routes is itself the measure of their significance. And an objection that a fact is "immaterial," or that a pleading "speaks for itself," supplies no contrary version and leaves the fact uncontroverted.

Nor are the framing facts Paragon derides—the parties, jurisdiction, and the nature of the action—surplus. This Court's procedures direct that the movant's findings "include ALL factual propositions the moving party considers necessary for judgment in the party's favor," and give as examples "factual statements relating to jurisdiction, the identity of the parties, the dispute, and the context of the dispute." Defendants proposed them for that reason. Paragon's objection is most telling as to jurisdiction, which it also brands immaterial. Jurisdiction is always material because it is the Court's power to act, and no procedural label can make it otherwise. A fact the rules compel Defendants to propose, and on which the Court's authority depends, is not surplus.

## II.    PARAGON ACQUIRED NO DEFENDANT'S COPYRIGHT BY TRANSFER OR WORK MADE FOR HIRE.

A copyright could pass to Paragon from a Defendant in only two ways on this record, and Paragon concedes the facts that close both.

*Transfer.* Section 204(a) is a statute of frauds: a transfer "is not valid unless" it is "in writing and signed by the owner of the rights conveyed." 17 U.S.C. § 204(a). Paragon's verified interrogatory answer states that there "has never been a sale, assignment, or transfer of any ownership interest" in the software, and Paragon does not dispute that no Defendant ever signed one. That ends the transfer inquiry.

*Work made for hire.* The employee route fails because Paragon agrees the Defendants were not its employees, with no payroll, no benefits, and no control, and describes them as an outside firm it "engaged" for "engineering and consulting services." *See Reid*, 490 U.S. at 751–53. The commissioned-work route fails because it demands a signed instrument Paragon admits it

lacks; its own Rule 30(b)(6) designee testified that Paragon never even asked Qualtim to sign one. Indeed, this Court already observed that the work-for-hire provisions Paragon identifies in its complaint are neither attached to nor quoted in the complaint. (Dkt. #179 at 3.)

Paragon does not contest these facts. It responds instead that no Defendant contributed anything to own: "Defendants did not write any code..." and "no Defendant ever possessed any intellectual property rights...transferable or otherwise." (Dkt. #217 at 4.) But whether a Defendant contributed copyrightable expression is the separate joint-authorship question this motion does not reach.  This motion seeks to foreclose Paragon from claiming that it acquired any Defendant's contribution by transfer or work made for hire. Paragon has not disclaimed either route; Defendants ask that both be closed.

Paragon's cited authorities do not change the analysis. *Janky* concerns joint authorship— whether individuals intended to create a joint work and each contributed independently copyrightable material—which is neither a written transfer nor a work-for-hire instrument, and so is the separate question this motion does not reach. *Janky v. Lake Cnty. Convention & Visitors Bureau*, 576 F.3d 356, 362 (7th Cir. 2009). *Gaylord* is no better. Its holding that a co-authorship claimant bears the burden of proving contribution and intent likewise addresses joint authorship, and its § 410(c) presumption depends on a registration certificate Paragon does not identify. *Gaylord v. United States*, 595 F.3d 1364, 1377 (Fed. Cir. 2010). On the two questions actually presented, the burden runs to Paragon: it must produce the signed writing § 204(a) requires and establish the work-for-hire predicate, and it concedes it has neither.

## III.    THE COURT CANNOT DECLARE OWNERSHIP OF A PATENT THAT DOES NOT EXIST.

Count Three rests on the allegation that Paragon's personnel alone conceived the inventions—an inventorship determination. The patent system explains why that defect is

jurisdictional. Inventorship is measured against the claims of a patent. An applicant first files an application whose claims define the asserted invention, and the Patent and Trademark Office then determines whether those claims are patentable. *See* 35 U.S.C. §§ 101–103, 112. A court's authority to determine or correct inventorship arises only after a patent issues. *See* 35 U.S.C. § 256. Here, no application was filed, no claims were examined, and no patent issued. Without claims against which conception can be measured, the Court lacks jurisdiction to determine inventorship or declare ownership of any resulting patent rights.

Count Three also presents no justiciable controversy. A federal court may declare rights only in "a case of actual controversy." 28 U.S.C. § 2201(a). It cannot adjudicate ownership of a patent that does not exist. Declaratory relief requires a definite and concrete controversy, not a decision on contingent future events that may never occur. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *Texas v. United States*, 523 U.S. 296, 300 (1998). Paragon does not engage this argument. Instead, it asserts that Defendants claim no patent rights. Even if true, that is backwards: disclaiming a nonexistent right does not create a controversy. It confirms there is none. No patent, no application, no controversy, as to any party. The Court has no jurisdiction to enter the declaration Paragon seeks, and nothing to declare. Count Three should be dismissed.

Paragon goes further and asks the Court to enter judgment in its favor on Count Three, calling Defendants' discovery answers "binding, verified admissions" that Defendants claim no patent rights. (Dkt. #217 at 5.) That inverts their consequence. Defendants stated they "do not presently assert any issued patent rights or pending patent applications," while expressly reserving "all rights regarding inventorship, joint inventorship, ownership, and related equitable or contractual claims." (Steelman Ex. 2, Interrog. No. 9 at 7.) A present non-assertion with an express reservation is not an admission that no right exists. Regardless, a declaratory plaintiff must

6

establish an actual controversy; it cannot derive entitlement to a declaration from the absence of one. If no party asserts a patent right and no patent or application exists, there is nothing to declare. That defeats Count Three; it does not prove it.

**CONCLUSION**

The facts are undisputed and the law is settled. Defendants respectfully request that the Court: (1) grant partial summary judgment that Paragon did not acquire any Defendant's copyright in the Paragon Truss Software by transfer under 17 U.S.C. § 204(a) or as a work made for hire under 17 U.S.C. § 101, and that Paragon may not rely on either theory of acquisition in this action; and (2) dismiss Count Three without prejudice for lack of subject-matter jurisdiction, no patent having issued and no application being pending on which a declaration of ownership could operate.

Dated this 3rd day of August, 2026.

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
Scott G. Salemi
State Bar Number: 1118960
33 East Main Street, Suite 500
Madison, WI 53701-2038
Phone: (608) 257-7181
Fax: (608) 257-2508
ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Defendant-Counterplaintiff

Electronically Signed By: */s/ Kirk Grundahl*
Kirk Grundahl
1130 Fairway Court
Lake Mills, WI 53551
Phone: 608-217-3713
kgrundahl@qualtim.com