UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT SYSTEMS, LLC,

        Plaintiff,

v.                                                                      Case No. 3:25-cv-00170-wmc

QUALTIM INC., CENTER FOR BUILDING
INNOVATION LLC, DRJ ENGINEERING LLC,
INSPIRED PURSUITS LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Defendants.

---

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
### TO DEFENDANTS' PROPOSED FINDINGS OF FACT

---

Pursuant to Federal Rule of Civil Procedure 56 and this Court's Summary Judgment

Procedures § III, Defendants reply to Plaintiff Paragon Component Systems, LLC's Response to

Defendants' Proposed Findings of Fact. Consistent with Procedure III.C, each proposed finding is

restated verbatim below, followed by Paragon's response and Defendants' reply.

The legal standards governing Paragon's responses are set out in Argument I of

Defendants' Reply Brief and are not repeated here. In brief, they are three: an objection that a fact

is "immaterial," or that a pleading or discovery response "speaks for itself," does not controvert

the fact (Procedure II.C); new, non-responsive matter asserted in a response is disregarded

(Procedure II.D.5); and proposed findings must state jurisdiction, the identity of the parties, and

the context of the dispute (Procedure I.B.3).

Measured against those standards, Paragon's responses leave the proposed findings

undisputed, as set out below.

## I.   PARTIES, JURISDICTION, AND NATURE OF THE ACTION.

1. Plaintiff Paragon Component Systems, LLC was founded in 2016 by Daniel Holland and his companies, including Paragon. Daniel Holland was Paragon's majority owner up through his unexpected death on January 17, 2024. (Dkt. #1 ¶¶ 9, 21; Dkt. #178 ¶¶ 2, 51.)

   **RESPONSE:** Disputed. Paragon Component Systems, LLC was founded on February 22, 2016 by Daniel Holland and John Holland. See Declaration of John Holland (Doc. 187 at ¶¶ 12, 14 and Exs. 1 and 2). Daniel Holland was only the majority owner of Paragon until December 31, 2016, when Lisa Holland became the third owner of Paragon. Id. at ¶ 16 and Ex. 4.

   **REPLY:** Paragon's response disputes only immaterial detail, the founding date and the later addition of other owners. The evidence Paragon cites, Dkt # 187 ¶¶ 12, 14, 16 and Exhibits 1, 2 and 4, does not controvert either fact material here, that Daniel Holland founded Paragon in 2016 and that he died on January 17, 2024. The facts are thus undisputed. (*See* Defs.' Reply Br., Arg. I.)

2. John Holland is presently the sole member of Paragon and one of Paragon's Rule 30(b)(6) corporate designees in this action. (Dkt. #1 ¶ 9; Holland Dep. (May 13, 2026), Ex. 1 to Grundahl Decl. (June 22, 2026).)

   **RESPONSE:** Undisputed that John Holland was one of Paragon's Rule 30(b)(6) witnesses in this litigation, but Paragon objects to this as a fact that is not material to the issues raised in Defendants' summary judgment motion. Disputed that John Holland is presently the sole member of Paragon. In 2026, Zach Hubbs became a member of Paragon. See Declaration of John Holland (Doc. 187 at ¶ 17).

   **REPLY:** Paragon does not dispute that John Holland is one of its Rule 30(b)(6) corporate designees, the only part of ¶ 2 on which Defendants rely. The addition of Zach Hubbs as a member in 2026 is immaterial to any issue on this motion, and Defendants do not rely on the sole-membership statement. The proposed fact is thus undisputed. (*See* Defs.' Reply Br., Arg. I.)

3. The Defendants are Qualtim, Inc., a Wisconsin corporation; DrJ Engineering, LLC and Center for Building Innovation, LLC, its affiliated entities; Inspired Pursuits, LLC, a Wisconsin limited-liability company; and Kirk Grundahl and Suzanne Grundahl, individuals and citizens of Wisconsin. Kirk Grundahl is the principal owner of Qualtim and its affiliates. (Dkt. #1 ¶¶ 4, 10–13.)

   **RESPONSE:** Undisputed, but Paragon objects to these facts as not material to the issues raised in Defendants' summary judgment motion.

   **REPLY:** Paragon does not dispute this fact; its immateriality objection supplies no contrary evidence. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

4.  Paragon invokes this Court's federal-question subject-matter jurisdiction under 28 U.S.C. § 1331 (the copyright and patent claims arising under 17 U.S.C. §§ 101 et seq. and 35 U.S.C. §§ 101 et seq.) and its diversity jurisdiction under 28 U.S.C. § 1332, with declaratory relief sought under 28 U.S.C. §§ 2201–2202. (Dkt. #1 ¶¶ 16–18.) Defendants do not dispute subject-matter jurisdiction except as to the patent claim (Count Three), addressed in Argument II.B.

    **RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its subject matter jurisdiction claims and refers the Court to the allegations in the Complaint, which speak for themselves. (Doc. 1 at ¶¶ 16-18). Paragon further objects to these facts as not material to the issues raised in Defendants' summary judgment motion.

    **REPLY:** The fact recites Paragon's own jurisdictional allegations; the "speaks for themselves" objection supplies no contrary fact and does not controvert it. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

5.  Paragon filed this declaratory-judgment action on July 23, 2024, in the United States District Court for the Eastern District of Tennessee, No. 1:24-cv-00246, and the action was transferred to this Court, No. 3:25-cv-00170-wmc, by order entered March 6, 2025. (Dkt. #1, 73.)

    **RESPONSE:** Undisputed, but Paragon objects to these facts as not material to the issues raised in Defendants' summary judgment motion.

    **REPLY:** Paragon does not dispute this fact; its immateriality objection supplies no contrary evidence. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

6.  In Count One, Paragon seeks a declaration that it is the sole and exclusive owner of all copyright rights in the Paragon Truss Software; in Count Three, it seeks a declaration as to all patent rights and "any patents that may issue thereon." (Dkt. #1 ¶¶ 8, 54–55, 95, 104–105.)

    **RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its claims and refers the Court to the allegations in the Complaint, which speak for themselves. (Doc. 1 at pg. 13-15, 17-19).

    **REPLY:** The fact quotes Paragon's own Complaint; the "speaks for themselves" objection supplies no contrary fact and does not controvert it. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

7.  Paragon alleges that the Qualtim Defendants "provide engineering and consulting services" and that Paragon "engaged" them to "verify and test" software code Paragon had already developed. (Dkt. #1 ¶¶ 30, 34.)

    **RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its allegations and refers the Court to the allegations in the Complaint, which speak for themselves and should be considered in the context of the entire pleading. (Doc. 1 at ¶¶ 30, 24)..

3

**REPLY:** The fact tracks Paragon's own pleading; the "speaks for themselves" objection supplies no contrary fact and does not controvert it. The proposed fact is thus undisputed. (*See* Defs.' Reply Br., Arg. I.)

8.    In a verified interrogatory response, Paragon stated that it "develops software for the truss industry and does not undertake engineering work as this interrogatory contends," and that it "has relied on Kirk Grundahl and his companies for engineering consulting services." (Paragon's Verified Resp. to Defs.' 1st Set Interrogs. No. 23 (Feb. 26, 2025), Ex. 2 to Grundahl Decl. (June 22, 2026).)

**RESPONSE:** Undisputed, but immaterial to any issues raised in Defendants' summary judgment motion.

**REPLY:** Paragon does not dispute this fact; its immateriality objection supplies no contrary evidence. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

9.    Defendants assert that they were not Paragon's employees but co-venturers and partners with Daniel Holland and his companies in a broad business relationship, beginning in approximately 2009, of which the Paragon Truss Software was one part; that relationship ended after Daniel Holland's death on January 17, 2024. (Dkt. #178 ¶¶ 11, 52, 99.)

**RESPONSE:** Undisputed that Defendants make the foregoing assertions in their Answer and Counterclaim. As outlined in Paragon's Motion for Summary Judgment and supporting materials, Paragon disputes Defendants' assertions that they were "co-venturers and partners with Daniel Holland and his companies in a broad business relationship" or that "the Paragon Truss Software was one part" of any such relationship. *See e.g.,* Doc. 186; Doc. 193 at ¶¶ 49-82, 83-97. These assertions are also immaterial to any issues raised in Defendants' summary judgment motion.

**REPLY:** Paragon does not dispute that Defendants make these assertions, which is all ¶ 9 proposes. Its disagreement with the underlying assertion supplies no contrary fact as to ¶ 9. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

## II.    ASSIGNMENT AND TRANSFER.

10.    In its Complaint, Paragon alleges that it "has not…executed any written assignment or any other agreement assigning any…right, title, or interest" in the software, and that "[t]here is no agreement between Paragon and any Defendant that assigns any right, title, or interest" in the software. (Dkt. #1 ¶¶ 26, 36.)

**RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its allegations and refers the Court to the allegations in the Complaint, which speak for themselves and should be considered in the context of the entire pleading. (Doc. 1 at ¶¶ 26, 36). Nevertheless, it is undisputed that Paragon never assigned any rights or interest in the Paragon Truss Software to any Defendant. See Declaration of John Holland (Doc. 187 at ¶¶ 28, 56); and Defendants Answer to Paragon's Complaint (Doc. 178 at ¶¶ 68, 84, 102, 124, 145).

4

**REPLY:** The fact quotes Paragon's own Complaint; the objection supplies no contrary fact and does not controvert it. Paragon's "nevertheless" statement addresses the converse direction, an assignment from Paragon to Defendants, and does not dispute the fact proposed, which is that no agreement assigns any interest between Paragon and any Defendant. Paragon's own declarant confirms the point: "There has never been any written assignment, license, partnership, or joint venture agreements of any kind between Paragon and the Grundahls or any of their Qualtim entities." (Dkt. #187 ¶ 56.) The proposed fact is thus undisputed. (*See* Defs.' Reply Br., Arg. I.)

11.    Paragon's verified interrogatory response states that "there has never been a sale, assignment, or transfer of any ownership interest, in whole or in part, of the Paragon Truss Software." (Paragon's Verified Resp. to Defs.' 1st Set Interrogs. No. 21 (Feb. 26, 2025), Ex. 2 to Grundahl Decl. (June 22, 2026).)

**RESPONSE:** Undisputed, but immaterial to any issues raised in Defendants' summary judgment motion.

**REPLY:** Paragon does not dispute this fact; its immateriality objection supplies no contrary evidence. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

12.    Asked to produce all instruments granting, transferring, or assigning ownership of the software to Paragon, Paragon identified no such agreement, assignment, license, or other instrument, and stated that its work-for-hire and intellectual-property assignment agreements are between Paragon and its software developers. (Paragon's Resp. to Represented Pls.' 1st Set Reqs. for Produc. No. 38 (No. 3:25-cv-00075-wmc), Ex. 3 to Grundahl Decl. (June 22, 2026); Paragon's Resp. to Defs.' 3d Set Reqs. for Produc. No. 22, Ex. 4 to Grundahl Decl. (June 22, 2026).)

**RESPONSE:** Paragon objects to the foregoing statement as compound and argumentative, rather than factual. Nevertheless, it is undisputed that Paragon never assigned any rights or interest in the Paragon Truss Software to any Defendant and Paragon did not require any Defendant to execute a work-for-hire agreement because Qualtim employees never wrote or provided any source code to Paragon. See Declaration of John Holland (Doc. 187 at ¶¶ 28, 56, 59). It is undisputed that Paragon's software developers are subject to work-for-hire and intellectual-property assignment agreements.

**REPLY:** The "compound and argumentative" objection supplies no contrary fact. The proposed finding is drawn from Paragon's own discovery responses and is uncontroverted. Paragon stated it "does not have any agreements, assignments, licenses, or other instruments with itself" (Grundahl Decl. Ex. 3, Resp. to RFP No. 38) and identified its work-made-for-hire and intellectual-property assignment agreements as agreements "between Paragon and its software developers" (Grundahl Decl. Ex. 4, Resp. to RFP No. 22). Paragon's added assertion that no agreement was needed "because Qualtim employees never wrote or provided any source code" is non-responsive new matter that should be disregarded (Procedure II.D.5) and rests on the record of Paragon's separate motion. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

13.     No Defendant executed any written assignment of its interest in the software to Paragon. (Grundahl Decl. (June 22, 2026) ¶ 4.)

**RESPONSE:** It is undisputed that there is no written assignment between any Defendant and Paragon. However, as outlined in Paragon's Motion for Summary Judgment and supporting materials, Paragon disputes that Defendants have ever had any interest in the Paragon Truss Software to transfer. See e.g., Doc. 186.

**REPLY:** Paragon does not dispute that no Defendant signed a written assignment. Its assertion that Defendants had "no interest to transfer" goes to the separate contribution question this motion does not reach and supplies no contrary fact as to ¶ 13. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

## III.    WORK MADE FOR HIRE.

14.     In its Complaint, Paragon alleges that development of the software was completed by "employees and contractors of Paragon, within the scope of their employment and subject to work-made-for-hire and intellectual-property assignment provisions." (Dkt. #1 ¶ 27.)

**RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its allegations and refers the Court to the allegations in the Complaint, which speak for themselves and should be considered in the context of the entire pleading. (Doc. 1 at ¶ 27). Nevertheless, it is undisputed that Paragon hired employees and independent contractors as software developers, who expressly assigned to Paragon all their ownership rights in any software or other copyrightable work that they created for the Paragon Truss Software and all related intellectual property. (Doc. 187 at ¶¶ 29-36, 42, 59).

**REPLY:** The fact quotes Paragon's own pleading; the objection supplies no contrary fact, and does not controvert it. This Court recited the same allegation in denying dismissal, noting that Paragon's contractors were engaged "subject to work-made-for-hire and intellectual-property assignment provisions," "although neither of the contract terms are attached to or quoted in the complaint." (Dkt. #179 at 3.) Paragon's added statements about its developers' assignments are non-responsive new matter (Procedure II.D.5). The proposed fact is thus undisputed. (*See* Defs.' Reply Br., Arg. I.)

15.     Paragon further alleges that, as a work made for hire, "Paragon owns all of the copyright rights in the Paragon Truss Software." (Dkt. #1 ¶¶ 54–55, 63.)

**RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its allegations and refers the Court to the allegations in the Complaint, which speak for themselves and should be considered in the context of the entire pleading. (Doc. 1 at ¶¶ 54-55, 63). Nevertheless, Paragon does not dispute that it claims ownership of all of the copyright rights in the Paragon Truss Software. See e.g., Doc. 1; Doc. 186.

**REPLY:** Paragon does not dispute that it pleaded and asserts work made for hire as a basis for ownership. The fact is thus undisputed. (*See* Defs.' Reply Br., Arg. I.)

6

16.   The Defendants were not employees of Paragon; Paragon did not place them on its payroll, provide them employee benefits, withhold taxes for them, or direct how they did their work. (Grundahl Decl. (June 22, 2026) ¶ 3.)

**RESPONSE:** Undisputed.

**REPLY:** Paragon does not dispute this fact. Undisputed. (See Defs.' Reply Br., Arg. I.)

17.   Paragon admits it has no work-for-hire agreement with any Defendant; never requested Qualtim to execute a work-for-hire agreement; its only work-for-hire and intellectual-property assignment agreements are "between Paragon and its software developers." (Paragon's Resp. to Defs.' 3d Set Reqs. for Produc. No. 22, Ex. 4 to Grundahl Decl. (June 22, 2026); Holland Dep. 162:19–21 (May 13, 2026), Ex. 1 to Grundahl Decl. (June 22, 2026). Defendants also confirmed there were no such agreements. Grundahl Decl. (June 22, 2026) ¶ 5.).

**RESPONSE:** Paragon objects to the foregoing statement as compound and argumentative, rather than factual. Nevertheless, it is undisputed that Paragon never required any Defendant to execute a work-for-hire agreement because Qualtim employees never wrote or provided any source code to Paragon. See Declaration of John Holland (Doc. 187 at ¶¶ 28, 56, 59). Further undisputed that Paragon hired employees and independent contractors as software developers, who expressly assigned to Paragon all their ownership rights in any software or other copyrightable work that they created for the Paragon Truss Software and all related intellectual property. (Doc. 187 at ¶¶ 29-36, 42, 59).

**REPLY:** The "compound and argumentative" objection supplies no contrary fact. Paragon's own Rule 30(b)(6) designee confirmed the finding under oath. Asked "Did Paragon ever request that Qualtim execute a work-for-hire agreement?", John Holland answered "No, sir," and, asked why not, "The best answer I can give is we didn't think it necessary." (Grundahl Decl. Ex. 1 Holland Dep. 162:19–24 (May 13, 2026).) Paragon's response concedes the same point in its own words: "Paragon never required any Defendant to execute a work-for-hire agreement." Its declarant says the same, that "[t]he consulting arrangement between Paragon and Qualtim was informal and never memorialized in any written agreement." (Dkt. #187 ¶ 56.) Paragon's added "because" clause and its developer-assignment statements are non-responsive new matter (Procedure II.D.5). The proposed fact is thus undisputed. (*See* Defs.' Reply Br., Arg. I.)

## IV.   PATENT RIGHTS.

18.   In Count Three, Paragon alleges that it is "the sole and exclusive owner of all patent rights and patentable inventions in the Paragon Truss Software," that the software "includes certain inventions that may be the subject of patent protection" under 35 U.S.C. § 101 et seq., and seeks ownership of "any and all inventions and patents that issue thereon." (Dkt. #1 ¶¶ 95, 96, 104–105.)

**RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its allegations and refers the Court to the allegations in the Complaint, which speak for

themselves and should be considered in the context of the entire pleading. (Doc. 1 at ¶¶ 95, 96, 104-105). Nevertheless, Paragon does not dispute that it claims to own all of the patent rights and patentable material in the Paragon Truss Software. See e.g., Doc. 1; Doc. 186.

**REPLY:** Paragon does not dispute that it seeks the declaration described, including as to "patents that [may] issue thereon." Undisputed. (*See* Defs.' Reply Br., Arg. I.)

19.    Paragon alleges that "[e]mployees of Paragon alone contributed to the conception of the inventions" in the software, and that "[n]o Defendant contributed to the conception of the inventions." (Dkt. #1 ¶¶ 97, 100.)

**RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its allegations and refers the Court to the allegations in the Complaint, which speak for themselves and should be considered in the context of the entire pleading. (Doc. 1 at ¶¶ 97, 100). Nevertheless, to the extent the Paragon Truss Software contains patentable inventions, it is undisputed that Paragon's employees and independent contractors exclusively conceived of and authored such source code. See Declaration of John Holland (Doc. 187 at ¶¶ 29, 32, 59, 61).

**REPLY:** Paragon does not dispute that Count Three rests on a conception and inventorship allegation. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

20.    Paragon alleges that it has not assigned any patent rights to any Defendant and that no Defendant may claim joint ownership under 35 U.S.C. § 261. (Dkt. #1 ¶¶ 102–103.)

**RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its allegations and refers the Court to the allegations in the Complaint, which speak for themselves and should be considered in the context of the entire pleading. (Doc. 1 at ¶¶ 102-103). Nevertheless, Paragon does not dispute that it has not assigned any patent rights to Defendants and Defendants do not have a claim of ownership (under 35 U.S.C. § 261 or otherwise) in the Paragon Truss Software. See e.g., Doc. 1; Doc. 186.

**REPLY:** Paragon does not dispute that it has not assigned any patent rights to any Defendant and that no Defendant claims patent ownership. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

21.    Paragon's Rule 30(b)(6) corporate designee John Holland testified that Paragon has made no patent applications relating to the software: asked "Has Paragon made any patent applications relating to the Paragon Truss Software?", he answered "No, sir." (Holland Dep. 83:14–17 (May 13, 2026), Ex. 1 to Grundahl Decl. (June 22, 2026).)

**RESPONSE:** It is undisputed that Paragon has not filed for any patents relating to its Paragon Truss Software. See Declaration of John Holland (Doc. 187 at ¶¶ 47-48).

**REPLY:** Paragon does not dispute that no patent application has been filed. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

22.    Paragon admits that it "does not have any responsive and non-privileged issued patents or pending patent applications in its possession, custody or control." (Paragon's Resp. to Defs.' 3d Set Reqs. for Produc. Nos. 20, 27, Ex. 4 to Grundahl Decl. (June 22, 2026).)

**RESPONSE:** It is undisputed that Paragon has not filed for any patents relating to its Paragon Truss Software. See Declaration of John Holland (Doc. 187 at ¶¶ 47-48).

**REPLY:** Paragon does not dispute that it holds no issued patent or pending application. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

23.    Paragon states that no documents exist showing any change in its position regarding whether any aspect of the software should be the subject of patent protection or a patent application. (Paragon's Resp. to Defs.' 3d Set Reqs. for Produc. No. 52 ("no responsive documents exist"), Ex. 4 to Grundahl Decl. (June 22, 2026).)

**RESPONSE:** It is undisputed that Paragon has not filed for any patents relating to its Paragon Truss Software. See Declaration of John Holland (Doc. 187 at ¶¶ 47-48). Disputed and immaterial to the extent that the alleged fact implies a "change in its position" relating to Paragon's patent rights. Paragon remains entitled to seek patent protection relating to the Paragon Truss Software as set forth in Title 37 of the Code of Federal Regulations.

**REPLY:** Paragon does not dispute that no responsive documents exist and no application has been filed. Its reservation of a right to seek patent protection in the future supplies no contrary fact and does not controvert the finding. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

24.    In objecting to a request for documents concerning patent rights in the software, Paragon represents that any subject matter that "may have been patentable at one time" has "been commercially on sale for more than one year or otherwise is no longer eligible for patent protection under applicable patent laws." (Paragon's Resp. to Defs.' 3d Set Reqs. for Produc. No. 23, Ex. 4 to Grundahl Decl. (June 22, 2026).)

**RESPONSE:** Paragon objects to Defendants' incomplete characterizations of its discovery response and refers the Court to the complete response, which speak for itself and should be considered in the context of the entire objection and response. (Paragon's Resp. to Defs.' 3d Set Reqs. for Produc. No. 23, Ex. 4 to Grundahl Decl. (June 22, 2026)). Paragon objected only to the extent that Defendants' specific discovery request related to subject matter no longer eligible for patent protection; it did not state, admit, or otherwise aver that the Paragon Truss Software contained no patent eligible material. Paragon remains entitled to seek patent protection relating to the Paragon Truss Software as set forth in Title 37 of the Code of Federal Regulations.

**REPLY:** The quoted language is Paragon's own, taken verbatim from its written response to Request for Production No. 23. Defendants do not read that objection as an admission that software contains no patentable subject matter, and no such reading is necessary. What is undisputed, and what ¶ 24 proposes, is that Paragon made that objection in those words and has identified no patentable subject matter, no issued patent and no pending application anywhere in this record. (*See* PFOF ¶¶ 21, 22, 23, 25.) Paragon's reservation of a future

9

right to seek patent protection confirms rather than controverts the point. The proposed fact is undisputed as so limited. (*See* Defs.' Reply Br., Arg. I.)

25.    Based on the review and analysis of Paragon's document production in this action, Paragon has produced no issued patent, no patent application (provisional or non-provisional), no invention disclosure, and no patent-prosecution document relating to the software. (Grundahl Decl. (June 22, 2026) ¶ 6.)

**RESPONSE:** It is undisputed that Paragon has not filed for any patent relating to its Paragon Truss Software. See Declaration of John Holland (Doc. 187 at ¶¶ 47-48).

**REPLY:** Paragon does not dispute this fact. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

26.    No Defendant has filed a patent application directed to the software. (Grundahl Decl. (June 22, 2026) ¶ 7.)

**RESPONSE:** Undisputed.

**REPLY:** Paragon does not dispute this fact. Undisputed. (*See* Defs.' Reply Br., Arg. I.)

27.    Defendants' Counterclaim seeks no declaration of patent ownership. (Dkt. #178.)

**RESPONSE:** Undisputed that Defendants do not claim any patent rights in the Paragon Truss Software or its source code. See Declaration of Erin E. Steelman, Ex. 1 and Ex. 2, Defendants' 2026-03-20 Responses to Interrogatory No. 5 and Interrogatory No. 9; and Doc. 182 at 6-9.

**REPLY:** Paragon does not dispute that Defendants' Counterclaim seeks no declaration of patent ownership, which is all ¶ 27 proposes. Defendants' position is as stated in their sworn supplemental interrogatory response, which Paragon itself placed before the Court: Defendants "do not presently assert any issued patent rights or pending patent applications in connection with the Paragon Truss Software or the contributions identified herein," and "expressly reserve all rights regarding inventorship, joint inventorship, ownership, and related equitable or contractual claims" to the extent any contribution embodies patentable subject matter. (Steelman Decl. Ex. 2, Interrog. No. 9 at 7.) Nothing in that response is inconsistent with ¶ 27, and Paragon identifies no contrary fact. The proposed fact is thus undisputed. (See Defs.' Reply Br., Arg. III.)

Dated this 3rd day of August, 2026.

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number: 1118960
    33 East Main Street, Suite 500
    Madison, WI 53701-2038
    Phone: (608) 257-7181
    Fax: (608) 257-2508
    ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Defendant-Counterplaintiff

Electronically Signed By: */s/ Kirk Grundahl*
    Kirk Grundahl
    1130 Fairway Court
    Lake Mills, WI 53551
    Phone: 608-217-3713
    kgrundahl@qualtim.com

11