# Exhibit B

**From:** Kirk Grundahl <kgrundahl@qualtim.com>
**Sent:** Sunday, August 23, 2026 5:54 AM
**To:** Eileen Rumfelt; David Moreland; James Williams
**Cc:** asawhill; Diane Paszkiewicz; Leslie V. Nieves; Tamar Kelber; Laura Burnett; Erin Steelman; Diane Paszkiewicz; cswinick; mallsup; cgilbreath; Tamar Kelber; Zeeck, Brian; Josh Greenberg; Stephan Wright; Scott G. Salemi; Leslie V. Nieves; Sonya Braunschweig; Suzi Grundahl; Tj Vita
**Subject:** RE: '170 & '75 Action on AEO -- Facts Per Status Hearing -- Virtual Meeting With Judge Conley at Home

**Categories:** Smokeball

TRUSTED FOR Inbox Delivery

Counsel,

My re-cap of our conferral follows.

Per your review, please correct any incorrect fact.

Judge Boor's guidance on discovery motions: "This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order."[i]

AEO -- The overwhelming majority of the material Paragon has designated Attorneys' Eyes Only does not meet the standards that Paragraph 8 of the Amended Protective Order actually requires.

1. AEO designations must objectively show that disclosure creates a substantial risk of serious harm that the Confidential tier would not already prevent.[ii]
2. Paragon is a software company. It states publicly it is not an engineering company. It makes no warranty about any truss design engineering information it provides.[iii]
3. Qualtim/DrJ Engineering perform professional engineering related work. CBI is a testing company.
4. Paragon has also represented consistently that its software is built entirely from public domain literature, a position difficult to reconcile with treating its financial performance, customer communications, non-source-code related information or deposition testimony as so sensitive that the party whose own engineering contributions are at issue cannot see it.[iv]
5. Magistrate Judge Boor's May 1, 2026 order already struck the subjective good faith belief language from Paragraphs 7 through 9 of the Protective Order.[v]
6. The standard is now objective, state the substantial risk of harm. Belief that harm might occur is no longer enough.[vi]
7. Judge Conley's own guidance at the August 18 status conference, that the AEO dispute is sauce for the gander and either side may bring it to the court, confirms this is the right question to put to the Court if Paragon does not withdraw the bulk of its AEO designations voluntarily.[vii]

Tortious Interference Claim – There is a good faith basis to question whether Paragon's tortious interference claim was adequately investigated before it was filed.

1. Paragon has asserted that the conduct at issue caused it to lose at least $1,000,000 in revenue. This $1,000,000 started with its pleading on December 10, 2024, when it first sought leave to add the claim in EDTN.[viii]
2. Twenty months later, Paragon has produced no computation, no underlying data, and no discovery response explaining how that number was derived, despite requests to do so.[ix]
3. When it was pleaded, Rule 11 required Paragon to have evidentiary support for that figure. Not to be determining the basis for it when discovery closes.[x]

4. Either that support existed in December 2024, and should have been produced long ago, or the figure was asserted without support for it.

We raise both points together because they compound one another.

If Paragon will not identify the business relationships it says were interfered with, and continues to hold routine information behind an AEO wall its own conduct and business model do not justify, it is impossible to test all complaint/damage theories that Paragon has alleged from the origin of this case.

Scott's point of view was well stated in our conferral and again in yesterday's letter. All this said the obligation to identify a supportable basis for all AEO and the tortious interference claim/damages number belongs to Paragon alone.

September 11 Deposition -- Per Judge Conley's hearing I was asked if I could hold the deposition on September 11th.[xi] I said yes based upon internal discussions setting aside that date but anticipating that the entire deposition schedule was going to be worked through in an organized, and negotiated manner. Given my Basal cell carcinoma surgery near my ear and over my jaw, I have a dental appointment in Lake Mills on September 11 at 11:40 am that will take approximately an hour, i.e. a reasonable lunch break. Given the difficulty in getting on the Dentist's schedule, I intend to keep this appointment. It is clear that the deposition can be taken virtually as has been done in the past multiple times, allowing both needs to be easily accomplished. Otherwise, I have blocked off and can hold an in-person deposition on Friday October 9 or 16, which is far enough in advance to ensure there are no important Qualtim business conflicts scheduled.

Thank you.

Kirk

PS: For the group's reference the following is a chronology of a few of the scheduling accommodations that have been extended to Paragon and Miller & Martin in the recent past.[xii]

| Date | Accommodation Extended | Response |
|---|---|---|
| Mar 30, 2026 | Salemi proposes a genuinely reciprocal deposition schedule up front: Kirk 2 days, John Holland 2 days. | No response for 10 days. Paragon missed the court-ordered April 1 deadline that its own silence caused, then attributed the missed deadline to Salemi. Source: 260331 Memo re Coordinated Deposition Schedule in '75 and '170 actions; Steelman Apr. 15, 2026 email. |
| Apr 14, 2026 | Agreement on a conferral call that whatever number of deposition days is required of him will apply symmetrically to John Holland. No party objects on the call. | Steelman's Apr. 15, 2026 email disputes the reciprocity Kirk had proposed and calls it retaliation: "you still have not provided any justification for an extended deposition of John Holland beyond mere retaliation." Source: Salemi Apr. 14, 2026 conferral summary; Steelman Apr. 15, 2026 email. |
| Apr 17, 2026 | Salemi offers a reciprocal three-day proposal, Kirk 3 days and Holland 3 days, with a full ten-topic list for Holland provided the same morning. | Steelman accepts the 3-day limit on Kirk within hours ("Paragon agrees to the proposed three-day schedule for Mr. Grundahl's personal and 30b6 depositions") but is silent on the reciprocal Holland proposal and all ten Holland topics for the rest of that day and beyond. Source: Salemi Apr. 17, 2026 11:07 a.m. email; Steelman Apr. 17, 2026 3:21 p.m. email. |
| Apr 30 to May 6, 2026 | Following Attorney Kabakoff's death, Qualtim agrees without objection to pause the case, then to move Bierema, Suzi Grundahl, Kirk, and Hershey's deposition dates and to extend the Sheatsley report and summary judgment deadlines, all at Paragon's request. | Paragon initiated each request; there was no reciprocal accommodation to record on this round because Qualtim was the party granting relief throughout. Source: Williams Apr. 30, 2026 7:58 a.m. email; Williams May 6, 2026 email. |
| May 29, 2026 | Agreement to appear in person for his June 3 deposition, as Paragon demands, preserving all objections, in order to keep the case moving. | Paragon reverses, without motion under Rule 26(c), the virtual-format practice its own counsel admits it had extended "as a courtesy to the defendants," and threatens sanctions if Kirk appears remotely: "Should you not physically appear in person ... Paragon will seek all applicable sanctions." Paragon had itself stipulated to remote appearance for Adam Heise, Eric Helmueller, John Holland, and Marvin B. Speed. Source: Williams May 29, 2026 8:08 a.m. email; Kirk's May 29, 2026 response letter. |
| Jun 9, 2026 | The parties agree on a final day of deposition on June 15, 2026, and Qualtim holds that date. | Paragon subsequently advises it is no longer available on June 15, and the deposition is deferred. Source: 260821 Draft Follow-Up Letter re 8-20 Conferral, deposition-scheduling account; Salemi Aug. 17, 2026 email. |
| Aug 18 to 19, 2026 | Salemi confirms Paragon's request for additional time to respond to Defendants' interrogatories, made because Paragon's client contact was "out of town with his family," moving the response date from Aug. 19 to Aug. 24, 2026. | Reciprocated in kind. Williams thanks Salemi for the extension the following day, though disputing other characterizations: "Thanks for confirming the extension, though we obviously disagree with your characterizations and accusations." Source: Williams Aug. 18, 2026 9:59 p.m. email; Williams Aug. 19, 2026 5:26 p.m. email. |
| Aug 19 to 20, 2026 | Despite having already given more than 21 hours of certified deposition testimony across three days, Salemi agrees to a further combined day (Sept. 11) covering remaining fact and | Paragon accepts the offered September dates for Grundahl, Vogt, Arquilla, S. Grundahl, and Sheatsley within one business day, a rare instance of |

| Date | Accommodation Extended | Response |
|---|---|---|
| | expert testimony, and agrees to matching treatment for John Holland. | prompt reciprocal scheduling. Source: Salemi Aug. 19, 2026 5:41 p.m. email; Williams Aug. 19, 2026 9:42 p.m. email. |
| Aug 20, 2026 | Eileen Rumfelt double-books herself for the scheduled 3:00 p.m. CT AEO conferral and asks Qualtim's counsel to move the call to 1:30 or 2:00 p.m. ET; the call is moved to accommodate her. | Eileen Rumfelt acknowledges the accommodation in writing: "We very much appreciate the flexibility." Source: Rumfelt Aug. 20, 2026 1:18 p.m. and 2:36 p.m. emails. |

End notes containing fact based references are found at the very bottom of this email.