IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT
SYSTEMS, LLC,

Plaintiff,

v.

QUALTIM, INC., *et al.*,

Defendants.

OPINION and ORDER

25-cv-170-wmc

---

Plaintiff Paragon Component Systems, LLC originally sued defendants for a declaratory judgment that it is the sole owner of certain structural truss design software. The court granted plaintiff leave to amend its complaint to add a tortious interference claim in June 2026. Dkt. 179. For that claim, plaintiff alleges that self-represented defendant Kirk Grundahl sent three emails disparaging plaintiff to around 1500 people in the industry, and those emails caused plaintiff to lose business. Dkt. 196 at 5. Defendants, including Mr. Grundahl and the three defendant companies for which he is a principle, propounded discovery seeking information related to the tortious interference claim. They have now filed a motion to compel, asking the court to order plaintiff to supplement its response to Interrogatory No. 3 and portions of its Rule 26 initial disclosures. Defendants also ask the court to order plaintiff to remove the "Attorneys' Eyes Only" designation from its interrogatory response and associated documentation so Mr. Grundahl, who is representing himself, may view it. Dkt. 283. Plaintiff, in turn, has filed a cross-motion, asking the court to order defendants to remove the "Attorneys' Eyes Only" designation from the list of people who received the emails forming the basis of the tortious interference claim. Dkt. 292.

For the reasons that follow, the court GRANTS in part and DENIES in part both motions. It also makes an adjustment to the case schedule to account for this ruling.

DISCUSSION

**A. Defendants' motion to compel supplementation, Dkt. 283**

The court first considers the interrogatory response. Interrogatory No. 3 asks plaintiff to "Identify each customer, existing or prospective, that You claim Paragon lost, in whole or in part, as a result of the [the three emails sent by Mr. Grundahl], including the business lost from each." Dkt. 284-1 at 11. Plaintiff responded that "at least the following companies have been negatively impacted" by the emails, "leading to loss of business opportunities and lost sales from Paragon." *Id.* Plaintiff then provided a bulleted list, with each bullet containing a company name, sometimes followed by a website and a description of the company. *Id.* at 11-13. This list is followed by a narrative that explains plaintiff is still assessing and calculating the impacted lost sales, while referencing its general pricing for different levels of customer plans. *Id.* at 12-13. It also reports that plaintiff "has heard" that the emails have "created confusion" and that plaintiff has "faced questions and skepticism regarding its products" due to the emails. *Id.* at 13.

A tortious interference claim requires plaintiff to prove that "(1) it had a contract or prospective contractual relationship with a third party; (2) defendants interfered with the relationship; (3) the interference was intentional; (4) a causal connection exists between the interference and the damages; and (5) defendants were not justified or privileged to interfere." *Ramsey Hill Expl., LLC v. JGS All Am. Constr., LLC*, No. 19-cv-082-wmc, 2019 WL 2745076, at *2 (W.D. Wis. July 1, 2019). Interrogatory No. 3 seeks information relevant to these

elements, and the requested information is narrowly tailored, so it is not disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Despite this, plaintiff's current response falls short of providing the relevant, proportional information sought in a couple of ways. For one, the response lists company names, but this does not actually specify the "contract or prospective contractual relationship" with which defendants allegedly interfered. *See Ramsey*, 2019 WL 2745076 at *2. Plaintiff must better explain the relationships and contracts at issue, including whether they were existing or prospective. For another, plaintiff must also better explain the damages associated with each disrupted relationship. It is not sufficient to generally describe plaintiff's pricing scheme and concerns about confusion and skepticism. Plaintiff must articulate the business it believes it lost from each disrupted relationship.

The court next turns to the initial disclosures. For people with knowledge of its claims, plaintiff listed four people by name—its president, its CEO, and defendants Kirk and Suzanne Grundahl. Dtk. 284-2 at 1-2. It also cited the list of the email recipients by Bates stamp, explaining it "believes" the list "includes the identity of one or more potential Paragon customers who chose not to do business with Paragon as a result of" the emails. *Id.* at 3. For the computation of each category of damages claimed, plaintiff stated, in full: "Paragon will be relying on expert proof to support its claim for damages and will supplement this response upon the production of its expert report." *Id.* at 4.

These disclosures are deficient. As for people with knowledge, it is not sufficient for plaintiff to cite to a list of 1500 people and expect defendants to know who plaintiff may call to support its claims. Plaintiff needs to identify—by name—"each individual likely to have

discoverable information." Plaintiff listed nineteen companies in its interrogatory response, Dkt. 284-1 at 11-12, so that seems like a logical place to start.

As for damages, plaintiff, at minimum, should be in a position to provide the various categories of damages it is seeking (e.g., lost licensing revenue, lost project sales, etc.). While some supplementation is anticipated, in light of the case's posture, plaintiff should also be in a position to provide the methods it will use for calculating those categories of damages. Plaintiff argues that this is premature, but the emails forming the basis of the tortious interference claim were allegedly sent in October 2024. Dkt. 196 at 1-2. "At this point, plaintiff[ ] should be in a position to provide more than a bald assertion that [it is] reviewing the existence of . . . damages." *Sterling Serv. Grp., Inc. v. Sub-Zero, Inc.*, No. 25-cv-281-jdp, 2026 WL 1021249, at *4 (W.D. Wis. Apr. 15, 2026).

Plaintiff must complete this supplementation by September 28, 2026.

**B. Defendants' motion to re-designate, Dkt. 283, and plaintiff's cross-motion, Dkt. 292**

The parties both ask the court to order the other side to remove the "Attorneys' Eyes Only" designation from certain materials. Under the protective order entered in this case, the "Attorneys' Eyes Only" designation restricts access and use of marked materials to outside counsel and the parties' experts; in-house counsel and business people cannot review material bearing this designation. Dkt. 110-1 at 7.

Defendants focus on plaintiff's response to Interrogatory No. 3, discussed above. They say the "Attorneys' Eyes Only" designation prevents Mr. Grundahl from viewing the information because he is self-represented. They say this is unfair because he (and thus the defendant companies) are not able to assess information relevant to plaintiff's tortious interference claim. At minimum, they say they should know the companies and relationships

with which they are alleged to have interfered. Per defendants, there could be other reasons the relationships did not form or fell through, but they cannot investigate without having access to the information.

Plaintiff, for its part, focuses on the list of email recipients. The list is 72 pages long, and contains five fields of information: email address, first name, last name, address, and phone number. Dkt. 290-1. Plaintiff says the "Attorneys' Eyes Only" designation prevents Paragon's business representatives from fully investigating the scope of the alleged tortious interference. Per plaintiff, there may be people on the list who would have contacted plaintiff for business, but this cannot be assessed without having an internal person review the list and cross-reference it with plaintiff's information.

The protective order in this case allows parties to designate material as "Attorneys' Eyes Only" when it "contains highly sensitive technical information, such as designs, specifications, or schematics, that define or otherwise describe in detail the algorithms, structure, organization, or layout of software or hardware designs; or other highly sensitive business information, such as customers, suppliers, sales data, and other financial or business information, the disclosure of which could create a substantial risk of serious harm that could not be avoided by less restrictive means." Dkt. 110-1 at 3. The court has reviewed the materials at issue and, with one exception, does not find either side's use of the "Attorneys' Eyes Only" designation appropriate, primarily because the protections afforded "Confidential" material are exactly the sort of "less restrictive means" capable of mitigating any substantial risk of serious harm posed by their disclosure.

As for plaintiff's interrogatory response, whether plaintiff was in an existing relationship or in negotiations to enter into a relationship with certain business in 2024 does not appear

particularly sensitive in 2026, or at least not so sensitive that it warrants heightened protection. With that clarified, the websites and descriptions call for no additional protections. The same goes for plaintiff's perceived confusion and skepticism in the industry. All of this information warrants no more than a "Confidential" designation. The one bit of information that may qualify for an "Attorneys' Eyes Only" designation may be plaintiff's pricing information. If plaintiff takes measures to keep this information confidential and it is not generally known in the industry, plaintiff may redact this information from its "Confidential" production and maintain it as "Attorneys' Eyes Only" material.

As for defendant's list of recipients, the information contained in this list, in whole or in part, does not warrant heightened protection. While compilations like customer lists can be warrant special protections in some cases, this list does not appear to fit the bill. The list is a bare list of names and contact information. There are no companies attached to the names. Some of the email addresses have domain names that may provide a clue as to where the person works, but this information is not expressly provided. Nor is it clear what the person's role might be or what they do for the company. The names are not categorized in any discernable fashion. In short, the list doesn't have the hallmarks of a compilation of customer names that would warrant special protection. A "Confidential" designation is sufficient.

Because the court is allowing a "Confidential" designation, which restricts public access, plaintiff's motion for leave to file the list under seal, Dkt. 288, is GRANTED.

**C. Adjustment to the schedule**

The supplementation and resignation ordered may implicate the pending motion for partial summary judgment, so the court resets the schedule, set forth below. This leaves little time between the motion going under advisement and the first of the pretrial deadlines, but is

a consequence of the parties' actions. The parties must make best efforts to work diligently and cooperatively to meet the deadlines.

In light of this adjustment, defendants' unopposed motion for extension of time to reset the dispositive motion deadline, Dkt. 285, is DENIED as moot.

Plaintiff's unopposed motion to extend its expert disclosure deadline to September 28, Dkt. 298, is GRANTED.

ORDER

IT IS ORDERED that:

1. Defendant's motion to compel, Dkt. 283, is GRANTED in part and DENIED in part. Plaintiff must supplement and re-designate consistent with the guidance above by September 28, 2026.

2. Plaintiff's cross-motion, Dkt. 292, is GRANTED. Defendants must re-designate the subject materials consistent with the guidance above by September 23, 2026.

3. The parties bear their own costs on these discovery motions.

4. Briefing on the pending motion for partial summary judgment, Dkt. 293, is RESET:

    a. Defendants' supplement due October 8, 2026.

    b. Plaintiff's response due October 29, 2026.

    c. Defendants' reply due November 9, 2026.

5. Defendants' motion for extension of time, Dkt. 285, is DENIED as moot.

6. Plaintiff's motion for leave to seal, Dkt. 288, is GRANTED.

7. Plaintiff's unopposed motion for extension of time, Dkt. 298, is GRANTED.

Entered September 18, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge