UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS, LLC,

Plaintiff,

v. Case No. 3:25-cv-00170-wmc

QUALTIM INC., CENTER FOR BUILDING INNOVATION LLC, DRJ ENGINEERING LLC, INSPIRED PURSUITS LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,

Defendants.

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCLOSURES RELATING TO COUNT SIX TORTIOUS INTERFERENCE AND RE-DESIGNATION OF ATTORNEYS' EYES ONLY MATERIALS**

Defendants, Qualtim, Inc., ("Qualtim") Center for Building for Innovation, LLC, DrJ Engineering, LLC, Kirk Grundahl, and Suzanne Grundahl (collectively "Defendants"), pursuant to Fed. R. Civ. P. 37, respectfully move this Court to compel Plaintiff, Paragon Component Systems, LLC's, ("Paragon") disclosures relating to its Count Six Tortious Interference claim and for the re-designation of related Attorneys' Eyes Only ("AEO") disclosures based upon the following:

## SUMMARY

A party[1] accused of tortious interference has a right to know what relationships they allegedly interfered with.[2]

Count Six accuses Defendants, including Kirk Grundahl—who is proceeding *pro se*—of tortiously interfering with Paragon business relationships.[3] Count Six does not identify a single

[1] Not just counsel under an AEO designation.
[2] The Defendants are not aware of any authority otherwise.
[3] By posting articles on the Qualtim website and distributing them by three emails, over seven days from October 23, 2024, to October 29, 2024. First Supplemental Complaint Dkt. 196, Para. 2.

interfered relationship. Nor does Paragon's Supplemental Initial Disclosures made two years[4] after the alleged interference; not a single witness has yet been disclosed by Paragon from any company whose relationship was allegedly interfered with, as required by FRCP 26(a)(1)(A)(i).[5]

No computation of damages has been provided by Paragon as required by FRCP 26(a)(1)(A)(iii).[6]

No identification of any documents or other evidentiary material, supporting such computation and/or bearing on the alleged extent of injury suffered, has been provided by Paragon as required by FRCP 26(a)(1)(A)(iii).[7]

Paragon's only FRCP 26(a) disclosure re tortious interference damages is that it "will be relying on expert proof to support its claim for damages." An anticipation of expert testimony, however, does not relieve Paragon of their duty to disclose damages calculations pursuant to Rule 26.[8] Such documents or other evidentiary materials must exist for disclosure; otherwise, there would be no materials for experts to base their opinions.

On August 24, 2026, in response to Interrogatory No. 3 as to Count Six, Paragon finally identified nineteen companies whose relationships Paragon claims interference. Actually, Paragon's answer is [redacted].[9]

Those companies' names, as well as the entirety of Paragon's substantive disclosures relative to its Count Six, are improperly designated AEO.[10]

---

[4] Decl. of Salemi ¶3 Ex. 2.
[5] Courts have expressed a disinclination to allowing plaintiffs to obtain via discovery information that could generate
[6] Decl. of Salemi ¶3 Ex. 2.
[7] Decl. of Salemi ¶3 Ex. 2.
[8] *Symbria, Inc. v. Callen*, 2023 U.S. Dist. LEXIS 244993 (N.D. Ill. 2023)
[9] Decl. of Salemi ¶2 Ex. 1.
[10] The Protective Order at Dkt. 171-1, as modified by Judge Boor, requires application of an objective and not subjective standard for designations, and that materials be designated in the least restrictive manner.

Paragon has refused in response to Interrogatory No. 3 to disclose the "business lost from each," of the companies they identify above.

"Failing to include a damage claim among initial or supplemented disclosures, or to disclose it in response to an interrogatory, mandates exclusion as a sanction, unless the party failing to make disclosures can show that its violation was justified or harmless."[11]

The relief required by this Motion to Compel is straightforward. Paragon should be ordered to identify those with whom they claim their relationships have allegedly been tortiously interfered with, identify the individuals from those relationships with discoverable information supporting Count Six, along with disclosure of the subject of that information per FRCP 26(a)(1)(A)(i), and provide a computation of damages, including the business lost from each (per Interrog. 3), and identify any documents or other evidentiary material, supporting such computation and/or bearing on the alleged extent of injury suffered, as required by FRCP 26)(a)(1)(A)(iii).

Finally, Paragon should be compelled to remove the AEO designations for those customers/ companies whose relationships it claims Qualtim and Mr. Grundahl tortiously interfered with. From the beginning of the litigation, Paragon has designated all of its customer information disclosures as AEO. The Defendants do not seek the re-designation of all AEO customer disclosures, only those companies supporting the claims brought by Paragon for its Count Six.

[11] *Mission Measurement Corp. v. Blackbaud, Inc.*, 2019 U.S. Dist. LEXIS 174057, *9 (N.D. Ill. 2019) citing *Indep. Tr. Corp. v. Fid. Nat. Title Ins. Co. of N.Y.*, 577 F. Supp. 2d 1023, 1048 (N.D. Ill. 2008).

Counsel for Defendants conferred with Paragon in good faith under Rule 37(a)(1) and reached an impasse.[12]

## FACTUAL BACKGROUND

Count Six alleges that three emails Kirk Grundahl distributed on October 23, 28, and 29, 2024 to Qualtim's opt-in newsletter audience tortiously interfered with Paragon's business, causing $1,000,000 in claimed damages.[13] Paragon asserts the claim against Kirk Grundahl, who sent the emails, and his companies—Qualtim, Inc., Center for Building Innovation, LLC, and DrJ Engineering, LLC. Kirk Grundahl alone among the Count Six defendants is unrepresented, and it is he whom Paragon has noticed for deposition.

On July 20, 2026, Defendants served Interrogatory No. 3, which asked Paragon to "Identify each customer, existing or prospective, that You claim Paragon lost, in whole or in part, as a result of the Statements-At-Issue, including the business lost from each."[14] Paragon identified nineteen companies by their name, and only their website address, city and state, describing them only as "negatively impacted," without identification of any individual at those companies to describe the alleged tortious interference, with Paragon *designating the entire answer Attorneys' Eyes Only*. Paragon likewise designated AEO the documents it says prove the claim (PARAGON-AEO-000020–000091 and the video at PARAGON-AEO-000139). Kirk Grundahl, who represents himself, has never seen this evidence due to its designation.

Paragon's Rule 26(a)(1) disclosures are no better. For a claim premised on lost customers, Paragon's witness list names only John Holland and one other Paragon representative—not a single one of the customers or other third parties it says were interfered with. And the disclosures

[12] Decl. of Salemi ¶¶4-5, Ex. 3.
[13] Dkt. 196.
[14] Decl. of Salemi ¶2, Ex. 1.

contain no computation of the $1,000,000 of damages Paragon claims; Paragon defers damages entirely to an expert report it has not produced.[15] Nor does Paragon's disclosure identify any materials supporting such a computation as required by FRCP 26(a)(1)(A)(iii).

## ARGUMENT

### I. PARAGON MUST DISCLOSE THE BASIS FOR ITS COUNT SIX TORTIOUS INTERFERENCE CLAIM.

A tortious-interference claim requires proof of (1) a contract or prospective contractual relationship with a third party; (2) interference with the relationship; (3) intent; (4) a causal connection; and (5) no justification or privilege. *Dorr v. Sacred Heart Hosp.*, 228 Wis. 2d 425, 456, 597 N.W.2d 462 (Ct. App. 1999); *accord Shank v. William R. Hague, Inc.*, 192 F.3d 675, 681–82 (7th Cir. 1999). The first element requires a *specific* third party and a definite relationship; a claim resting on unidentified or generically described relationships cannot stand. *See Ramsey Hill Exploration, LLC v. JGS All Am. Constr., LLC*, No. 19-cv-082-wmc, 2019 WL 2745076 (W.D. Wis. July 1, 2019) (dismissing such a claim for lack of particularity); *Thermal Design, Inc. v. Indoor Courts of Am.*, No. 03-C-249-C, 2004 U.S. Dist. LEXIS 6341 (W.D. Wis. Apr. 9, 2004).

It follows that Paragon cannot sue for interference and withhold from Defendants the identities of the very customers with whom it says they interfered. Those identities are elements Paragon must prove, and are therefore relevant and discoverable under Rule 26(b)(1). Paragon's answer—nineteen companies by website address, city and state, allegedly "negatively impacted," with no decision-maker and no business lost from any disclosed—does not meet Paragon's discovery obligations in response to Interrogatory No. 3 and does not permit Kirk Grundahl and his companies to test the claim. The Court should compel Paragon to identify each customer, the individuals involved, and the business it claims to have lost from each.

[15] Decl. of Salemi ¶3, Ex. 2.

Paragon's Rule 26(a)(1) failures compound the problem. Rule 26(a)(1)(A)(i) requires disclosure of the individuals likely to have discoverable information a party may use to support its claim, and Rule 26(a)(1)(A)(iii) requires a computation of each category of damages. Paragon has furnished neither for Count Six. It lists only its own principals as witnesses—not one allegedly interfered-with customer—and provides no damages computation at all. Courts in this District compel exactly this supplementation. *See Arandell Corp. v. Xcel Energy, Inc.*, No. 07-cv-76-wmc, 2021 U.S. Dist. LEXIS 211364, 2021 WL 5083974 (W.D. Wis. Nov. 2, 2021) (granting motion to compel supplementation of Rule 26(a) damages disclosures to provide the amount, calculation, methodology, and supporting documents).

Defendants cannot prepare a defense—or sit for the further deposition requested by for Sept. 16, 2026—without knowing the customers at issue, the witnesses Paragon intends to call, or how its seven-figure demand is calculated. The Court should compel Paragon to supplement its disclosures accordingly.

## II. THE PARAGON AEO DESIGNATIONS FAIL THE OBJECTIVE STANDARD AND THE LEAST DESIGNATION REQUIREMENTS OF THE PROTECTIVE ORDER (Dkt. 171-1)

An AEO designation requires an objective showing of good cause under Rule 26(c); a court may not defer to a party's own say-so. *Citizens First*, 178 F.3d at 944–45 ("'believed' is a fudge"). Attorneys'-Eyes-Only is the most restrictive protection, is disfavored, and is improper where it impedes a party's defense. *See Autotech Techs. L.P. v. Automationdirect.com, Inc.*, 237 F.R.D. 405 (N.D. Ill. 2006). Paragon cannot meet that burden. It has told the Court that "Paragon and Plaintiffs both serve the same truss market," "attend and participate in the same trade shows," and "work with many of the same customers." (Dkt. 79, at 7.) A customer both parties already "work with," and whom Paragon says received Kirk Grundahl's email, is no secret from him—so

disclosing the identity creates no serious harm, and nothing shows the "Confidential" tier would not suffice.

The designation is worse than unsupported as applied to Kirk Grundahl. AEO assumes the party has counsel to review the material for it; Kirk has none. As to him, AEO does not screen a client's business staff—it blindfolds the defendant. He authored the emails and is the person best positioned to say which industry contacts are, or are not, Paragon customers. Yet, he is forbidden to learn which relationships he supposedly disrupted. He cannot marshal a defense—or prepare for the deposition Paragon has noticed—about companies whose identities are concealed from him. Paragon cannot examine Defendants about the nineteen companies while withholding their identities as Attorneys' Eyes Only. Either they are relevant to Count Six, and Defendants must be told, or they are not, and Defendants cannot be asked.

The bar runs the other way as well: the designation shuts Kirk Grundahl out of the depositions of Paragon's own principals. He cannot question John Holland—or Paragon's other witness—about the customers Paragon claims it lost, or about the documents Paragon says prove that loss, because those identities and documents are concealed from him. A *pro se* defendant's right under Rule 30 to examine the opposing party's witnesses is hollow if he may not know, or ask about, the very evidence at the center of the claim.

## III. THERE SHOULD AT LEAST BE AN IMMEDIATE RECIPROCAL RE-DESIGNATION OF OVERLAPPING CUSTOMER LISTS.

Again, the Defendants do not seek the re-designation of all AEO customer disclosures, only those companies supporting the claims brought by Paragon for its Count Six tortious interference claim.

As such, during conferral Defendants proposed a reciprocal agreement for the Parties to remove AEO designations for only customers who have been disclosed by Paragon as basis for its tortious interference claim. This "overlapping" proposal was refused by Paragon.[16]

Courts in this Circuit have endorsed reciprocal disclosure of overlapping customer lists. In *Brady Corp. v. Wood*, 2025 U.S. Dist. LEXIS 61978, *4-5 (E.D. Wis. April 1, 2025), the court held that leaving a customer list AEO "will impede" a party from litigating and ordered counsel to compile the customers "overlapping" between the parties and disclose that list to named *non-attorney* party representatives. *Accord Sabre Indus., Inc. v. Waller*, 2020 U.S. Dist. LEXIS 261242, 2020 WL 12814252 (C.D. Ill. July 15, 2020) (compelling disclosure of a customer list to identify "overlapping clients"). Defendants proposed exactly that, and Paragon refused.

Paragon should be compelled to remove the AEO designations from those customers/ companies whose relationships it claims Qualtim and Mr. Grundahl tortiously interfered with. From the beginning of the litigation, Paragon has designated all of its customer information disclosures as AEO. It now seeks to have its principal, John Holland, review Qualtim's *entire* recipient list—thousands of industry contacts—while denying Kirk Grundahl even the overlap. Qualtim's full list is its competitor-sensitive customer list, and Paragon needs only the customers common to both lists to test whether any customer it claims to have lost in fact received a Qualtim email. The risk of over-disclosure is real: Paragon has already contacted Qualtim's customers directly, without Qualtim's knowledge or consent, when it terminated Defendants' access to the sealing system Defendants created by and for themselves.[17]

---

[16] Instead, Paragon demands Qualtim remove the AEO designation from the entirety of its customer email distribution list; while Paragon continues to maintain AEO designation for all of its non-tortious interference customer disclosures. Decl. of Salemi ¶*.

[17] Dkt. 211 at Para. 142.

As already proposed by Qualtim, there should at least be an immediate reciprocal disclosure of overlapping customer lists.

## CONCLUSION

Defendants respectfully request an order:

1. compelling Paragon to supplement its answer to Interrogatory No. 3 to identify those customers whose relationships have allegedly been tortiously interfered with, and the business lost from each;

2. compelling Paragon to supplement its Rule 26(a)(1)(A)(i) disclosures to identify the individuals from those relationships with discoverable information supporting the claims of Count Six, along with disclosure of the subject of that information;

3. compelling Paragon to supplement its Rule 26(a)(1)(A)(iii) disclosures to provide a computation of damages, and to identify any documents or other evidentiary material, supporting such computation and/or bearing on the alleged extent of injury suffered;

4. compelling Paragon to re-designate and/or remove the AEO designations from disclosures for those customers/ companies whose relationships it claims Qualtim and Mr. Grundahl tortiously interfered with;

5. granting such further relief as is just, including Defendants' expenses under Rule 37(a)(5).

Dated this 8th day of September 2026.

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
Scott G. Salemi
State Bar Number: 1118960
33 East Main Street, Suite 500
Madison, WI 53701-2038
Phone: (608) 257-7181
Fax: (608) 257-2508
ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Defendant

Electronically Signed By: *<u>/s/ Kirk Grundahl</u>*
Kirk Grundahl
1130 Fairway Court
Lake Mills, WI 53551
Phone: 608-217-3713
kgrundahl@qualtim.com

4899-4286-3053